APPEAL,MAPN,PHV,STAYED

# U.S. District Court
# Western District of Missouri (Kansas City)
# CIVIL DOCKET FOR CASE #: 4:23−cv−00788−SRB
## *Internal Use Only*

Gibson et al v. National Association of Realtors et al
Assigned to: District Judge Stephen R. Bough
Demand: $75,000
related Cases: 4:19−cv−00332−SRB
4:25−cv−00759−SRB
4:25−cv−00055−SRB
Case in other court: 8th Circuit Court of Appeals, 24−03473
8th Circuit Court of Appeals, 24−03473
8th Circuit Court of Appeals, 24−03473
8th Circuit Court of Appeals, 24−03478
8th Circuit Court of Appeals, 25−01573
Cause: 15:1 Antitrust Litigation

Date Filed: 10/31/2023
Jury Demand: Both
Nature of Suit: 410 Anti−Trust
Jurisdiction: Federal Question

**Plaintiff**

**Don Gibson**
*individually and on behalf of all others similarly situated*

represented by

**Alexander Aiken**
Susman Godfrey LLP
401 Union Street
Suite 3000
Seattle, WA 98101
206−516−3880
Email: aaiken@susmangodfrey.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Robert A Braun**
Cohen Milstein Sellers & Toll
1100 New York Ave NW
Eighth Floor
Washington, DC 20005
202−408−3697
Email: rbraun@cohenmilstein.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Beatrice Franklin**
Susman Godfrey LLP
One Manhattan West
Ste 50th Fl.

New York, NY 10001
212−336−8330
Fax: 212−336−8340
Email: bfranklin@susmangodfrey.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Brandon J.B. Boulware**
Boulware Law LLC
1600 Genessee Street
Suite 760
Kansas City, MO 64102
816−492−2826
Email: brandon@boulware−law.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Eric L. Dirks**
Williams Dirks Dameron LLC
1100 Main Street
Suite 2600
Kansas City, MO 64105
(816) 945−7110
Email: dirks@williamsdirks.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Erin D Lawrence**
Kapke Willerth LLC
3304 NE Ralph Powell Rd.
Lee's Summit, MO 64064
816−461−3800
Email: erin@kwlawkc.com
***TERMINATED: 05/30/2024***
*Bar Status: Active*

**Jeremy M. Suhr**
Boulware Law LLC
1600 Genessee
Suite 760
Kansas City, MO 64102
816−492−2826
Email: jeremy@boulware−law.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Matthew Lee Dameron**
Williams Dirks Dameron LLC
1100 Main Street
Suite 2600
Kansas City, MO 64105

(816) 945−7110
Fax: (816) 945−7118
Email: matt@williamsdirks.com
***TERMINATED: 10/24/2024***
*Bar Status: Active*

**Michael S. Ketchmark**
Ketchmark & McCreight PC
Two Hallbrook Place
11161 Overbrook Road
Suite 210
Leawood, KS 66211
(913) 266−4500
Fax: (913) 317−5030
Email: mike@ketchmclaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Michael Anthony Williams**
Williams Dirks Dameron LLC
1100 Main Street
Suite 2600
Kansas City, MO 64105
(816) 945−7110
Fax: (816) 945−7118
Email: mwilliams@williamsdirks.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Scott A McCreight**
Ketchmark & McCreight PC
Two Hallbrook Place
11161 Overbrook Road
Suite 210
Leawood, KS 66211
(913) 266−4500
Fax: (913) 317−5030
Email: smccreight@ketchmclaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Steve W. Berman**
1301 Second Ave
Suite 2000
Seattle, WA 98101
(206) 623−7292
Fax: (206) 623−0594
Email: steve@hbsslaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Plaintiff**

**Lauren Criss**
*individually and on behalf of all others similarly situated*

represented by

**Alexander Aiken**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Benjamin D Brown**
Cohen Milstein Sellers & Toll
1100 New York Ave NW
Eighth Floor
Washington, DC 20005
(202) 408−4600
Email: bbrown@cohenmilstein.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Daniel H Silverman**
Cohen Milstein Sellers & Toll, PLLC
769 Centre Street
Suite 207
Boston, MA 02130
202−408−4628
Email: dsilverman@cohenmilstein.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Floyd Short**
Susman Godfrey L.L.P.
401 Union Street
Ste 3000
Seattle, WA 98101−3000
206−516−3880
Email: fshort@susmangodfrey.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jeannie Evans**
Hagens Berman Sobol Shapiro LLP
445 North Cityfront Plaza Dr.
Suite 2410
Chicago, IL 60611
708−628−4949
Email: jeannie@hbsslaw.com
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Marc M. Seltzer**
Susman Godfrey L.L.P.
1900 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
310−789−3100
Fax: 310−789−3150
Email: mseltzer@susmangodfrey.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Matthew Robert Berry**
Susman Godfrey LLP
401 Union Street
Suite 3000
Seattle, WA 98101
206−373−7394
Email: mberry@susmangodfrey.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Nathan Emmons**
Hagens Berman Sobol Shapiro LLP
455 N. Cityfront Plaza Drive
Suite 2410
Chicago, IL 60611
708−628−4949
Fax: 708−628−4950
Email: nathane@hbsslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Inactive*

**Rio Pierce**
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue
Suite 300
Berkeley, CA 94710
510−725−3042
Email: riop@hbsslaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Robert A Braun**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Sabrina Merold**
Cohen Milstein Sellers & Toll
1100 New York Ave. NW
Eighth Floor
Washington, DC 20005
973−820−6303
Email: smerold@cohenmilstein.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Beatrice Franklin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Brandon J.B. Boulware**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Eric L. Dirks**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Erin D Lawrence**
(See above for address)
***TERMINATED: 05/30/2024***
*Bar Status: Active*

**Jeremy M. Suhr**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Matthew Lee Dameron**
(See above for address)
***TERMINATED: 10/24/2024***
*Bar Status: Active*

**Michael S. Ketchmark**

(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Michael Anthony Williams**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Scott A McCreight**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Steve W. Berman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Plaintiff**

**John Meiners**
*individually and on behalf of all others similarly situated*

represented by **Alexander Aiken**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Robert A Braun**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Beatrice Franklin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Brandon J.B. Boulware**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Eric L. Dirks**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Erin D Lawrence**

(See above for address)
***TERMINATED: 05/30/2024***
*Bar Status: Active*

**Jeremy M. Suhr**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Matthew Lee Dameron**
(See above for address)
***TERMINATED: 10/24/2024***
*Bar Status: Active*

**Michael S. Ketchmark**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Michael Anthony Williams**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Scott A McCreight**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Steve W. Berman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Plaintiff**

**Daniel Umpa** represented by **Alexander Aiken**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Benjamin D Brown**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Daniel H Silverman**
(See above for address)

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Floyd Short**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jeannie Evans**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jeremy M. Suhr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Marc M. Seltzer**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Matthew Robert Berry**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Nathan Emmons**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Inactive*

**Rio Pierce**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Robert A Braun**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Sabrina Merold**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Beatrice Franklin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Eric L. Dirks**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Scott A McCreight**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Steve W. Berman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Brandon J.B. Boulware**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

V.

**Defendant**

**National Association of Realtors** represented by **Charles W. Hatfield**
Stinson LLP − JC
230 W. McCarty Street
Jefferson City, MO 65101
573−636−6263
Fax: 573−556−3632
Email: chuck.hatfield@stinson.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Georgina Inglis**
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004
202−842−7800
Email: ginglis@cooley.com
***TERMINATED: 05/08/2025***
*LEAD ATTORNEY*
*PRO HAC VICE*
*Bar Status: Phv*

**Michael D Bonanno**
Quinn Emanuel Urquhart & Sullivan, LLP
555 13th Street NW
Suite 600
Washington, DC 20004
202−538−8000
Fax: 202−538−8100
Email: mikebonanno@quinnemanuel.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Sarah M. Topol**
55 Hudson Yards
New York, NY 10001
212−479−6000
Email: stopol@cooley.com
***TERMINATED: 05/08/2025***
*LEAD ATTORNEY*
*PRO HAC VICE*
*Bar Status: Phv*

**Alexander Barrett**
Stinson LLP − JC
230 W. McCarty Street
Jefferson City, MO 65101
573−556−3601
Fax: 573−556−3637
Email: alexander.barrett@stinson.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Inactive*

**Beatriz Mejia**
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
415−693−2000

Email: MEJIAB@cooley.com
***TERMINATED: 05/08/2025***
*PRO HAC VICE*
*Bar Status: Phv*

**Ethan Glass**
Cooley LLP
1299 Pennsylvania Ave NW
Suite 700
Washington, DC 20004
202−776−2244
Email: eglass@cooley.com
***TERMINATED: 05/08/2025***
*PRO HAC VICE*
*Bar Status: Phv*

**Samantha Strauss**
Cooley LLP
110 N. Wacker Dr.
Ste 4200
Chicago, IL 60606
312−881−6500
Email: sastrauss@cooley.com
***TERMINATED: 05/08/2025***
*PRO HAC VICE*
*Bar Status: Phv*

**Defendant**

**Compass, Inc.** represented by

**Chahira Solh**
Crowell & Moring LLP
3 Park Plaza, 20th Floor
Ste 20th Floor
Irvine, CA 92614
949−263−8400
Fax: 949−263−8414
Email: csolh@crowell.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Daniel Sasse**
Crowell & Moring − Irvine
3 Park Plaza
20th Floor
Irvine, CA 92614−8505
(949) 263−8400
Fax: (949) 263−8414
Email: dsasse@crowell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Eric Fanchiang**
30 Park Plaza
20th Floor
Irvine, CA 92614
949−798−1338
Email: efanchiang@crowell.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**eXp World Holdings, Inc.** represented by **James Andrew Morsch**
Saul Ewing Arnstein & Lehr LLP
161 North Clark
Ste 4200
Chicago, IL 60601
312−876−7866
Email: jim.morsch@saul.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Mark B. Schaffer**
Schaffer & Associates, Chartered
10561 Barkley St.
Ste. 620
Overland Park, KS 66212
913−345−0100
Fax: 913−345−1802
Email: mschaffer@schafflaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Andrew D. Campbell**
Armstrong Teasdale LLP
100 North Riverside Plaza
Auite 1500
Chicago, IL 60606−1520
312−419−6900
Email: acampbell@Atllp.com
***TERMINATED: 10/07/2024***
*PRO HAC VICE*
*Bar Status: Phv*

**Elizabeth C. Wolicki**
Armstrong Teasdale LLP
100 North Riverside Plaza
Ste 1500

Chicago, IL 60606
312−419−6900
Email: ewolicki@atllp.com
***TERMINATED: 10/07/2024***
*PRO HAC VICE*
*Bar Status: Phv*

**Francis X Riley , III**
Saul Ewing LLP
Litigation Department
650 College Road East
Suite 400
Princeton, NJ 08540
609−452−3150
Email: Francis.Riley@saul.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Julie Johnston−Ahlen**
Armstrong Teasdale LLP
100 North Riverside Plaza
Suite 1500
Chicago, IL 60606−1520
312−419−6900
Fax: 312−419−6928
Email: jja@atllp.com
***TERMINATED: 10/07/2024***
*PRO HAC VICE*
*Bar Status: Phv*

**Karrie J. Clinkinbeard**
Armstrong Teasdale LLP−KCMO
2345 Grand Boulevard
Suite 1500
Kansas City, MO 64108
(816) 221−3420
Fax: (816) 221−0786
Email: kclinkinbeard@atllp.com
***TERMINATED: 10/07/2024***
*Bar Status: Active*

**Michael A Gehret**
222 S. Main Street
Ste. 1830
Salt Lake City, UT 84101
801−415−3000
Email: mike.gehret@dentons.com
***TERMINATED: 07/10/2024***
*PRO HAC VICE*
*Bar Status: Phv*

**Stephen Siegel**
Armstrong Teasdale LLP
100 North Riverside Plaza
Suite 1500
Chicago, IL 60606
312−419−6900
Email: ssiegel@atllp.com
***TERMINATED: 10/07/2024***
*PRO HAC VICE*
*Bar Status: Phv*

**Tyson H. Ketchum**
Armstrong Teasdale LLP−KCMO
2345 Grand Boulevard
Suite 1500
Kansas City, MO 64108
(816) 472−3136
Fax: (816) 221−0786
Email: tketchum@atllp.com
***TERMINATED: 05/30/2024***
*Bar Status: Active*

**Defendant**

**Redfin Corporation** represented by **Brian J. Madden**
Wagstaff & Cartmell
4740 Grand Avenue
Suite 300
Kansas City, MO 64112
(816) 701−1100
Fax: (816) 531−2372
Email: bmadden@wcllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Emily Parsons**
Davis Wright Tremaine LLP
920 Fifth Avenue
Suite 3300
Seattle, WA 98104
206−622−3150
Email: emilyparsons@dwt.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Gerald A. Stein**
Davis Wright Tremaine LLP
1251 Avenue of the Americas
42nd Floor
New York, NY 10020

212−402−4095
Email: geraldstein@dwt.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**MaryAnn T. Almeida**
Davis Wright Tremaine LLP
920 Fifth Avenue
Suite 3300
Seattle, WA 98104−1610
206−757−8187
Fax: 206−757−7700
Email: maryannalmeida@dwt.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Robert J Maguire**
Davis Wright Tremaine LLP
920 Fifth Avenue
Suite 3300
Seattle, WA 98104
206−757−8094
Fax: 206−757−7094
Email: robmaguire@dwt.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Bryon Patrick Becker**
Dunn Isaacson Rhee LLP
401 Ninth Street, N.W.
Washington, DC 20004−2637
202−240−2912
Email: bpbecker@paulweiss.com
***TERMINATED: 12/19/2024***
*PRO HAC VICE*
*Bar Status: Phv*

**Eyitayo St. Matthew−Daniel**
Paul, Weiss, Rifkind, Wharton & Garrison − NY
1285 Avenue of the Americas
New York, NY 10019−6064
212−373−3229
Email: tstmatthewdaniel@paulweiss.com
***TERMINATED: 12/19/2024***
*PRO HAC VICE*

*Bar Status: Phv*

**Karen L Dunn**
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006
202−223−7300
Email: kdunn@dirllp.com
***TERMINATED: 12/19/2024***
*PRO HAC VICE*
*Bar Status: Phv*

**Martha L. Goodman**
Dunn Isaacson Rhee LLP
DC
401 Ninth Street NW
Washington, DC 20004
202−240−2900
Email: mgoodman@dirllp.com
***TERMINATED: 12/19/2024***
*PRO HAC VICE*
*Bar Status: Phv*

**Tyson H. Ketchum**
(See above for address)
***TERMINATED: 05/30/2024***
*Bar Status: Active*

**William A. Isaacson**
Dunn Isaacson Rhee LLP
401 Ninth Street, NW
Washington, DC 20004
202−240−2900
Email: wisaacson@dirllp.com
***TERMINATED: 12/19/2024***
*PRO HAC VICE*
*Bar Status: Phv*

**Defendant**

**Weichert Co.** represented by **William D. Beil**
GM Law PC − KC
1201 Walnut St.
20th Floor
Kansas City, MO 64106
816−471−7700
Fax: 816−471−2221
Email: billb@gmlawpc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Adam Hudes**
Vinson & Elkins LLP
2200 Pennsylvania Ave. NW
Suite 500 West
Washington, DC 20037
202−639−6632
Fax: 202−879−8822
Email: ahudes@velaw.com
***TERMINATED: 02/23/2026***
*PRO HAC VICE*
*Bar Status: Phv*

**Dylan Ballard**
Vinson & Elkins
555 Mission Street
Suite 2000
San Francisco, CA 94105
415−979−6955
Email: dballard@velaw.com
***TERMINATED: 02/23/2026***
*PRO HAC VICE*
*Bar Status: Phv*

**Michael Scarborough**
Vinson & Elkins LLP
555 Mission Street
Suite 2000
San Francisco, CA 94105
415−979−6935
Email: mscarborough@velaw.com
***TERMINATED: 02/23/2026***
*PRO HAC VICE*
*Bar Status: Phv*

**Stephen M. Medlock**
Vinson & Elkins LLP
2200 Pennsylvania Ave. NW
Suite 500 West
Washington, DC 20037
202−639−6578
Email: smedlock@velaw.com
***TERMINATED: 02/23/2026***
*PRO HAC VICE*
*Bar Status: Phv*

**Tyson H. Ketchum**
(See above for address)
***TERMINATED: 05/30/2024***
*Bar Status: Active*

**Defendant**

**United Real Estate** represented by

**James Dale Lawrence**
Bryan Cave Leighton Paisner LLP
3800 One Kansas City Place
1200 Main Street
Kansas City, MO 64105
816−374−3378
Fax: 816−855−3378
Email: jim.lawrence@bclplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Lindsay Sklar Johnson**
1201 W. Peachtree St
14th Floor
Atlanta, GA 30309
404−572−6732
Email: lindsay.johnson@bclplaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Timothy R. Beyer**
1700 Lincoln Street
Suite 4100
Denver, CO 80203
303−861−7000
Email: tim.beyer@bclplaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Emilee Hargis**
Bryan Cave Leighton Paisner, LLP − StL
211 North Broadway
Suite 3600
St. Louis, MO 63102−2750
618−973−6283
Email: emilee.hargis@bclplaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Defendant**

**Howard Hanna Real Estate Services**
***TERMINATED: 01/17/2024***

represented by

**Robert T. Adams**
Shook, Hardy & Bacon, LLP−KCMO
2555 Grand Boulevard
Kansas City, MO 64108−2613
(816) 474−6550
Fax: (816)421−5547
Email: rtadams@shb.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**David Gringer**
Wilmer Cutler Pickering Hale & Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
212−230−8864
Email: david.gringer@wilmerhale.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Emily Barnet**
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
212−230−8868
Email: emily.barnet@wilmerhale.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Hannah Smith**
Shook, Hardy & Bacon, LLP−KCMO
2555 Grand Boulevard
Kansas City, MO 64108−2613
816−474−6550
Fax: 816−421−5547
Email: hsmith@shb.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Karin Dryhurst**
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Ave, NW
Washington, DC 20037
202−663−6248
Email: karin.dryhurst@wilmerhale.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Seth P. Waxman**
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue, N.W.

Washington, DC 20037
202−663−6800
Fax: 202−663−6363
Email: seth.waxman@wilmerhale.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**Douglas Elliman, Inc.** represented by **Daniel Patrick Johnson**
Littler Mendelson, P.C.
1201 Walnut Street
Suite 1450
Kansas City, MO 64106
816−627−4449
Fax: 816−817−9962
Email: dpjohnson@littler.com
***TERMINATED: 09/03/2025***
*LEAD ATTORNEY*
*Bar Status: Active*

**Trina R Ricketts**
Ogletree Deakins
700 West 47th Street
Suite 500
Kansas City, MO 64112
816−471−1301
Fax: 816−471−1303
Email: trina.ricketts@ogletree.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Constantine Z. Pamphilis**
Sheppard, Mullin, Richter & Hampton LLP
845 Texas Avenue, 25th Floor
Houston, TX 77002
713−431−7159
Email: DPamphilis@sheppardmullin.com
***TERMINATED: 12/10/2024***
*PRO HAC VICE*
*Bar Status: Phv*

**Edward M Spiro**
Morvillo Abramowitz Grand Iason &
Anello P.C.
565 Fifth Avenue
New York, NY 10017
212−880−9460
Fax: 212−856−9494
Email: espiro@maglaw.com
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Hector Torres**
Kasowitz LLP
1633 Broadway
New York, NY 10019
212−506−1700
Email: HTorres@kasowitz.com
***TERMINATED: 12/10/2024***
*PRO HAC VICE*
*Bar Status: Phv*

**Kenneth R. David**
New York Mets
41 Seaver Way
Flushing, NY 11368
718−559−3008
Email: krdavidlegal@gmail.com
***TERMINATED: 12/10/2024***
*PRO HAC VICE*
*Bar Status: Phv*

**Marc E. Kasowitz**
Kasowitz LLP
1633 Broadway
New York, NY 10019
212−506−1700
Email: mkasowitz@kasowitz.com
***TERMINATED: 12/10/2024***
*PRO HAC VICE*
*Bar Status: Phv*

**Michael Wilson**
Sheppard, Mullin, Richter & Hampton LLP
845 Texas Avenue, 25th Floor
Houston, TX 77002
713−431−7100
Email: JMWilson@sheppardmullin.com
***TERMINATED: 12/10/2024***
*PRO HAC VICE*
*Bar Status: Phv*

**Robert J Anello**
Morvillo Abramowitz Grand Iason &
Anello P.C.
565 Fifth Avenue
New York, NY 10017
212−880−9520
Email: ranello@maglaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

*Bar Status: Phv*

**Defendant**

**Berkshire Hathaway Energy Company** represented by **Gregory F. Laufer**
Paul, Weiss, Rifkind, Wharton & Garrison − NY
1285 Avenue of the Americas
New York, NY 10019−6064
212−373−3000
Email: glaufer@paulweiss.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jeffrey J. Simon**
Husch Blackwell LLP − KCMO
4801 Main Street
Suite 1000
Kansas City, MO 64112−2551
816−329−4711
Fax: 816−983−8080
Email: jeff.simon@huschblackwell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Sara Fevurly**
Husch Blackwell LLP − KCMO
4801 Main Street
Suite 1000
Kansas City, MO 64112−2551
816−983−8262
Email: sara.fevurly@huschblackwell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Andrew G. Gordon**
Paul, Weiss, Rifkind, Wharton & Garrison − NY
1285 Avenue of the Americas
New York, NY 10019−6064
212−373−3000
Email: agordon@paulweiss.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Anna Rebecca Gressel**
Paul, Weiss, Rifkind, Wharton & Garrison − NY

1285 Avenue of the Americas
New York, NY 10019−6064
212−373−3000
Email: agressel@paulweiss.com
***TERMINATED: 10/07/2025***
*PRO HAC VICE*
*Bar Status: Phv*

**Katherine Forrest**
Paul, Weiss, Rifkind, Wharton & Garrison − NY
1285 Avenue of the Americas
New York, NY 10019−6064
212−373−3000
Email: kforrest@paulweiss.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Robert O'Loughlin**
Paul, Weiss, Rifkind, Wharton & Garrison − NY
1285 Avenue of the Americas
New York, NY 10019−6064
212−373−3000
Email: roloughlin@paulweiss.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Taylor Concannon Hausmann**
Husch Blackwell LLP − KCMO
4801 Main Street
Suite 1000
Kansas City, MO 64112−2551
816−983−8000
Fax: 816−983−8080
Email: taylor.hausmann@huschblackwell.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Tyson H. Ketchum**
(See above for address)
***TERMINATED: 05/30/2024***
*Bar Status: Active*

**Yotam Barkai**
Dunn Isaacson Rhee LLP
11 Park Place
New York, NY 10007
202−240−2900

Email: ybarkai@dirllp.com
***TERMINATED: 02/02/2026***
*PRO HAC VICE*
*Bar Status: Phv*

**Defendant**

| | | |
|---|---|---|
| **HomeServices of America, Inc.** | represented by | **Brian C Fries**<br>Lathrop GPM LLP<br>2345 Grand Avenue<br>Suite 2200<br>Kansas City, MO 64108−2618<br>816−292−2000<br>Fax: 816−292−2001<br>Email: brian.fries@lathropgpm.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Active*<br><br>**Ian T Hampton**<br>Foley & Lardner LLP<br>777 E. Wisconsin Ave<br>Milwaukee, WI 53202<br>(414) 297−4912<br>Email: ihampton@foley.com<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Phv*<br><br>**Jennifer M. Keas**<br>Foley & Lardner LLP<br>3000 K Street NW<br>Suite 600<br>Washington, DC 20007<br>202−672−5436<br>Fax: 202−672−5399<br>Email: jkeas@foley.com<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Phv*<br><br>**Jay N. Varon**<br>Foley & Lardner LLP<br>3000 K Street, N.W.<br>Suite 600<br>Washington, DC 20007−5109<br>202−672−5380<br>Fax: 202−672−5399<br>Email: jvaron@foley.com<br>***TERMINATED: 07/09/2024***<br>*PRO HAC VICE* |

*Bar Status: Phv*

**Jordan C Satterthwaite**
Taft Stettinius & Hollister, LLP
One Indiana Square
Suite 3500
Indianapolis, IL 46204
317−713−4468
Email: CSatterthwaite@taftlaw.com
***TERMINATED: 08/25/2025***
*PRO HAC VICE*
*Bar Status: Phv*

**Matthew T Ciulla**
MacGill PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
317−961−5086
Email: matthew.ciulla@macgilllaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Robert D MacGill**
MacGill PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
317−961−5085
Email: robert.macgill@macgilllaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**BHH Affiliates, LLC** represented by **Brian C Fries**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Ian T Hampton**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jay N. Varon**
(See above for address)
***TERMINATED: 07/09/2024***

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jennifer M. Keas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Matthew T Ciulla**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Robert D MacGill**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**HSF Affiliates, LLC** represented by **Brian C Fries**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Ian T Hampton**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jay N. Varon**
(See above for address)
***TERMINATED: 07/09/2024***
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jennifer M. Keas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Matthew T Ciulla**
(See above for address)
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Robert D MacGill**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**The Long & Foster Companies, Inc.** represented by **Brian C Fries**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Ian T Hampton**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jay N. Varon**
(See above for address)
***TERMINATED: 07/09/2024***
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jennifer M. Keas**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Matthew T Ciulla**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Robert D MacGill**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**Keller Williams Realty, Inc.** represented by **David C. Kully**
Holland & Knight LLP

800 17th Street NW
Suite 1100
Washington, DC 20006
202−469−5415
Email: david.kully@hklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

| | | |
|---|---|---|
| **Five D I, LLC**<br>*d/b/a United Real Estate* | represented by | **Emilee Hargis**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Active*<br><br>**James Dale Lawrence**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Active*<br><br>**Tyson H. Ketchum**<br>(See above for address)<br>***TERMINATED: 05/30/2024***<br>*Bar Status: Active* |

**Defendant**

| | | |
|---|---|---|
| **Hanna Holdings, Inc.**<br>***TERMINATED: 02/05/2026*** | represented by | **Hannah Smith**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Active*<br><br>**Robert T. Adams**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Active*<br><br>**Claire Murphy Bergeron**<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>2100 Pennsylvania Avenue NW<br>Washington, DC 20037<br>202−663−6414<br>Fax: 202−663−6363<br>Email: claire.bergeron@wilmerhale.com<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Phv* |

**David Gringer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Emily Barnet**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Karin Dryhurst**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Seth P. Waxman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Tyson H. Ketchum**
(See above for address)
***TERMINATED: 05/30/2024***
*Bar Status: Active*

**Defendant**

**Douglas Elliman Realty, LLC** represented by **Daniel Patrick Johnson**
(See above for address)
***TERMINATED: 09/03/2025***
*LEAD ATTORNEY*
*Bar Status: Active*

**Trina R Ricketts**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Constantine Z. Pamphilis**
(See above for address)
***TERMINATED: 12/10/2024***
*PRO HAC VICE*
*Bar Status: Phv*

**Edward M Spiro**
(See above for address)
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Hector Torres**
(See above for address)
***TERMINATED: 12/10/2024***
*PRO HAC VICE*
*Bar Status: Phv*

**Kenneth R. David**
(See above for address)
***TERMINATED: 12/10/2024***
*PRO HAC VICE*
*Bar Status: Phv*

**Marc E. Kasowitz**
(See above for address)
***TERMINATED: 12/10/2024***
*PRO HAC VICE*
*Bar Status: Phv*

**Michael Wilson**
(See above for address)
***TERMINATED: 12/10/2024***
*PRO HAC VICE*
*Bar Status: Phv*

**Robert J Anello**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**At World Properties, LLC** represented by **Elizabeth A. Vasseur−Browne**
Cooling & Herbers, PC
2400 City Center Square
1100 Main Street
Kansas City, MO 64105
(816) 474−0777
Fax: (816) 472−0790
Email: lbrowne@coolinglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Molly K McGinley**
Honigman LLP
321 N. Clark Street
Suite 500
Chicago, IL 60654
312−429−6032

Email: MMcGinley@honigman.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Robert J Palmersheim**
Honigman LLP
321 N. Clark St.
Suite 500
Chicago, IL 60654
312−701−9300
Fax: 312−701−9335
Email: Rpalmersheim@honigman.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Timothy G Parilla**
155 N. Wacker Drive
Suite 3100
Chicago, IL 60606
(312) 429−6026
Email: tparilla@honigman.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**The Real Brokerage, Inc.** represented by **David Marroso**
O'Melveny & Meyers LLP
1999 Avenue of the Starts
8th Floor
Los Angeles, CA 90067
310−553−6700
Fax: 310−246−6779
Email: dmarroso@omm.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Shamoor Anis**
Berkowitz Oliver LLP
2600 Grand Blvd.
Suite 1200
Kansas City, MO 64108
816−561−7007
Email: sanis@berkowitzoliver.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Craig P Bloom**
1999 Avenue of the Stars 8th Floor
Los Angeles, CA 90067
310−246−6877
Email: cbloom@omm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jennifer B. Wieland**
Berkowitz Oliver LLP−KCMO
2600 Grand Boulevard
Suite 1200
Kansas City, MO 64108
(816) 627−0266
Fax: (816) 561−1888
Email: jwieland@berkowitzoliver.com
***TERMINATED: 02/19/2026***
*Bar Status: Active*

**Stephen McIntyre**
O'Melveny & Myers LLP
400 South Hope Street
18th Floor
Los Angeles, CA 90071
213−430−6000
Email: stephenmcintyre@paulhastings.com
***TERMINATED: 02/27/2025***
*PRO HAC VICE*
*Bar Status: Phv*

**Defendant**

**Real Broker, LLC** represented by **David Marroso**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Shamoor Anis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Craig P Bloom**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jennifer B. Wieland**

(See above for address)
***TERMINATED: 02/19/2026***
*Bar Status: Active*

**Stephen McIntyre**
(See above for address)
***TERMINATED: 02/27/2025***
*PRO HAC VICE*
*Bar Status: Phv*

**Defendant**

**Realty ONE Group, Inc.** represented by **Amanda Pennington Ketchum**
Dysart Taylor McMonigle Brumitt & Wilcox, P.C.
700 West 47th Street
Suite 410
Kansas City, MO 64112
816−931−2700
Fax: 816−931−7377
Email: aketchum@dysarttaylor.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Ann O'Brien**
Sheppard, Mullin, Richter & Hampton LLP
2099 Pennsylvania Avenue, NW, St. 100
Suite 100
Washington, DC 20006
202−747−1900
Email: aobrien@sheppardmullin.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Anne Lindner Saghir**
Flynn Group
6200 Oak Tree Blvd.
Suite 1950
Independence, OH 44131
913−327−3169
Email: alindner@flynn.com
***TERMINATED: 05/22/2024***
*Bar Status: Inactive*

**Christopher M. Loveland**
Sheppard Mullin Richter & Hampton, LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, DC 20006
202−747−1924
Email: cloveland@sheppardmullin.com

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Helen Cho Eckert**
Sheppard, Mullin, Richter & Hampton LLP
4 Embarcadero Ctr.
San Francisco, CA 94111
415−434−9100
Fax: 415−434−3947
Email: heckert@sheppardmullin.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Leo Caseria**
Sheppard Mullin Richter & Hampton LLP
350 South Grand Avenue
Ste 40th Floor
Los Angeles, CA 90071−3460
213−617−4206
Email: lcaseria@sheppardmullin.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Matthew William Geary**
Dysart Taylor McMonigle Brumitt & Wilcox, P.C.
700 W. 47th Street
Suite 410
Kansas City, MO 64112
816−931−2700
Fax: 816−931−7377
Email: mgeary@dysarttaylor.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Michael Judy**
Dysart Taylor McMonigle Brumitt & Wilcox, P.C.
700 W. 47th Street
Suite 410
Kansas City, MO 64112
816−931−2700
Fax: 816−931−7377
Email: mjudy@dysarttaylor.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Defendant**

**HomeSmart International, LLC** represented by

**Christopher M. Harper**
Franke, Schultz & Mullen − KCMO
8900 Ward Parkway
Kansas City, MO 64114
(816) 421−7100
Fax: 816−421−7915
Email: charper@fsmlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**John L. Mullen**
Franke, Schultz & Mullen − KCMO
8900 Ward Parkway
Kansas City, MO 64114
(816) 421−7100
Fax: (816) 421−7915
Email: jmullen@fsmlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Inactive*

**Cameron N. Regnery**
Freeman Mathis & Gary, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
470−228−3500
Email: cameron.regnery@fmglaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jacob Scott Madsen**
Freeman, Mathis & Gary, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
770−818−0000
Email: jacob.madsen@fmglaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Matthew Foree**
Freeman Mathis & Gary, LLP
100 Galleria Pkwy
Ste 1600
Atlanta, GA 30339
770−818−4245
Email: mforee@fmglaw.com
***TERMINATED: 09/09/2024***

*PRO HAC VICE*
*Bar Status: Phv*

**Scott Eric Anderson**
Freeman Mathis & Gary, LLP
100 Galleria Pkwy
Ste 1600
Atlanta, GA 30339
770−303−8638
Email: scott.anderson@fmglaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Tyson H. Ketchum**
(See above for address)
***TERMINATED: 05/30/2024***
*Bar Status: Active*

**Defendant**

**Engel & Vlkers GmbH** represented by **Kenneth W. Taber**
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, NY 10019
212−858−1813
Fax: 212−858−1500
Email: kenneth.taber@pillsburylaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Lauren E. Tucker McCubbin**
Polsinelli − KCMO
900 W. 48th Place
Kansas City, MO 64112
(816) 753−1000
Fax: (816) 753−1536
Email: ltucker@polsinelli.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Michael L. Sibarium**
Pillsbury Winthrop Shaw Pittman LLP
1200 17th St. N.W.
Washington, DC 20036
202−663−9202
Email:
michael.sibarium@pillsburylaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**Engel & Volkers Americas, Inc.** represented by **Lauren E. Tucker McCubbin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Kenneth W. Taber**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Michael L. Sibarium**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**NextHome, Inc.**
***TERMINATED: 06/24/2025***

represented by **Michael T. Crabb**
Kuckelman Torline Kirkland
10740 Nall Avenue
Suite 250
Overland Park, KS 66211
(913) 951−5651
Fax: (913) 948−8611
Email: mcrabb@ktk−law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Stephen J. Torline**
Kuckelman Torline Kirkland
10740 Nall Avenue
Suite 250
Overland Park, KS 66211
(913) 948−8613
Fax: (913) 948−8611
Email: storline@ktk−law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Daniel Meany**
Kuckelman Torline Kirkland
10740 Nall Avenue
Suite 250
Overland Park, KS 66211
913−948−8610
Fax: 913−948−8611

Email: dmeany@ktk−law.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**David H Bamberger**
DLA Piper LLP
500 Eighth Street, NW
Washington, DC 20004
202−799−4500
Fax: 202−799−5500
Email: david.bamberger@us.dlapiper.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Julie G Cooker**
DLA Piper LLP
4365 Executive Drive
Suite 1100
San Diego, CA 92121
858−677−1400
Fax: 619−699−2701
Email: julie.cooker@us.dlapiper.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**EXIT Realty Corp. International**
***TERMINATED: 02/05/2026***

represented by **James M Brodzik**
Hinshaw & Culbertson LLP
701 Market St.
Suite 260
Saint Louis, MO 63101
618−310−2325
Email: jbrodzik@hinshawlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**David M. Schultz**
Hinshaw & Culbertson−Chicago
151 N. Franklin Street
Suite 2500
Chicago, IL 60606
312−704−3000
Email: dschultz@hinshawlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Michael F Iasparro**
Hinshaw & Culbertson LLP

100 Park Avenue
Rockford, IL 61101
815−490−4945
Fax: 815−490−4901
Email: miasparro@hinshawlaw.com
***TERMINATED: 05/30/2025***
*PRO HAC VICE*
*Bar Status: Phv*

**Defendant**

| | | |
|---|---|---|
| **EXIT Realty Corp. USA**<br>***TERMINATED: 02/05/2026*** | represented by | **James M Brodzik**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Active*<br><br>**David M. Schultz**<br>(See above for address)<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Phv*<br><br>**Michael F Iasparro**<br>(See above for address)<br>***TERMINATED: 05/30/2025***<br>*PRO HAC VICE*<br>*Bar Status: Phv* |

**Defendant**

| | | |
|---|---|---|
| **Windermere Real Estate Services Company, Inc.**<br>***TERMINATED: 02/05/2026*** | represented by | **Edward C Duckers**<br>Stoel Rives LLP<br>CA<br>1 Montgomery Street<br>Suite 3230<br>San Francisco, CA 94104<br>415−617−8900<br>Fax: 415−617−8907<br>Email: ed.duckers@stoel.com<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Phv*<br><br>**Shazzie Naseem**<br>Berkowitz Oliver LLP−KCMO<br>2600 Grand Boulevard<br>Suite 1200<br>Kansas City, MO 64108<br>(816) 627−0264<br>Email: snaseem@berkowitzoliver.com<br>*LEAD ATTORNEY* |

*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Defendant**

**William L Lyon & Associates, Inc.**
***TERMINATED: 02/05/2026***

represented by **Edward C Duckers**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Shazzie Naseem**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Defendant**

**William Raveis Real Estate, Inc.**
***TERMINATED: 02/05/2026***

represented by **Christopher Kaufman**
Shook, Hardy & Bacon, LLP−KCMO
2555 Grand Boulevard
Kansas City, MO 64108−2613
(816) 474−6550
Fax: (816) 421−5547
Email: ckaufman@shb.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Benjamin Diessel**
Wiggin and Dana LLP
265 Church Street
New Haven, CT 06510
203−498−4400
Email: bdiessel@wiggin.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**John Doroghazi**
Wiggin and Dana LLP
One Century Tower
265 Church St
New Haven, CT 06510
203−498−4400
Email: jdoroghazi@wiggin.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**John L. Scott Real Estate Affiliates, Inc.**
***TERMINATED: 06/24/2025***

represented by **Jonathan Thomas Barton**
Stanton Barton LLC
8000 Maryland Avenue
Suite 450
St. Louis, MO 63105
314−455−6502
Email: jbarton@stantonbarton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Joby Celoza**
K&L Gates LLP
925 Fourth Avenue
Suite 2900
Seattle, WA 98104
206−370−5767
Email:
*PRO HAC VICE*
*Bar Status: Phv*

**Macaulay W. Ivory**
Davis Wright Tremaine LLP
920 Fifth Avenue
Suite 3300
Seattle, WA 98104
206−757−8382
Email: macaulayivory@dwt.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Yoni M Rosenzweig**
Davis Wright Tremaine LLP
350 South Grand Avenue
Ste 2700
Los Angeles, CA 90071
213−633−6800
Fax: 213−633−6899
Email: YoniRosenzweig@dwt.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**The Keyes Company**
***TERMINATED: 06/24/2025***

represented by **Derick C. Albers**
Lewis Rice LLC−StL
600 Washington Ave.
Ste. 2500
St. Louis, MO 63101
314−444−7649
Fax: 314−612−7649

Email: dalbers@lewisrice.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Alyssa Chamberlin**
Gunster, Yoakley & Stewart, P.A.
600 Brickell Ave.
Suite 3500
Miami, FL 33131
305−376−6063
Email: achamberlin@gunster.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Becky N Saka**
Gunster, Yoakley & Stewart, P.A.
600 Brickell Ave.
Suite 3500
Miami, FL 33131
305−376−6063
Email: bsaka@gunster.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Scott A Wissel**
Lewis Rice LLC−KCMO
One Petticoat Lane
1010 Walnut
Suite 500
Kansas City, MO 64106−2141
(816)472−2568
Fax: (816)472−2500
Email: sawissel@lewisricekc.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Timothy J McGinn**
Gunster, Yoakley & Stewart, P.A.
600 Brickell Ave.
Suite 3500
Miami, FL 33131
305−376−6084
Fax: 305−376−6010
Email: tmcginn@gunster.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**Illustrated Properties, LLC**
***TERMINATED: 06/24/2025***

represented by

**Derick C. Albers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Alyssa Chamberlin**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Becky N Saka**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Scott A Wissel**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Timothy J McGinn**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**Parks Pilkerton Village Real Estate**

**Defendant**

**Crye−Leike, Inc.**

represented by

**Thomas W. Collins , III**
Blanton, Collins, Douglas, Hanschen & Peters, LLC
219 South Kingshighway
P.O. Box 805
Sikeston, MO 63801
(573) 471−1000
Fax: (573) 471−1012
Email: tcollins@blantonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Alexandra Harrington Austin**
1230 Main Street
Suite 700
Columiba, SC 29201
803−253−8275

Email: aaustin@maynardnexsen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Carl S. Burkhalter**
1230 Main Street
Suite 700
Columbia, SC 29201
803−253−8275
Email: cburkhalter@maynardnexsen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Diedre A Peters**
Blanton, Collins, Douglas, Hanschen & Peters, LLC
219 South Kingshighway
P.O. Box 805
Sikeston, MO 63801
573−471−1000
Fax: 573−471−1012
Email: dpeters@blantonlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Joseph C Blanton , Jr**
Blanton, Collins, Douglas, Hanschen & Peters, LLC
219 South Kingshighway
P.O. Box 805
Sikeston, MO 63801
573−471−1000
Fax: 573−471−1012
Email: jblanton@blantonlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Marcus Angelo Manos**
Maynard Nexsen PC
1230 Main Street
Ste 7th Floor
Columbia, SC 29201
803−253−8275
Fax: 803−727−1467
Email: MManos@maynardnexsen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Mark D. Blanton**

Blanton, Collins, Douglas, Hanschen & Peters, LLC
219 South Kingshighway
P.O. Box 805
Sikeston, MO 63801
573−471−1000
Email: mblanton@blantonlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Shaune D. Hanschen**
P.O. Box 805
219 S. Kingshighway
Sikeston, MO 63801
573−471−1000
Email: shanschen@blantonlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**Baird & Warner Real Estate, Inc.**
***TERMINATED: 06/24/2025***

represented by

**Arsenio Lenell Mims**
Dowd Bennett LLP
7676 Forsyth Blvd.
Ste. 1900
Clayton, MO 63105
314−889−7300
Fax: 314−863−2111
Email: amims@dowdbennett.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**M. Patrick Yingling**
Reed Smith
10 S. Wacker Dr., 40th Fl.
Chicago, IL 60606
312−207−2834
Email: mpyingling@reedsmith.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Michelle Ann Mantine**
Reed Smith LLP − Pittsburgh
Reed Smith Centre
225 Fifth Ave.
Ste. 1200
Pittsburgh, PA 15222
412−288−4268
Fax: 412−288−3063
Email: mmantine@reedsmith.com

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

| | | |
|---|---|---|
| **Real Estate One, Inc.**<br>***TERMINATED: 06/24/2025*** | represented by | **Thomas Butler Alleman**<br>Dykema Gossett PLLC<br>1717 Main<br>Ste 4200<br>Dallas, TX 75201<br>214−698−7830<br>Fax: 855−216−6218<br>Email: talleman@dykema.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Active*<br><br>**Cody D Rockey**<br>2723 South State Street<br>Suite 400<br>Ann Arbor, MI 48104<br>(734) 214−7655<br>Email: crockey@dykema.com<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Phv*<br><br>**Howard B Iwrey**<br>Dykema Gossett PLLC<br>39577 Woodward Ave.<br>Suite 300<br>Bloomfield Hills, MI 48304<br>248−203−0526<br>Fax: 855−232−1791<br>Email: hiwrey@dykema.com<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Phv* |

**Defendant**

| | | |
|---|---|---|
| **The K Company Realty, LLC**<br>***TERMINATED: 06/24/2025***<br>*doing business as*<br>LoKation | represented by | **Christopher M. Harper**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Active*<br><br>**John L. Mullen**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Inactive* |

**Jonathan Vine**
Cole, Scott & Kissane
222 Lakeview Ave.
Ste. 120
West Palm Beach, FL 33401
(561) 383−9200
Email: jonathan.vine@csklegal.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Joshua Molina**
Cole, Scott & Kissane
9150 S. Dadeland Blvd.
Miami, FL 33156
(561) 383−9200
Email: joshua.molina@csklegal.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**eXp Realty, LLC** represented by **Francis X Riley , III**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**James Andrew Morsch**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Mark B. Schaffer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Andrew D. Campbell**
(See above for address)
***TERMINATED: 10/07/2024***
*PRO HAC VICE*
*Bar Status: Phv*

**Elizabeth C. Wolicki**
(See above for address)
***TERMINATED: 10/07/2024***
*PRO HAC VICE*

*Bar Status: Phv*

**Julie Johnston−Ahlen**
(See above for address)
***TERMINATED: 10/07/2024***
*PRO HAC VICE*
*Bar Status: Phv*

**Michael A Gehret**
(See above for address)
***TERMINATED: 07/10/2024***
*PRO HAC VICE*
*Bar Status: Phv*

**Stephen Siegel**
(See above for address)
***TERMINATED: 10/07/2024***
*PRO HAC VICE*
*Bar Status: Phv*

**Tyson H. Ketchum**
(See above for address)
***TERMINATED: 05/30/2024***
*Bar Status: Active*

**Defendant**

**Weichert Real Estate Affiliates, Inc.** represented by **Weichert Real Estate Affiliates, Inc.**
Email:
PRO SE

**Dylan Ballard**
(See above for address)
***TERMINATED: 02/23/2026***
*PRO HAC VICE*
*Bar Status: Phv*

**Defendant**

**John L. Scott, Inc.**
***TERMINATED: 06/24/2025***
represented by **Jonathan Thomas Barton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Joby Celoza**
(See above for address)
*PRO HAC VICE*
*Bar Status: Phv*

**Macaulay W. Ivory**
(See above for address)
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Yoni M Rosenzweig**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Defendant**

**Knie & Shealy**
P.O. Box 5159
Spartanburg, SC 29304
United Sta
8645825118

**Defendant**

**Mr. Patrick E Knie**
*Objector*

**interested party**

**Hao Zhe Wang**

**interested party**

**Benny Cheatham** represented by **Bert S Braud**
The Popham Law Firm, P.C.
712 Broadway
Ste. 100
Kansas City, MO 64105
(816) 221−2288
Fax: (816) 221−3999
Email: bbraud@pophamlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Matthew W. Shealy**
P.O. Box 5159
Spartanburg, SC 23904
864−582−5118
Email: matt@knieshealy.com
***TERMINATED: 12/22/2025***
*PRO HAC VICE*
*Bar Status: Phv*

**Patrick Eugene Knie**
Patrick E. Knie, P.A.
P.O. Box 5159
Spartanburg, SC 29304
864−582−5118

Fax: 864−585−1615
Email: pknie@knieshealy.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Paul L Redfearn , III**
The Redfearn Law Firm
3731 N.E. Troon Drive
Lee's Summit, MO 64064
816−421−5301
Fax: 816−421−3785
Email: predfearn@redfearnlawfirm.com
***TERMINATED: 10/10/2024***
*Bar Status: Active*

**Sam Mitchell Slade , Jr.**
Mitch Slade Law Office, P.A.
P.O. Box 1007
Spartanburg, SC 29304
864−582−4212
Email: mitch@mitchsladelaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**interested party**

**Khyber Zaffarkhan**

**interested party**

**Terry Wischer**

**interested party**

**Realcomp II, LTD** represented by **Paul Tahan**
Mantese Honigman, P.C,
518 S. Hanley Road
Saint Louis, MO 63105
314−307−0770
Email: ptahan@manteselaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Alexander E. Blum**
Lippitt O'Keefe, PLLC
370 E. Maple Rd., Third Floor
Birmingham, MI 48009
248−646−8292
Fax: 248−646−8375
Email: ablum@lippittokeefe.com
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Brian D. O'Keefe**
Lippitt O'Keefe, PLLC
370 E. Maple Rd., 3rd Floor
Birmingham, MI 48009
248−646−8292
Fax: 248−646−8275
Email: bokeefe@lippittokeefe.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**interested party**

**Huntingon National Bank**
*Representative*

represented by **George Mastoris**
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
212−294−4780
Email: GMastoris@winston.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Peter K. Andreone**
Kennyhertz Perry, LLC
2000 Shawnee Mission Parkway
Ste 210
Mission Woods, KS 66205
913−221−8533
Fax: 855−844−2914
Email: peter@kennyhertzperry.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

V.

**Objector**

**James Mullis**

represented by **Steven M Berezney**
Korein Tillery LLC
505 N. 7th Street
Suite 3600
St. Louis, MO 63101
314−241−4844
Fax: 314−241−3525
Email: sberezney@koreintillery.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Randall Paul Ewing , Jr.**
Korein Tillery
205 North Michigan Avenue
Suite 1950
Chicago, IL 60601
312−641−9750
Email: rewing@koreintillery.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Objector**

**Robert Friedman** represented by **Daniel Z. Goldman**
Bienert Katzman Littrell Williams LLP
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
973−476−5485
Email: dgoldman@bklwlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Steven J. Buttacavoli**
Berman Tabacco
One Liberty Square
Boston, MA 02109
617−542−8300
Email: sbuttacavoli@bermantabacco.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Todd Seaver**
Berman Tabacco
425 California Street,
Suite 2300
San Francisco, CA 94104
415−433−3200
Email: tseaver@bermantabacco.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Objector**

**Monty March** represented by **Bert S Braud**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

*Bar Status: Active*

**Matthew Van Tine**
Miller Law LLC
53 W Jackson Boulevard
Suite 1320
Chicago, IL 60604
312−332−3400
Email: mvantine@millerlawllc.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Michael Morris Buchman**
Saveri Law Firm LLP
780 Third Avenue
Suite 1200
New York, NY 10017
347−780−0069
Email: mbuchman@saverilawfirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Objector**

**Mr. Mitch Slade**
P.O. Box 1007
Spartanburg, SC 29304
8645824212

represented by **Patrick Eugene Knie**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Objector**

**Knie & Shealy**
P.O. Box 5159
Spartanburg, SC 29304
8645825118

represented by **Patrick Eugene Knie**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Objector**

**Spring Way Center LLC**

**Objector**

**Nancy Wehrheim**

**Objector**

**John Moratis**

**Objector**

**Nancy Moratis**

**Objector**

**Danielle Kay**

**Objector**

**Jessie Kay**

**Objector**

**Kaitlyn Slavic**

**Objector**

**Maria Iannome**

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 10/31/2023 | 1 | COMPLAINT against Compass, Inc., Douglas Elliman, Inc., Howard Hanna Real Estate Services, National Association of Realtors, Redfin Corporation, United Real Estate, Weichert Realtors, eXp World Holdings, Inc. filed by Matthew Lee Dameron on behalf of All Plaintiffs. Filing fee $402, receipt number AMOWDC−8692782. Service due by 1/29/2024 unless otherwise directed by the court. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet)(Dameron, Matthew) (Entered: 10/31/2023) |
| 10/31/2023 | 2 | **NOTICE OF INCLUSION FOR MEDIATION AND ASSESSMENT PROGRAM (MAP). REVIEW NOTICE AND MAP GENERAL ORDER CAREFULLY FOR IMPORTANT CHANGES, DEADLINES AND REQUIREMENTS.**<br><br>**Notice of MAP assignment to outside neutral category I.** (Attachments: # 1 MAP General Order)(Woods, Gloria) (Entered: 10/31/2023) |
| 11/01/2023 | 3 | With the consent of the Honorable Stephen Bough, the above−styled action ishereby transferred to U.S. District Judge Boughs docket for all further proceedings. Signed on 11/1/2023 by District Judge Fernando J. Gaitan, Jr. (Houston, Kiambu) (Entered: 11/01/2023) |
| 11/01/2023 | 4 | ORDER REASSIGNING CASE. Case reassigned to District Judge Stephen R. Bough for all further proceedings. District Judge Fernando J. Gaitan, Jr no longer assigned to case. Please note the new case number of **4:23−cv−00788−SRB**. Signed on 11/1/2023 by Clerk of Court. This is a TEXT ONLY ENTRY. No document is attached. (Houston, Kiambu) (Entered: 11/01/2023) |
| 11/02/2023 | | SUMMONS ISSUED as to All Defendants. (Woods, Gloria) (Entered: 11/02/2023) |
| 11/17/2023 | 5 | NOTICE of appearance by Alexander Barrett on behalf of National Association of Realtors (Attorney Alexander Barrett added to party National Association of Realtors(pty:dft))(Barrett, Alexander) (Entered: 11/17/2023) |
| 11/17/2023 | 6 | Motion to allow Ethan Glass to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8724221) filed by Alexander Barrett on behalf of National |

| | | |
|---|---|---|
| | | Association of Realtors. (Barrett, Alexander) (Entered: 11/17/2023) |
| 11/17/2023 | 7 | Motion to allow Beatriz Mejia to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8724224) filed by Alexander Barrett on behalf of National Association of Realtors. (Barrett, Alexander) (Entered: 11/17/2023) |
| 11/17/2023 | 8 | Motion to allow Samantha Strauss to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8724226) filed by Alexander Barrett on behalf of National Association of Realtors. (Barrett, Alexander) (Entered: 11/17/2023) |
| 11/17/2023 | 9 | DISCLOSURE OF CORPORATE INTERESTS filed by Alexander Barrett on behalf of Defendant National Association of Realtors.(Barrett, Alexander) (Entered: 11/17/2023) |
| 11/17/2023 | 10 | NOTICE of appearance by Charles W. Hatfield on behalf of National Association of Realtors (Attorney Charles W. Hatfield added to party National Association of Realtors(pty:dft))(Hatfield, Charles) (Entered: 11/17/2023) |
| 11/20/2023 | 11 | ORDER granting 6 , 7 , and 8 motion to appear pro hac vice entered by Clerk of Court. Attorney Ethan Glass, Beatriz Mejia, and Samantha Strauss for National Association of Realtors allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 11/20/2023) |
| 11/22/2023 | 12 | NOTICE of appearance by James Dale Lawrence on behalf of United Real Estate (Attorney James Dale Lawrence added to party United Real Estate(pty:dft))(Lawrence, James) (Entered: 11/22/2023) |
| 11/22/2023 | 13 | MOTION for extension of time *Unopposed for Defendants to File Responsive Pleadings and Setting a Briefing Schedule* filed by Karrie J. Clinkinbeard on behalf of eXp World Holdings, Inc.. Suggestions in opposition/response due by 12/6/2023 unless otherwise directed by the court. (Attorney Karrie J. Clinkinbeard added to party eXp World Holdings, Inc.(pty:dft))(Clinkinbeard, Karrie) (Entered: 11/22/2023) |
| 11/22/2023 | 14 | Motion to allow Karin Dryhurst to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8729610) filed by Hannah Smith on behalf of Howard Hanna Real Estate Services. (Attorney Hannah Smith added to party Howard Hanna Real Estate Services(pty:dft))(Smith, Hannah) (Entered: 11/22/2023) |
| 11/22/2023 | 15 | Motion to allow David Z. Gringer to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8729636) filed by Hannah Smith on behalf of Howard Hanna Real Estate Services. (Smith, Hannah) (Entered: 11/22/2023) |
| 11/22/2023 | 16 | Motion to allow Emily Barnet to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8729638) filed by Hannah Smith on behalf of Howard Hanna Real Estate Services. (Smith, Hannah) (Entered: 11/22/2023) |
| 11/22/2023 | 17 | Motion to allow Seth P. Waxman to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8729641) filed by Hannah Smith on behalf of Howard Hanna |

| | | |
|---|---|---|
| | | Real Estate Services. (Attachments: # 1 US District Court Admissions)(Smith, Hannah) (Entered: 11/22/2023) |
| 11/27/2023 | 18 | Before the Court is Defendants' Unopposed Motion for Order Extending Time for Defendants to File Responsive Pleadings and Setting a Briefing Schedule. (Doc. #13.) Upon review, the motion is GRANTED. It is hereby ORDERED that: (1) Defendants shall file a responsive pleading to Plaintiff's Complaint on or before January 18, 2024; (2) Plaintiffs shall file their opposition brief on or before February 15, 2024; and (3) Defendants shall file their reply brief on or before March 14, 2024. Signed on 11/27/23 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 11/27/2023) |
| 11/27/2023 | 19 | ORDER granting 14 , 15 , 16 & 17 motion to appear pro hac vice entered by Clerk of Court. Attorney Karin Dryhurst, David Z. Gringer, Emily Barnet and Seth P. Waxman for Howard Hanna Real Estate Services allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 11/27/2023) |
| 11/28/2023 | 20 | Motion to allow Timothy R. Beyer to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8733644) filed by James Dale Lawrence on behalf of United Real Estate. (Lawrence, James) (Entered: 11/28/2023) |
| 11/29/2023 | 21 | ORDER granting 20 motion to appear pro hac vice entered by Clerk of Court. Attorney Timothy R. Beyer for United Real Estate allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Lock, Tania) (Entered: 11/29/2023) |
| 11/29/2023 | 22 | Motion to allow Lindsay Sklar Johnson to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8735256) filed by James Dale Lawrence on behalf of United Real Estate. (Lawrence, James) (Entered: 11/29/2023) |
| 11/29/2023 | 23 | ORDER granting 22 motion to appear pro hac vice entered by Clerk of Court. Attorney Lindsay Sklar Johnson for United Real Estate allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Lock, Tania) (Entered: 11/29/2023) |

| | | |
|---|---|---|
| 11/29/2023 | 24 | NOTICE of appearance by Karrie J. Clinkinbeard on behalf of eXp World Holdings, Inc. (Clinkinbeard, Karrie) (Entered: 11/29/2023) |
| 11/30/2023 | 25 | NOTICE of appearance by Emilee Hargis on behalf of United Real Estate (Attorney Emilee Hargis added to party United Real Estate(pty:dft))(Hargis, Emilee) (Entered: 11/30/2023) |
| 11/30/2023 | 26 | Motion to allow Stephen P. Siegel to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8738656) filed by Karrie J. Clinkinbeard on behalf of eXp World Holdings, Inc.. (Clinkinbeard, Karrie) (Entered: 11/30/2023) |
| 12/01/2023 | 27 | ORDER granting 26 motion to appear pro hac vice entered by Clerk of Court. Attorney Stephen J. Siegel for eXp World Holdings, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 12/01/2023) |
| 12/01/2023 | 28 | NOTICE of appearance by Daniel Patrick Johnson on behalf of Douglas Elliman, Inc. (Attorney Daniel Patrick Johnson added to party Douglas Elliman, Inc.(pty:dft))(Johnson, Daniel) (Entered: 12/01/2023) |
| 12/01/2023 | 29 | NOTICE of appearance by Trina R Ricketts on behalf of Douglas Elliman, Inc. (Attorney Trina R Ricketts added to party Douglas Elliman, Inc.(pty:dft))(Ricketts, Trina) (Entered: 12/01/2023) |
| 12/01/2023 | 30 | Motion to allow Marc E. Kasowitz to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8740363) filed by Daniel Patrick Johnson on behalf of Douglas Elliman, Inc.. (Johnson, Daniel) (Entered: 12/01/2023) |
| 12/01/2023 | 31 | Motion to allow Kenneth R. David to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8740378) filed by Daniel Patrick Johnson on behalf of Douglas Elliman, Inc.. (Johnson, Daniel) (Entered: 12/01/2023) |
| 12/01/2023 | 32 | Motion to allow Hector Torres to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8740399) filed by Daniel Patrick Johnson on behalf of Douglas Elliman, Inc.. (Johnson, Daniel) (Entered: 12/01/2023) |
| 12/01/2023 | 33 | Motion to allow Constantine "Dean" Z. Pamphilis to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8740414) filed by Daniel Patrick Johnson on behalf of Douglas Elliman, Inc.. (Johnson, Daniel) (Entered: 12/01/2023) |
| 12/04/2023 | 34 | ORDER granting 30 , 31 , 32 , & 33 motions to appear pro hac vice entered by Clerk of Court. Attorneys Hector Torres, Constantine "Dean" Z. Pamphilis, Kenneth R. David and Marc E. Kasowitz for Douglas Elliman, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to |

| | | |
|---|---|---|
| | | immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Lock, Tania) (Entered: 12/04/2023) |
| 12/04/2023 | 35 | Motion to allow Francis X. Riley, III to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8742847) filed by Karrie J. Clinkinbeard on behalf of eXp World Holdings, Inc.. (Clinkinbeard, Karrie) (Entered: 12/04/2023) |
| 12/05/2023 | 36 | ORDER granting 35 motion to appear pro hac vice entered by Clerk of Court. Attorney Francis X. Riley for eXp World Holdings, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 12/05/2023) |
| 12/07/2023 | 37 | Motion to allow Julie Johnson−Ahlen to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8748217) filed by Karrie J. Clinkinbeard on behalf of eXp World Holdings, Inc.. (Clinkinbeard, Karrie) (Entered: 12/07/2023) |
| 12/08/2023 | 38 | ORDER granting 37 motion to appear pro hac vice entered by Clerk of Court. Attorney Julie Johnston−Ahlen for eXp World Holdings, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Lock, Tania) (Entered: 12/08/2023) |
| 12/12/2023 | 39 | NOTICE of appearance by Daniel Sasse on behalf of Compass, Inc. (Attorney Daniel Sasse added to party Compass, Inc.(pty:dft))(Sasse, Daniel) (Entered: 12/12/2023) |
| 12/12/2023 | 40 | DISCLOSURE OF CORPORATE INTERESTS filed by Daniel Sasse on behalf of Defendant Compass, Inc..(Sasse, Daniel) (Entered: 12/12/2023) |
| 12/12/2023 | 41 | Motion to allow Chahira Solh to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8756066) filed by Daniel Sasse on behalf of Compass, Inc.. (Sasse, Daniel) (Entered: 12/12/2023) |
| 12/12/2023 | 42 | Motion to allow Eric Fanchiang to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8756108) filed by Daniel Sasse on behalf of Compass, Inc.. (Sasse, Daniel) (Entered: 12/12/2023) |
| 12/13/2023 | 43 | ORDER granting 41 & 42 motions to appear pro hac vice entered by Clerk of Court. Attorney Chahira Solh and attorney Eric Fanchiang for Compass, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. |

| | | |
|---|---|---|
| | | Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Lock, Tania) (Entered: 12/13/2023) |
| 12/13/2023 | 44 | DISCLOSURE OF CORPORATE INTERESTS *PURSUANT TO F.R.C.P 7.1 AND LOCAL RULE 7.1* filed by Karrie J. Clinkinbeard on behalf of Defendant eXp World Holdings, Inc..(Clinkinbeard, Karrie) (Entered: 12/13/2023) |
| 12/13/2023 | 45 | DISCLOSURE OF CORPORATE INTERESTS filed by Daniel Johnson on behalf of Defendant Douglas Elliman, Inc..(Attorney Daniel Johnson added to party Douglas Elliman, Inc.(pty:dft))(Johnson,Daniel) Modified on 12/14/2023 at the request of counsel to correct name only. NEF regenerated to all parties. (Kern, Kendra) (Entered: 12/13/2023) |
| 12/13/2023 | 46 | NOTICE of appearance by Marc E. Kasowitz on behalf of Douglas Elliman, Inc. (Kasowitz, Marc) (Entered: 12/13/2023) |
| 12/13/2023 | 47 | NOTICE of appearance by Kenneth R. David on behalf of Douglas Elliman, Inc. (David, Kenneth) (Entered: 12/13/2023) |
| 12/13/2023 | 48 | NOTICE of appearance by Hector Torres on behalf of Douglas Elliman, Inc. (Torres, Hector) (Entered: 12/13/2023) |
| 12/14/2023 | 49 | NOTICE of appearance by Constantine Z. Pamphilis on behalf of Douglas Elliman, Inc. (Pamphilis, Constantine) (Entered: 12/14/2023) |
| 12/15/2023 | 50 | NOTICE of appearance by William D. Beil on behalf of Weichert Realtors (Attorney William D. Beil added to party Weichert Realtors(pty:dft))(Beil, William) (Entered: 12/15/2023) |
| 12/15/2023 | 51 | DISCLOSURE OF CORPORATE INTERESTS *of Weichert Real Estate Affiliates, Inc., d/b/a Weichert, Realtors'* filed by William D. Beil on behalf of Defendant Weichert Realtors.(Beil, William) (Entered: 12/15/2023) |
| 12/15/2023 | 52 | Motion to allow Dylan I. Ballard to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8761763) filed by William D. Beil on behalf of Weichert Realtors. (Beil, William) (Entered: 12/15/2023) |
| 12/15/2023 | 53 | Motion to allow Adam L. Hudes to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8761814) filed by William D. Beil on behalf of Weichert Realtors. (Beil, William) (Entered: 12/15/2023) |
| 12/15/2023 | 54 | Motion to allow Stephen M. Medlock to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8761836) filed by William D. Beil on behalf of Weichert Realtors. (Beil, William) (Entered: 12/15/2023) |
| 12/15/2023 | 55 | Motion to allow Michael W. Scarborough to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8761844) filed by William D. Beil on behalf of Weichert Realtors. (Beil, William) (Entered: 12/15/2023) |
| 12/18/2023 | 56 | ORDER granting 52 , 53 , 54 & 55 motion to appear pro hac vice entered by Clerk of Court. Attorney Dylan I. Ballard, Adam L. Hudes, Stephen M. Medlock and Michael W. Scarborough for Weichert Realtors allowed to appear pro hac vice. This entry will |

| | | |
|---|---|---|
| | | serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 12/18/2023) |
| 12/18/2023 | 57 | NOTICE of appearance by Michael Scarborough on behalf of Weichert Realtors (Scarborough, Michael) (Entered: 12/18/2023) |
| 12/18/2023 | 58 | NOTICE of appearance by Dylan Ballard on behalf of Weichert Realtors (Ballard, Dylan) (Entered: 12/18/2023) |
| 12/18/2023 | 59 | NOTICE of appearance by Stephen M. Medlock on behalf of Weichert Realtors (Medlock, Stephen) (Entered: 12/18/2023) |
| 12/19/2023 | 60 | NOTICE of appearance by Adam Hudes on behalf of Weichert Realtors (Hudes, Adam) (Entered: 12/19/2023) |
| 12/21/2023 | 61 | DISCLOSURE OF CORPORATE INTERESTS filed by Emilee Hargis on behalf of Defendant United Real Estate.(Hargis, Emilee) (Entered: 12/21/2023) |
| 12/27/2023 | 62 | MOTION to stay filed by Ethan Glass on behalf of National Association of Realtors. Suggestions in opposition/response due by 1/10/2024 unless otherwise directed by the court. (Glass, Ethan) (Entered: 12/27/2023) |
| 12/29/2023 | 63 | NOTICE of appearance by Brian J. Madden on behalf of Redfin Corporation (Attorney Brian J. Madden added to party Redfin Corporation(pty:dft))(Madden, Brian) (Entered: 12/29/2023) |
| 12/29/2023 | 64 | MOTION to join *[EXP WORLD HOLDINGS, INC., REDFIN CORPORATION, WEICHERT REALTORS, UNITED REAL ESTATE, HOWARD HANNA REAL ESTATE, AND DOUGLAS ELLIMAN, INC.'S JOINDER IN NATIONAL ASSOCIATION OF REALTORS' MOTION TO STAY]* filed by Karrie J. Clinkinbeard on behalf of Compass, Inc., Douglas Elliman, Inc., Howard Hanna Real Estate Services, Redfin Corporation, United Real Estate, Weichert Realtors, eXp World Holdings, Inc.. Suggestions in opposition/response due by 1/12/2024 unless otherwise directed by the court. (Clinkinbeard, Karrie) (Entered: 12/29/2023) |
| 01/02/2024 | 65 | Before the Court is Defendants eXp World Holdings, Inc.; Redfin Corporation; Weichert Realtors; United Real Estate; Howard Hanna Real Estate; and Douglas Elliman, Inc.'s Motion to Join in the National Association of Realtor's Motion to Stay. (Doc. #64.) For good cause shown, the motion is GRANTED. Signed on 1/2/24 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 01/02/2024) |
| 01/02/2024 | 66 | SUGGESTIONS in opposition re 62 MOTION to stay filed by Jeremy M. Suhr on behalf of Plaintiffs Lauren Criss, Don Gibson, John Meiners. Reply suggestions due by 1/16/2024 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1−Partial Transcript, # 2 Exhibit 2−JPML Filings)(Related document(s) 62 ) (Suhr, Jeremy) (Entered: 01/02/2024) |
| 01/10/2024 | 67 | DISCLOSURE OF CORPORATE INTERESTS filed by Brian J. Madden on behalf of Defendant Redfin Corporation.(Madden, Brian) (Entered: 01/10/2024) |

| | | |
|---|---|---|
| 01/10/2024 | 68 | Motion to allow Bryon P. Becker to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8799189) filed by Brian J. Madden on behalf of Redfin Corporation. (Madden, Brian) Modified on 1/10/2024 to correct attorney name (Houston, Kiambu). (Entered: 01/10/2024) |
| 01/10/2024 | 69 | Motion to allow Karen L. Dunn to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8799202) filed by Brian J. Madden on behalf of Redfin Corporation. (Madden, Brian) (Entered: 01/10/2024) |
| 01/10/2024 | 70 | Motion to allow Martha Goodman to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8799208) filed by Brian J. Madden on behalf of Redfin Corporation. (Madden, Brian) (Entered: 01/10/2024) |
| 01/10/2024 | 71 | Motion to allow Eyitayo St. Matthew−Daniel to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8799214) filed by Brian J. Madden on behalf of Redfin Corporation. (Madden, Brian) (Entered: 01/10/2024) |
| 01/10/2024 | 72 | Motion to allow William A. Isaacson to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8799222) filed by Brian J. Madden on behalf of Redfin Corporation. (Madden, Brian) (Entered: 01/10/2024) |
| 01/10/2024 | 73 | DISCLOSURE OF CORPORATE INTERESTS filed by Robert T. Adams on behalf of Defendant Howard Hanna Real Estate Services.(Attorney Robert T. Adams added to party Howard Hanna Real Estate Services(pty:dft))(Adams, Robert) (Entered: 01/10/2024) |
| 01/11/2024 | 74 | ORDER granting 68 , 69 , 70 , 71 , and 72 motion to appear pro hac vice entered by Clerk of Court. Attorney Bryon P. Becker, Karen L. Dunn, Martha Goodman, Eyitayo St. Matthew−Daniel, and William A. Isaacson for Redfin Corporation allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 01/11/2024) |
| 01/16/2024 | 75 | REPLY SUGGESTIONS to motion re 62 MOTION to stay filed by Ethan Glass on behalf of Defendant National Association of Realtors. (Related document(s) 62 ) (Glass, Ethan) (Entered: 01/16/2024) |
| 01/16/2024 | 76 | Joint MOTION for extension of time *for Defendants to Respond to Complaint to January 25, 2024* filed by Daniel Sasse on behalf of Compass, Inc.. Suggestions in opposition/response due by 1/30/2024 unless otherwise directed by the court. (Sasse, Daniel) (Entered: 01/16/2024) |
| 01/17/2024 | 77 | Before the Court is a Joint Motion for Order Extending Time for Defendants to Respond to the Complaint. (Doc. #76.) Upon good cause shown, the motion is GRANTED. Defendants shall file answers or otherwise respond to the complaint on or before January 25, 2024, Plaintiffs shall file an opposition brief, if necessary, on or before February 22, 2024, and Defendants shall file replies, if necessary, on or before March 21, 2024. Signed on 1/17/24 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: |

| | | |
|---|---|---|
| | | 01/17/2024) |
| 01/17/2024 | 78 | ORDER denying 62 motion to stay. Signed on 1/17/24 by District Judge Stephen R. Bough. (Diefenbach, Tracy) (Entered: 01/17/2024) |
| 01/17/2024 | 79 | NOTICE of voluntary dismissal by Lauren Criss, Don Gibson, John Meiners (Dirks, Eric) (Entered: 01/17/2024) |
| 01/17/2024 | 80 | Before the Court is a Notice of Voluntary Dismissal. (Doc. #79.) Upon review, the dismissal is GRANTED. It is hereby ORDERED that Plaintiffs' claims against Howard Hanna Real Estate Services are DISMISSED WITHOUT PREJUDICE, with each party to bear its own costs, expenses, and attorney's fees. Signed on 1/17/24 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 01/17/2024) |
| 01/19/2024 | 81 | NOTICE of appearance by Michael Anthony Williams on behalf of Lauren Criss, Don Gibson, John Meiners (Attorney Michael Anthony Williams added to party Lauren Criss(pty:pla), Attorney Michael Anthony Williams added to party Don Gibson(pty:pla), Attorney Michael Anthony Williams added to party John Meiners(pty:pla))(Williams, Michael) (Entered: 01/19/2024) |
| 01/23/2024 | 82 | Motion to allow Elizabeth C. Wolicki to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8821900) filed by Karrie J. Clinkinbeard on behalf of eXp World Holdings, Inc.. (Clinkinbeard, Karrie) (Entered: 01/23/2024) |
| 01/24/2024 | 83 | ORDER granting 82 motion to appear pro hac vice entered by Clerk of Court. Attorney Elizabeth C. Wolicki for eXp World Holdings, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 01/24/2024) |
| 01/24/2024 | 84 | Joint MOTION for order For a Coordinated Scheduling Order filed by Daniel Sasse on behalf of Compass, Inc.. Suggestions in opposition/response due by 2/7/2024 unless otherwise directed by the court. (Sasse, Daniel) (Entered: 01/24/2024) |
| 01/25/2024 | 85 | Before the Court is a Joint Motion for a Coordinated Scheduling Order. (Doc. #84.) For good cause stated, the motion is GRANTED. It is hereby ORDERED that:<br><br>(1) All Defendants' responsive pleadings to the complaint are due on or before February 26, 2024;<br><br>(2) Plaintiffs' opposition briefs, if necessary, are due on or before March 25, 2024;<br><br>(3) Defendants' reply briefs, if necessary, are due on or before April 22, 2024;<br><br>(4) The parties shall hold a joint conference in accordance with Federal Rule of Civil Procedure 26 the week of February 12, 2024; |

| | | |
|---|---|---|
| | | (5) The parties may serve discovery requests after the Rule 26 conference, but responses to those discovery requests are not due until thirty (30) days after the JPML rules on Plaintiffs' Motion to Transfer; and<br><br>(6) The parties shall exchange initial disclosures in accordance with Rule 26 fourteen (14) days after the JPML rules on Plaintiffs Motion to Transfer.<br><br>This order does not limit Defendants' rights to enforce arbitration agreements later in the litigation.<br><br>Signed on 1/25/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Murphy−Carr, Shauna) (Entered: 01/25/2024) |
| 02/01/2024 | 86 | Motion to allow Andrew D. Campbell to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8841783) filed by Karrie J. Clinkinbeard on behalf of eXp World Holdings, Inc.. (Clinkinbeard, Karrie) (Entered: 02/01/2024) |
| 02/02/2024 | 87 | ORDER granting 86 motion to appear pro hac vice entered by Clerk of Court. Attorney Andrew D. Campbell for eXp World Holdings, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Lock, Tania) (Entered: 02/02/2024) |
| 02/22/2024 | 88 | Motion to allow J. Michael Wilson to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8878102) filed by Daniel Patrick Johnson on behalf of Douglas Elliman, Inc.. (Johnson, Daniel) (Entered: 02/22/2024) |
| 02/23/2024 | 89 | ORDER granting 88 motion to appear pro hac vice entered by Clerk of Court. Attorney J. Michael Wilson for Douglas Elliman, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 02/23/2024) |
| 02/23/2024 | 90 | Amended DISCLOSURE OF CORPORATE INTERESTS filed by Emilee Hargis on behalf of Defendant United Real Estate.(Hargis, Emilee) (Entered: 02/23/2024) |
| 02/23/2024 | 91 | NOTICE of appearance by Tyson H. Ketchum on behalf of eXp World Holdings, Inc. (Attorney Tyson H. Ketchum added to party eXp World Holdings, Inc.(pty:dft))(Ketchum, Tyson) (Entered: 02/23/2024) |
| 02/23/2024 | 92 | NOTICE of appearance by Tyson H. Ketchum on behalf of eXp World Holdings, Inc. (Ketchum, Tyson) (Entered: 02/23/2024) |
| 02/23/2024 | 93 | |

| | | |
|---|---|---|
| | | NOTICE of appearance by Michael Wilson on behalf of Douglas Elliman, Inc. (Wilson, Michael) (Entered: 02/23/2024) |
| 02/23/2024 | 94 | MOTION for leave to file excess pages filed by Brian J. Madden on behalf of Redfin Corporation. Suggestions in opposition/response due by 3/8/2024 unless otherwise directed by the court. (Madden, Brian) (Entered: 02/23/2024) |
| 02/23/2024 | 95 | Before the Court is Defendant Redfin Corporation's Unopposed Motion for Leave to Exceed Page Limit. (Doc. #94.) Upon review, the motion is GRANTED. Accordingly, it is hereby ORDERED that Defendant Redfin Corporation may file their suggestions in support of its motion to dismiss not exceeding twenty−five (25) pages. Signed on 2/23/24 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 02/23/2024) |
| 02/23/2024 | 96 | Joint MOTION for leave to file *excess pages* filed by Daniel Sasse on behalf of Compass, Inc.. Suggestions in opposition/response due by 3/8/2024 unless otherwise directed by the court. (Sasse, Daniel) (Entered: 02/23/2024) |
| 02/26/2024 | 97 | Before the Court is Certain Defendants' Unopposed Joint Motion for Leave to Exceed Page Limit. (Doc. #96.) For good cause shown, the motion is GRANTED. Certain Defendants' Joint Motion to Dismiss shall not exceed thirty−five (35) pages. Signed on 2/26/24 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 02/26/2024) |
| 02/26/2024 | 98 | Motion to allow Sarah M. Topol to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8883134) filed by Alexander Barrett on behalf of National Association of Realtors. (Barrett, Alexander) (Entered: 02/26/2024) |
| 02/26/2024 | 99 | Motion to allow Georgina Inglis to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8883145) filed by Alexander Barrett on behalf of National Association of Realtors. (Barrett, Alexander) (Entered: 02/26/2024) |
| 02/26/2024 | 100 | ORDER granting 98 & 99 motions to appear pro hac vice entered by Clerk of Court. Attorneys Georgina Inglis and Sarah M. Topol for National Association of Realtors allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Lock, Tania) (Entered: 02/26/2024) |
| 02/26/2024 | 101 | MOTION to dismiss for lack of jurisdiction *and improper venue* filed by Marc E. Kasowitz on behalf of Douglas Elliman, Inc.. Suggestions in opposition/response due by 3/11/2024 unless otherwise directed by the court. (Kasowitz, Marc) (Entered: 02/26/2024) |
| 02/26/2024 | 102 | SUGGESTIONS in support re 101 MOTION to dismiss for lack of jurisdiction *and improper venue* filed by Marc E. Kasowitz on behalf of Defendant Douglas Elliman, Inc.. (Attachments: # 1 Exhibit A − Declaration of James Bryant Kirkland III)(Related document(s) 101 ) (Kasowitz, Marc) (Entered: 02/26/2024) |

| | | |
|---|---|---|
| 02/26/2024 | 103 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by James Dale Lawrence on behalf of United Real Estate. Suggestions in opposition/response due by 3/11/2024 unless otherwise directed by the court. (Lawrence, James) (Entered: 02/26/2024) |
| 02/26/2024 | 104 | SUGGESTIONS in support re 103 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by James Dale Lawrence on behalf of Defendant United Real Estate. (Related document(s) 103 ) (Lawrence, James) (Entered: 02/26/2024) |
| 02/26/2024 | 105 | MOTION to strike *Class Allegations to Protect Arbitration and Class Action Waiver Rights* filed by James Dale Lawrence on behalf of United Real Estate. Suggestions in opposition/response due by 3/11/2024 unless otherwise directed by the court. (Lawrence, James) (Entered: 02/26/2024) |
| 02/26/2024 | 106 | SUGGESTIONS in support re 105 MOTION to strike *Class Allegations to Protect Arbitration and Class Action Waiver Rights* filed by James Dale Lawrence on behalf of Defendant United Real Estate. (Attachments: # 1 Affidavit, # 2 Exhibit A)(Related document(s) 105 ) (Lawrence, James) (Entered: 02/26/2024) |
| 02/26/2024 | 107 | MOTION to dismiss for lack of jurisdiction filed by Dylan Ballard on behalf of Weichert Realtors. Suggestions in opposition/response due by 3/11/2024 unless otherwise directed by the court. (Ballard, Dylan) (Entered: 02/26/2024) |
| 02/26/2024 | 108 | SUGGESTIONS in support re 107 MOTION to dismiss for lack of jurisdiction filed by Dylan Ballard on behalf of Defendant Weichert Realtors. (Attachments: # 1 Affidavit of William A. Scavone, # 2 Exhibit 1)(Related document(s) 107 ) (Ballard, Dylan) (Entered: 02/26/2024) |
| 02/26/2024 | 109 | MOTION to strike *Defendant EXP World Holdings, Inc's Rule 12(f) Motion to Strike Class Allegations as to Arbitrating Class Members* filed by Stephen Siegel on behalf of eXp World Holdings, Inc.. Suggestions in opposition/response due by 3/11/2024 unless otherwise directed by the court. (Siegel, Stephen) (Entered: 02/26/2024) |
| 02/26/2024 | 110 | SUGGESTIONS in support re 109 MOTION to strike *Defendant EXP World Holdings, Inc's Rule 12(f) Motion to Strike Class Allegations as to Arbitrating Class Members Defendant EXP World Holdings, Inc.'s Suggestions in Support of its Separate Rule 12(f) Motion to Strike Class Allegations as to Arbitrating Class Members* filed by Stephen Siegel on behalf of Defendant eXp World Holdings, Inc.. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit)(Related document(s) 109 ) (Siegel, Stephen) (Entered: 02/26/2024) |
| 02/26/2024 | 111 | MOTION to dismiss case filed by Stephen Siegel on behalf of eXp World Holdings, Inc. Suggestions in opposition/response due by 3/11/2024 unless otherwise directed by the court. (Siegel, Stephen) **Modified on 2/27/2024:** Docket text changed to reflect document title at request of filing counsel. NEF regenerated. (Melvin, Greg) (Entered: 02/26/2024) |
| 02/26/2024 | 112 | SUGGESTIONS in support re 111 MOTION to dismiss case *Defendant EXP World Holdings, Inc.'s Suggestions in Support of its Separate Rule 12(b)(6) Motion to Dismiss Defendant EXP World Holdings, Inc.'s Suggestions in Support of its Separate Rule 12(b)(6) Motion to Dismiss* filed by Stephen Siegel on behalf of Defendant eXp World Holdings, Inc.. (Related document(s) 111 ) (Siegel, Stephen) (Entered: 02/26/2024) |

| | | |
|---|---|---|
| 02/26/2024 | 113 | MOTION to strike *Class Allegations as to Arbitrating Class Members* filed by Daniel Sasse on behalf of Compass, Inc.. Suggestions in opposition/response due by 3/11/2024 unless otherwise directed by the court. (Sasse, Daniel) (Entered: 02/26/2024) |
| 02/26/2024 | 114 | SUGGESTIONS in support re 113 MOTION to strike *Class Allegations as to Arbitrating Class Members* filed by Daniel Sasse on behalf of Defendant Compass, Inc.. (Attachments: # 1 Affidavit of Chahira Solh, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H)(Related document(s) 113 ) (Sasse, Daniel) (Entered: 02/26/2024) |
| 02/26/2024 | 115 | Amended MOTION to dismiss for lack of jurisdiction *and Improper Venue* filed by Marc E. Kasowitz on behalf of Douglas Elliman, Inc.. Suggestions in opposition/response due by 3/11/2024 unless otherwise directed by the court. (Kasowitz, Marc) (Entered: 02/26/2024) |
| 02/26/2024 | 116 | MOTION to dismiss for lack of jurisdiction *and improper venue* filed by Daniel Sasse on behalf of Compass, Inc.. Suggestions in opposition/response due by 3/11/2024 unless otherwise directed by the court. (Sasse, Daniel) (Entered: 02/26/2024) |
| 02/26/2024 | 117 | MOTION to dismiss case filed by Eyitayo St. Matthew−Daniel on behalf of Redfin Corporation. Suggestions in opposition/response due by 3/11/2024 unless otherwise directed by the court. (St. Matthew−Daniel, Eyitayo) (Entered: 02/26/2024) |
| 02/26/2024 | 118 | SUGGESTIONS in support re 116 MOTION to dismiss for lack of jurisdiction *and improper venue* filed by Daniel Sasse on behalf of Defendant Compass, Inc.. (Attachments: # 1 Affidavit of Kristy Hairston, # 2 Affidavit of Eduard Monteagudo, # 3 Exhibit A to Monteagudo Declaration)(Related document(s) 116 ) (Sasse, Daniel) (Entered: 02/26/2024) |
| 02/26/2024 | 119 | SUGGESTIONS in support re 117 MOTION to dismiss case filed by Eyitayo St. Matthew−Daniel on behalf of Defendant Redfin Corporation. (Related document(s) 117 ) (St. Matthew−Daniel, Eyitayo) Modified on 2/27/2024 main document 119 replaced to correct fling oversight. NEF regenerated to all parties.(Kern, Kendra) (Entered: 02/26/2024) |
| 02/26/2024 | 120 | Joint MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Daniel Sasse on behalf of Compass, Inc.. Suggestions in opposition/response due by 3/11/2024 unless otherwise directed by the court. (Sasse, Daniel) (Entered: 02/26/2024) |
| 02/26/2024 | 121 | SUGGESTIONS in support re 120 Joint MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Daniel Sasse on behalf of Defendant Compass, Inc.. (Related document(s) 120 ) (Sasse, Daniel) (Entered: 02/26/2024) |
| 02/26/2024 | 122 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Ethan Glass on behalf of National Association of Realtors. Suggestions in opposition/response due by 3/11/2024 unless otherwise directed by the court. (Glass, Ethan) (Entered: 02/26/2024) |
| 02/26/2024 | 123 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , MOTION to strike *Class Allegations Pursuant To Rules 12(F) And 23(D)(1)(D)* filed by Marc E. Kasowitz on behalf of Douglas Elliman, Inc.. Suggestions in opposition/response due by 3/11/2024 unless otherwise directed by the court. (Kasowitz, Marc) (Entered: |

| | | |
|---|---|---|
| | | 02/26/2024) |
| 02/26/2024 | 124 | SUGGESTIONS in support re 123 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to strike *Class Allegations Pursuant To Rules 12(F) And 23(D)(1)(D)* filed by Marc E. Kasowitz on behalf of Defendant Douglas Elliman, Inc.. (Attachments: # 1 Declaration Of Martha Pomares, # 2 Exhibit A)(Related document(s) 123 ) (Kasowitz, Marc) (Entered: 02/26/2024) |
| 02/26/2024 | 125 | SUGGESTIONS in support re 122 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Ethan Glass on behalf of Defendant National Association of Realtors. (Attachments: # 1 Inglis Declaration, # 2 Inglis Decl. Exhibit A, # 3 Inglis Decl. Exhibit B, # 4 Appendix A)(Related document(s) 122 ) (Glass, Ethan) (Entered: 02/26/2024) |
| 02/27/2024 | 126 | Motion to allow Michael A. Gehret to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8886680) filed by Tyson H. Ketchum on behalf of eXp World Holdings, Inc.. (Ketchum, Tyson) (Entered: 02/27/2024) |
| 02/28/2024 | 127 | ORDER granting 126 motion to appear pro hac vice entered by Clerk of Court. Attorney Michael A Gehret for eXp World Holdings, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Lock, Tania) (Entered: 02/28/2024) |
| 03/01/2024 | 128 | Consent MOTION for extension of time *to File Parties' Proposed Scheduling Order* filed by Ethan Glass on behalf of National Association of Realtors. Suggestions in opposition/response due by 3/15/2024 unless otherwise directed by the court. (Glass, Ethan) (Entered: 03/01/2024) |
| 03/04/2024 | 129 | Before the Court is an Unopposed Motion for an Extension of Time to File Parties' Proposed Scheduling Order. (Doc. #128.) For good cause shown, the motion is GRANTED. The parties shall submit a proposed scheduling order on or before March 12, 2024. Signed on 3/4/24 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Diefenbach, Tracy) (Entered: 03/04/2024) |
| 03/04/2024 | 130 | AMENDED COMPLAINT against Compass, Inc., Douglas Elliman, Inc., National Association of Realtors, Redfin Corporation, United Real Estate, Weichert Realtors, eXp World Holdings, Inc., Berkshire Hathaway Energy Company filed by Eric L. Dirks on behalf of John Meiners, Lauren Criss, Don Gibson.(Dirks, Eric) (Entered: 03/04/2024) |
| 03/04/2024 | | SUMMONS ISSUED as to Berkshire Hathaway Energy Company. (Woods, Gloria) (Entered: 03/04/2024) |
| 03/12/2024 | 131 | Consent MOTION for extension of time *to file Parties' Proposed Scheduling Order* filed by Daniel Sasse on behalf of Compass, Inc.. Suggestions in opposition/response due by 3/26/2024 unless otherwise directed by the court. (Sasse, Daniel) (Entered: 03/12/2024) |

| | | |
|---|---|---|
| 03/13/2024 | 132 | Before the Court is a Joint Motion for an Extension of Time to File Parties' Proposed Scheduling Order. (Doc. #131.) For good cause shown, the motion is GRANTED. The parties shall submit a proposed scheduling order on or before March 15, 2024. Signed on 3/13/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Murphy−Carr, Shauna) (Entered: 03/13/2024) |
| 03/15/2024 | 133 | Joint PROPOSED SCHEDULING ORDER by Compass, Inc.. (Sasse, Daniel) (Entered: 03/15/2024) |
| 03/18/2024 | | NOTICE OF DOCKET MODIFICATION. A modification has been made to the document filed on 3/15/2024 as Document No. 133, Proposed Scheduling Order. The document has been deleted per Administrative Procedures wherein it is stated proposed scheduling orders should not contain a signature line for the presiding judge. The proposed scheduling order should include the electronic signature of both the filing and opposing counsel. This is a text entry only − no document is attached. (Crocker, Susan) (Entered: 03/18/2024) |
| 03/18/2024 | 134 | Joint PROPOSED SCHEDULING ORDER *(Corrected)* by Compass, Inc.. (Sasse, Daniel) (Entered: 03/18/2024) |
| 03/22/2024 | 135 | NOTICE of settlement *Notice of Pending Settlement and Joint Motion to Stay Case as to Defendant Compass, Inc.* by Compass, Inc. (Sasse, Daniel) (Entered: 03/22/2024) |
| 03/22/2024 | 136 | NOTICE of settlement *NOTICE OF PENDING SETTLEMENT AND JOINT MOTION TO STAY CASE AS TO DEFENDANT NATIONAL ASSOCIATION OF REALTORS* by National Association of Realtors (Glass, Ethan) (Entered: 03/22/2024) |
| 03/25/2024 | 137 | Before the Court is a Notice of Pending Settlement and Joint Motion to Stay Case as to Compass, Inc. (Doc. # 135 .) Accordingly, the deadlines and proceedings in this case as they pertain to Compass, Inc. are hereby STAYED. Signed on 03/25/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Lock, Tania) (Entered: 03/25/2024) |
| 03/25/2024 | 138 | Before the Court is a Notice of Pending Settlement and Joint Motion to Stay Case as to Defendant National Association of Realtors. (Doc. # 136 .) Accordingly, the deadlines and proceedings in this case as they pertain to Defendant National Association of Realtors are hereby STAYED. Signed on 03/25/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Lock, Tania) (Entered: 03/25/2024) |
| 03/25/2024 | 139 | NOTICE of appearance by Jeffrey J. Simon on behalf of Berkshire Hathaway Energy Company (Attorney Jeffrey J. Simon added to party Berkshire Hathaway Energy Company(pty:dft))(Simon, Jeffrey) (Entered: 03/25/2024) |
| 03/25/2024 | 140 | DISCLOSURE OF CORPORATE INTERESTS filed by Jeffrey J. Simon on behalf of Defendant Berkshire Hathaway Energy Company.(Simon, Jeffrey) (Entered: 03/25/2024) |
| 03/25/2024 | 141 | MOTION for extension of time to file answer re 130 Amended Complaint, *Unopposed Motion to Extend BHE's Deadline to Answer, Move to Dismiss, or Otherwise Respond to Plaintiffs' Amended Complaint* filed by Taylor Brooke Concannon Hausmann on behalf of Berkshire Hathaway Energy Company. Suggestions in opposition/response due by 4/8/2024 unless otherwise directed by the |

| | | |
|---|---|---|
| | | court. (Related document(s) 130 ) (Attorney Taylor Brooke Concannon Hausmann added to party Berkshire Hathaway Energy Company(pty:dft))(Concannon Hausmann, Taylor) (Entered: 03/25/2024) |
| 03/25/2024 | 142 | Before the Court is an Unopposed Motion to Extend Berkshire Hathaway Energy Companys Deadline to Answer, Move to Dismiss, or Otherwise Respond to Plaintiffs' Amended Complaint. (Doc. # 141 .) For good cause shown, the motion is GRANTED. Defendant Berkshire Hathaway Energy Company may answer or otherwise respond to Plaintiffs' Amended Complaint on or before May 6, 2024. Signed on 03/25/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Lock, Tania) (Entered: 03/25/2024) |
| 03/26/2024 | 143 | Plaintiffs filed an Amended Complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). (Doc. # 130 .) Consequently, Defendants' Motions to Dismiss and Strike (Doc. # 101 ; Doc. # 103 ; Doc. # 105 ; Doc. # 107 ; Doc. # 109 ; Doc. # 111 ; Doc. # 113 ; Doc. # 115 ; Doc. # 116 ; Doc. # 117 ; Doc. # 120 ; Doc. # 122 ; Doc. # 123 ) are DENIED AS MOOT and WITHOUT PREJUDICE. Signed on 03/26/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Lock, Tania) (Entered: 03/26/2024) |
| 04/19/2024 | 144 | Consent MOTION to consolidate cases *Gibson, No. 23−cv−788 and Umpa, No. 23−cv−0945*, Consent MOTION for leave to file *Consolidated Amended Class Action Complaint* filed by Brandon J.B. Boulware on behalf of All Plaintiffs. Suggestions in opposition/response due by 5/3/2024 unless otherwise directed by the court. (Attachments: # 1 Exhibit Proposed Consolidated Amended Class Action Complaint)(Boulware, Brandon) (Entered: 04/19/2024) |
| 04/23/2024 | 145 | Before the Court is Plaintiffs' Unopposed Motion to Consolidate and for Leave to File Consolidated Amended Class Action Complaint. (Doc. # 144 .) Upon review, the motion is GRANTED. Signed on 4/23/24 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 04/23/2024) |
| 04/23/2024 | 146 | AMENDED COMPLAINT *[Consolidated Class Action Complaint]* against Berkshire Hathaway Energy Company, Compass, Inc., Douglas Elliman, Inc., National Association of Realtors, Redfin Corporation, Weichert Realtors, eXp World Holdings, Inc., HomeServices of America, Inc., BHH Affiliates, LLC, HSF Affiliates, LLC, The Long & Foster Companies, Inc., Keller Williams Realty, Inc., Five D I, LLC, Hanna Holdings, Inc., Douglas Elliman Realty, LLC, At World Properties, LLC, The Real Brokerage, Inc., Real Broker, LLC, Realty ONE Group, Inc., HomeSmart International, LLC, Engel & Volkers, Engel & Volkers Americas, Inc., NextHome, Inc., EXIT Realty Corp. International, EXIT Realty Corp. USA, Windermere Real Estate Services Company, Inc., Lyon Real Estate, William Raveis Real Estate, Inc., John L. Scott Real Estate Affiliates, Inc., The Keyes Company, Illustrated Properties, LLC, Parks Pilkerton Village Real Estate, Crye−Leike Real Estate Services, Baird & Warner Real Estate, Inc., Real Estate One Family of Companies, LoKation Real Estate LLC, eXp Realty, LLC filed by Brandon J.B. Boulware on behalf of All Plaintiffs.(Boulware, Brandon) (Entered: 04/23/2024) |
| 04/23/2024 | 147 | NOTICE of settlement *Notice of Pending Settlement and Joint Motion to Stay as to Defendant Realty One Group, Inc.* by Realty ONE Group, Inc. (Caseria, Leo) (Entered: 04/23/2024) |
| 04/24/2024 | 148 | Before the Court is a Notice of Pending Settlement and Joint Motion to Stay Case as to Realty One Group, Inc. (Doc. # 147 .) Accordingly, the deadlines and proceedings |

| | | |
|---|---|---|
| | | in this case as they pertain to Defendant Realty One Group, Inc. are hereby STAYED. Signed on 4/24/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 04/24/2024) |
| 04/24/2024 | 149 | NOTICE of settlement *Notice of Pending Settlement and Joint Motion to Stay Case as to Defendant At World Properties, LLC* by All Plaintiffs (Braun, Robert) (Entered: 04/24/2024) |
| 04/24/2024 | 150 | Before the Court is a Notice of Pending Settlement and Joint Motion to Stay Case as to At World Properties, LLC. (Doc. # 149 .) Accordingly, the deadlines and proceedings in this case as they pertain to Defendant At World Properties, LLC are hereby STAYED. Signed on 4/24/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 04/24/2024) |
| 04/25/2024 | | SUMMONS ISSUED as to Baird & Warner Real Estate, Inc., Crye−Leike Real Estate Services, EXIT Realty Corp. International, EXIT Realty Corp. USA, Engel & Volkers, Illustrated Properties, LLC, John L. Scott Real Estate Affiliates, Inc., LoKation Real Estate LLC, Lyon Real Estate, NextHome, Inc., Parks Pilkerton Village Real Estate, Real Estate One Family of Companies, The Keyes Company, William Raveis Real Estate, Inc., Windermere Real Estate Services Company, Inc.. (Woods, Gloria) (Entered: 04/25/2024) |
| 04/26/2024 | 151 | NOTICE of settlement *Notice of Pending Settlement and Joint Motion to Stay Case as to the HomeServices Defendant* by All Plaintiffs (Braun, Robert) (Entered: 04/26/2024) |
| 04/26/2024 | 152 | Motion to allow Anna R. Gressel to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8981587) filed by Taylor Brooke Concannon Hausmann on behalf of Berkshire Hathaway Energy Company. (Concannon Hausmann, Taylor) (Entered: 04/26/2024) |
| 04/26/2024 | 153 | Motion to allow Andrew G. Gordon to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8981604) filed by Taylor Brooke Concannon Hausmann on behalf of Berkshire Hathaway Energy Company. (Concannon Hausmann, Taylor) (Entered: 04/26/2024) |
| 04/26/2024 | 154 | Motion to allow Katherine B. Forrest to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−8981615) filed by Taylor Brooke Concannon Hausmann on behalf of Berkshire Hathaway Energy Company. (Concannon Hausmann, Taylor) (Entered: 04/26/2024) |
| 04/26/2024 | 155 | ORDER granting 152 , 153 , and 154 motion to appear pro hac vice entered by Clerk of Court. Attorney Anna R. Gressel, Andrew Gordon, and Katherine B. Forrest for Berkshire Hathaway Energy Company allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 04/26/2024) |
| 04/26/2024 | 156 | |

| | | |
|---|---|---|
| | | MOTION to appoint counsel *Plaintiffs' Motion for Appointment of Interim Co−Lead Class Counsel* filed by Beatrice Franklin on behalf of Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. Suggestions in opposition/response due by 5/10/2024 unless otherwise directed by the court. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Attorney Beatrice Franklin added to party Lauren Criss(pty:pla), Attorney Beatrice Franklin added to party Don Gibson(pty:pla), Attorney Beatrice Franklin added to party John Meiners(pty:pla), Attorney Beatrice Franklin added to party Daniel Umpa(pty:pla))(Franklin, Beatrice) (Entered: 04/26/2024) |
| 04/29/2024 | 157 | NOTICE of settlement */Notice of Pending Settlement and Joint Motion to Stay Case as to Douglas Elliman Inc. and Douglas Elliman Realty, LLC* by Douglas Elliman Realty, LLC, Douglas Elliman, Inc. (Kasowitz, Marc) (Entered: 04/29/2024) |
| 04/29/2024 | 158 | Before the Court is a Notice of Pending Settlement and Joint Motion to Stay Case as to the HomeServices Defendants. (Doc. # 151 .) Accordingly, the deadlines and proceedings in this case as they pertain to the HomeServices Defendants are hereby STAYED. Signed on 4/29/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 04/29/2024) |
| 04/29/2024 | 159 | Before the Court is a Notice of Pending Settlement and Joint Motion to Stay Case as to Defendants Douglas Elliman Inc. and Douglas Elliman Realty, LLC. (Doc. # 157 .) Accordingly, the deadlines and proceedings in this case as they pertain to the Defendants Douglas Elliman Inc. and Douglas Elliman Realty, LLC are hereby STAYED. Signed on 4/29/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 04/29/2024) |
| 04/29/2024 | 160 | MOTION for leave to file excess pages filed by Steve W. Berman on behalf of Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. Suggestions in opposition/response due by 5/13/2024 unless otherwise directed by the court. (Attorney Steve W. Berman added to party Lauren Criss(pty:pla), Attorney Steve W. Berman added to party Don Gibson(pty:pla), Attorney Steve W. Berman added to party John Meiners(pty:pla), Attorney Steve W. Berman added to party Daniel Umpa(pty:pla))(Berman, Steve) (Entered: 04/29/2024) |
| 04/29/2024 | 161 | MOTION for order Plaintiffs Motion and Suggestions in Support of Motion for Preliminary Approval of Settlements With Compass, Real Brokerage, Realty ONE, @properties, and Douglas Elliman; Certification of Settlement Classes; and Appointment of Class Representatives and Settlement Class Counsel filed by Steve W. Berman on behalf of Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. Suggestions in opposition/response due by 5/13/2024 unless otherwise directed by the court. (Attachments: # 1 Declaration of Steve W. Berman, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Declaration of Eric L. Dirks, # 8 Declaration of Jennifer M. Keough)(Berman, Steve) (Entered: 04/29/2024) |
| 04/30/2024 | 162 | Before the Court is Plaintiffs' Motion for Leave to File Excess Pages. (Doc. # 160 .) Upon review, the motion is GRANTED. Accordingly, it is hereby ORDERED that Plaintiffs may file their suggestions in support of their motion for preliminary approval of settlements not exceeding thirty−five (35) pages. Signed on 4/30/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 04/30/2024) |
| 04/30/2024 | 163 | Before the Court is 161 Plaintiffs' Motion for Preliminary Approval of Settlements with the following five Defendant families: Compass, Inc., The Real Brokerage, Inc. |

| | | |
|---|---|---|
| | | and Real Broker, LLC, Realty ONE Group, Inc., At World Properties LLC, and Douglas Elliman Inc. and Douglas Elliman Realty, LLC. Upon review, the Motion is GRANTED. Signed on 4/30/2024 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 04/30/2024) |
| 05/01/2024 | 164 | MOTION for order Court to set deadlines re 146 Amended Complaint,,,, *Certain Defendants' Unopposed Motion To Set Initial Dates* filed by Tyson H. Ketchum on behalf of Berkshire Hathaway Energy Company, Five D I, LLC, Hanna Holdings, Inc., HomeSmart International, LLC, Redfin Corporation, Weichert Realtors, eXp Realty, LLC, eXp World Holdings, Inc.. Suggestions in opposition/response due by 5/15/2024 unless otherwise directed by the court. (Related document(s) 146 ) (Attorney Tyson H. Ketchum added to party Berkshire Hathaway Energy Company(pty:dft), Attorney Tyson H. Ketchum added to party Five D I, LLC(pty:dft), Attorney Tyson H. Ketchum added to party Hanna Holdings, Inc.(pty:dft), Attorney Tyson H. Ketchum added to party HomeSmart International, LLC(pty:dft), Attorney Tyson H. Ketchum added to party Redfin Corporation(pty:dft), Attorney Tyson H. Ketchum added to party Weichert Realtors(pty:dft))(Ketchum, Tyson) (Entered: 05/01/2024) |
| 05/06/2024 | 165 | Before the Court is Certain Defendants' Unopposed Motion to Set Initial Dates. (Doc. # 164 .) For good cause shown, the motion is GRANTED. Signed on 5/6/2024 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 05/06/2024) |
| 05/06/2024 | 166 | NOTICE of settlement *(Notice of Pending Settlement and Joint Motion to Stay Case as to Defendant Redfin Corporation)* by Redfin Corporation (St. Matthew−Daniel, Eyitayo) (Entered: 05/06/2024) |
| 05/07/2024 | 167 | Before the Court is a Notice of Pending Settlement and Joint Motion to Stay Case as to Defendant Redfin Corporation. (Doc. # 166 .) Accordingly, the deadlines and proceedings in this case as they pertain to the Defendant Redfin Corporation are hereby STAYED. Signed on 5/6/2027 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 05/07/2024) |
| 05/10/2024 | 168 | Motion to allow Yotam Barkai to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9006361) filed by Taylor Brooke Concannon Hausmann on behalf of Berkshire Hathaway Energy Company. (Concannon Hausmann, Taylor) (Entered: 05/10/2024) |
| 05/10/2024 | 169 | RETURN OF SERVICE of complaint executed by All Plaintiffs. Engel & Volkers Americas, Inc. served on 4/29/2024, answer due 5/20/2024. (Braun, Robert) (Entered: 05/10/2024) |
| 05/10/2024 | 170 | RETURN OF SERVICE of complaint executed by All Plaintiffs. EXIT Realty Corp. International served on 5/2/2024, answer due 5/23/2024. (Braun, Robert) (Entered: 05/10/2024) |
| 05/10/2024 | 171 | RETURN OF SERVICE of complaint executed by All Plaintiffs. EXIT Realty Corp. USA served on 4/29/2024, answer due 5/20/2024. (Braun, Robert) (Entered: 05/10/2024) |
| 05/10/2024 | 172 | RETURN OF SERVICE of complaint executed by All Plaintiffs. Lyon Real Estate served on 4/29/2024, answer due 5/20/2024. (Braun, Robert) (Entered: 05/10/2024) |
| 05/10/2024 | 173 | |

| | | |
|---|---|---|
| | | RETURN OF SERVICE of complaint executed by All Plaintiffs. William Raveis Real Estate, Inc. served on 4/30/2024, answer due 5/21/2024. (Braun, Robert) (Entered: 05/10/2024) |
| 05/10/2024 | 174 | RETURN OF SERVICE of complaint executed by All Plaintiffs. John L. Scott Real Estate Affiliates, Inc. served on 4/30/2024, answer due 5/21/2024. (Braun, Robert) (Entered: 05/10/2024) |
| 05/10/2024 | 175 | RETURN OF SERVICE of complaint executed by All Plaintiffs. The Keyes Company served on 4/30/2024, answer due 5/21/2024. (Braun, Robert) (Entered: 05/10/2024) |
| 05/10/2024 | 176 | RETURN OF SERVICE of complaint executed by All Plaintiffs. Illustrated Properties, LLC served on 4/30/2024, answer due 5/21/2024. (Braun, Robert) (Entered: 05/10/2024) |
| 05/10/2024 | 177 | RETURN OF SERVICE of complaint executed by All Plaintiffs. Baird & Warner Real Estate, Inc. served on 5/1/2024, answer due 5/22/2024. (Braun, Robert) (Entered: 05/10/2024) |
| 05/10/2024 | 178 | RETURN OF SERVICE of complaint executed by All Plaintiffs. Real Estate One Family of Companies served on 4/29/2024, answer due 5/20/2024. (Braun, Robert) (Entered: 05/10/2024) |
| 05/13/2024 | 179 | ORDER granting 168 motion to appear pro hac vice entered by Clerk of Court. Attorney Yotam Barkai for Berkshire Hathaway Energy Company allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Lock, Tania) (Entered: 05/13/2024) |
| 05/14/2024 | 180 | Before the Court is Plaintiffs' Motion for Appointment of Interim Co−Lead Class Counsel (Doc. # 156 .) After reviewing the relevant factors pursuant to Federal Rule of Civil Procedure 23(g) and without opposition from Defendants, the motion is GRANTED. Signed on 5/14/2024 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 05/14/2024) |
| 05/14/2024 | 181 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Cameron N. Regnery on behalf of Defendant HomeSmart International, LLC.(Regnery, Cameron) (Entered: 05/14/2024) |
| 05/14/2024 | 182 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Emilee Hargis on behalf of Defendants Five D I, LLC, United Real Estate.(Attorney Emilee Hargis added to party Five D I, LLC(pty:dft))(Hargis, Emilee) (Entered: 05/14/2024) |
| 05/14/2024 | 183 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Taylor Brooke Concannon Hausmann on behalf of Defendant Berkshire Hathaway Energy Company.(Concannon Hausmann, Taylor) (Entered: 05/14/2024) |
| 05/14/2024 | 184 | |

| | | |
|---|---|---|
| | | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by David Gringer on behalf of Defendant Hanna Holdings, Inc..(Gringer, David) (Entered: 05/14/2024) |
| 05/14/2024 | 185 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Dylan Ballard on behalf of Defendant Weichert Realtors.(Ballard, Dylan) (Entered: 05/14/2024) |
| 05/14/2024 | 186 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Julie Johnston−Ahlen on behalf of Defendants eXp Realty, LLC, eXp World Holdings, Inc..(Johnston−Ahlen, Julie) (Entered: 05/14/2024) |
| 05/14/2024 | 187 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Eric L. Dirks on behalf of Plaintiffs Lauren Criss, Don Gibson, John Meiners, Daniel Umpa.(Attorney Eric L. Dirks added to party Daniel Umpa(pty:pla))(Dirks, Eric) (Entered: 05/14/2024) |
| 05/17/2024 | 188 | NOTICE of appearance by Lauren E. Tucker McCubbin on behalf of Engel & Volkers Americas, Inc. (Attorney Lauren E. Tucker McCubbin added to party Engel & Volkers Americas, Inc.(pty:dft))(McCubbin, Lauren) (Entered: 05/17/2024) |
| 05/17/2024 | 189 | DISCLOSURE OF CORPORATE INTERESTS filed by Lauren E. Tucker McCubbin on behalf of Defendant Engel & Volkers Americas, Inc..(McCubbin, Lauren) (Entered: 05/17/2024) |
| 05/20/2024 | 190 | RETURN OF SERVICE of complaint executed by All Plaintiffs. Crye−Leike Real Estate Services served on 4/30/2024, answer due 5/21/2024. (Braun, Robert) (Entered: 05/20/2024) |
| 05/20/2024 | 191 | RETURN OF SERVICE of complaint executed by All Plaintiffs. LoKation Real Estate LLC served on 5/1/2024, answer due 5/22/2024. (Braun, Robert) (Entered: 05/20/2024) |
| 05/20/2024 | 192 | RETURN OF SERVICE of complaint executed by All Plaintiffs. NextHome, Inc. served on 4/30/2024, answer due 5/21/2024. (Braun, Robert) (Entered: 05/20/2024) |
| 05/20/2024 | 193 | RETURN OF SERVICE of complaint executed by All Plaintiffs. Parks Pilkerton Village Real Estate served on 4/30/2024, answer due 5/21/2024. (Braun, Robert) (Entered: 05/20/2024) |
| 05/20/2024 | 194 | RETURN OF SERVICE of complaint executed by All Plaintiffs. Windermere Real Estate Services Company, Inc. served on 4/30/2024, answer due 5/21/2024. (Braun, Robert) (Entered: 05/20/2024) |
| 05/21/2024 | 195 | Motion to withdraw as attorney *Notice of Withdrawal of Counsel* by Realty ONE Group, Inc. Suggestions in Opposition/Response Deadline 6/4/2024. The following deadlines will apply unless otherwise directed by the court. (Saghir, Anne) Modified on 5/22/2024 to correct filing event and set deadlines. NEF regenerated to all parties. (Kern, Kendra) (Entered: 05/21/2024) |
| 05/21/2024 | 196 | Motion to withdraw as attorney *Amended Notice of Withdrawal of Counsel* by Realty ONE Group, Inc. Suggestions in Opposition/Response Deadline 6/4/2024. The following deadlines will apply unless otherwise directed by the court. (Saghir, Anne) Modified on 5/22/2024 to correct filing event and set deadlines. NEF regenerated to all parties. (Kern, Kendra) (Entered: 05/21/2024) |

| | | |
|---|---|---|
| 05/21/2024 | | Set/Reset Deadlines as to 195 MOTION to withdraw as attorney, 196 MOTION to withdraw as attorney. Suggestions in opposition/response due by 6/4/2024 unless otherwise directed by the court. (Kern, Kendra) (Entered: 05/22/2024) |
| 05/22/2024 | 197 | Before the Court is Attorney Anne L. Saghir's Amended Notice of Withdrawal. (Doc. # 196 .) For good cause shown, Attorney Anne L. Saghir is hereby WITHDRAWN as counsel for Defendant Realty ONE Group, Inc. Realty ONE Group, Inc. shall continue to be represented by its other counsel of record. Signed on 5/21/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 05/22/2024) |
| 05/22/2024 | 198 | NOTICE of appearance by John L. Mullen on behalf of LoKation Real Estate LLC (Attorney John L. Mullen added to party LoKation Real Estate LLC(pty:dft))(Mullen, John) (Entered: 05/22/2024) |
| 05/22/2024 | 199 | MOTION for extension of time to file response/reply filed by John L. Mullen on behalf of LoKation Real Estate LLC. Suggestions in opposition/response due by 6/5/2024 unless otherwise directed by the court. (Mullen, John) (Entered: 05/22/2024) |
| 05/22/2024 | 200 | Consent MOTION for extension of time to file response/reply filed by John L. Mullen on behalf of LoKation Real Estate LLC. Suggestions in opposition/response due by 6/5/2024 unless otherwise directed by the court. (Mullen, John) (Entered: 05/22/2024) |
| 05/23/2024 | 201 | Before the Court is Defendant Lokation Real Estate, LLC's Consent Motion for Extension of Time to Respond to Plaintiffs' Amended Complaint. (Doc. # 200 .) For good cause shown, the motion is GRANTED. Defendant Lokation Real Estate, LLC's response to Plaintiffs' Amended Complaint shall be due on or before July 1, 2024. It is further ORDERED that Defendant Lokation Real Estate, LLC's Motion for Extension of Time to Respond to Plaintiffs' Complaint (Doc. # 199 ) is DENIED AS MOOT. Signed on 5/23/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 05/23/2024) |
| 05/23/2024 | 202 | NOTICE of appearance by Phillip James Richard Zeeck on behalf of Engel & Volkers Americas, Inc. (Zeeck, Phillip) (Entered: 05/23/2024) |
| 05/28/2024 | 203 | NOTICE of settlement *Notice of Pending Settlement and Joint Motion to Stay Case as to Defendant Parks Pilkerton Village Real Estate* by Lauren Criss, Don Gibson, John Meiners, Daniel Umpa (Berman, Steve) (Entered: 05/28/2024) |
| 05/28/2024 | 204 | Before the Court is a Notice of Pending Settlement and Joint Motion to Stay Case as to Defendant Parks Pilkerton Village Real Estate. (Doc. # 203 .) Accordingly, the deadlines and proceedings in this case as they pertain to Defendant Parks Pilkerton Village Real Estate are hereby STAYED. Signed on 5/28/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 05/28/2024) |
| 05/30/2024 | 205 | MOTION to withdraw as attorney filed by Erin D Lawrence on behalf of All Plaintiffs. Suggestions in opposition/response due by 6/13/2024 unless otherwise directed by the court. (Lawrence, Erin) (Entered: 05/30/2024) |
| 05/30/2024 | 206 | Before the Court is a Motion to Withdraw as Counsel for Plaintiffs. (Doc. # 205 .) For good cause shown, Attorney Erin Lawrence is hereby WITHDRAWN as counsel for Plaintiffs. Plaintiffs shall continue to be represented by their other counsel of |

| | | |
|---|---|---|
| | | record. Signed on 5/30/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 05/30/2024) |
| 05/30/2024 | 207 | RETURN OF SERVICE of complaint executed by All Plaintiffs. Berkshire Hathaway Energy Company served on 3/6/2024, answer due 5/6/2024. (Dirks, Eric) (Entered: 05/30/2024) |
| 05/30/2024 | 208 | RETURN OF SERVICE of complaint executed by All Plaintiffs. Compass, Inc. served on 11/3/2023, answer due 11/24/2023. (Dirks, Eric) (Entered: 05/30/2024) |
| 05/30/2024 | 209 | RETURN OF SERVICE of complaint executed by Lauren Criss, Don Gibson, John Meiners. Douglas Elliman, Inc. served on 11/2/2023, answer due 11/23/2023. (Dirks, Eric) (Entered: 05/30/2024) |
| 05/30/2024 | 210 | RETURN OF SERVICE of complaint executed by Lauren Criss, Don Gibson, John Meiners. eXp World Holdings, Inc. served on 11/2/2023, answer due 11/23/2023. (Dirks, Eric) (Entered: 05/30/2024) |
| 05/30/2024 | 211 | RETURN OF SERVICE of complaint executed by Lauren Criss, Don Gibson, John Meiners. National Association of Realtors served on 11/2/2023, answer due 11/23/2023. (Dirks, Eric) (Entered: 05/30/2024) |
| 05/30/2024 | 212 | RETURN OF SERVICE of complaint executed by Lauren Criss, Don Gibson, John Meiners. Redfin Corporation served on 11/20/2023, answer due 12/11/2023. (Dirks, Eric) (Entered: 05/30/2024) |
| 05/30/2024 | 213 | RETURN OF SERVICE of complaint executed by Lauren Criss, Don Gibson, John Meiners. United Real Estate served on 11/2/2023, answer due 11/23/2023. (Dirks, Eric) (Entered: 05/30/2024) |
| 05/30/2024 | 214 | RETURN OF SERVICE of complaint executed by Lauren Criss, Don Gibson, John Meiners. Weichert Realtors served on 11/6/2023, answer due 11/27/2023. (Dirks, Eric) (Entered: 05/30/2024) |
| 05/30/2024 | 215 | Joint PROPOSED SCHEDULING ORDER by Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. (Aiken, Alexander) (Entered: 05/30/2024) |
| 06/01/2024 | 216 | NOTICE of change of address by Brandon J.B. Boulware (Boulware, Brandon) (Entered: 06/01/2024) |
| 06/03/2024 | 217 | NOTICE of appearance by Joseph C Blanton, Jr on behalf of Crye−Leike Real Estate Services (Attorney Joseph C Blanton, Jr added to party Crye−Leike Real Estate Services(pty:dft))(Blanton, Joseph) (Entered: 06/03/2024) |
| 06/03/2024 | 218 | NOTICE of appearance by Diedre A Peters on behalf of Crye−Leike Real Estate Services (Attorney Diedre A Peters added to party Crye−Leike Real Estate Services(pty:dft))(Peters, Diedre) (Entered: 06/03/2024) |
| 06/03/2024 | 219 | NOTICE of appearance by Mark D. Blanton on behalf of Crye−Leike Real Estate Services (Attorney Mark D. Blanton added to party Crye−Leike Real Estate Services(pty:dft))(Blanton, Mark) (Entered: 06/03/2024) |
| 06/03/2024 | 220 | NOTICE of appearance by Thomas W. Collins, III on behalf of Crye−Leike Real Estate Services (Attorney Thomas W. Collins, III added to party Crye−Leike Real Estate Services(pty:dft))(Collins, Thomas) (Entered: 06/03/2024) |
| 06/03/2024 | 221 | |

| | | |
|---|---|---|
| | | Motion to allow Shaun D. Hanschen to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9038877) filed by Diedre A Peters on behalf of Crye−Leike Real Estate Services. (Peters, Diedre) (Main Document 221 replaced on 6/3/2024 to reflect signatures) (Warren, Melissa). (Entered: 06/03/2024) |
| 06/03/2024 | 222 | ORDER granting 221 motion to appear pro hac vice entered by Clerk of Court. Attorney Shaune D. Hanschen for Crye−Leike Real Estate Services allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 06/03/2024) |
| 06/04/2024 | 223 | Motion to allow Kenneth W. Taber to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9040870) filed by Lauren E. Tucker McCubbin on behalf of Engel & Volkers Americas, Inc.. (McCubbin, Lauren) (Entered: 06/04/2024) |
| 06/04/2024 | 224 | ORDER granting 223 motion to appear pro hac vice entered by Clerk of Court. Attorney Kenneth W. Taber for Engel & Volkers Americas, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 06/04/2024) |
| 06/06/2024 | 225 | Motion to allow Carl S. Burkhalter to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9045891) filed by Joseph C Blanton, Jr on behalf of Crye−Leike Real Estate Services. (Blanton, Joseph) (Entered: 06/06/2024) |
| 06/06/2024 | 226 | ORDER granting 225 motion to appear pro hac vice entered by Clerk of Court. Attorney Carl S. Burkhalter for Crye−Leike Real Estate Services allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 06/06/2024) |
| 06/07/2024 | 227 | MOTION for leave to file *Consolidated Amended Class Action Complaint and MOTION for leave to Amend Certain Summonses* filed by Robert A Braun on behalf of All Plaintiffs. Suggestions in opposition/response due by 6/21/2024 unless otherwise directed by the court. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Attorney Robert A Braun added to party Don Gibson(pty:pla), Attorney Robert A Braun added |

| | | |
|---|---|---|
| | | to party John Meiners(pty:pla))(Braun, Robert) (Entered: 06/07/2024) |
| 06/10/2024 | 229 | Before the Court is Plaintiffs' Motion for Leave to File their Consolidated Amended Class Action Complaint and Motion for Leave to Amend Certain Summonses. (Doc. # 227 .) As no party objects and leave should be freely given when justice so requires pursuant to Federal Rule of Civil Procedure 15(a)(2), the motion is GRANTED. Plaintiffs are directed to file their Consolidated Amended Class Action Complaint (Doc. #227−2) on or before June 14, 2024. Further, pursuant to Federal Rule of Civil Procedure 4(a)(2) and given that no party objects, Plaintiffs may amend their summons to correct the misnomers. Signed on 6/10/24 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 06/10/2024) |
| 06/10/2024 | 230 | **WITHDRAWN PER ORDER OF COURT ISSUED 6/11/2024.** Before the Court is Plaintiffs' Motion for Service on Defendant Engel & Vlkers GmbH (E&V) under Federal Rule of Civil Procedure 4(f)(3). (Doc. # 228 .) For the reasons stated in the attached order, the motion is GRANTED. Signed on 6/10/2024 by District Judge Stephen R. Bough. (Peters, Tracey) Modified on 6/12/2024 document removed from formal record per order of the Court. (Kern, Kendra) (Entered: 06/10/2024) |
| 06/11/2024 | 231 | Given that Defendants Engel & Volkers Americas, Inc. and Engel & Volkers GmbH have indicated that they intend to file a response to the Plaintiffs' Motion for Service on Defendant Engel & Volkers GmbH under Federal Rule of Civil Procedure 4(f)(3), the Court hereby withdraws its Order (Doc. # 230 ) on the motion. Signed on 6/10/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 06/11/2024) |
| 06/11/2024 | 232 | AMENDED COMPLAINT *Consolidated Amended Class Action Complaint* against At World Properties, LLC, BHH Affiliates, LLC, Baird & Warner Real Estate, Inc., Berkshire Hathaway Energy Company, Compass, Inc., Crye−Leike Real Estate Services, Douglas Elliman Realty, LLC, Douglas Elliman, Inc., EXIT Realty Corp. International, EXIT Realty Corp. USA, Engel & Volkers, Engel & Volkers Americas, Inc., Five D I, LLC, HSF Affiliates, LLC, Hanna Holdings, Inc., HomeServices of America, Inc., HomeSmart International, LLC, Illustrated Properties, LLC, John L. Scott Real Estate Affiliates, Inc., Keller Williams Realty, Inc., LoKation Real Estate LLC, Lyon Real Estate, National Association of Realtors, NextHome, Inc., Parks Pilkerton Village Real Estate, Real Broker, LLC, Real Estate One Family of Companies, Realty ONE Group, Inc., Redfin Corporation, The Keyes Company, The Long & Foster Companies, Inc., The Real Brokerage, Inc., Weichert Realtors, William Raveis Real Estate, Inc., Windermere Real Estate Services Company, Inc., eXp Realty, LLC, eXp World Holdings, Inc., Weichert Real Estate Affiliates, Inc., John L. Scott, Inc. filed by Robert A Braun on behalf of All Plaintiffs.(Braun, Robert) (Entered: 06/11/2024) |
| 06/11/2024 | | **AMENDED** SUMMONS ISSUED as to Crye−Leike, Inc., Real Estate One, Inc., The K Company Realty, LLC, Weichert Co., William L Lyon & Associates, Inc.. (Woods, Gloria) (Entered: 06/12/2024) |
| 06/12/2024 | 233 | Motion to allow Marcus Angelo Manos to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9054370) filed by Joseph C Blanton, Jr on behalf of Crye−Leike Real Estate Services. (Blanton, Joseph) (Entered: 06/12/2024) |
| 06/12/2024 | | SUMMONS ISSUED as to John L. Scott, Inc., Weichert Real Estate Affiliates, Inc.. (Woods, Gloria) (Entered: 06/12/2024) |

| | | |
|---|---|---|
| 06/12/2024 | 234 | ORDER granting 233 motion to appear pro hac vice entered by Clerk of Court. Attorney Marcus A. Manos for Crye−Leike, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 06/12/2024) |
| 06/12/2024 | 235 | NOTICE of appearance by Thomas Butler Alleman on behalf of Real Estate One, Inc. (Attorney Thomas Butler Alleman added to party Real Estate One, Inc.(pty:dft))(Alleman, Thomas) (Entered: 06/12/2024) |
| 06/12/2024 | 236 | Motion to allow Howard B. Iwrey to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9056219) filed by Thomas Butler Alleman on behalf of Real Estate One, Inc.. (Alleman, Thomas) (Entered: 06/12/2024) |
| 06/12/2024 | 237 | Motion to allow Cody D. Rockey to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9056255) filed by Thomas Butler Alleman on behalf of Real Estate One, Inc.. (Alleman, Thomas) (Entered: 06/12/2024) |
| 06/12/2024 | 238 | DISCLOSURE OF CORPORATE INTERESTS filed by Thomas Butler Alleman on behalf of Defendant Real Estate One, Inc..(Alleman, Thomas) (Entered: 06/12/2024) |
| 06/13/2024 | 239 | Motion to allow Jonathan Vine to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9056788) filed by Christopher M. Harper on behalf of The K Company Realty, LLC. (Harper, Christopher) (Entered: 06/13/2024) |
| 06/13/2024 | 240 | Motion to allow Joshua Molina to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9056800) filed by Christopher M. Harper on behalf of The K Company Realty, LLC. (Harper, Christopher) (Entered: 06/13/2024) |
| 06/13/2024 | 241 | ORDER granting 236 & 237 motion to appear pro hac vice entered by Clerk of Court. Attorney Howard B. Iwrey and Cody D. Rockey for Real Estate One, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 06/13/2024) |
| 06/13/2024 | 242 | ORDER granting 239 & 240 motion to appear pro hac vice entered by Clerk of Court. Attorney Jonathan Vine and Joshua Molina for The K Company Realty, LLC allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of |

| | | |
|---|---|---|
| | | filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 06/13/2024) |
| 06/17/2024 | 243 | NOTICE of appearance by Christopher Kaufman on behalf of William Raveis Real Estate, Inc. (Attorney Christopher Kaufman added to party William Raveis Real Estate, Inc.(pty:dft))(Kaufman, Christopher) (Entered: 06/17/2024) |
| 06/17/2024 | 244 | Motion to allow John M. Doroghazi to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9062249) filed by Christopher Kaufman on behalf of William Raveis Real Estate, Inc.. (Kaufman, Christopher) (Main Document 244 replaced due to clerical error on 6/17/2024 − NEF Regenerated) (Woods, Gloria). (Entered: 06/17/2024) |
| 06/17/2024 | 245 | Motion to allow Benjamin H. Diessel to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9062267) filed by Christopher Kaufman on behalf of William Raveis Real Estate, Inc.. (Kaufman, Christopher) (Entered: 06/17/2024) |
| 06/17/2024 | 246 | DISCLOSURE OF CORPORATE INTERESTS filed by Christopher Kaufman on behalf of Defendant William Raveis Real Estate, Inc..(Kaufman, Christopher) (Entered: 06/17/2024) |
| 06/18/2024 | 247 | ORDER granting 244 & 245 motion to appear pro hac vice entered by Clerk of Court. Attorney John M. Doroghazi and Benjamin H. Diessel for William Raveis Real Estate, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 06/18/2024) |
| 06/19/2024 | 248 | NOTICE of appearance by Lauren E. Tucker McCubbin on behalf of Engel & Vlkers GmbH (Attorney Lauren E. Tucker McCubbin added to party Engel & Vlkers GmbH(pty:dft))(McCubbin, Lauren) (Entered: 06/19/2024) |
| 06/19/2024 | 249 | NOTICE of settlement *Notice of Pending Settlement and Joint Motion to Stay Case as to ENGEL & VOLKERS GMBH AND ENGEL & VOLKERS AMERICAS, INC.* by Lauren Criss, Don Gibson, John Meiners, Daniel Umpa (Braun, Robert) (Entered: 06/19/2024) |
| 06/20/2024 | 250 | Before the Court is a Notice of Pending Settlement and Joint Motion to Stay Case as to Defendants Engel & Volkers GmbH and Engel & Volkers Americas, Inc. (Doc. # 249 .) Accordingly, the deadlines and proceedings in this case as they pertain to Defendants Engel & Volkers GmbH and Engel & Volkers Americas, Inc. are hereby STAYED. Signed on 6/20/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 06/20/2024) |
| 06/20/2024 | 251 | NOTICE of appearance by Kenneth W. Taber on behalf of Engel & Vlkers GmbH (Attorney Kenneth W. Taber added to party Engel & Vlkers GmbH(pty:dft))(Taber, Kenneth) (Entered: 06/20/2024) |
| 06/20/2024 | 252 | RETURN OF SERVICE of complaint executed by All Plaintiffs. John L. Scott, Inc. served on 6/12/2024, answer due 7/3/2024. (Braun, Robert) (Entered: 06/20/2024) |

| | | |
|---|---|---|
| 06/20/2024 | 253 | RETURN OF SERVICE of complaint executed by All Plaintiffs. Weichert Real Estate Affiliates, Inc. served on 6/13/2024, answer due 7/8/2024. (Braun, Robert) (Entered: 06/20/2024) |
| 06/20/2024 | 254 | Before the Court is Plaintiffs' Proposed Scheduling Order. (Doc. # 215 .) Given the parties agreement, the Court hereby ORDERS that: (1) motions to dismiss shall be due on or before July 15, 2024; and (2) requests for production shall be due on or before July 1, 2024. Signed on 6/20/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 06/20/2024) |
| 06/21/2024 | 255 | RETURN OF WAIVER OF SERVICE filed by Lauren Criss, Daniel Umpa, Don Gibson, John Meiners. Waiver sent to Engel & Vlkers GmbH on 6/13/2024, answer due 9/11/2024. (Braun, Robert) (Entered: 06/21/2024) |
| 06/21/2024 | 256 | NOTICE of filing *Notice of Withdrawal of Motion for Service on Defendant Engel & Vlkers GmbH Under Federal Rule of Civil Procedure 4(f)(3)* by Lauren Criss, Don Gibson, John Meiners, Daniel Umpa re 228 MOTION for order Plaintiffs Motion and Suggestions in Support of Motion for Service on Defendant Engel & Volkers GmbH Under Federal Rule of Civil Procedure 4(f)(3) (Braun, Robert) (Entered: 06/21/2024) |
| 06/24/2024 | 257 | Before the Court is Plaintiffs' Notice of Withdrawal of Motion for Service on Defendant Engel & Volkers GmbH Under Federal Rule of Civil Procedure 4(f)(3). (Doc. # 256 .) Plaintiffs voluntarily withdraw their motion. Accordingly, Plaintiffs' motion for service (Doc. # 228 ) is DENIED AS MOOT. Signed on 6/24/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 06/24/2024) |
| 06/24/2024 | 258 | SCHEDULING ORDER: Pretrial Conference set for 10/7/2027 at 9:00 AM and Jury Trial set for 11/8/2027 at 8:30 AM in Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. Signed on 6/24/2024 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 06/24/2024) |
| 06/24/2024 | 259 | RULES OF TRIAL. Signed on 6/24/2024 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 06/24/2024) |
| 06/24/2024 | 260 | Plaintiffs' requests for production shall be due on or before July 1, 2024. Defendants' requests for production shall be due on or before July 25, 2024. Signed on 6/24/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 06/24/2024) |
| 06/24/2024 | 261 | NOTICE of appearance by Arsenio Lenell Mims on behalf of Baird & Warner Real Estate, Inc. (Attorney Arsenio Lenell Mims added to party Baird & Warner Real Estate, Inc.(pty:dft))(Mims, Arsenio) (Entered: 06/24/2024) |
| 06/24/2024 | 262 | Motion to allow Michelle A. Mantine to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9072598) filed by Arsenio Lenell Mims on behalf of Baird & Warner Real Estate, Inc.. (Mims, Arsenio) (Entered: 06/24/2024) |
| 06/24/2024 | 263 | Motion to allow Michael Patrick Yingling to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9072600) filed by Arsenio Lenell Mims on behalf of Baird & Warner Real Estate, Inc.. (Mims, Arsenio) (Entered: 06/24/2024) |
| 06/25/2024 | 264 | ORDER granting 262 & 263 motion to appear pro hac vice entered by Clerk of Court. Attorney Michelle A. Mantine and Michael P. Yingling for Baird & Warner Real Estate, Inc. allowed to appear pro hac vice. This entry will serve as |

| | | |
|---|---|---|
| | | authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 06/25/2024) |
| 06/25/2024 | 265 | MOTION for electronic filing privileges filed by Hao Zhe Wang. Suggestions in opposition/response due by 7/9/2024 unless otherwise directed by the court. (Attachments: # 1 Envelope) (Grube, Cheyenne) (Entered: 06/25/2024) |
| 06/26/2024 | 266 | Before the Court is Hao Zhe Wang's pro se motion to file documents electronically to potentially object to some of the settlements in this case. (Doc. # 265 .) For good cause shown, the motion is GRANTED. Signed on 6/26/2024 by District Judge Stephen R. Bough.<br><br>A copy of this order was mailed to: Hao Zhe Wang, PO Box 7075, New York, NY 10150. (Peters, Tracey) (Entered: 06/26/2024) |
| 06/26/2024 | 267 | NOTICE of appearance by James M Brodzik on behalf of EXIT Realty Corp. International, EXIT Realty Corp. USA (Attorney James M Brodzik added to party EXIT Realty Corp. International(pty:dft), Attorney James M Brodzik added to party EXIT Realty Corp. USA(pty:dft))(Brodzik, James) (Entered: 06/26/2024) |
| 06/26/2024 | 268 | DISCLOSURE OF CORPORATE INTERESTS filed by James M Brodzik on behalf of Defendant EXIT Realty Corp. International.(Brodzik, James) (Entered: 06/26/2024) |
| 06/26/2024 | 269 | DISCLOSURE OF CORPORATE INTERESTS filed by James M Brodzik on behalf of Defendant EXIT Realty Corp. USA.(Brodzik, James) (Entered: 06/26/2024) |
| 06/28/2024 | 270 | Motion to allow Alexandra H. Austin to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9079340) filed by Joseph C Blanton, Jr on behalf of Crye−Leike, Inc.. (Blanton, Joseph) (Entered: 06/28/2024) |
| 06/28/2024 | 271 | ORDER granting 270 motion to appear pro hac vice entered by Clerk of Court. Attorney Alexandra Harrington Austin for Crye−Leike, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 06/28/2024) |
| 06/28/2024 | 272 | MOTION to stay filed by James M Brodzik on behalf of EXIT Realty Corp. International, EXIT Realty Corp. USA. Suggestions in opposition/response due by 7/12/2024 unless otherwise directed by the court. (Attachments: # 1 Exhibit Exhibit A)(Brodzik, James) (Entered: 06/28/2024) |
| 07/02/2024 | 273 | |

| | | |
|---|---|---|
| | | SUGGESTIONS in opposition re 272 MOTION to stay *Plaintiffs' Opposition to Exit Realty's Motion to Stay* filed by Eric L. Dirks on behalf of Plaintiffs Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. Reply suggestions due by 7/16/2024 unless otherwise directed by the court. (Related document(s) 272 ) (Dirks, Eric) (Entered: 07/02/2024) |
| 07/03/2024 | 274 | Before the Court is Defendants Exit Realty Corp. USA and Exit Realty Corp. Internationals (collectively Exit) Motion to Stay. (Doc. # 272 .) Exit argues that the Court should order a stay because they timely agreed to pursue mediation with Plaintiffs and there are upcoming responsive pleading deadlines. Plaintiffs argue that the Court should deny the motion because no settlement has been reached and a stay will only unnecessarily delay the litigation.<br><br>[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. Cottrell v. Duke, 737 F.3d 1238, 1248 (8th Cir. 2013). In considering whether a stay is appropriate, district courts must weigh the competing interests of the parties, including the potential of prejudice or hardship to either party as well as concerns of judicial economy. See Gould v. Farmers Ins. Exch., 326 F.R.D. 530, 531 (E.D. Mo. 2018).<br><br>After considering the parties arguments, the relevant factors, and the circumstances of this case, Exits motion is GRANTED for a period of thirty (30) days. Absent extraordinary circumstances, no further extension of the stay shall be granted.Signed on 7/3/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Sandusky, Karri) (Entered: 07/03/2024) |
| 07/08/2024 | 275 | Motion to allow David M. Schultz to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9089967) filed by James M Brodzik on behalf of EXIT Realty Corp. International, EXIT Realty Corp. USA. (Attachments: # 1 Supplement Attorney Admissions, # 2 Supplement Certificate of Good Standing)(Brodzik, James) (Entered: 07/08/2024) |
| 07/09/2024 | 276 | ORDER granting 275 motion to appear pro hac vice entered by Clerk of Court. Attorney David M. Schultz for EXIT Realty Corp. International and EXIT Realty Corp. USA allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 07/09/2024) |
| 07/09/2024 | 277 | MOTION for leave to file excess pages *for Motions to Dismiss and Motions to Strike* filed by David Gringer on behalf of Hanna Holdings, Inc.. Suggestions in opposition/response due by 7/23/2024 unless otherwise directed by the court. (Gringer, David) (Entered: 07/09/2024) |
| 07/09/2024 | 278 | MOTION to withdraw as attorney *Jay N. Varon* filed by Jennifer M. Keas on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., The Long & Foster Companies, Inc.. Suggestions in opposition/response due by |

| | | |
|---|---|---|
| | | 7/23/2024 unless otherwise directed by the court. (Keas, Jennifer) (Entered: 07/09/2024) |
| 07/09/2024 | 279 | Motion to allow David H. Bamberger to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9092791) filed by Stephen J. Torline on behalf of NextHome, Inc.. (Attorney Stephen J. Torline added to party NextHome, Inc.(pty:dft))(Torline, Stephen) (Entered: 07/09/2024) |
| 07/09/2024 | 280 | Motion to allow Julie G. Cooker to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9092807) filed by Stephen J. Torline on behalf of NextHome, Inc.. (Torline, Stephen) (Entered: 07/09/2024) |
| 07/09/2024 | 281 | Before the Court is Defendants' Unopposed Motion for Leave to Exceed Page Limit for Motions to Dismiss and Motions to Strike. (Doc. # 277 .) For good cause shown, the motion is GRANTED. Defendants joint suggestions in support of their motion to dismiss may not exceed 35 pages, and each moving Defendants motion to dismiss and/or motion to strike may not exceed 20 pages. Signed on 7/9/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 07/09/2024) |
| 07/09/2024 | 282 | Before the Court is a Motion to Withdraw Jay N. Varon as Counsel. (Doc. # 278 .) For good cause shown, Attorney Jay N. Varon is hereby WITHDRAWN as counsel for the HomeServices Defendants. The HomeServices Defendants shall continue to be represented by their other counsel of record. Signed on 7/9/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 07/09/2024) |
| 07/09/2024 | 283 | Motion to allow Michael F. Iasparro to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9093191) filed by James M Brodzik on behalf of EXIT Realty Corp. International, EXIT Realty Corp. USA. (Attachments: # 1 Supplement Attorney Admissions, # 2 Supplement Certificates of Good Standing)(Brodzik, James) (Entered: 07/09/2024) |
| 07/10/2024 | 284 | ORDER granting 279 & 280 motion to appear pro hac vice entered by Clerk of Court. Attorney David H. Bamberger and Julie G. Cooker for NextHome, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 07/10/2024) |
| 07/10/2024 | 285 | ORDER granting 283 motion to appear pro hac vice entered by Clerk of Court. Attorney Michael F. Iasparro for EXIT Realty Corp. International and EXIT Realty Corp. USA allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of |

| | | |
|---|---|---|
| | | filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 07/10/2024) |
| 07/10/2024 | 286 | NOTICE of appearance by Stephen J. Torline on behalf of NextHome, Inc. (Torline, Stephen) (Entered: 07/10/2024) |
| 07/10/2024 | 287 | NOTICE of appearance by Michael T. Crabb on behalf of NextHome, Inc. (Attorney Michael T. Crabb added to party NextHome, Inc.(pty:dft))(Crabb, Michael) (Entered: 07/10/2024) |
| 07/10/2024 | 288 | NOTICE of appearance by Daniel Meany on behalf of NextHome, Inc. (Attorney Daniel Meany added to party NextHome, Inc.(pty:dft))(Meany, Daniel) (Entered: 07/10/2024) |
| 07/10/2024 | 289 | MOTION to withdraw as attorney *[Michael A. Gehret − Notice of Withdrawal As Counsel for Defendants eXp World Holdings, Inc. and eXp Realty, LLC]* filed by Stephen Siegel on behalf of eXp Realty, LLC, eXp World Holdings, Inc.. Suggestions in opposition/response due by 7/24/2024 unless otherwise directed by the court. (Siegel, Stephen) (Entered: 07/10/2024) |
| 07/10/2024 | 290 | Before the Court is a Motion to Withdraw as Counsel for Defendants eXp World Holdings, Inc. and eXp Realty, LLC. (Doc. # 289 .) For good cause shown, Attorney Michael A. Gehret is hereby WITHDRAWN as counsel for Defendants eXp World Holdings, Inc. and eXp Realty, LLC. Defendants eXp World Holdings, Inc. and eXp Realty, LLC shall continue to be represented by their other counsel of record. Signed on 7/10/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 07/10/2024) |
| 07/10/2024 | 291 | DISCLOSURE OF CORPORATE INTERESTS filed by Stephen J. Torline on behalf of Defendant NextHome, Inc..(Torline, Stephen) (Entered: 07/10/2024) |
| 07/12/2024 | 292 | MOTION for order to Approve Form of Notices *Unopposed Motion to Approve Form of Notices* filed by Eric L. Dirks on behalf of All Plaintiffs. Suggestions in opposition/response due by 7/26/2024 unless otherwise directed by the court. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Dirks, Eric) (Entered: 07/12/2024) |
| 07/12/2024 | 293 | Motion to allow Michael L. Sibarium to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9099217) filed by Lauren E. Tucker McCubbin on behalf of Engel & Vlkers GmbH, Engel & Volkers Americas, Inc.. (McCubbin, Lauren) (Entered: 07/12/2024) |
| 07/12/2024 | 294 | MOTION for order Plaintiffs' Motion and Suggestions in Support of Motion for Preliminary Approval of Settlements with Defendants Redfin and Engel & Volkers; Certification of Settlement Classes; and Appointment of Class Representatives and Settlement Class Counsel filed by Eric L. Dirks on behalf of All Plaintiffs. Suggestions in opposition/response due by 7/26/2024 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1 Declaration of Steve Berman, # 2 Exhibit 2 Declaration of Eric Dirks)(Dirks, Eric) (Entered: 07/12/2024) |
| 07/15/2024 | 295 | ORDER granting 293 motion to appear pro hac vice entered by Clerk of Court. Attorney Michael L. Sibarium for Engel & Vlkers GmbH and Engel & Volkers Americas, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. |

| | | |
|---|---|---|
| | | Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 07/15/2024) |
| 07/15/2024 | 296 | Before the Court is an Unopposed Motion to Approve Form of Notices. (Doc. # 292 .) Upon review, the motion is GRANTED. The content of the notices is approved. Signed on 7/15/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 07/15/2024) |
| 07/15/2024 | 297 | Before the Court is Plaintiffs' Motion for Preliminary Approval of Settlements (Doc. # 294 ) with Defendant Redfin Corporation (Redfin) and Defendants Engel & Vlkers GmbH and Engel & Vlkers Americas, Inc., and their affiliate Engel & Vlkers New York Real Estate LLC (together Engel & Vlkers) (together the Settling Defendants, and together with Plaintiffs, the Settling Parties). Upon review, the Motion is GRANTED. Signed on 7/15/2024 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 07/15/2024) |
| 07/15/2024 | 298 | MOTION to dismiss for lack of jurisdiction filed by Christopher M. Harper on behalf of The K Company Realty, LLC. Suggestions in opposition/response due by 7/29/2024 unless otherwise directed by the court. (Harper, Christopher) (Entered: 07/15/2024) |
| 07/15/2024 | 299 | SUGGESTIONS in support re 298 MOTION to dismiss for lack of jurisdiction filed by Christopher M. Harper on behalf of Defendant The K Company Realty, LLC. (Attachments: # 1 Affidavit Declaration of Nathan Klutznick)(Related document(s) 298 ) (Harper, Christopher) (Entered: 07/15/2024) |
| 07/15/2024 | 300 | MOTION to dismiss party *Real Estate One, Inc. for Lack of Personal Jurisdiction, Improper Venue and Failure to State a Claim* filed by Howard B Iwrey on behalf of Real Estate One, Inc.. Suggestions in opposition/response due by 7/29/2024 unless otherwise directed by the court. (Iwrey, Howard) (Entered: 07/15/2024) |
| 07/15/2024 | 301 | SUGGESTIONS in support re 300 MOTION to dismiss party *Real Estate One, Inc. for Lack of Personal Jurisdiction, Improper Venue and Failure to State a Claim* filed by Howard B Iwrey on behalf of Defendant Real Estate One, Inc.. (Attachments: # 1 Exhibit A −− Declaration of Kevin Dunivin)(Related document(s) 300 ) (Iwrey, Howard) (Entered: 07/15/2024) |
| 07/15/2024 | 302 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Stephen J. Torline on behalf of NextHome, Inc.. Suggestions in opposition/response due by 7/29/2024 unless otherwise directed by the court. (Torline, Stephen) (Entered: 07/15/2024) |
| 07/15/2024 | 303 | MOTION for order Plaintiffs' Unopposed Motion for Preliminary Approval of Settlements filed by Eric L. Dirks on behalf of All Plaintiffs. Suggestions in opposition/response due by 7/29/2024 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1)(Dirks, Eric) (Entered: 07/15/2024) |
| 07/15/2024 | 304 | SUGGESTIONS in support re 302 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Stephen J. Torline on behalf of Defendant NextHome, Inc.. (Related document(s) 302 ) (Torline, Stephen) (Entered: 07/15/2024) |

| | | |
|---|---|---|
| 07/15/2024 | 305 | MOTION to dismiss for lack of jurisdiction filed by Benjamin Diessel on behalf of William Raveis Real Estate, Inc.. Suggestions in opposition/response due by 7/29/2024 unless otherwise directed by the court. (Attachments: # 1 Suggestions in Support, # 2 Declaration of Daniel Farr)(Diessel, Benjamin) (Entered: 07/15/2024) |
| 07/15/2024 | 306 | MOTION to strike *Class Action Allegations* filed by Benjamin Diessel on behalf of William Raveis Real Estate, Inc.. Suggestions in opposition/response due by 7/29/2024 unless otherwise directed by the court. (Attachments: # 1 Suggestions in Support, # 2 Declaration of Elizabeth Bennett, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11)(Diessel, Benjamin) (Entered: 07/15/2024) |
| 07/15/2024 | 307 | NOTICE of settlement *and Joint Motion to Stay Case as to Defendant Five D I, LLC (dba United Real Estate)* by Five D I, LLC, United Real Estate (Lawrence, James) (Entered: 07/15/2024) |
| 07/15/2024 | 308 | MOTION to dismiss for lack of jurisdiction *or to transfer* filed by Seth P. Waxman on behalf of Hanna Holdings, Inc.. Suggestions in opposition/response due by 7/29/2024 unless otherwise directed by the court. (Waxman, Seth) (Entered: 07/15/2024) |
| 07/15/2024 | 309 | SUGGESTIONS in support re 308 MOTION to dismiss for lack of jurisdiction *or to transfer* filed by Seth P. Waxman on behalf of Defendant Hanna Holdings, Inc.. (Attachments: # 1 Declaration of Tracy Rossetti Delvaux)(Related document(s) 308 ) (Waxman, Seth) (Entered: 07/15/2024) |
| 07/15/2024 | 310 | DISCLOSURE OF CORPORATE INTERESTS *of Weichert Co.* filed by Dylan Ballard on behalf of Defendant Weichert Co..(Ballard, Dylan) (Entered: 07/15/2024) |
| 07/15/2024 | 311 | MOTION to dismiss for lack of jurisdiction filed by Dylan Ballard on behalf of Weichert Co.. Suggestions in opposition/response due by 7/29/2024 unless otherwise directed by the court. (Ballard, Dylan) (Entered: 07/15/2024) |
| 07/15/2024 | 312 | SUGGESTIONS in support re 311 MOTION to dismiss for lack of jurisdiction filed by Dylan Ballard on behalf of Defendant Weichert Co.. (Attachments: # 1 Affidavit Declaration of Aram Minnetian)(Related document(s) 311 ) (Ballard, Dylan) (Entered: 07/15/2024) |
| 07/15/2024 | 313 | MOTION to dismiss for lack of jurisdiction filed by Dylan Ballard on behalf of Weichert Real Estate Affiliates, Inc.. Suggestions in opposition/response due by 7/29/2024 unless otherwise directed by the court. (Attorney Dylan Ballard added to party Weichert Real Estate Affiliates, Inc.(pty:dft))(Ballard, Dylan) (Entered: 07/15/2024) |
| 07/15/2024 | 314 | SUGGESTIONS in support re 313 MOTION to dismiss for lack of jurisdiction filed by Dylan Ballard on behalf of Defendant Weichert Real Estate Affiliates, Inc.. (Attachments: # 1 Declaration of William A. Scavone, # 2 Exhibit 1)(Related document(s) 313 ) (Ballard, Dylan) (Entered: 07/15/2024) |
| 07/15/2024 | 315 | MOTION to dismiss for lack of jurisdiction *and improper venue* filed by Marcus Angelo Manos on behalf of Crye−Leike, Inc.. Suggestions in opposition/response due by 7/29/2024 unless otherwise directed by the court. (Manos, Marcus) (Entered: 07/15/2024) |
| 07/15/2024 | 316 | |

| | | |
|---|---|---|
| | | MOTION to dismiss for lack of jurisdiction filed by Jonathan Thomas Barton on behalf of John L. Scott Real Estate Affiliates, Inc., John L. Scott, Inc.. Suggestions in opposition/response due by 7/29/2024 unless otherwise directed by the court. (Attorney Jonathan Thomas Barton added to party John L. Scott Real Estate Affiliates, Inc.(pty:dft), Attorney Jonathan Thomas Barton added to party John L. Scott, Inc.(pty:dft))(Barton, Jonathan) (Entered: 07/15/2024) |
| 07/15/2024 | 317 | SUGGESTIONS in support re 315 MOTION to dismiss for lack of jurisdiction *and improper venue* filed by Marcus Angelo Manos on behalf of Defendant Crye−Leike, Inc.. (Attachments: # 1 Exhibit A − Declaration of Sherry Laemmle, # 2 Exhibit B − Declaration of Keith Sullivan, # 3 Exhibit C − Declaration of Robert B. Robinson)(Related document(s) 315 ) (Manos, Marcus) (Entered: 07/15/2024) |
| 07/15/2024 | 318 | SUGGESTIONS in support re 316 MOTION to dismiss for lack of jurisdiction filed by Jonathan Thomas Barton on behalf of Defendants John L. Scott Real Estate Affiliates, Inc., John L. Scott, Inc.. (Attachments: # 1 Affidavit J. Lennox Scott)(Related document(s) 316 ) (Barton, Jonathan) (Entered: 07/15/2024) |
| 07/15/2024 | 319 | MOTION to strike 232 Amended Complaint,,,, *Class Action Allegations as to Class Members who Waived the Right to Participate in a Class Action* filed by Marcus Angelo Manos on behalf of Crye−Leike, Inc.. Suggestions in opposition/response due by 7/29/2024 unless otherwise directed by the court. (Related document(s) 232 ) (Manos, Marcus) (Entered: 07/15/2024) |
| 07/15/2024 | 320 | SUGGESTIONS in support re 319 MOTION to strike 232 Amended Complaint,,,, *Class Action Allegations as to Class Members who Waived the Right to Participate in a Class Action* filed by Marcus Angelo Manos on behalf of Defendant Crye−Leike, Inc.. (Attachments: # 1 Exhibit A − Declaration of Julie Moss)(Related document(s) 319 ) (Manos, Marcus) (Entered: 07/15/2024) |
| 07/15/2024 | 321 | Motion to allow Joby Celoza to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9102675) filed by Jonathan Thomas Barton on behalf of John L. Scott Real Estate Affiliates, Inc., John L. Scott, Inc.. (Barton, Jonathan) (Entered: 07/15/2024) |
| 07/15/2024 | 322 | Motion to allow Yoni Rosenzweig to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9102680) filed by Jonathan Thomas Barton on behalf of John L. Scott Real Estate Affiliates, Inc., John L. Scott, Inc.. (Barton, Jonathan) (Entered: 07/15/2024) |
| 07/15/2024 | 323 | MOTION to strike 232 Amended Complaint,,,, *[RULE 12(f) MOTION TO STRIKE CLASS ALLEGATIONS AS TO ARBITRATING CLASS MEMBERS]* filed by Stephen Siegel on behalf of eXp Realty, LLC, eXp World Holdings, Inc.. Suggestions in opposition/response due by 7/29/2024 unless otherwise directed by the court. (Related document(s) 232 ) (Siegel, Stephen) (Entered: 07/15/2024) |
| 07/15/2024 | 324 | SUGGESTIONS in support re 323 MOTION to strike 232 Amended Complaint,,,, *[RULE 12(f) MOTION TO STRIKE CLASS ALLEGATIONS AS TO ARBITRATING CLASS MEMBERS]* filed by Stephen Siegel on behalf of Defendants eXp Realty, LLC, eXp World Holdings, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R)(Related document(s) 323 ) (Siegel, Stephen) (Entered: 07/15/2024) |

| | | |
|---|---|---|
| 07/15/2024 | 325 | NOTICE of appearance by Derick C. Albers on behalf of Illustrated Properties, LLC (Attorney Derick C. Albers added to party Illustrated Properties, LLC(pty:dft))(Albers, Derick) (Entered: 07/15/2024) |
| 07/15/2024 | 326 | NOTICE of appearance by Derick C. Albers on behalf of The Keyes Company (Attorney Derick C. Albers added to party The Keyes Company(pty:dft))(Albers, Derick) (Entered: 07/15/2024) |
| 07/15/2024 | 327 | DISCLOSURE OF CORPORATE INTERESTS filed by Derick C. Albers on behalf of Defendant Illustrated Properties, LLC.(Albers, Derick) (Entered: 07/15/2024) |
| 07/15/2024 | 328 | DISCLOSURE OF CORPORATE INTERESTS filed by Derick C. Albers on behalf of Defendant The Keyes Company.(Albers, Derick) (Entered: 07/15/2024) |
| 07/15/2024 | 329 | DISCLOSURE OF CORPORATE INTERESTS filed by Arsenio Lenell Mims on behalf of Defendant Baird & Warner Real Estate, Inc..(Mims, Arsenio) (Entered: 07/15/2024) |
| 07/15/2024 | 330 | MOTION to dismiss for lack of jurisdiction filed by Arsenio Lenell Mims on behalf of Baird & Warner Real Estate, Inc.. Suggestions in opposition/response due by 7/29/2024 unless otherwise directed by the court. (Mims, Arsenio) (Entered: 07/15/2024) |
| 07/15/2024 | 331 | SUGGESTIONS in support re 330 MOTION to dismiss for lack of jurisdiction filed by Arsenio Lenell Mims on behalf of Defendant Baird & Warner Real Estate, Inc.. (Attachments: # 1 Declaration of M. Bozarth)(Related document(s) 330 ) (Mims, Arsenio) (Entered: 07/15/2024) |
| 07/15/2024 | 332 | MOTION to dismiss for lack of jurisdiction filed by Derick C. Albers on behalf of Illustrated Properties, LLC, The Keyes Company. Suggestions in opposition/response due by 7/29/2024 unless otherwise directed by the court. (Albers, Derick) (Entered: 07/15/2024) |
| 07/15/2024 | 333 | MOTION to dismiss for lack of jurisdiction *and Improper Venue* filed by Jeffrey J. Simon on behalf of Berkshire Hathaway Energy Company. Suggestions in opposition/response due by 7/29/2024 unless otherwise directed by the court. (Simon, Jeffrey) (Entered: 07/15/2024) |
| 07/15/2024 | 334 | SUGGESTIONS in support re 332 MOTION to dismiss for lack of jurisdiction filed by Derick C. Albers on behalf of Defendants Illustrated Properties, LLC, The Keyes Company. (Attachments: # 1 Declaration of Michael Pappas, # 2 Declaration of Christina Pappas)(Related document(s) 332 ) (Albers, Derick) (Entered: 07/15/2024) |
| 07/15/2024 | 335 | SUGGESTIONS in support re 333 MOTION to dismiss for lack of jurisdiction *and Improper Venue* filed by Jeffrey J. Simon on behalf of Defendant Berkshire Hathaway Energy Company. (Related document(s) 333 ) (Simon, Jeffrey) (Entered: 07/15/2024) |
| 07/15/2024 | 336 | MOTION to strike 232 Amended Complaint,,,, filed by Derick C. Albers on behalf of Illustrated Properties, LLC, The Keyes Company. Suggestions in opposition/response due by 7/29/2024 unless otherwise directed by the court. (Related document(s) 232 ) (Albers, Derick) (Entered: 07/15/2024) |
| 07/15/2024 | 337 | AFFIDAVIT re 333 MOTION to dismiss for lack of jurisdiction *and Improper Venue* by Berkshire Hathaway Energy Company. (Attachments: # 1 Exhibit A)(Related document(s) 333 ) (Simon, Jeffrey) (Entered: 07/15/2024) |

| | | |
|---|---|---|
| 07/15/2024 | 338 | SUGGESTIONS in support re 336 MOTION to strike 232 Amended Complaint,,,, filed by Derick C. Albers on behalf of Defendants Illustrated Properties, LLC, The Keyes Company. (Attachments: # 1 Declaration of Michael Pappas with Exhibits, # 2 Declaration of Christina Pappas with Exhibits)(Related document(s) 336 ) (Albers, Derick) (Entered: 07/15/2024) |
| 07/15/2024 | 339 | Joint MOTION to dismiss case filed by David Gringer on behalf of Hanna Holdings, Inc.. Suggestions in opposition/response due by 7/29/2024 unless otherwise directed by the court. (Gringer, David) (Entered: 07/15/2024) |
| 07/15/2024 | 340 | SUGGESTIONS in support re 339 Joint MOTION to dismiss case filed by David Gringer on behalf of Defendant Hanna Holdings, Inc.. (Related document(s) 339 ) (Gringer, David) (Entered: 07/15/2024) |
| 07/15/2024 | 341 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *[eXp World Holdings, Inc. and eXp Realty, LLC's Rule 12(b)(6) Motion to Dismiss]* filed by Stephen Siegel on behalf of eXp Realty, LLC, eXp World Holdings, Inc.. Suggestions in opposition/response due by 7/29/2024 unless otherwise directed by the court. (Siegel, Stephen) (Entered: 07/15/2024) |
| 07/15/2024 | 342 | SUGGESTIONS in support re 341 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *[eXp World Holdings, Inc. and eXp Realty, LLC's Rule 12(b)(6) Motion to Dismiss]* filed by Stephen Siegel on behalf of Defendants eXp Realty, LLC, eXp World Holdings, Inc.. (Related document(s) 341 ) (Siegel, Stephen) (Entered: 07/15/2024) |
| 07/15/2024 | 343 | MOTION to strike *Class Allegations as to Arbitrating Class Members Under Fed. R. Civ. P. 12(F) and to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12(B)(6)* filed by Jeffrey J. Simon on behalf of Berkshire Hathaway Energy Company. Suggestions in opposition/response due by 7/29/2024 unless otherwise directed by the court. (Simon, Jeffrey) (Entered: 07/15/2024) |
| 07/15/2024 | 344 | SUGGESTIONS in support re 343 MOTION to strike *Class Allegations as to Arbitrating Class Members Under Fed. R. Civ. P. 12(F) and to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12(B)(6)* filed by Jeffrey J. Simon on behalf of Defendant Berkshire Hathaway Energy Company. (Related document(s) 343 ) (Simon, Jeffrey) (Entered: 07/15/2024) |
| 07/15/2024 | 345 | AFFIDAVIT re 344 Suggestions in Support of Motion, by Berkshire Hathaway Energy Company. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42)(Related document(s) 344 ) (Simon, Jeffrey) (Entered: 07/15/2024) |
| 07/15/2024 | 346 | AFFIDAVIT re 344 Suggestions in Support of Motion, by Berkshire Hathaway Energy Company. (Related document(s) 344 ) (Simon, Jeffrey) (Entered: 07/15/2024) |
| 07/16/2024 | 347 | |

| | | |
|---|---|---|
| | | ORDER granting 321 & 322 motion to appear pro hac vice entered by Clerk of Court. Attorney Joby Celoza and Yoni Rosenzweig for John L. Scott Real Estate Affiliates, Inc. and John L. Scott, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 07/16/2024) |
| 07/16/2024 | 348 | Before the Court is Plaintiffs' Motion for Preliminary Approval of Settlements (Doc. # 303 ) with Defendants: (1) Five D I, LLC (d/b/a United Real Estate), Premiere Plus Realty, Co., Charles Rutenberg Realty − Orlando, LLC (collectively United Real Estate); and (2) Defendant HomeSmart Holdings, Inc. (together the Settling Defendants, and together with Plaintiffs, the Settling Parties). Upon review, the Motion is GRANTED. Signed on 7/15/2024 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 07/16/2024) |
| 07/16/2024 | 349 | NOTICE of settlement *and Joint Motion to Stay* by HomeSmart International, LLC (Anderson, Scott) (Entered: 07/16/2024) |
| 07/16/2024 | 350 | Before the Court is a Notice of Settlement and Joint Motion to Stay Case as to Defendant Five D I, LLC d/b/a United Real Estate. (Doc. # 307 .) Accordingly, the deadlines and proceedings in this case as they pertain to United Real Estate are hereby STAYED. Signed on 7/16/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 07/16/2024) |
| 07/16/2024 | 351 | Before the Court is a Notice of Settlement and Motion to Stay Case as to HomeSmart Holdings, Inc. and HomeSmart International, LLC. (Doc. # 349 .) Accordingly, the deadlines and proceedings in this case as they pertain to HomeSmart Holdings, Inc. and HomeSmart International, LLC are hereby STAYED. Signed on 7/16/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 07/16/2024) |
| 07/16/2024 | 352 | NOTICE of appearance by Edward C Duckers on behalf of Windermere Real Estate Services Company, Inc. (Attorney Edward C Duckers added to party Windermere Real Estate Services Company, Inc.(pty:dft))(Duckers, Edward) (Entered: 07/16/2024) |
| 07/16/2024 | 353 | MOTION to dismiss for lack of jurisdiction *and Improper Venue* filed by Edward C Duckers on behalf of Windermere Real Estate Services Company, Inc.. Suggestions in opposition/response due by 7/30/2024 unless otherwise directed by the court. (Duckers, Edward) (Entered: 07/16/2024) |
| 07/16/2024 | 354 | SUGGESTIONS in support re 353 MOTION to dismiss for lack of jurisdiction *and Improper Venue* filed by Edward C Duckers on behalf of Defendant Windermere Real Estate Services Company, Inc.. (Related document(s) 353 ) (Duckers, Edward) (Entered: 07/16/2024) |
| 07/16/2024 | 355 | NOTICE of appearance by Edward C Duckers on behalf of William L Lyon & Associates, Inc. (Attorney Edward C Duckers added to party William L Lyon & Associates, Inc.(pty:dft))(Duckers, Edward) (Entered: 07/16/2024) |

| | | |
|---|---|---|
| 07/16/2024 | 356 | MOTION to dismiss for lack of jurisdiction *and Improper Venue* filed by Edward C Duckers on behalf of William L Lyon & Associates, Inc.. Suggestions in opposition/response due by 7/30/2024 unless otherwise directed by the court. (Duckers, Edward) (Entered: 07/16/2024) |
| 07/16/2024 | 357 | SUGGESTIONS in support re 356 MOTION to dismiss for lack of jurisdiction *and Improper Venue* filed by Edward C Duckers on behalf of Defendant William L Lyon & Associates, Inc.. (Related document(s) 356 ) (Duckers, Edward) (Entered: 07/16/2024) |
| 07/17/2024 | 358 | NOTICE OF HEARING − This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Final Settlement Conference set for 10/31/2024 at 10:30 AM in Courtroom 7B, Kansas City (SRB) to be held for:<br><br>Compass, Inc.<br>The Real Brokerage, Inc. and Real Broker, LLC<br>Realty ONE Group, Inc.<br>At World Properties LLC<br>Douglas Elliman Inc. and Douglas Elliman Realty<br>Redfin Corporation<br>Engel Volkers GmbH; Engel Volkers Americas, Inc.; and Engel Volkers New York Real Estate LLC<br>Five D I, LLC (d/b/a United Real Estate); Premier Plus Realty, Co.; and Charles Rutenberg Realty Orlando LLC<br>HomeSmart Holdings, Inc.<br><br>before District Judge Stephen R. Bough. (Peters, Tracey) Modified on 7/18/2024 (Peters, Tracey). (Entered: 07/17/2024) |
| 07/17/2024 | 359 | MOTION for release of funds *Unopposed Motion for Approval to Withdraw Settlement Funds to Pay Costs of Notice* filed by Eric L. Dirks on behalf of Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. Suggestions in opposition/response due by 7/31/2024 unless otherwise directed by the court. (Dirks, Eric) (Entered: 07/17/2024) |
| 07/17/2024 | 360 | Before the Court is an Unopposed Motion for Approval to Withdraw Settlement Funds to Pay Costs of Notice. (Doc. # 359 .) For good cause shown, the motion is GRANTED. Plaintiffs may withdraw funds from the settlement escrow accounts, up to the amounts allowed by the Settlement Agreements, to pay the expected and necessary costs of providing Notice to the Settlement Classes and administration of the Settlements, on an ongoing basis as the costs are incurred. Signed on 7/17/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 07/17/2024) |
| 07/19/2024 | 361 | Motion to allow Timothy J. McGinn to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9109547) filed by Derick C. Albers on behalf of Illustrated Properties, LLC, The Keyes Company. (Albers, Derick) (Entered: 07/19/2024) |
| 07/19/2024 | 362 | Motion to allow Becky N. Saka to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9109565) filed by Derick C. Albers on behalf of Illustrated Properties, LLC, The Keyes Company. (Albers, Derick) (Entered: 07/19/2024) |
| 07/19/2024 | 363 | Motion to allow Alyssa Chamberlin to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9109572) filed by Derick C. Albers on behalf of Illustrated |

| | | |
|---|---|---|
| | | Properties, LLC, The Keyes Company. (Albers, Derick) (Entered: 07/19/2024) |
| 07/19/2024 | 364 | ORDER granting 361 , 362 & 363 motion to appear pro hac vice entered by Clerk of Court. Attorney Timothy J. McGinn, Becky N. Saka and Alyssa Chamberlin for Illustrated Properties, LLC and The Keyes Company allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 07/19/2024) |
| 07/22/2024 | 365 | Consent MOTION for extension of time to file response/reply as to 313 MOTION to dismiss for lack of jurisdiction , 353 MOTION to dismiss for lack of jurisdiction *and Improper Venue*, 332 MOTION to dismiss for lack of jurisdiction , 343 MOTION to strike *Class Allegations as to Arbitrating Class Members Under Fed. R. Civ. P. 12(F) and to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12(B)(6)*, 300 MOTION to dismiss party *Real Estate One, Inc. for Lack of Personal Jurisdiction, Improper Venue and Failure to State a Claim*, 316 MOTION to dismiss for lack of jurisdiction , 308 MOTION to dismiss for lack of jurisdiction *or to transfer*, 315 MOTION to dismiss for lack of jurisdiction *and improper venue*, 330 MOTION to dismiss for lack of jurisdiction , 305 MOTION to dismiss for lack of jurisdiction , 356 MOTION to dismiss for lack of jurisdiction *and Improper Venue*, 306 MOTION to strike *Class Action Allegations*, 311 MOTION to dismiss for lack of jurisdiction , 302 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , 323 MOTION to strike 232 Amended Complaint,,,, *[RULE 12(f) MOTION TO STRIKE CLASS ALLEGATIONS AS TO ARBITRATING CLASS MEMBERS]*, 319 MOTION to strike 232 Amended Complaint,,,, *Class Action Allegations as to Class Members who Waived the Right to Participate in a Class Action*, 341 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *[eXp World Holdings, Inc. and eXp Realty, LLC's Rule 12(b)(6) Motion to Dismiss]*, 298 MOTION to dismiss for lack of jurisdiction , 339 Joint MOTION to dismiss case , 336 MOTION to strike 232 Amended Complaint,,,, , 333 MOTION to dismiss for lack of jurisdiction *and Improper Venue* filed by Jeremy M. Suhr on behalf of All Plaintiffs. Suggestions in opposition/response due by 8/5/2024 unless otherwise directed by the court. (Related document(s) 313 , 353 , 332 , 343 , 300 , 316 , 308 , 315 , 330 , 305 , 356 , 306 , 311 , 302 , 323 , 319 , 341 , 298 , 339 , 336 , 333 ) (Attorney Jeremy M. Suhr added to party Daniel Umpa(pty:pla))(Suhr, Jeremy) (Entered: 07/22/2024) |
| 07/22/2024 | 366 | Before the Court is Plaintiffs' Unopposed Motion for Extension of Time. (Doc. # 365 .) For good cause shown, the motion is GRANTED. Plaintiffs' suggestions in opposition to Defendants' motions to dismiss and motions to strike (Doc. #298; Doc. #300; Doc. #302; Doc. #305; Doc. #306; Doc. #308; Doc. #311; Doc. #313; Doc. #315; Doc. #316; Doc. #319; Doc. #323; Doc. #330; Doc. #332; Doc. #333; Doc. #336; Doc. #339; Doc. #341; Doc. #343; Doc. #353; Doc. #356) shall be due on or before September 13, 2024. Defendants' reply suggestions shall be due on or before October 11, 2024. Signed on 7/22/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 07/22/2024) |
| 07/25/2024 | 367 | |

| | | |
|---|---|---|
| | | Joint MOTION for order For Protective Order and ESI Order filed by Alexander Aiken on behalf of All Plaintiffs. Suggestions in opposition/response due by 8/8/2024 unless otherwise directed by the court. (Attorney Alexander Aiken added to party Don Gibson(pty:pla), Attorney Alexander Aiken added to party John Meiners(pty:pla))(Aiken, Alexander) (Entered: 07/25/2024) |
| 07/26/2024 | 368 | ORDER granting 367 Joint Motion for order For Protective Order. Signed on 7/25/2024 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 07/26/2024) |
| 07/26/2024 | 369 | ORDER granting 367 Joint MOTION for ESI Order. Signed on 7/25/2024 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 07/26/2024) |
| 07/29/2024 | 370 | NOTICE of appearance by Shazzie Naseem on behalf of William L Lyon & Associates, Inc., Windermere Real Estate Services Company, Inc. (Attorney Shazzie Naseem added to party William L Lyon & Associates, Inc.(pty:dft), Attorney Shazzie Naseem added to party Windermere Real Estate Services Company, Inc.(pty:dft))(Naseem, Shazzie) (Entered: 07/29/2024) |
| 07/29/2024 | 371 | Motion to allow Edward C. Duckers to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9124839) filed by Shazzie Naseem on behalf of William L Lyon & Associates, Inc.. (Naseem, Shazzie) (Entered: 07/29/2024) |
| 07/29/2024 | 372 | Motion to allow Edward C. Duckers to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9124853) filed by Shazzie Naseem on behalf of Windermere Real Estate Services Company, Inc.. (Naseem, Shazzie) (Entered: 07/29/2024) |
| 07/30/2024 | 373 | ORDER granting 371 & 372 motion to appear pro hac vice entered by Clerk of Court. Attorney Edward C. Duckers for William L. Lyon & Associates, Inc. and Windermere Real Estate Services Company, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 07/30/2024) |
| 07/30/2024 | 374 | DISCLOSURE OF CORPORATE INTERESTS *of Crye−Leike, Inc.* filed by Marcus Angelo Manos on behalf of Defendant Crye−Leike, Inc..(Manos, Marcus) (Entered: 07/30/2024) |
| 07/31/2024 | 375 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Christopher M. Harper on behalf of Defendant The K Company Realty, LLC.(Harper, Christopher) (Entered: 07/31/2024) |
| 07/31/2024 | 376 | CERTIFICATE OF SERVICE by The K Company Realty, LLC *to Plaintiffs First Set of RFP* filed by Christopher M. Harper on behalf of Defendant The K Company Realty, LLC.(Harper, Christopher) (Entered: 07/31/2024) |
| 07/31/2024 | 377 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Daniel Meany on behalf of Defendant NextHome, Inc..(Meany, Daniel) (Entered: 07/31/2024) |
| 07/31/2024 | 378 | |

| | | |
|---|---|---|
| | | CERTIFICATE OF SERVICE by NextHome, Inc. *Objections and Responses to Plaintiffs' First Set of Requests for Production* filed by Daniel Meany on behalf of Defendant NextHome, Inc..(Meany, Daniel) (Entered: 07/31/2024) |
| 07/31/2024 | 379 | CERTIFICATE OF SERVICE by Hanna Holdings, Inc. *for Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents* filed by David Gringer on behalf of Defendant Hanna Holdings, Inc..(Gringer, David) (Entered: 07/31/2024) |
| 07/31/2024 | 380 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Howard B Iwrey on behalf of Defendant Real Estate One, Inc..(Iwrey, Howard) (Entered: 07/31/2024) |
| 07/31/2024 | 381 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Michelle Ann Mantine on behalf of Defendant Baird & Warner Real Estate, Inc..(Mantine, Michelle) (Entered: 07/31/2024) |
| 07/31/2024 | 382 | CERTIFICATE OF SERVICE by Baird & Warner Real Estate, Inc. *of Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents Directed to All Defendants* filed by Michelle Ann Mantine on behalf of Defendant Baird & Warner Real Estate, Inc..(Mantine, Michelle) (Entered: 07/31/2024) |
| 07/31/2024 | 383 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Timothy J McGinn on behalf of Defendant The Keyes Company.(McGinn, Timothy) (Entered: 07/31/2024) |
| 07/31/2024 | 384 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Timothy J McGinn on behalf of Defendant Illustrated Properties, LLC.(McGinn, Timothy) (Entered: 07/31/2024) |
| 07/31/2024 | 385 | CERTIFICATE OF SERVICE by Berkshire Hathaway Energy Company *for its Objections and Responses to Plaintiffs First Set of Requests for Production of Documents* filed by Taylor Brooke Concannon Hausmann on behalf of Defendant Berkshire Hathaway Energy Company.(Concannon Hausmann, Taylor) (Entered: 07/31/2024) |
| 07/31/2024 | 386 | CERTIFICATE OF SERVICE by eXp Realty, LLC, eXp World Holdings, Inc. *of Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents* filed by Stephen Siegel on behalf of Defendants eXp Realty, LLC, eXp World Holdings, Inc..(Siegel, Stephen) (Entered: 07/31/2024) |
| 08/01/2024 | 387 | CERTIFICATE OF SERVICE by Windermere Real Estate Services Company, Inc. *Objections and Responses to Plaintiffs' First Set of Requests for Production* filed by Edward C Duckers on behalf of Defendant Windermere Real Estate Services Company, Inc..(Duckers, Edward) (Entered: 08/01/2024) |
| 08/01/2024 | 388 | CERTIFICATE OF SERVICE by William L Lyon & Associates, Inc. *Objections and Responses to Plaintiffs' First Set of Requests for Production* filed by Edward C Duckers on behalf of Defendant William L Lyon & Associates, Inc..(Duckers, Edward) (Entered: 08/01/2024) |
| 08/01/2024 | 389 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES *BY CRYE−LEIKE, INC.* filed by Marcus Angelo Manos on behalf of Defendant Crye−Leike, Inc..(Manos, Marcus) (Entered: 08/01/2024) |
| 08/01/2024 | 390 | |

| | | |
|---|---|---|
| | | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Dylan Ballard on behalf of Defendant Weichert Co..(Ballard, Dylan) (Entered: 08/01/2024) |
| 08/01/2024 | 391 | CERTIFICATE OF SERVICE by Weichert Co. *Objections and Responses to Plaintiffs' First Set of Requests for Production* filed by Dylan Ballard on behalf of Defendant Weichert Co..(Ballard, Dylan) (Entered: 08/01/2024) |
| 08/01/2024 | 392 | CERTIFICATE OF SERVICE by Weichert Real Estate Affiliates, Inc. *Objections and Responses to Plaintiffs' First Set of Requests for Production* filed by Dylan Ballard on behalf of Defendant Weichert Real Estate Affiliates, Inc..(Ballard, Dylan) (Entered: 08/01/2024) |
| 08/01/2024 | 393 | CERTIFICATE OF SERVICE by William Raveis Real Estate, Inc. *of its Objections and Responses to Plaintiff's First Set of Request for Production of Documents, its Rule 26(a) Initial Disclosures, and its organizational chart* filed by Benjamin Diessel on behalf of Defendant William Raveis Real Estate, Inc..(Diessel, Benjamin) (Entered: 08/01/2024) |
| 08/01/2024 | 394 | CERTIFICATE OF SERVICE by NextHome, Inc., eXp Realty, LLC, eXp World Holdings, Inc. *of Requesting Defendants' First Set of Requests for Production of Documents to Plaintiffs* filed by Stephen Siegel on behalf of Defendants NextHome, Inc., eXp Realty, LLC, eXp World Holdings, Inc..(Siegel, Stephen) (Entered: 08/01/2024) |
| 08/09/2024 | 395 | CERTIFICATE OF SERVICE by Berkshire Hathaway Energy Company *[Responses and Objections to Plaintiffs First Set of Requests for Production]* filed by Taylor Brooke Concannon Hausmann on behalf of Defendant Berkshire Hathaway Energy Company.(Concannon Hausmann, Taylor) (Entered: 08/09/2024) |
| 08/12/2024 | 396 | CERTIFICATE OF SERVICE by All Plaintiffs filed by Jeremy M. Suhr on behalf of Plaintiffs Lauren Criss, Don Gibson, John Meiners, Daniel Umpa.(Suhr, Jeremy) (Entered: 08/12/2024) |
| 08/15/2024 | 397 | MOTION to stay *Case as to Defendants Exit Realty Corp USA and Exit Realty Corp International* filed by James M Brodzik on behalf of EXIT Realty Corp. International, EXIT Realty Corp. USA. Suggestions in opposition/response due by 8/29/2024 unless otherwise directed by the court. (Brodzik, James) (Entered: 08/15/2024) |
| 08/16/2024 | 398 | Before the Court is Defendant Exit Realty Corp. USA and Exit Realty Corp. International's Unopposed Motion to Stay Case. (Doc. # 397 .) Upon review, the motion is GRANTED. The Court hereby stays the case for a period of nine days. No more extensions.<br><br>Signed on 8/16/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 08/16/2024) |
| 08/20/2024 | 399 | MOTION for attorney fees , *Costs, Expenses and Service Awards and Suggestions in Support Thereof* filed by Eric L. Dirks on behalf of Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. Suggestions in opposition/response due by 9/3/2024 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Dirks, Eric) (Entered: 08/20/2024) |

| | | |
|---|---|---|
| 08/21/2024 | 400 | CERTIFICATE OF SERVICE by All Plaintiffs filed by Jeremy M. Suhr on behalf of Plaintiffs Lauren Criss, Don Gibson, John Meiners, Daniel Umpa.(Suhr, Jeremy) (Entered: 08/21/2024) |
| 08/23/2024 | 401 | CERTIFICATE OF SERVICE by All Plaintiffs filed by Robert A Braun on behalf of Plaintiffs Lauren Criss, Don Gibson, John Meiners, Daniel Umpa.(Braun, Robert) (Entered: 08/23/2024) |
| 08/26/2024 | 402 | MOTION to join *Co−Defendants Motion to Dismiss* filed by James M Brodzik on behalf of EXIT Realty Corp. International, EXIT Realty Corp. USA. Suggestions in opposition/response due by 9/9/2024 unless otherwise directed by the court. (Brodzik, James) (Entered: 08/26/2024) |
| 08/26/2024 | 403 | CERTIFICATE OF SERVICE by EXIT Realty Corp. International, EXIT Realty Corp. USA filed by James M Brodzik on behalf of Defendants EXIT Realty Corp. International, EXIT Realty Corp. USA.(Brodzik, James) (Entered: 08/26/2024) |
| 08/27/2024 | 404 | Before the Court are Defendants Exit Realty Corp. International and Exit Realty Corp. USA's Motion to join Co−Defendants Motion to Dismiss. (Doc. # 402 .) Upon review, the motion is GRANTED as Exit states that "[t]he arguments raised in Corporate Defendant[s'] motion appl[y] equally to the Plaintiffs' claims against Exit." (Doc. #402, p. 1.) Therefore, it is hereby ORDERED that Exit is joined with the Corporate Defendants' Motion to Dismiss Plaintiffs' Consolidated Amended Class Action Complaint (Doc. # 339 ). Signed on 8/26/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 08/27/2024) |
| 08/27/2024 | 405 | CERTIFICATE OF SERVICE by All Plaintiffs *Plaintiffs' Objections and Responses to Requesting Defendants' First Set of Requests for Production of Documents* filed by Robert A Braun on behalf of Plaintiffs Lauren Criss, Don Gibson, John Meiners, Daniel Umpa.(Braun, Robert) (Entered: 08/27/2024) |
| 08/28/2024 | 406 | NOTICE OF HEARING − This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Hearing on: Motion for Attorney Fees, Costs, Expenses and Service Awards (Doc. # 399 ) set for 10/31/2024 at 10:30 AM in Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 08/28/2024) |
| 08/28/2024 | 407 | CERTIFICATE OF SERVICE by Weichert Co. filed by Dylan Ballard on behalf of Defendant Weichert Co..(Ballard, Dylan) (Entered: 08/28/2024) |
| 08/28/2024 | 408 | CERTIFICATE OF SERVICE by Weichert Real Estate Affiliates, Inc. filed by Dylan Ballard on behalf of Defendant Weichert Real Estate Affiliates, Inc..(Ballard, Dylan) (Entered: 08/28/2024) |
| 09/01/2024 | 409 | NOTICE OF HEARING − This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Discovery Teleconference Hearing set for 9/4/2024 at 1:30 PM before District Judge Stephen R. Bough. Call−in information provided to parties via email.<br><br>A memorandum of the discovery dispute, not to exceed 2 pages in length, should be emailed by each party no later than twenty−four prior to the teleconference to Tracey Peters at Tracey_Peters@mow.uscourts.gov.(Peters, Tracey) (Entered: 09/01/2024) |
| 09/03/2024 | 410 | |

| | | |
|---|---|---|
| | | Joint MOTION to stay / *Notice of Pending Settlement and Joint Motion to Stay Case as to The Keyes Company and Illustrated Properties, LLC* filed by Timothy J McGinn on behalf of Illustrated Properties, LLC, The Keyes Company. Suggestions in opposition/response due by 9/17/2024 unless otherwise directed by the court. (McGinn, Timothy) (Entered: 09/03/2024) |
| 09/03/2024 | 411 | Before the Court is Plaintiffs Don Gibson, Laurent Criss, John Meiners, and Daniel Umpa's (collectively Plaintiffs) and Defendants The Keyes Company and Illustrated Properties, LLC's Notice of Pending Settlement and Joint Motion to Stay the Case as to The Keyes Company and Illustrated Properties, LLC. (Doc. # 410 .) For good cause shown, the motion is GRANTED. Accordingly, the deadlines and proceedings in this case as they pertain to The Keyes Company and Illustrated Properties, LLC are hereby STAYED. Parties are ORDERED to file a motion for preliminary approval of the proposed settlement or a joint status report within thirty (30) days from the date of this Order. Signed on 9/3/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Sandusky, Karri)<br><br>Modified on 11/5/2024 to add: Given the settlement, Defendant The Keyes Company and Illustrated Properties, LLC's Motion to Dismiss for Improper Venue, Lack of Personal Jurisdiction, and Failure to State a Claim (Doc. # 332 ) is DENIED AS MOOT.(Peters, Tracey). (Entered: 09/03/2024) |
| 09/03/2024 | 412 | RESPONSE to motion re 399 MOTION for attorney fees , *Costs, Expenses and Service Awards and Suggestions in Support Thereof (NON−OPPOSITION)* filed by Cameron N. Regnery on behalf of Defendant HomeSmart International, LLC. Reply suggestions due by 9/17/2024 unless otherwise directed by the court. (Regnery, Cameron) (Entered: 09/03/2024) |
| 09/04/2024 | 413 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: DISCOVERY HEARING held on 9/4/2024. Order to follow. Counsel appearing for Plaintiff(s): Robert Braun and Eric L. Dirks. Counsel appearing for Defendant(s): Dylan Ballard. Time in court: 1:32 P.M. to 1:38 p.m. To order a transcript of this hearing please contact Gayle Wambolt, 816−512−5641, gayle_wambolt@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 09/04/2024) |
| 09/04/2024 | 414 | On September 4, 2024, the Court presided over a telephonic discovery dispute conference with the parties. For the reasons stated on the record, it is hereby ORDERED that Plaintiffs may conduct focused jurisdictional discovery. Parties may consult the transcript for further details. Signed on 9/4/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 09/04/2024) |
| 09/06/2024 | 415 | MOTION to withdraw as attorney *for Matthew N. Foree* filed by Cameron N. Regnery on behalf of HomeSmart International, LLC. Suggestions in opposition/response due by 9/20/2024 unless otherwise directed by the court. (Regnery, Cameron) (Entered: 09/06/2024) |
| 09/09/2024 | 416 | Before the Court is a Motion to Withdraw Matthew N. Foree as Counsel. (Doc. # 415 .) For good cause shown, Matthew N. Foree is hereby WITHDRAWN as counsel for Defendant HomeSmart International, LLC. Defendant will continue to be represented by its other counsel of record. Signed on 9/9/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 09/09/2024) |

| | | |
|---|---|---|
| 09/09/2024 | 417 | CERTIFICATE OF SERVICE by William Raveis Real Estate, Inc. *of its Objections and Responses to Plaintiff's Second Set of Interrogatories and Plaintiff's Second Set of Requests for Production of Documents* filed by Benjamin Diessel on behalf of Defendant William Raveis Real Estate, Inc..(Diessel, Benjamin) (Entered: 09/09/2024) |
| 09/09/2024 | 418 | CERTIFICATE OF SERVICE by Hanna Holdings, Inc. *re Responses and Objections to Plaintiffs' Second Set of Requests for Production of Documents* filed by David Gringer on behalf of Defendant Hanna Holdings, Inc..(Gringer, David) (Entered: 09/09/2024) |
| 09/09/2024 | 419 | CERTIFICATE OF SERVICE by Hanna Holdings, Inc. *re Responses and Objections to Plaintiffs' Second Set of Interrogatories* filed by David Gringer on behalf of Defendant Hanna Holdings, Inc..(Gringer, David) (Entered: 09/09/2024) |
| 09/09/2024 | 420 | CERTIFICATE OF SERVICE by Real Estate One, Inc. *Real Estate One, Inc.'s Responses and Objections to Plaintiffs Second Set of Interrogatories* filed by Howard B Iwrey on behalf of Defendant Real Estate One, Inc..(Iwrey, Howard) (Entered: 09/09/2024) |
| 09/09/2024 | 421 | CERTIFICATE OF SERVICE by Real Estate One, Inc. *Real Estate One, Inc.'s Responses and Objections to Plaintiffs Second Set of Requests for Production of Documents* filed by Howard B Iwrey on behalf of Defendant Real Estate One, Inc..(Iwrey, Howard) (Entered: 09/09/2024) |
| 09/09/2024 | 422 | CERTIFICATE OF SERVICE by Berkshire Hathaway Energy Company filed by Taylor Brooke Concannon Hausmann on behalf of Defendant Berkshire Hathaway Energy Company.(Concannon Hausmann, Taylor) (Entered: 09/09/2024) |
| 09/10/2024 | 423 | CERTIFICATE OF SERVICE by Baird & Warner Real Estate, Inc. *re: Responses and Objections to Plaintiffs' First Set of Interrogatories Directed at Baird & Warner Real Estate, Inc.* filed by Michelle Ann Mantine on behalf of Defendant Baird & Warner Real Estate, Inc..(Mantine, Michelle) (Entered: 09/10/2024) |
| 09/10/2024 | 424 | CERTIFICATE OF SERVICE by Baird & Warner Real Estate, Inc. *re: Responses and Objections to Plaintiffs' Second Set of Requests for Production of Documents Directed at Baird & Warner Real Estate, Inc.* filed by Michelle Ann Mantine on behalf of Defendant Baird & Warner Real Estate, Inc..(Mantine, Michelle) (Entered: 09/10/2024) |
| 09/10/2024 | 425 | CERTIFICATE OF SERVICE by The K Company Realty, LLC *Objections and Answers to Plaintiff's Discovery* filed by Christopher M. Harper on behalf of Defendant The K Company Realty, LLC.(Harper, Christopher) (Entered: 09/10/2024) |
| 09/10/2024 | 426 | CERTIFICATE OF SERVICE by Weichert Co. filed by Dylan Ballard on behalf of Defendant Weichert Co..(Ballard, Dylan) (Entered: 09/10/2024) |
| 09/10/2024 | 427 | CERTIFICATE OF SERVICE by Weichert Real Estate Affiliates, Inc. filed by Dylan Ballard on behalf of Defendant Weichert Real Estate Affiliates, Inc..(Ballard, Dylan) (Entered: 09/10/2024) |
| 09/10/2024 | 428 | CERTIFICATE OF SERVICE by EXIT Realty Corp. International, EXIT Realty Corp. USA *Rule 26(A)(1) Disclosures* filed by James M Brodzik on behalf of Defendants EXIT Realty Corp. International, EXIT Realty Corp. USA.(Brodzik, James) (Entered: 09/10/2024) |

| | | |
|---|---|---|
| 09/10/2024 | 429 | CERTIFICATE OF SERVICE by EXIT Realty Corp. International, EXIT Realty Corp. USA *Responses and Objections to Plaintiffs' Requests for Production* filed by James M Brodzik on behalf of Defendants EXIT Realty Corp. International, EXIT Realty Corp. USA.(Brodzik, James) (Entered: 09/10/2024) |
| 09/10/2024 | 430 | Consent MOTION for leave to file excess pages *in Response to Defendants' Motions to Dismiss and Motions to Strike, and in Reply in Support of the Same* filed by Alexander Aiken on behalf of All Plaintiffs. Suggestions in opposition/response due by 9/24/2024 unless otherwise directed by the court. (Aiken, Alexander) (Entered: 09/10/2024) |
| 09/10/2024 | 431 | Before the Court is Plaintiffs' Unopposed Motion for Leave to Exceed Page Limits. (Doc. # 430 .) Upon review, the motion is GRANTED. Accordingly, it is hereby ORDERED that Plaintiffs may file suggestions in opposition to Defendants' Motions to Dismiss and Motions to Strike and that Defendants may file reply suggestions in support of the same motions not exceeding one hundred forty (140) pages. Signed on 9/10/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 09/10/2024) |
| 09/11/2024 | 432 | NOTICE of settlement *Notice of Settlement in Principle and Joint Motion to Stay Case as to NextHome, Inc.* by Lauren Criss, Don Gibson, John Meiners, Daniel Umpa (Braun, Robert) (Entered: 09/11/2024) |
| 09/11/2024 | 433 | Before the Court is a Notice of Settlement and Joint Motion to Stay Case as to Defendant NextHome, Inc. (Doc. # 432 .) Upon review, it is hereby ORDERED that the parties file a stipulation of dismissal or a joint status report within thirty (30) days from the date of this Order. Given the settlement, Defendant NextHome Inc.'s Motion to Dismiss for Failure to State a Claim (Doc. # 302 ) is DENIED AS MOOT. All deadlines pertaining to Defendant NextHome, Inc. only are hereby stayed as requested. Signed on 9/11/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 09/11/2024) |
| 09/11/2024 | 434 | CERTIFICATE OF SERVICE by All Plaintiffs *Plaintiffs Requests for Production Regarding Jurisdictional Discovery to Defendants Weichert Co. and Weichert Real Estate Affiliates, Inc.* filed by Robert A Braun on behalf of Plaintiffs Lauren Criss, Don Gibson, John Meiners, Daniel Umpa.(Braun, Robert) (Entered: 09/11/2024) |
| 09/12/2024 | 435 | Consent MOTION for extension of time to file response/reply as to 313 MOTION to dismiss for lack of jurisdiction , 311 MOTION to dismiss for lack of jurisdiction filed by Robert A Braun on behalf of All Plaintiffs. Suggestions in opposition/response due by 9/26/2024 unless otherwise directed by the court. (Related document(s) 313 , 311 ) (Braun, Robert) (Entered: 09/12/2024) |
| 09/12/2024 | 436 | Before the Court is Plaintiffs' Consented Motion for Extension of Time. (Doc. # 435 .) Upon review, the motion is GRANTED. Plaintiffs must respond to Defendants Weichert Co. and Weichert Real Estate Affiliates, Inc.'s Motions to Dismiss for Lack of Jurisdiction by November 13, 2024. Defendants must reply to Plaintiffs' response by December 13, 2024. Signed on 9/12/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 09/12/2024) |
| 09/13/2024 | 437 | Motion to allow Robert Maguire to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9201273) filed by Brian J. Madden on behalf of Redfin Corporation. (Madden, Brian) (Entered: 09/13/2024) |

| | | |
|---|---|---|
| 09/13/2024 | 438 | Motion to allow Gerald A. Stein to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9201303) filed by Brian J. Madden on behalf of Redfin Corporation. (Madden, Brian) (Entered: 09/13/2024) |
| 09/13/2024 | 439 | Motion to allow MaryAnn T. Almeida to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9201309) filed by Brian J. Madden on behalf of Redfin Corporation. (Madden, Brian) (Entered: 09/13/2024) |
| 09/13/2024 | 440 | Motion to allow Emily A. Parsons to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9201323) filed by Brian J. Madden on behalf of Redfin Corporation. (Madden, Brian) (Entered: 09/13/2024) |
| 09/13/2024 | 441 | SUGGESTIONS in opposition re 343 MOTION to strike *Class Allegations as to Arbitrating Class Members Under Fed. R. Civ. P. 12(F) and to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12(B)(6)*, 306 MOTION to strike *Class Action Allegations*, 323 MOTION to strike 232 Amended Complaint,,,, *[RULE 12(f) MOTION TO STRIKE CLASS ALLEGATIONS AS TO ARBITRATING CLASS MEMBERS]*, 319 MOTION to strike 232 Amended Complaint,,,, *Class Action Allegations as to Class Members who Waived the Right to Participate in a Class Action* filed by Beatrice Franklin on behalf of Plaintiffs Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. Reply suggestions due by 9/27/2024 unless otherwise directed by the court. (Related document(s) 343 , 306 , 323 , 319 ) (Franklin, Beatrice) (Entered: 09/13/2024) |
| 09/13/2024 | 442 | SUGGESTIONS in opposition re 343 MOTION to strike *Class Allegations as to Arbitrating Class Members Under Fed. R. Civ. P. 12(F) and to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12(B)(6)*, 341 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *[eXp World Holdings, Inc. and eXp Realty, LLC's Rule 12(b)(6) Motion to Dismiss]*, 339 Joint MOTION to dismiss case , 300 MOTION to dismiss party *Real Estate One, Inc. for Lack of Personal Jurisdiction, Improper Venue and Failure to State a Claim*, 330 MOTION to dismiss for lack of jurisdiction , 305 MOTION to dismiss for lack of jurisdiction filed by Alexander Aiken on behalf of Plaintiffs Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. Reply suggestions due by 9/27/2024 unless otherwise directed by the court. (Related document(s) 343 , 341 , 339 , 300 , 330 , 305 ) (Aiken, Alexander) (Entered: 09/13/2024) |
| 09/13/2024 | 443 | SUGGESTIONS in opposition re 353 MOTION to dismiss for lack of jurisdiction *and Improper Venue*, 332 MOTION to dismiss for lack of jurisdiction , 300 MOTION to dismiss party *Real Estate One, Inc. for Lack of Personal Jurisdiction, Improper Venue and Failure to State a Claim*, 316 MOTION to dismiss for lack of jurisdiction , 308 MOTION to dismiss for lack of jurisdiction *or to transfer*, 315 MOTION to dismiss for lack of jurisdiction *and improper venue*, 330 MOTION to dismiss for lack of jurisdiction , 305 MOTION to dismiss for lack of jurisdiction , 356 MOTION to dismiss for lack of jurisdiction *and Improper Venue*, 298 MOTION to dismiss for lack of jurisdiction , 333 MOTION to dismiss for lack of jurisdiction *and Improper Venue* filed by Jeremy M. Suhr on behalf of Plaintiffs Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. Reply suggestions due by 9/27/2024 unless otherwise directed by the court. (Related document(s) 353 , 332 , 300 , 316 , 308 , 315 , 330 , 305 , 356 , 298 , 333 ) (Suhr, Jeremy) (Entered: 09/13/2024) |
| 09/16/2024 | 444 | ORDER granting 437 , 438 , 439 , & 440 motions to appear pro hac vice entered by Clerk of Court. Attorneys MayAnn T. Almeida, Emily A. Parsons, Robert Maguire, and Gerald A. Stein for Redfin Corporation allowed to appear pro hac vice. This |

| | | |
|---|---|---|
| | | entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Lock, Tania) (Entered: 09/16/2024) |
| 09/18/2024 | 445 | NOTICE of appearance by Paul L Redfearn, III on behalf of Benny Cheatham (Attorney Paul L Redfearn, III added to party Benny Cheatham(pty:intp))(Redfearn, Paul) (Entered: 09/18/2024) |
| 09/18/2024 | 446 | Motion to allow Patrick E. Knie to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9207723) filed by Paul L Redfearn, III on behalf of Benny Cheatham. (Redfearn, Paul) (Entered: 09/18/2024) |
| 09/18/2024 | 447 | Motion to allow Sam Mitchell Slade, Jr. to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9207732) filed by Paul L Redfearn, III on behalf of Benny Cheatham. (Redfearn, Paul) (Entered: 09/18/2024) |
| 09/18/2024 | 448 | Motion to allow Matthew W. Shealy to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9207756) filed by Paul L Redfearn, III on behalf of Benny Cheatham. (Redfearn, Paul) (Entered: 09/18/2024) |
| 09/19/2024 | 449 | ORDER granting 446 , 447 & 448 motion to appear pro hac vice entered by Clerk of Court. Attorney Patrick E. Knie, Sam Mitchell Slade, Jr. and Matthew W. Shealy for Benny Cheatham allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 09/19/2024) |
| 09/19/2024 | 450 | CERTIFICATE OF SERVICE by Real Estate One, Inc. *Responses and Objections to Plaintiffs First Amended Set of Requests for Production of Documents* filed by Howard B Iwrey on behalf of Defendant Real Estate One, Inc..(Iwrey, Howard) (Entered: 09/19/2024) |
| 09/30/2024 | 451 | NOTICE of filing by Khyber Zaffarkhan. (Attachments: # 1 Envelope) (Grube, Cheyenne) (Entered: 09/30/2024) |
| 09/30/2024 | 452 | NOTICE of appearance by Steven M Berezney on behalf of James Mullis (Attorney Steven M Berezney added to party James Mullis(pty:obj))(Berezney, Steven) (Entered: 09/30/2024) |
| 09/30/2024 | 453 | Motion to allow Randall P. Ewing, Jr. to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9227133) filed by Steven M Berezney on behalf of James Mullis. (Berezney, Steven) (Entered: 09/30/2024) |
| 10/01/2024 | 454 | ORDER granting 453 motion to appear pro hac vice entered by Clerk of Court. Attorney Randall Paul Ewing, Jr. for James Mullis allowed to appear pro hac vice. |

| | | |
|---|---|---|
| | | This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 10/01/2024) |
| 10/01/2024 | 455 | NOTICE of settlement *Notice of Settlement in Principle and Joint Motion to Stay Case as to Real Estate One, Inc.* by All Plaintiffs (Braun, Robert) (Entered: 10/01/2024) |
| 10/02/2024 | 456 | Motion to allow Todd A. Seaver to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9230042) filed by Steven M Berezney on behalf of Robert Friedman. (Berezney, Steven) (Entered: 10/02/2024) |
| 10/02/2024 | 457 | Motion to allow Steven J. Buttacavoli to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9230073) filed by Steven M Berezney on behalf of Robert Friedman. (Berezney, Steven) (Entered: 10/02/2024) |
| 10/02/2024 | 458 | Motion to allow Daniel Z. Goldman to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9230090) filed by Steven M Berezney on behalf of Robert Friedman. (Berezney, Steven) (Entered: 10/02/2024) |
| 10/02/2024 | 459 | NOTICE of settlement *Notice of Pending Settlement and Joint Motion to Stay Case as to John L. Scott Real Estate Affiliates, Inc., and John L. Scott, Inc.* by Lauren Criss, Don Gibson, John Meiners, Daniel Umpa (Berman, Steve) (Entered: 10/02/2024) |
| 10/02/2024 | 460 | Before the Court is a Notice of Settlement and Joint Motion to Stay Case as to Defendant Real Estate One, Inc. (Doc. # 455 .) Upon review, it is hereby ORDERED that the parties file a stipulation of dismissal or a joint status report within thirty (30) days from the date of this Order. Given the settlement, Defendant Real Estate One, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim (Doc. # 300 ) is DENIED AS MOOT. All deadlines pertaining to Defendant Real Estate One, Inc. only are hereby stayed as requested.Signed on 10/2/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Sandusky, Karri) (Entered: 10/02/2024) |
| 10/02/2024 | 461 | Before the Court is a Notice of Settlement and Joint Motion to Stay Case as to Defendants John L. Scott Real Estate Affiliates, Inc. and John L. Scott, Inc. (Doc. # 459 .) Upon review, it is hereby ORDERED that the parties file a stipulation of dismissal or a joint status report within thirty (30) days from the date of this Order. Given the settlement, Defendants John L. Scott Real Estate Affiliates, Inc. and John L. Scott, Inc.'s Motion to Dismiss for Lack of Jurisdiction (Doc. # 316 ) is DENIED AS MOOT. All deadlines pertaining to Defendants John L. Scott Real Estate Affiliates, Inc. and John L. Scott, Inc. only are hereby stayed as requested. Signed on 10/2/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Sandusky, Karri) (Entered: 10/02/2024) |
| 10/02/2024 | 462 | ORDER granting 456 , 457 , & 458 motions to appear pro hac vice entered by Clerk of Court. Attorneys Todd A. Seaver, Steven J. Buttacavoli, and Daniel Z. Goldman for Robert Friedman allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. |

| | | |
|---|---|---|
| | | Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Lock, Tania) (Entered: 10/02/2024) |
| 10/03/2024 | 463 | Motion to allow Michael M. Buchman to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9232039) filed by Bert S Braud on behalf of Monty March. (Attorney Bert S Braud added to party Monty March(pty:obj))(Braud, Bert) (Entered: 10/03/2024) |
| 10/03/2024 | 464 | OBJECTIONS (non motions) by Knie & Shealy, Mitch Slade, Knie & Shealy . (Attachments: # 1 Exhibit Average New Home Sales Price)(Knie, Patrick) (Entered: 10/03/2024) |
| 10/03/2024 | 465 | MOTION for discovery filed by Patrick E. Knie on behalf of Knie & Shealy, Mitch Slade. Suggestions in opposition/response due by 10/17/2024 unless otherwise directed by the court. (Attorney Patrick E. Knie added to party Knie & Shealy(pty:obj), Attorney Patrick E. Knie added to party Mitch Slade(pty:obj))(Knie, Patrick) (Entered: 10/03/2024) |
| 10/03/2024 | 466 | ORDER granting 463 motion to appear pro hac vice entered by Clerk of Court. Attorney Michael M. Buchman for Monty March allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 10/03/2024) |
| 10/03/2024 | 467 | OBJECTIONS (non motions) by Robert Friedman *Objection of Robert Friedman to the Proposed National Class Action Settlements with Defendants Compass, Inc., Douglas Elliman, Inc., and Engel & Volkers New York Real Estate LLC.* (Attachments: # 1 Declaration of Todd A. Seaver, # 2 Exhibit 1 Friedman Amended Complaint, # 3 Exhibit 2 Anywhere Final Approval Transcript, # 4 Exhibit 3 Engel Volkers JPML Opposition, # 5 Exhibit 4 Douglas Elliman JPML Opposition, # 6 Exhibit 5 REBNY JPML Opposition, # 7 Exhibit 6 Compass JPML Opposition, # 8 Exhibit 7 Brown Harris Stevens JPML Opposition, # 9 Exhibit 8 Leslie Garfield JPML Opposition, # 10 Exhibit 9 R New York JPML Opposition, # 11 Exhibit 10 Serhant MDL Opposition, # 12 Exhibit 11 The Agency JPML Opposition, # 13 Exhibit 12 Facebook − The Brian Phillips Team, # 14 Exhibit 13 Freiberg − The NAR Settlement, # 15 Exhibit 14 The Agency Team − Navigating NYC Real Estate Scene, # 16 Exhibit 15 Markarian − How Will NAR Settlement Impact NY Market, # 17 Exhibit 16 Feinberg − NAR Settlement LinkedIn Post, # 18 Exhibit 17 Moehrl − Pltf Elhauge Expert Opening Report, # 19 Exhibit 18 Moehrl − Pltf Elhauge Rebuttal Report, # 20 Proof of Service)(Seaver, Todd) (Entered: 10/03/2024) |
| 10/03/2024 | 468 | NOTICE of filing *Objection to Final Approval of Settlement* by James Mullis (Attachments: # 1 Affidavit Declaration of James Mullis, # 2 Affidavit Declaration of Randall Ewing, Jr.)(Ewing, Randall) (Entered: 10/03/2024) |

| | | |
|---|---|---|
| 10/03/2024 | 469 | STATUS REPORT *Joint Status Report* by Lauren Criss, Don Gibson, John Meiners. (Berman, Steve) (Entered: 10/03/2024) |
| 10/03/2024 | 470 | NOTICE of filing *of Objection of Monty March to Proposed National Class Action Settlement* by Monty March (Attachments: # 1 Exhibit Declaration, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit)(Braud, Bert) (Entered: 10/03/2024) |
| 10/03/2024 | 471 | NOTICE of filing *Corrected Objection to Final Approval of Settlement* by James Mullis (Attachments: # 1 Exhibit 1 − Declaration of James Mullis, # 2 Affidavit Declaration of Randall Ewing, Jr.)(Ewing, Randall) (Entered: 10/03/2024) |
| 10/04/2024 | | NOTICE OF DOCKET MODIFICATION. A modification has been made to the document filed on 10/3/2024 as Document No. 468, Notice of Filing of Objections. The document has been deleted as the incorrect document was filed. Counsel has refiled the correct document 471 . This is a text entry only − no document is attached. (Furtak, Rebecca) (Entered: 10/04/2024) |
| 10/04/2024 | 472 | On September 3, 2024, the Court ordered that Plaintiffs Don Gibson, Laurent Criss, and John Meiners, (collectively Plaintiffs) and Defendant The Keyes Company and Illustrated Properties, LLC file a joint status report or a stipulation of dismissal within thirty (30) days from the date of the Order. A Joint Status Report has been filed. Therefore, it is hereby ORDERED that the parties file a status report or a stipulation of dismissal within thirty (30) days from the date of this Order. Signed on 10/4/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Sandusky, Karri) (Entered: 10/04/2024) |
| 10/04/2024 | 473 | NOTICE of appearance by Mark B. Schaffer on behalf of eXp Realty, LLC, eXp World Holdings, Inc. (Attorney Mark B. Schaffer added to party eXp Realty, LLC(pty:dft), Attorney Mark B. Schaffer added to party eXp World Holdings, Inc.(pty:dft))(Schaffer, Mark) (Entered: 10/04/2024) |
| 10/04/2024 | 474 | NOTICE of appearance by Mark B. Schaffer on behalf of eXp Realty, LLC, eXp World Holdings, Inc. (Schaffer, Mark) (Entered: 10/04/2024) |
| 10/04/2024 | 475 | Motion to allow James A. Morsch to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9236036) filed by Mark B. Schaffer on behalf of eXp Realty, LLC, eXp World Holdings, Inc.. (Schaffer, Mark) (Entered: 10/04/2024) |
| 10/07/2024 | 476 | ORDER granting 475 motion to appear pro hac vice entered by Clerk of Court. Attorney James Andrew Morsch for eXp Realty, LLC and eXp World Holdings, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Lock, Tania) (Entered: 10/07/2024) |
| 10/07/2024 | 477 | MOTION to withdraw as attorney *Motion to Withdraw Appearances* filed by Tyson H. Ketchum on behalf of eXp Realty, LLC, eXp World Holdings, Inc.. Suggestions in opposition/response due by 10/21/2024 unless otherwise directed by the court. (Ketchum, Tyson) (Entered: 10/07/2024) |

| | | |
|---|---|---|
| 10/07/2024 | 478 | ORDER: Before the Court is a Motion to Withdraw Appearances. (Doc. # 477 .) Upon review, the motion is GRANTED. It is hereby ORDERED that Armstrong Teasdale LLP and its attorneys Stephen J. Siegel, Andrew D. Campbell, Elizabeth C. Wolicki, Julie Johnston−Ahlen, Karrie J. Clinkinbeard, and Tyson H. Ketchum are withdrawn as counsel for Defendants eXP World Holdings, Inc. and eXp Realty, LLC. Signed on 10/7/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 10/07/2024) |
| 10/08/2024 | 479 | MOTION for leave to file *Joint and Individual Briefing* filed by Benjamin Diessel on behalf of Baird & Warner Real Estate, Inc., Berkshire Hathaway Energy Company, Crye−Leike, Inc., Hanna Holdings, Inc., The K Company Realty, LLC, William L Lyon & Associates, Inc., William Raveis Real Estate, Inc.. Suggestions in opposition/response due by 10/22/2024 unless otherwise directed by the court. (Diessel, Benjamin) (Entered: 10/08/2024) |
| 10/09/2024 | 480 | CERTIFICATE OF SERVICE by William Raveis Real Estate, Inc. *of Amended Objections and Responses to Plaintiff's Second Set of Interrogatories and Plaintiff's Second Set of Request for Production of Documents* filed by Benjamin Diessel on behalf of Defendant William Raveis Real Estate, Inc..(Diessel, Benjamin) (Entered: 10/09/2024) |
| 10/10/2024 | 481 | Before the Court is Defendants Baird & Warner Real Estate, Inc., Berkshire Hathaway Energy Company, Crye−Leike, Inc., Hanna Holdings, Inc., K Company Realty, LLC d/b/a LoKation, William L. Lyon & Associates, Inc., William Raveis Real Estate, Inc., and Windermere Real Estate Services Company, Inc.'s (collectively Defendants) Motion for Leave to File Joint and Individual Briefing. (Doc # 479 .) Upon review, the motion is GRANTED. Defendants may (1) file a joint reply briefing with respect to their Motions to Dismiss filed on July 15−16, 2024, limited to 70 pages in length; and (2) file individual replies each limited to 12 pages in length. Signed on 10/10/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Sandusky, Karri) (Entered: 10/10/2024) |
| 10/10/2024 | 482 | MOTION to withdraw as attorney filed by Paul L Redfearn, III on behalf of Benny Cheatham. Suggestions in opposition/response due by 10/24/2024 unless otherwise directed by the court. (Redfearn, Paul) (Entered: 10/10/2024) |
| 10/10/2024 | 483 | Before the Court is a Motion to Withdraw as Sponsoring Attorney. (Doc. # 482 .) Upon review, the motion is GRANTED. It is hereby ORDERED that Paul L. Redfearn, III, is withdrawn as sponsoring attorney for Patrick E. Knie, Matthew W. Shealy, and Sam Mitchell Slade, Jr. for their respective Pro Hac Vice status. Signed on 10/10/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Sandusky, Karri) (Entered: 10/10/2024) |
| 10/10/2024 | 484 | Motion to allow Matthew E. Van Tine to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9245869) filed by Bert S Braud on behalf of Monty March. (Braud, Bert) (Entered: 10/10/2024) |
| 10/10/2024 | 485 | NOTICE of filing by Terry Wischer. (Attachments: # 1 Envelope) (Grube, Cheyenne) (Entered: 10/10/2024) |
| 10/11/2024 | 486 | ORDER granting 484 motion to appear pro hac vice entered by Clerk of Court. Attorney Matthew E. Van Tine for Monty March allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney. |

| | | |
|---|---|---|
| | | Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 10/11/2024) |
| 10/11/2024 | 487 | REPLY SUGGESTIONS to motion re 306 MOTION to strike *Class Action Allegations* filed by Benjamin Diessel on behalf of Defendant William Raveis Real Estate, Inc.. (Related document(s) 306 ) (Diessel, Benjamin) (Entered: 10/11/2024) |
| 10/11/2024 | 488 | STATUS REPORT *Joint Status Report* by Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. (Braun, Robert) (Entered: 10/11/2024) |
| 10/11/2024 | 489 | NOTICE of settlement *Notice of Pending Settlement and Motion to Stay Case as to eXp Defendants with Incorporated Suggestions in Support* by eXp Realty, LLC, eXp World Holdings, Inc. (Schaffer, Mark) (Entered: 10/11/2024) |
| 10/11/2024 | 490 | REPLY SUGGESTIONS to motion re 330 MOTION to dismiss for lack of jurisdiction filed by Michelle Ann Mantine on behalf of Defendant Baird & Warner Real Estate, Inc.. (Related document(s) 330 ) (Mantine, Michelle) (Entered: 10/11/2024) |
| 10/11/2024 | 491 | REPLY SUGGESTIONS to motion re 305 MOTION to dismiss for lack of jurisdiction filed by Benjamin Diessel on behalf of Defendant William Raveis Real Estate, Inc.. (Attachments: # 1 Declaration of John Doroghazi, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Related document(s) 305 ) (Diessel, Benjamin) (Entered: 10/11/2024) |
| 10/11/2024 | 492 | REPLY SUGGESTIONS to motion re 353 MOTION to dismiss for lack of jurisdiction *and Improper Venue*, 298 MOTION to dismiss for lack of jurisdiction , 308 MOTION to dismiss for lack of jurisdiction *or to transfer*, 315 MOTION to dismiss for lack of jurisdiction *and improper venue*, 330 MOTION to dismiss for lack of jurisdiction , 305 MOTION to dismiss for lack of jurisdiction , 333 MOTION to dismiss for lack of jurisdiction *and Improper Venue*, 356 MOTION to dismiss for lack of jurisdiction *and Improper Venue (Joint)* filed by David Gringer on behalf of Defendant Hanna Holdings, Inc.. (Related document(s) 353 , 298 , 308 , 315 , 330 , 305 , 333 , 356 ) (Gringer, David) (Entered: 10/11/2024) |
| 10/11/2024 | 493 | REPLY SUGGESTIONS to motion re 298 MOTION to dismiss for lack of jurisdiction filed by Christopher M. Harper on behalf of Defendant The K Company Realty, LLC. (Related document(s) 298 ) (Harper, Christopher) (Entered: 10/11/2024) |
| 10/11/2024 | 494 | REPLY SUGGESTIONS to motion re 339 Joint MOTION to dismiss case filed by David Gringer on behalf of Defendant Hanna Holdings, Inc.. (Related document(s) 339 ) (Gringer, David) Modified on 10/16/2024 main document 494 replaced to correct counsel name in signature block only. NEF regenerated to all parties.(Kern, Kendra) (Entered: 10/11/2024) |
| 10/11/2024 | 495 | REPLY SUGGESTIONS to motion re 343 MOTION to strike *Class Allegations as to Arbitrating Class Members Under Fed. R. Civ. P. 12(F) and to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12(B)(6)* filed by Jeffrey J. Simon on behalf of Defendant Berkshire Hathaway Energy Company. (Related document(s) 343 ) (Simon, Jeffrey) (Entered: 10/11/2024) |

| | | |
|---|---|---|
| 10/11/2024 | 496 | REPLY SUGGESTIONS to motion re 308 MOTION to dismiss for lack of jurisdiction *or to transfer* filed by David Gringer on behalf of Defendant Hanna Holdings, Inc.. (Attachments: # 1 Declaration of David Z. Gringer, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Related document(s) 308 ) (Gringer, David) (Entered: 10/11/2024) |
| 10/11/2024 | 497 | NOTICE of appearance by Matthew Van Tine on behalf of Monty March (Van Tine, Matthew) (Entered: 10/11/2024) |
| 10/11/2024 | 498 | AFFIDAVIT re 333 MOTION to dismiss for lack of jurisdiction *and Improper Venue Declaration of Anna R. Gressel in Support of Defendant Berkshire Hathaway Energy's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue* by Berkshire Hathaway Energy Company. (Attachments: # 1 Exhibit 1−BHE Code of Business Conduct, # 2 Exhibit 2−Letter)(Related document(s) 333 ) (Simon, Jeffrey) (Entered: 10/11/2024) |
| 10/11/2024 | 499 | REPLY SUGGESTIONS to motion re 333 MOTION to dismiss for lack of jurisdiction *and Improper Venue* filed by Jeffrey J. Simon on behalf of Defendant Berkshire Hathaway Energy Company. (Related document(s) 333 ) (Simon, Jeffrey) (Entered: 10/11/2024) |
| 10/11/2024 | 500 | REPLY SUGGESTIONS to motion re 315 MOTION to dismiss for lack of jurisdiction *and improper venue Oral Argument Requested* filed by Marcus Angelo Manos on behalf of Defendant Crye−Leike, Inc.. (Attachments: # 1 Exhibit Second Declaration of Robert B. Robinson)(Related document(s) 315 ) (Manos, Marcus) (Entered: 10/11/2024) |
| 10/11/2024 | 501 | REPLY SUGGESTIONS to motion re 319 MOTION to strike 232 Amended Complaint,,,, *Class Action Allegations as to Class Members who Waived the Right to Participate in a Class Action* filed by Marcus Angelo Manos on behalf of Defendant Crye−Leike, Inc.. (Attachments: # 1 Exhibit Second Declaration of Robert B. Robinson)(Related document(s) 319 ) (Manos, Marcus) (Entered: 10/11/2024) |
| 10/11/2024 | 502 | REPLY SUGGESTIONS to motion re 356 MOTION to dismiss for lack of jurisdiction *and Improper Venue* filed by Edward C Duckers on behalf of Defendant William L Lyon & Associates, Inc.. (Related document(s) 356 ) (Duckers, Edward) (Entered: 10/11/2024) |
| 10/11/2024 | 503 | REPLY SUGGESTIONS to motion re 353 MOTION to dismiss for lack of jurisdiction *and Improper Venue* filed by Edward C Duckers on behalf of Defendant Windermere Real Estate Services Company, Inc.. (Related document(s) 353 ) (Duckers, Edward) (Entered: 10/11/2024) |
| 10/14/2024 | 504 | CERTIFICATE OF SERVICE by Weichert Co. filed by Dylan Ballard on behalf of Defendant Weichert Co..(Ballard, Dylan) (Entered: 10/14/2024) |
| 10/14/2024 | 505 | CERTIFICATE OF SERVICE by Weichert Real Estate Affiliates, Inc. filed by Dylan Ballard on behalf of Defendant Weichert Real Estate Affiliates, Inc..(Ballard, Dylan) (Entered: 10/14/2024) |
| 10/15/2024 | 506 | MOTION to substitute attorney filed by Bert S Braud on behalf of Benny Cheatham. Suggestions in opposition/response due by 10/29/2024 unless otherwise directed by the court. (Attorney Bert S Braud added to party Benny Cheatham(pty:intp))(Braud, Bert) (Entered: 10/15/2024) |
| 10/15/2024 | 507 | |

| | | |
|---|---|---|
| | | Before the Court is a Motion to Substitute Counsel. (Doc. # 506 .) Upon review, the motion is GRANTED. It is hereby ORDERED that Bert S. Braud acts as sponsoring attorney for Patrick Knie, Matthew Shealy, and Sam Slade, Jr. for their respective Pro Hac Vice status. Signed on 10/15/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Sandusky, Karri) (Entered: 10/15/2024) |
| 10/17/2024 | 508 | SUGGESTIONS in opposition re 465 MOTION for discovery filed by James Dale Lawrence on behalf of Defendant Five D I, LLC. Reply suggestions due by 10/31/2024 unless otherwise directed by the court. (Related document(s) 465 ) (Attorney James Dale Lawrence added to party Five D I, LLC(pty:dft))(Lawrence, James) (Entered: 10/17/2024) |
| 10/21/2024 | 509 | Before the Court is Objectors Benny D. Cheatham, Robert Douglas, Douglas Fender, and Dena Fender's Motion for Discovery (Doc. # 465 .) The Objectors request that the Court allow the Objectors to subpoena financial records of Compass, Inc., The Real Brokerage, Inc. and Real Broker, LLC, Realty ONE Group, Inc., At World Properties, LLC, Douglas Elliman, Inc. and Douglas Elliman Realty, LLC, Redfin Corporation, Engel & Vlkers GmbH and Engel & Vlkers Americas, Inc., and their affiliate Engel & Vlkers New York Real Estate LLC, HomeSmart Holdings, Inc., Five D L, LLC (d/b/a United Real Estate), Premiere Plus Realty Co., Charles Rutenberg Realty − Orlando, LLC. The Court finds that courts are unanimous that objectors are generally not entitled to discovery. See e.g., Intl Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp., 497 F.3d 615, 637 (6th Cir. 2007); In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions, 148 F.3d 283, 325 (3d Cir. 1998); In Re Flint Water Cases, 63 F.4th 486, 499−501, 507−09 (6th Cir. 2023); Herrera v. Charlotte Sch. Of L., LLC, 818 F. Appx 165, 178 (4th Cir. 2020). For these reasons, the Objectors' motion for discovery is DENIED. Signed on 10/21/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 10/21/2024) |
| 10/21/2024 | 510 | Considering the upcoming October 31, 2024, hearing on: Motion for Attorney Fees, Costs, Expenses and Service Awards, and to ensure due process is satisfied, the Court ORDERS all objectors and their attorneys to appear in person at the October 31, 2024, hearing at 10:30 AM to argue their objections. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 931 (8th Cir. 2005) ([D]ue process [is] satisfied where class members received notice of the settlement proposal and were able to argue their objections to the district court.). Signed on 10/21/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 10/21/2024) |
| 10/22/2024 | 511 | NOTICE of filing *Notice of Withdrawal* by Lauren Criss, Don Gibson, John Meiners, Daniel Umpa (Dameron, Matthew) (Entered: 10/22/2024) |
| 10/22/2024 | 512 | NOTICE of filing by Knie & Shealy (Attachments: # 1 Letter to the Honorable Stephen R. Bough.10−22−24)(Knie, Patrick) (Entered: 10/22/2024) |
| 10/22/2024 | 513 | NOTICE of filing *−Plaintiffs' Opposition to eXp Defendants' Motion to Stay Case* by Lauren Criss, Don Gibson, John Meiners, Daniel Umpa re 489 Notice of Settlement (Attachments: # 1 Exhibit A−Motion to Intervene, # 2 Exhibit A (Part 2), # 3 Exhibit B−Declaration of Brandon J.B. Boulware)(Suhr, Jeremy) (Entered: 10/22/2024) |
| 10/23/2024 | 514 | Joint MOTION for leave to file excess pages filed by Daniel Sasse on behalf of Compass, Inc.. Suggestions in opposition/response due by 11/6/2024 unless |

| | | |
|---|---|---|
| | | otherwise directed by the court. (Sasse, Daniel) (Entered: 10/23/2024) |
| 10/23/2024 | 515 | MOTION for leave to file excess pages *Plaintiffs' Unopposed Motion to Leave to Exceed Page Limit* filed by Eric L. Dirks on behalf of Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. Suggestions in opposition/response due by 11/6/2024 unless otherwise directed by the court. (Dirks, Eric) (Entered: 10/23/2024) |
| 10/24/2024 | 516 | Before the Court is Plaintiffs' Unopposed Motion for Leave to Exceed Page Limit. (Doc. # 515 .) Upon review, the motion is GRANTED. Accordingly, it is hereby ORDERED that Plaintiffs may file their Motion for Final Approval of Settlements with the Compass, Real Brokerage, Realty One, @Properties, Douglas Elliman, Redfin, Engel & Volkers, HomeSmart, and United Real Estate Defendants not to exceed sixty (60) pages in length. Signed on 10/24/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 10/24/2024) |
| 10/24/2024 | 517 | Before the Court is Settling Defendants' Unopposed Motion for Leave to Exceed Page Limits. (Doc. # 514 .) Upon review, the motion is GRANTED. Accordingly, it is hereby ORDERED that Defendants At World Properties, LLC; Compass, Inc; Douglas Elliman Inc. and Douglas Elliman Realty, LLC; Engel & Vlkers GmbH, Engel & Vlkers Americas, Inc., and Engel & Vlkers New York Real Estate LLC; Five D I, LLC (d/b/a United Real Estate); HomeSmart International, LLC; The Real Brokerage Inc. and Real Broker, LLC; Realty ONE Group, Inc.; and Redfin Corporation (collectively, the Settling Defendants) may file their Suggestions in Support of Final Approval of the Settling Defendants' Class Settlements not to exceed thirty (30) pages in length. Signed on 10/24/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 10/24/2024) |
| 10/24/2024 | 518 | Before the Court is a Notice of Withdrawal. (Doc. # 511 .) Upon review, it is hereby ORDERED that Matthew L. Dameron is hereby WITHDRAWN as counsel for Plaintiffs. Plaintiffs will continue to be represented by their other counsel of record. Signed on 10/24/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 10/24/2024) |
| 10/24/2024 | 519 | NOTICE of filing by Monty March (Attachments: # 1 Letter to the Honorable Stephen R. Bough)(Buchman, Michael) (Entered: 10/24/2024) |
| 10/24/2024 | 520 | NOTICE of filing by Knie & Shealy re 512 Notice of filing (Attachments: # 1 Affidavit Affidavit of Robert Douglass, # 2 Affidavit Affidavit of Benny Cheatham, # 3 Affidavit Affidavit of Doulgas W. Fender, and on behalf of Dena M. Fender)(Knie, Patrick) (Entered: 10/24/2024) |
| 10/24/2024 | 521 | MOTION for order Plaintiffs' Motion and Suggestions in Support of Final Approval of Settlements with the Compass, Real Brokerage, Realty One, @Properties, Douglas Elliman, Redfin, Engel & Volkers, HomeSmart, and United Real Estate Defendants filed by Eric L. Dirks on behalf of Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. Suggestions in opposition/response due by 11/7/2024 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1 − Declaration of Eric Dirks, # 2 Exhibit 2 − Declaration of Steve Berman, # 3 Exhibit 3 − Declaration of Jennifer Keough)(Dirks, Eric) (Entered: 10/24/2024) |
| 10/24/2024 | 522 | Joint MOTION for order *Defendants' Suggestions In Support Of Final Approval Of The Settling Defendants Class Settlements* filed by Chahira Solh on behalf of Compass, Inc.. Suggestions in opposition/response due by 11/7/2024 unless |

| | | |
|---|---|---|
| | | otherwise directed by the court. (Solh, Chahira) (Entered: 10/24/2024) |
| 10/25/2024 | 523 | NOTICE of filing by Knie & Shealy (Attachments: # 1 Letter to the Honorable Stephen R. Bough.10−25−24)(Knie, Patrick) (Entered: 10/25/2024) |
| 10/25/2024 | 524 | NOTICE of filing by Robert Friedman (Attachments: # 1 Letter to the Honorable Stephen R. Bough, # 2 Declaration of Robert Friedman)(Buttacavoli, Steven) (Entered: 10/25/2024) |
| 10/30/2024 | 525 | NOTICE of filing *Reply Suggestions in Support of Objection of Robert Friedman to The Proposed National Class Action Settlements With Defendants Compass, Inc., Douglas Elliman, Inc., and Engel & Vlkers New York Real Estate LLC* by Robert Friedman re 467 Objections (non motion),,,,, (Buttacavoli, Steven) (Entered: 10/30/2024) |
| 10/31/2024 | 526 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: SETTLEMENT CONFERENCE and MOTION HEARING held on 10/31/2024. Order to follow. Time in court: 10:29 a.m. to 11:18 a.m. To order a transcript of this hearing please contact Gayle Wambolt, 816−512−5641, gayle_wambolt@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 10/31/2024) |
| 11/01/2024 | 527 | NOTICE of filing Objection to Final Approval of the National Association of Realtors (NAR) Settlement by Mark Dyer of Black Tie Realty. (Peters, Tracey) (Entered: 11/01/2024) |
| 11/01/2024 | 528 | NOTICE of filing Objection to Final Approval of the National Association of Realtors (NAR) Settlement by Vivienne Cunningham. (Peters, Tracey) (Entered: 11/01/2024) |
| 11/01/2024 | 529 | STATUS REPORT *Joint* by Real Estate One, Inc.. (Iwrey, Howard) (Entered: 11/01/2024) |
| 11/04/2024 | 530 | Before the Court is Plaintiffs' Motion for Final Approval of Settlements with Compass, Real Brokerage, Realty One, @Properties, Douglas Elliman, Redfin, Engel & Volkers, HomeSmart, and United Real Estate (Doc. # 521 ) and Defendant Compass, Inc.'s Suggestions in Support of Final Approval of the Settling Defendants Class Settlements. (Doc. # 522 .) Having considered the arguments at the hearing and reviewed the written submissions, and based on all materials in the record, the motions for final approval are GRANTED. Furthermore, Class Counsel's application for an award of attorneys' fees and reimbursement of costs as set forth in the Motion for Attorneys' Fees, Costs, Expenses, and Service Awards (Doc. # 399 ) is hereby GRANTED and shall be paid in accordance with the Settlement Agreements. Signed on 11/4/2024 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 11/04/2024) |
| 11/04/2024 | 531 | MOTION for order Plaintiffs' Motion and Suggestions in Support for Preliminary Approval of Settlements with Defendants Nexthome, Keyes, John L. Scott, and Lokation; Certification of Settlement Classes; and Appointment of Class Representatives and Settlement Class Counsel filed by Steve W. Berman on behalf of Don Gibson, Lauren Criss, John Meiners, Daniel Umpa. Suggestions in opposition/response due by 11/18/2024 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1 − Declaration of Steve W. Berman)(Berman, Steve) (Entered: 11/04/2024) |

| | | |
|---|---|---|
| 11/05/2024 | 532 | ELECTRONIC TRANSCRIPT of Settlement Hearing held October 31, 2024, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816−512−5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 33. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 11/12/2024 unless otherwise directed by the court. Release of Transcript Restriction set for 2/3/2025. NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.**<br><br>(Wambolt, Gayle) (Entered: 11/05/2024) |
| 11/05/2024 | 533 | NOTICE of filing *Reply Suggestions in Support of Motion to Stay Case as to eXp* by eXp Realty, LLC, eXp World Holdings, Inc. re 489 Notice of Settlement (Schaffer, Mark) (Entered: 11/05/2024) |
| 11/05/2024 | 534 | Before the Court is Plaintiffs' Motion and Suggestions in Support of Motion for Preliminary Approval of Settlements (Doc. # 531) with Defendants NextHome, Inc. (NextHome); The Keyes Company and Illustrated Properties, LLC (collectively Keyes); John L. Scott Real Estate Affiliates, Inc., and John L. Scott, Inc. (collectively John L. Scott); and The K Company Realty, LLC d/b/a LoKation (LoKation) (together the Settling Defendants, and together with Plaintiffs, the Settling Parties). Upon review, the Motion is GRANTED. Signed on 11/5/2024 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 11/05/2024) |
| 11/06/2024 | 535 | CERTIFICATE OF SERVICE by All Plaintiffs filed by Robert A Braun on behalf of Plaintiffs Don Gibson, Lauren Criss, John Meiners, Daniel Umpa.(Braun, Robert) (Entered: 11/06/2024) |
| 11/06/2024 | 536 | MOTION to Stay Case and Notice of Pending Settlement as to Defendants Weichert Real Estate Affiliates, Inc. and Weichert Co. with Incorporated Suggestions in Support by Weichert Real Estate Affiliates, Inc., Weichert Co. Suggestions in opposition/response due by 11/20/2024 unless otherwise directed by the court. (Ballard, Dylan) **Modified on 11/21/2024:** Docket text changed to motion. Response deadlines added. NEF regenerated. (Melvin, Greg) (Entered: 11/06/2024) |
| 11/06/2024 | | Set/Reset Deadlines as to 536 MOTION to stay. Suggestions in opposition/response due by 11/20/2024 unless otherwise directed by the court. (Melvin, Greg) (Entered: 11/21/2024) |
| 11/07/2024 | 537 | NOTICE OF HEARING − This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Discovery Teleconference Hearing set for 11/13/2024 at 2:00 PM before District Judge Stephen R. Bough.<br><br>A memorandum of the discovery dispute, not to exceed 2 pages in length, should be emailed by each party no later than twenty−four hours prior to the teleconference to Tracey Peters at Tracey_Peters@mow.uscourts.gov.<br><br>Teleconference call−in information provided to the parties via email. (Peters, Tracey) (Entered: 11/07/2024) |

| | | |
|---|---|---|
| 11/08/2024 | 538 | MOTION for extension of time to file response/reply as to 313 MOTION to dismiss for lack of jurisdiction , 311 MOTION to dismiss for lack of jurisdiction filed by Robert A Braun on behalf of All Plaintiffs. Suggestions in opposition/response due by 11/22/2024 unless otherwise directed by the court. (Related document(s) 313 , 311 ) (Braun, Robert) (Entered: 11/08/2024) |
| 11/12/2024 | 539 | NOTICE of filing Objection to Final Approval of Settlement by James Mullis. (Grube, Cheyenne) (Additional attachment(s) added on 11/13/2024: # 1 Envelope) (Grube, Cheyenne). (Entered: 11/13/2024) |
| 11/13/2024 | | NOTICE OF DOCKET MODIFICATION. A modification has been made to the document filed on 11/12/2024 as Document No. 539, Notice of Filing. The document has been deleted as the document was previously filed by counsel and was mailed into the courts as a courtesy copy. This is a text entry only − no document is attached. (Grube, Cheyenne) (Entered: 11/13/2024) |
| 11/13/2024 | 540 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: DISCOVERY HEARING held on 11/13/2024. Order to follow. Counsel appearing for Plaintiff(s): Robert A. Braun and Scott A McCreight. Counsel appearing for Defendant(s): Dylan Ballard. Time in court: 2:00 p.m. to 2:27 p.m. To order a transcript of this hearing please contact Gayle Wambolt, 816−512−5641, gayle_wambolt@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 11/13/2024) |
| 11/13/2024 | 541 | Before the Court is Plaintiffs' Don Gibson, Lauren Criss, John Meiners, and Daniel Umpa (collectively Plaintiffs) Motion for Extension of Time. (Doc. # 538 .) For good cause shown, the motion is GRANTED. The deadline for Plaintiffs to file their responsive pleadings to Defendants Weichert Co. and Weichert Real Estate Affiliates, Inc.'s Motions to Dismiss for Lack of Jurisdiction (Doc. # 311 and Doc. # 313 ) is extended to on or before November 20, 2024. Signed on 11/13/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 11/13/2024) |
| 11/14/2024 | 542 | ELECTRONIC TRANSCRIPT of Teleconference held November 13, 2024, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816−512−5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 18. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 11/21/2024 unless otherwise directed by the court. Release of Transcript Restriction set for 2/12/2025. NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.**<br><br>(Wambolt, Gayle) (Entered: 11/14/2024) |
| 11/14/2024 | 543 | Before the Court is Defendants eXp World Holdings, Inc. and eXp Realty, LLC (collectively eXp) Notice of Pending Settlement and Motion to Stay Case. (Doc. # 489 .) For reasons stated in the order, eXp's motion is DENIED. Signed on 11/14/2024 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 11/14/2024) |

| | | |
|---|---|---|
| 11/18/2024 | 544 | On November 13, 2024, the Court presided over a discovery teleconference with Defendants Weichert Co. and Weichert Real Estate Affiliates, Inc. (collectively Weichert) and Plaintiffs Don Gibson, Lauren Criss, John Meiners, and Daniel Umpa (collectively Plaintiffs). Therefore, it is hereby ORDERED that Weichert and Plaintiffs meet and confer about focused jurisdictional discovery to ensure alignment with the Court's September 4, 2024 Order. It is further ORDERED that Plaintiffs and Weichert meet and confer to produce discovery to this Court to determine if there was a reverse auction. The parties should reference the Courts Order regarding Defendant eXp's Notice of Settlement and Motion to Stay Case for specific directions on the reverse auction discovery. (Doc. # 543 .) The parties may consult the transcript for further details. Signed on 11/18/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 11/18/2024) |
| 11/19/2024 | 545 | CERTIFICATE OF SERVICE by All Plaintiffs filed by Brandon J.B. Boulware on behalf of Plaintiffs Don Gibson, Lauren Criss, John Meiners, Daniel Umpa.(Boulware, Brandon) (Entered: 11/19/2024) |
| 11/20/2024 | 546 | Consent MOTION for extension of time to file response/reply as to 313 MOTION to dismiss for lack of jurisdiction , 311 MOTION to dismiss for lack of jurisdiction filed by Robert A Braun on behalf of All Plaintiffs. Suggestions in opposition/response due by 12/4/2024 unless otherwise directed by the court. (Related document(s) 313 , 311 ) (Braun, Robert) (Entered: 11/20/2024) |
| 11/20/2024 | 547 | NOTICE of filing − Plaintiffs' Opposition to Weichert Defendants' Motion to Stay Case by Don Gibson, Lauren Criss, John Meiners, Daniel Umpa (Suhr, Jeremy) **Modified on 11/21/2024:** Document deleted. Per chambers, counsel is to refile this as a Suggestions in Opposition to Doc. 536 , which has now been changed to a Motion to Stay Case. NEF regenerated. (Melvin, Greg) (Entered: 11/20/2024) |
| 11/20/2024 | 548 | Before the Court is Plaintiffs Don Gibson, Lauren Criss, John Meiners, and Daniel Umpa's Consented Motion for Extension of Time. (Doc. # 546 .) For good cause shown, the motion is GRANTED. The deadline for Plaintiffs to file their responsive pleading is extended to on or before December 4, 2024. Defendants Weichert Co. and Weichert Real Estate Affiliates, Inc.'s shall file their reply briefs on or before December 18, 2024. Further, Weichert is ORDERED to complete document production in response to Plaintiffs' request by November 25, 2024. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 11/20/2024) |
| 11/21/2024 | 549 | SUGGESTIONS in opposition re 536 MOTION to stay filed by Jeremy M. Suhr on behalf of Plaintiffs Don Gibson, Lauren Criss, John Meiners, Daniel Umpa. Reply suggestions due by 12/5/2024 unless otherwise directed by the court. (Related document(s) 536 ) (Suhr, Jeremy) (Entered: 11/21/2024) |
| 11/26/2024 | 550 | MOTION for reconsideration *of Court's Sua Sponte Order Compelling Settlement Discovery and In Camera Submission of Documents with Incorporated Suggestions in Support* filed by Mark B. Schaffer on behalf of eXp Realty, LLC, eXp World Holdings, Inc.. Suggestions in opposition/response due by 12/10/2024 unless otherwise directed by the court. (Schaffer, Mark) (Entered: 11/26/2024) |
| 11/26/2024 | 551 | Joint MOTION to stay *case and notice of pending settlement as to Defendant Baird & Warner Real Estate, Inc.* filed by Alexander Aiken on behalf of All Plaintiffs. Suggestions in opposition/response due by 12/10/2024 unless otherwise directed by the court. (Aiken, Alexander) (Entered: 11/26/2024) |

| | | |
|---|---|---|
| 11/27/2024 | 552 | MOTION for reconsideration re 530 Order on Motion for Attorney Fees,,,, Order on Motion for Miscellaneous Relief,,,,,,, filed by Patrick E. Knie on behalf of Benny Cheatham, Knie & Shealy. Suggestions in opposition/response due by 12/11/2024 unless otherwise directed by the court. (Related document(s) 530 ) (Knie, Patrick) (Entered: 11/27/2024) |
| 11/27/2024 | 553 | SUGGESTIONS in support re 552 MOTION for reconsideration re 530 Order on Motion for Attorney Fees,,,, Order on Motion for Miscellaneous Relief,,,,,,, filed by Patrick E. Knie on behalf of interested party Benny Cheatham, Objector Knie & Shealy. (Related document(s) 552 ) (Knie, Patrick) (Entered: 11/27/2024) |
| 11/27/2024 | 554 | MOTION to join *Weichert Co.'s and Weichert Real Estate Affiliates, Inc.'s Joinder in eXp Defendants' Motion for Reconsideration (ECF 550)* filed by Dylan Ballard on behalf of Weichert Real Estate Affiliates, Inc., Weichert Co.. Suggestions in opposition/response due by 12/11/2024 unless otherwise directed by the court. (Ballard, Dylan) (Entered: 11/27/2024) |
| 11/27/2024 | 555 | SUGGESTIONS in opposition re 552 MOTION for reconsideration re 530 Order on Motion for Attorney Fees,,,, Order on Motion for Miscellaneous Relief,,,,,,, filed by Jeremy M. Suhr on behalf of Plaintiffs Don Gibson, Lauren Criss, John Meiners, Daniel Umpa. Reply suggestions due by 12/11/2024 unless otherwise directed by the court. (Related document(s) 552 ) (Suhr, Jeremy) (Entered: 11/27/2024) |
| 12/02/2024 | 556 | Before the Court is a Notice of Pending Settlement and Joint Motion to Stay Case as to Defendant Baird & Warner Real Estate, Inc. (Doc. # 551 .) Upon review, it is hereby ORDERED that the parties file a stipulation of dismissal or a joint status report within thirty (30) days from the date of this Order. Given the settlement, Defendant Baird & Warner Real Estate, Inc. Motion to Dismiss for Lack of Jurisdiction (Doc. # 330 ) is DENIED AS MOOT. All deadlines pertaining to Defendant Baird & Warner Real Estate, Inc. only are hereby stayed as requested. Signed on 12/2/24 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 12/02/2024) |
| 12/02/2024 | 557 | NOTICE OF HEARING − This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Oral Argument regarding Defendants eXp Realty, LLC and eXp World Holdings, Inc.'s MOTION for reconsideration of Court's Sua Sponte Order Compelling Settlement Discovery and In Camera Submission of Documents with Incorporated Suggestions in Support (Doc. # 550 ) set for 1/8/2025 at 9:00 AM in Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 12/02/2024) |
| 12/02/2024 | 558 | NOTICE OF APPEAL as to 530 Order on Motion for Attorney Fees,,,, Order on Motion for Miscellaneous Relief,,,,,,, by Monty March. Filing fee $ 605, receipt number AMOWDC−9321324. (Buchman, Michael) (Entered: 12/02/2024) |
| 12/03/2024 | 559 | Before the Court is Interested Parties Benny D. Cheatham, Robert Douglass, Douglas Fender, and Dena Fender's (collectively South Carolina Objectors) Motion for Reconsideration (Doc. # 552 .) Upon review, the motion is DENIED. Parties were ordered to abide by the Court's Order (Doc. #510) ordering all objectors and their attorneys to appear in person at the October 31, 2024, hearing to argue their objections. The South Carolina Objectors did not appear in person, rendering their objections waived. However, the Court nonetheless fully considered their objections and overruled them on the merits. Signed on 12/3/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) |

| | | |
|---|---|---|
| | | (Entered: 12/03/2024) |
| 12/03/2024 | 560 | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 558 Notice of Appeal. (Terry, Jason) (Entered: 12/03/2024) |
| 12/03/2024 | 561 | NOTICE OF APPEAL by James Mullis. Filing fee $ 605, receipt number AMOWDC−9322298. (Ewing, Randall) (Entered: 12/03/2024) |
| 12/03/2024 | 562 | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 561 Notice of Appeal. (Terry, Jason) (Entered: 12/03/2024) |
| 12/03/2024 | 563 | NOTICE OF APPEAL as to 530 Order on Motion for Attorney Fees,,,, Order on Motion for Miscellaneous Relief,,,,,,, by Robert Friedman. Filing fee $ 605, receipt number AMOWDC−9323062. (Buttacavoli, Steven) (Entered: 12/03/2024) |
| 12/03/2024 | 564 | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 563 Notice of Appeal. (Terry, Jason) (Entered: 12/03/2024) |
| 12/04/2024 | 565 | NOTICE of filing *of Supplemental Authority* by Hanna Holdings, Inc. re 308 MOTION to dismiss for lack of jurisdiction *or to transfer* (Attachments: # 1 Exhibit A (Slip Opinion))(Gringer, David) (Entered: 12/04/2024) |
| 12/04/2024 | 566 | Consent MOTION for leave to file *Under Seal* filed by Robert A Braun on behalf of All Plaintiffs. Suggestions in opposition/response due by 12/18/2024 unless otherwise directed by the court. (Braun, Robert) (Entered: 12/04/2024) |
| 12/04/2024 | 567 | Before the Court is Plaintiffs' Consented Motion for Leave to File Under Seal. (Doc. # 566 .) Upon review, the motion is GRANTED. Plaintiffs may file their Suggestions in Opposition to Defendants Weichert Co. and Weichert Real Estate Affiliates, Inc.'s (collectively, Weichert) Motions to Dismiss Plaintiffs' Consolidated Amended Class Action Complaint for Lack of Personal Jurisdiction (Doc. # 311 , Doc. # 313 ) and supporting exhibits under seal. Signed on 12/4/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 12/04/2024) |
| 12/04/2024 | 568 | SUGGESTIONS in opposition (SEALED) re 313 MOTION to dismiss for lack of jurisdiction , 311 MOTION to dismiss for lack of jurisdiction filed by Robert A Braun on behalf of Plaintiffs Don Gibson, Lauren Criss, John Meiners, Daniel Umpa. Reply suggestions due by 12/18/2024 unless otherwise directed by the court. (Attachments: # 1 Declaration of Robert A. Braun, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L)(Related document(s) 313 , 311 ) (Braun, Robert) (Entered: 12/04/2024) |
| 12/04/2024 | 569 | REPLY SUGGESTIONS to motion re 536 MOTION to stay *case as to Weichert Real Estate Affiliates, Inc. and Weichert Co.* filed by Dylan Ballard on behalf of Defendants Weichert Real Estate Affiliates, Inc., Weichert Co.. (Related document(s) 536 ) (Ballard, Dylan) (Entered: 12/04/2024) |
| 12/05/2024 | 570 | Before the Court is Defendants Weichert Real Estate Affiliates, Inc. (WREA) and Weichert Co.'s Notice of Pending Settlement and Motion to Stay Case. (Doc. # 536 .) For the reasons set forth in the Order, Weichert's motion is DENIED. Signed on 12/5/2024 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: |

| | | |
|---|---|---|
| | | 12/05/2024) |
| 12/05/2024 | 571 | On November 5, 2024, the Court issued an order granting Plaintiffs' Motion and Suggestions in Support of Motion for Preliminary Approval of Settlements with multiple Defendants including The K Company Realty, LLC d/b/a LoKation. (Doc. # 534 .) In light of the Court's order, The K Company Realty, LLC d/b/a LoKation's pending Motion to Dismiss (Doc. # 298 ) is DENIED AS MOOT. Signed on 12/5/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 12/05/2024) |
| 12/06/2024 | 572 | CERTIFICATE OF SERVICE by Weichert Real Estate Affiliates, Inc., Weichert Co. filed by Dylan Ballard on behalf of Defendants Weichert Real Estate Affiliates, Inc., Weichert Co..(Ballard, Dylan) (Entered: 12/06/2024) |
| 12/09/2024 | 573 | USCA Case Number from 8th Circuit Court of Appeals is 24−3478 for 558 Notice of Appeal filed by Monty March. (Terry, Jason) (Entered: 12/09/2024) |
| 12/09/2024 | 574 | USCA Case Number from 8th Circuit Court of Appeals is 24−3473 for 561 Notice of Appeal filed by James Mullis. (Terry, Jason) (Entered: 12/09/2024) |
| 12/09/2024 | 575 | USCA Case Number from 8th Circuit Court of Appeals is 24−3481 for 563 Notice of Appeal filed by Robert Friedman. (Terry, Jason) (Entered: 12/09/2024) |
| 12/09/2024 | 576 | CONSOLIDATED BRIEFING SCHEDULE from 8th Circuit Court of Appeals for 24−3481 for 563 Notice of Appeal filed by Robert Friedman, 24−3473 for 561 Notice of Appeal filed by James Mullis, 24−3478 for 558 Notice of Appeal filed by Monty March. Transcript due by 1/15/2025. (Terry, Jason) (Entered: 12/09/2024) |
| 12/09/2024 | 577 | MOTION to withdraw as attorney filed by Kenneth R. David on behalf of Douglas Elliman, Inc., Douglas Elliman Realty, LLC. Suggestions in opposition/response due by 12/23/2024 unless otherwise directed by the court. (David, Kenneth) (Entered: 12/09/2024) |
| 12/10/2024 | 578 | Before the Court is a Motion to Withdraw. (Doc. # 577 .) Upon review, the motion is GRANTED. It is hereby ORDERED that Marc E. Kasowitz, Hector Torres, Constantine Z. Pamphilis, J. Michael Wilson, and Kenneth R. David are hereby WITHDRAWN as counsel for Defendants Douglas Elliman Inc. and Douglas Elliman Realty (collectively "Douglas Elliman"). Douglas Elliman will continue to be represented by their other counsel of record. Signed on 12/10/24 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 12/10/2024) |
| 12/10/2024 | 579 | Motion to allow Edward M. Spiro to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9333558) filed by Daniel Patrick Johnson on behalf of Douglas Elliman, Inc., Douglas Elliman Realty, LLC. (Johnson, Daniel) (Entered: 12/10/2024) |
| 12/10/2024 | 580 | Motion to allow Robert J. Anello to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9333574) filed by Daniel Patrick Johnson on behalf of Douglas Elliman, Inc., Douglas Elliman Realty, LLC. (Johnson, Daniel) (Entered: 12/10/2024) |
| 12/10/2024 | 581 | On September 9, 2024, the Court issued an order granting Plaintiffs' and Defendants The Keyes Company and Illustrated Properties, LLC's Notice of Pending Settlement and Joint Motion to Stay the Case as to The Keyes Company and Illustrated Properties, LLC. (Doc. # 411 .) In light of the Courts order, Defendants The Keyes |

| | | |
|---|---|---|
| | | Company and Illustrated Properties, LLC's pending Motion to Strike Class Allegations to Protect Arbitration and Class Action Waiver Rights (Doc. # 336 ) is DENIED AS MOOT. Signed on 12/10/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 12/10/2024) |
| 12/10/2024 | 582 | SUGGESTIONS in opposition re 554 MOTION to join *Weichert Co.'s and Weichert Real Estate Affiliates, Inc.'s Joinder in eXp Defendants' Motion for Reconsideration (ECF 550)*, 550 MOTION for reconsideration *of Court's Sua Sponte Order Compelling Settlement Discovery and In Camera Submission of Documents with Incorporated Suggestions in Support* filed by Jeremy M. Suhr on behalf of Plaintiffs Don Gibson, Lauren Criss, John Meiners, Daniel Umpa. Reply suggestions due by 12/26/2024 unless otherwise directed by the court. (Related document(s) 554 , 550 ) (Suhr, Jeremy) (Entered: 12/10/2024) |
| 12/11/2024 | 583 | ORDER granting 579 & 580 motion to appear pro hac vice entered by Clerk of Court. Attorney Edward M. Spiro and Robert J. Anello for Douglas Elliman Realty, LLC and Douglas Elliman, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 12/11/2024) |
| 12/11/2024 | 584 | NOTICE of appearance by Robert J Anello on behalf of Douglas Elliman, Inc., Douglas Elliman Realty, LLC (Anello, Robert) (Entered: 12/11/2024) |
| 12/11/2024 | 585 | NOTICE of appearance by Edward M Spiro on behalf of Douglas Elliman, Inc., Douglas Elliman Realty, LLC (Spiro, Edward) (Entered: 12/11/2024) |
| 12/13/2024 | 586 | NOTICE of change of address by Robert J Palmersheim (Palmersheim, Robert) (Entered: 12/13/2024) |
| 12/16/2024 | 587 | NOTICE OF APPEAL as to 530 Order on Motion for Attorney Fees,,,, Order on Motion for Miscellaneous Relief,,,,,,, by Knie & Shealy. Filing fee $ 605, receipt number AMOWDC−9341925. (Knie, Patrick) (Entered: 12/16/2024) |
| 12/16/2024 | 588 | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 587 Notice of Appeal. (Terry, Jason) (Entered: 12/16/2024) |
| 12/16/2024 | 589 | Before the Court is Defendant William Raveis Real Estate, Inc.'s Motion to Strike Class Action Allegations (Doc. # 306 ), Defendant Crye−Leike Inc.'s 12(f) Motion to Strike Class Action Allegations as to Class Members who Waived the Right to Participate in a Class Action (Doc. # 319 ), Defendant eXp World Holdings, Inc. and eXp Realty LLC's Rule 12(f) Motion to Strike Class Allegations as to Arbitrating Class Members (Doc. # 323 ), and Defendant Berkshire Hathaway Energy Company's Motion to Stike Class Allegations as to Arbitrating Class Members under Fed. R. Civ. P. 12(f) and to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) (Doc. # 343 ). For the reasons set forth in the order, the motions are DENIED. Signed on 12/19/2024 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 12/16/2024) |

| | | |
|---|---|---|
| 12/16/2024 | 590 | Before the Court is Defendant William Raveis Real Estate Inc.'s Motion to Dismiss (Doc. # 305 ); Defendant Hanna Holdings Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer to the Western District of Pennsylvania (Doc. # 308 ); Defendant Crye−Leike Inc.'s 12(b)(2) and 12(b)(3) Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. # 315 ); Berkshire Hathaway Energy Company's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. # 333 ); Defendants Hanna Holdings, Inc., eXp World Holdings, Inc., eXp Realty, LLC, Weichert Real Estate Affiliates, Inc., Weichert Co., Berkshire Hathaway Energy Company, William Raveis Real Estate, Inc., Real Estate One, Inc., Inc., Crye−Leike Real Estate Services, and Illustrated Properties LLC's Motion to Dismiss Plaintiffs' Consolidated Amended Class Action Complaint (Doc. # 339 ); Defendants eXp World Holdings, Inc. and eXp Realty LLC's Rule 12(b) Motion to Dismiss (Doc. # 341 ); Defendant Windermere Real Estate Services Company Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. # 353 ); and Defendant William L. Lyon & Associates, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Doc. # 356 ). For the reasons set for in the order, Defendants' motions are DENIED. Signed on 12/16/2024 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 12/16/2024) |
| 12/16/2024 | 591 | In accordance with this Court's order granting final settlement approval (Doc. # 530 ), JUDGMENT is hereby entered pursuant to Federal Rule of Civil Procedure 54(b) as to the Class claims against the Compass, Real Brokerage, Realty One, @properties, Douglas Elliman, Redfin, Engel & Vlkers, HomeSmart, and United Real Estate Defendants ("Settling Defendants"). Signed on 12/16/2024 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 12/16/2024) |
| 12/18/2024 | 592 | REPLY SUGGESTIONS to motion re 313 MOTION to dismiss for lack of jurisdiction , 311 MOTION to dismiss for lack of jurisdiction *Defendants Weichert Real Estate Affiliates, Inc.'s and Weichert Co.'s Reply Suggestions in support of Motion to Dismiss for Lack of Personal Jurisdiction* filed by Dylan Ballard on behalf of Defendants Weichert Real Estate Affiliates, Inc., Weichert Co.. (Related document(s) 313 , 311 ) (Ballard, Dylan) (Entered: 12/18/2024) |
| 12/19/2024 | 593 | MOTION to clarify *590 December 16, 2024 Order* filed by David Gringer on behalf of Hanna Holdings, Inc.. Suggestions in opposition/response due by 1/2/2025 unless otherwise directed by the court. (Gringer, David) (Entered: 12/19/2024) |
| 12/19/2024 | 594 | MOTION to withdraw as attorney *(Paul, Weiss, Rifkind, Wharton & Garrison LLP Attorneys)* filed by Eyitayo St. Matthew−Daniel on behalf of Redfin Corporation. Suggestions in opposition/response due by 1/2/2025 unless otherwise directed by the court. (St. Matthew−Daniel, Eyitayo) (Entered: 12/19/2024) |
| 12/19/2024 | 595 | Before the Court is Defendant Hannah Holdings Inc.'s Motion to Clarify. (Doc. # 593 .) Upon review, the motion is DENIED. The Court previously found that Plaintiffs Don Gibson, Lauren Criss, John Meiners, Daniel Umpa (collectively "Plaintiffs") adequately showed that this Court has jurisdiction over Hannah Holdings Inc. (Doc. #590) and as such their request for transfer under 28 U.S.C. § 1631 is DENIED. Signed on 12/18/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 12/19/2024) |
| 12/19/2024 | 596 | Second MOTION to clarify *Orders 590 and 595* filed by David Gringer on behalf of Hanna Holdings, Inc.. Suggestions in opposition/response due by 1/2/2025 unless otherwise directed by the court. (Gringer, David) (Entered: 12/19/2024) |

| | | |
|---|---|---|
| 12/19/2024 | 597 | Before the Court is a Motion to Withdraw. (Doc. # 594 .) Upon review, the motion is GRANTED. It is hereby ORDERED that attorneys Eyitayo St. Matthew−Daniel, Karen L. Dunn, William A. Isaacson, Martha Goodman, and Bryon P. Becker are hereby WITHDRAWN as counsel for Defendant Redfin Corporation. Defendant Redfin Corporation will continue to be represented by its other counsel of record. Signed on 12/19/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 12/19/2024) |
| 12/19/2024 | 598 | Before the Court is Defendant Hannah Holdings Inc.'s Second Motion for Clarification. (Doc. # 596 .) Upon review, the motion is DENIED. 28 U.S.C. § 1404(a) mandates that the Court consider three factors when determining whether transfer is appropriate: (1) the convenience of parties; (2) the convenience of witnesses; and (3) the interests of justice. *See Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). However, a court is not limited to considering only these three factors, because transfer determinations "require a case−by−case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.* "In general, federal courts give considerable deference to a plaintiff's choice of forum...." *Id.* at 695. In considering the circumstances of the case and all relevant factors, the Court finds that transfer is not warranted under 28 U.S.C. § 1404. Further and for the sake of clarity, the Court previously found that Plaintiffs Don Gibson, Lauren Criss, John Meiners, Daniel Umpa (collectively "Plaintiffs") adequately showed that this Court has jurisdiction over Hannah Holdings Inc. (Doc. #590) and transfer is not warranted under 28 U.S.C. § 1631. Signed on 12/19/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 12/19/2024) |
| 12/19/2024 | 599 | MOTION for extension of time to file answer re 232 Amended Complaint,,,, *(Unopposed)* filed by Taylor Brooke Concannon Hausmann on behalf of Berkshire Hathaway Energy Company, Hanna Holdings, Inc., EXIT Realty Corp. International, EXIT Realty Corp. USA, Windermere Real Estate Services Company, Inc., William L Lyon & Associates, Inc., William Raveis Real Estate, Inc., Crye−Leike, Inc.. Suggestions in opposition/response due by 1/2/2025 unless otherwise directed by the court. (Related document(s) 232 ) (Concannon Hausmann, Taylor) (Entered: 12/19/2024) |
| 12/20/2024 | 600 | Before the Court is Defendants Berkshire Hathaway Energy Company, Hanna Holdings, Inc., William Raveis Real Estate, Inc., Crye−Leike, Inc., Windermere Real Estate Services Company Inc., William L. Lyon & Associates, Inc., EXIT Realty Corp. USA, and EXIT Realty Corp. International's (collectively "Defendants") Unopposed Motion for Extension of Time. (Doc. # 599 .) For good cause shown, the motion is GRANTED. The deadline for Defendants to answer the complaint is extended to on or before January 27, 2025. Signed on 12/20/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 12/20/2024) |
| 12/23/2024 | 601 | USCA Case Number from 8th Circuit Court of Appeals is 24−3564 for 587 Notice of Appeal filed by Knie & Shealy. (Terry, Jason) (Entered: 12/23/2024) |
| 12/24/2024 | 602 | MOTION for extension of time *Unopposed For Order to Answer the Complaint and File Its Reply Suggestions In Support of Its Motion to Reconsider* filed by James Andrew Morsch on behalf of eXp Realty, LLC, eXp World Holdings, Inc.. Suggestions in opposition/response due by 1/7/2025 unless otherwise directed by the court. (Morsch, James) (Entered: 12/24/2024) |

| | | |
|---|---|---|
| 12/26/2024 | 603 | Before the Court is Defendants eXp World Holdings, Inc. and eXp Realty, LLC's (collectively, eXp) Unopposed Motion for Extension of Time to Answer the Complaint and File Reply Suggestions in Support of their Motion to Reconsider. (Doc. # 602 .) For good cause shown, the motion is GRANTED. The deadline for Defendants to answer the complaint is extended to on or before January 27, 2025. The deadline for Defendants to file reply suggestions in support of their Motion to Reconsider is extended to on or before December 30, 2024. Signed on 12/26/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Sandusky, Karri) (Entered: 12/26/2024) |
| 12/30/2024 | 604 | Before the Court is Defendant Weichert Co.'s Motion to Dismiss (Doc. # 311 ) and Defendant Weichert Real Estate Affiliates, Inc.'s (WREA) Motion to Dismiss (Doc. # 313 ) (collectively Weichert). For the following reasons, Weichert's motions are DENIED. Signed on 12/30/2024 by District Judge Stephen R. Bough. (Sandusky, Karri) (Entered: 12/30/2024) |
| 12/30/2024 | 605 | Before the Court is Defendants Weichert Co. and Weichert Real Estate Affiliates, Inc.'s (collectively Weichert) Motion for Joinder in eXps Motion for Reconsideration. (Doc. # 554 .) For good cause shown, the motion is GRANTED. Weichert may join Defendant eXp's Motion for Reconsideration and join the Oral Argument concerning eXp's motion scheduled for January 8, 2024, at 9:00am. Signed on 12/30/2024 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Sandusky, Karri) (Entered: 12/30/2024) |
| 12/30/2024 | 606 | MOTION for certificate of appealability *and for a Stay pending Interlocutory Appeal* filed by Seth P. Waxman on behalf of Hanna Holdings, Inc.. Suggestions in opposition/response due by 1/13/2025 unless otherwise directed by the court. (Waxman, Seth) (Entered: 12/30/2024) |
| 12/30/2024 | 607 | SUGGESTIONS in support re 606 MOTION for certificate of appealability *and for a Stay pending Interlocutory Appeal* filed by Seth P. Waxman on behalf of Defendant Hanna Holdings, Inc.. (Related document(s) 606 ) (Waxman, Seth) (Entered: 12/30/2024) |
| 12/30/2024 | 608 | REPLY SUGGESTIONS to motion re 550 MOTION for reconsideration *of Court's Sua Sponte Order Compelling Settlement Discovery and In Camera Submission of Documents with Incorporated Suggestions in Support* filed by James Andrew Morsch on behalf of Defendants eXp Realty, LLC, eXp World Holdings, Inc.. (Attachments: # 1 Exhibit A: Hooper Plaintiffs Reponse to Gibson Plaintiffs Motion to Intervene, # 2 Exhibit B: Declaration of Brian Knight, # 3 Exhibit C: Long Form Settlement Agreement)(Related document(s) 550 ) (Morsch, James) (Entered: 12/30/2024) |
| 12/30/2024 | 609 | MOTION to join *Hanna Holdings, Inc.'s Motion to Certify Questions for Interlocutory Appeal and for a Stay Pending Interlocutory Appeal [ECF No. 606]* filed by Benjamin Diessel on behalf of William Raveis Real Estate, Inc.. Suggestions in opposition/response due by 1/13/2025 unless otherwise directed by the court. (Diessel, Benjamin) (Entered: 12/30/2024) |
| 12/30/2024 | 610 | STATUS REPORT *JOINT re Settlement with Baird & Warner Pursuant to ECF 556* by Don Gibson, Lauren Criss, John Meiners, Daniel Umpa. (Aiken, Alexander) (Entered: 12/30/2024) |
| 12/31/2024 | 611 | MOTION for reconsideration re 589 Order on Motion to Strike,,,,,,,,,,,,,, , MOTION to compel *Arbitration* filed by Taylor Brooke Concannon Hausmann on behalf of Berkshire Hathaway Energy Company. Suggestions in opposition/response due by |

| | | |
|---|---|---|
| | | 1/14/2025 unless otherwise directed by the court. (Related document(s) 589 ) (Concannon Hausmann, Taylor) (Entered: 12/31/2024) |
| 12/31/2024 | 612 | SUGGESTIONS in support re 611 MOTION for reconsideration re 589 Order on Motion to Strike,,,,,,,,,,,,,, MOTION to compel *Arbitration* filed by Taylor Brooke Concannon Hausmann on behalf of Defendant Berkshire Hathaway Energy Company. (Attachments: # 1 Exhibit Gressel Declaration − Exhibit Gressel Dec. Part 1 (EXHIBITS A − D), # 2 Exhibit Gressel Declaration − Exhibit Gressel Dec. Part 2 (EXHIBIT E), # 3 Exhibit Gressel Declaration − Exhibit Gressel Dec. Part 3 (EXHIBITS F − G), # 4 Exhibit Gressel Declaration − Exhibit Gressel Dec. Part 4 (EXHIBITS H − P), # 5 Exhibit Gressel Declaration − Exhibit Gressel Dec. Part 5 (EXHIBITS Q − T), # 6 Exhibit Gressel Declaration − Exhibit Gressel Dec. Part 6 (EXHIBITS U − Z), # 7 Exhibit Gressel Declaration − Exhibit Gressel Dec. Part 7 (EXHIBITS AA − CC), # 8 Exhibit Gressel Declaration − Exhibit Gressel Dec. Part 8 (EXHIBITS DD), # 9 Exhibit Gressel Declaration − Exhibit Gressel Dec. Part 9 (EXHIBITS EE − MM), # 10 Exhibit Gressel Declaration − Exhibit Gressel Dec. Part 10 (EXHIBITS NN), # 11 Exhibit Gressel Declaration − Exhibit Gressel Dec. Part 11 (EXHIBITS OO − TT))(Related document(s) 611 ) (Concannon Hausmann, Taylor) (Entered: 12/31/2024) |
| 01/03/2025 | 613 | NOTICE of change of address by Robert A Braun (Braun, Robert) (Entered: 01/03/2025) |
| 01/03/2025 | 614 | NOTICE OF HEARING − This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Discovery Hearing set for 1/8/2025 at 9:00 AM in Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough.<br><br>A memorandum of the discovery dispute, not to exceed 2 pages in length, should be emailed by each party no later than twenty−four hours prior to the hearing to Tracey Peters at Tracey_Peters@mow.uscourts.gov.<br><br>(Peters, Tracey) (Entered: 01/03/2025) |
| 01/06/2025 | 615 | MOTION for reconsideration re 589 Order on Motion to Strike,,,,,,,,,,,,,, filed by Benjamin Diessel on behalf of William Raveis Real Estate, Inc.. Suggestions in opposition/response due by 1/21/2025 unless otherwise directed by the court. (Related document(s) 589 ) (Diessel, Benjamin) (Entered: 01/06/2025) |
| 01/06/2025 | 616 | SUGGESTIONS in support re 615 MOTION for reconsideration re 589 Order on Motion to Strike,,,,,,,,,,,,,, filed by Benjamin Diessel on behalf of Defendant William Raveis Real Estate, Inc.. (Related document(s) 615 ) (Diessel, Benjamin) (Entered: 01/06/2025) |
| 01/07/2025 | 617 | MOTION for extension of time to file answer re 232 Amended Complaint,,,, *Unopposed Motion for Order Extending Time for Defendants Weichert Real Estate Affiliates, Inc. and Weichert Co. to Answer the Complaint* filed by Dylan Ballard on behalf of Weichert Real Estate Affiliates, Inc., Weichert Co.. Suggestions in opposition/response due by 1/21/2025 unless otherwise directed by the court. (Related document(s) 232 ) (Ballard, Dylan) (Entered: 01/07/2025) |
| 01/07/2025 | 618 | Before the Court is Defendants Weichert Real Estate Affiliates, Inc. and Weichert Co.'s (collectively "Weichert") Unopposed Motion for Order Extending Time for Defendants to Answer the Complaint. (Doc. # 617 .) Upon review, the motion is |

| | | |
|---|---|---|
| | | GRANTED. Weichert may answer Plaintiff's Consolidated Amended Class Action Complaint on or before February 10, 2025. Signed on 1/7/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 01/07/2025) |
| 01/08/2025 | 619 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: ORAL ARGUMENT held on 1/8/2025. Time in court: 9:02 a.m. to 9:45 a.m. To order a transcript of this hearing please contact Gayle Wambolt, 816−512−5641, gayle_wambolt@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 01/08/2025) |
| 01/08/2025 | 620 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: DISCOVERY HEARING held on 1/8/2025. Time in court: 9:45 a.m. to 9:59 a.m. To order a transcript of this hearing please contact Gayle Wambolt, 816−512−5641, gayle_wambolt@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 01/08/2025) |
| 01/08/2025 | 621 | Before the Court is Defendants eXp World Holdings, Inc. and eXp Realty, LLC's (collectively, "eXp") Motion for Reconsideration of Court's Sua Sponte Order Compelling Settlement Discovery and In Camera Submission of Documents. (Doc. # 550 .) For the reasons discussed in the order, the motion is DENIED. Signed on 1/8/2025 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 01/08/2025) |
| 01/09/2025 | 622 | Consent MOTION for extension of time to file response/reply as to 615 MOTION for reconsideration re 589 Order on Motion to Strike,,,,,,,,,,,,,, , 611 MOTION for reconsideration re 589 Order on Motion to Strike,,,,,,,,,,,,,, MOTION to compel *Arbitration* filed by Beatrice Franklin on behalf of All Plaintiffs. Suggestions in opposition/response due by 1/23/2025 unless otherwise directed by the court. (Related document(s) 615 , 611 ) (Franklin, Beatrice) (Entered: 01/09/2025) |
| 01/09/2025 | 623 | Consent MOTION for extension of time to file response/reply as to 606 MOTION for certificate of appealability *and for a Stay pending Interlocutory Appeal*, 609 MOTION to join *Hanna Holdings, Inc.'s Motion to Certify Questions for Interlocutory Appeal and for a Stay Pending Interlocutory Appeal [ECF No. 606]* filed by Jeremy M. Suhr on behalf of All Plaintiffs. Suggestions in opposition/response due by 1/23/2025 unless otherwise directed by the court. (Related document(s) 606 , 609 ) (Suhr, Jeremy) (Entered: 01/09/2025) |
| 01/10/2025 | 624 | Before the Court is Plaintiff Don Gibson, Lauren Criss, John Meiners, and Daniel Umpa's (collectively "Plaintiffs") Consent Motion for Extension of Time. (Doc. # 622 .) For good cause shown, the motion is GRANTED. The deadline for Plaintiffs to respond to Defendant Berkshire Hathaway Energy and Defendant William Raveis's Motions for Reconsideration and Motions to Compel is extended to on or before January 28, 2025. Plaintiffs may respond in one consolidated opposition to the motions not to exceed twenty−five (25) pages. The deadline for Defendant Berkshire Hathaway Energy and Defendant William Raveis to reply in support of their motions is extended to on or before February 18, 2025. Signed on 1/10/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 01/10/2025) |
| 01/10/2025 | 625 | MOTION for order certify for interlocutory review re 590 Order on Motion to Dismiss/Lack of Jurisdiction,,,,,,,,,,,,,,,,,,,,,, Order on Motion to Dismiss Case,,,,,, Order on Motion to Dismiss for Failure to State a Claim,,,,,,,,,,,,,,,, filed by Taylor Brooke Concannon Hausmann on behalf of Berkshire Hathaway Energy Company. |

| | | |
|---|---|---|
| | | Suggestions in opposition/response due by 1/24/2025 unless otherwise directed by the court. (Related document(s) 590 ) (Concannon Hausmann, Taylor) (Entered: 01/10/2025) |
| 01/10/2025 | 626 | SUGGESTIONS in support re 625 MOTION for order certify for interlocutory review re 590 Order on Motion to Dismiss/Lack of Jurisdiction,,,,,,,,,,,,,,,,,,,,, Order on Motion to Dismiss Case,,,,,, Order on Motion to Dismiss for Failure to State a Claim,,,,,,,,,,,,,,, *filed by Taylor Brooke Concannon Hausmann on behalf of Defendant Berkshire Hathaway Energy Company. (Related document(s) 625 ) (Concannon Hausmann, Taylor) (Entered: 01/10/2025)* |
| 01/13/2025 | 627 | ELECTRONIC TRANSCRIPT of Oral Arguments held January 8, 2025, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816−512−5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 44. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 1/21/2025 unless otherwise directed by the court. Release of Transcript Restriction set for 4/14/2025. NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.**<br><br>(Wambolt, Gayle) (Entered: 01/13/2025) |
| 01/13/2025 | 628 | Before the Court is Plaintiff Don Gibson, Lauren Criss, John Meiners, and Daniel Umpa's (collectively "Plaintiffs") Unopposed Motion for Extension of Time. (Doc. # 623 .) For good cause shown, the motion is GRANTED. The deadline for Plaintiffs to respond to Defendant Hanna Holdings, Inc.'s Motion to Certify Questions for Interlocutory Appeal and for Stay Pending Interlocutory Appeal (Doc. # 606 ) and Defendant William Raveis Real Estate, Inc.'s Motion to Join Hanna Holdings, Inc.'s Motion to Certify Questions for Interlocutory Appeal and For Stay Pending Interlocutory Appeal (Doc. # 609 ) is extended to on or before January 17, 2025. Signed on 1/13/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 01/13/2025) |
| 01/14/2025 | 629 | Before the Court is Defendant William Raveis Real Estate, Inc.'s Motion to Join Hanna Holdings, Inc.'s Motion to Certify Questions for Interlocutory Appeal and for Stay Pending Interlocutory Appeal. (Doc. # 609 .) For good cause shown, the motion is GRANTED. Signed on 1/14/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 01/14/2025) |
| 01/14/2025 | 630 | Before the Court is Defendant Berkshire Hathaway Energy Company's ("BHE") Motion for Reconsideration and Motion to Compel Arbitration. (Doc. # 611 .) "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs.*, 627 F.3d 716, 718 (8th Cir. 2010). However, the Court "has an interest in judicial economy and ensuring respect for the finality of its decisions, values that would be undermined if it were to routinely reconsider its interlocutory orders." *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 3:09−CV−05078−DGK, 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010). Therefore, a "district court has |

| | | |
|---|---|---|
| | | wide discretion over whether to grant a motion for reconsideration of a prior order[.]" *SPV−LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111 (8th Cir. 2019). Upon review, BHE's motion has been duly considered and is DENIED. As BHE's Motion to Compel Arbitration is a separate request outside the scope of a motion for reconsideration, it may be filed as a new motion. Signed on 1/14/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 01/14/2025) |
| 01/14/2025 | 631 | Before the Court is Defendant William Raveis Real Estate, Inc.'s ("Raveis") Motion for Reconsideration and Motion to Compel Arbitration And/Or Stay Proceedings Pending Arbitration. (Doc. # 615 .) "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs.*, 627 F.3d 716, 718 (8th Cir. 2010). However, the Court "has an interest in judicial economy and ensuring respect for the finality of its decisions, values that would be undermined if it were to routinely reconsider its interlocutory orders." *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 3:09−CV−05078−DGK, 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010). Therefore, a "district court has wide discretion over whether to grant a motion for reconsideration of a prior order[.]" *SPV−LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111 (8th Cir. 2019). Upon review, the motion has been duly considered and is DENIED. Further, Raveis' oral argument request on its motion is DENIED. As Raveis' Motion to Compel Arbitration And/Or Stay Proceedings Pending Arbitration is a separate request outside the scope of a motion for reconsideration, it may be filed as a new motion. Signed on 1/14/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 01/14/2025) |
| 01/15/2025 | 632 | Consent MOTION for extension of time to file response/reply filed by Jeremy M. Suhr on behalf of All Plaintiffs. Suggestions in opposition/response due by 1/29/2025 unless otherwise directed by the court. (Suhr, Jeremy) (Entered: 01/15/2025) |
| 01/16/2025 | 633 | Before the Court is Plaintiff Don Gibson, Lauren Criss, John Meiners, and Daniel Umpa's (collectively "Plaintiffs") Unopposed Motion for Extension of Time. (Doc. # 632 .) For good cause shown, the motion is GRANTED IN PART. The deadline for Plaintiffs to respond to Defendant Hanna Holdings, Inc.'s Motion to Certify Questions for Interlocutory Appeal and for Stay Pending Interlocutory Appeal (Doc. #606) and Defendant Berkshire Hathaway Energy Company's Motion to Certify the Court's Order Denying Berkshire Hathaway Energy Company's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue Pursuant to 28 U.S.C. § 1292(b) and For a Stay Pending Interlocutory Appeal (Doc. #625) is extended to on or before January 24, 2025. Plaintiffs' request for an extension to respond to Defendant William Raveis Real Estate, Inc.s Motion to Join Hanna Holdings, Inc.s Motion to Certify Questions for Interlocutory Appeal and For Stay Pending Interlocutory Appeal (Doc. #609) is DENIED AT MOOT. Signed on 1/16/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 01/16/2025) |
| 01/17/2025 | 634 | MOTION to compel *Arbitration and/or Stay Proceedings Pending Arbitration* filed by Benjamin Diessel on behalf of William Raveis Real Estate, Inc.. Suggestions in opposition/response due by 1/31/2025 unless otherwise directed by the court. (Diessel, Benjamin) (Entered: 01/17/2025) |
| 01/17/2025 | 635 | SUGGESTIONS in support re 634 MOTION to compel *Arbitration and/or Stay* |

| | | |
|---|---|---|
| | | *Proceedings Pending Arbitration* filed by Benjamin Diessel on behalf of Defendant William Raveis Real Estate, Inc.. (Related document(s) 634 ) (Diessel, Benjamin) (Entered: 01/17/2025) |
| 01/17/2025 | 636 | MOTION to compel *Arbitration* filed by Taylor Brooke Concannon Hausmann on behalf of Berkshire Hathaway Energy Company. Suggestions in opposition/response due by 1/31/2025 unless otherwise directed by the court. (Concannon Hausmann, Taylor) (Entered: 01/17/2025) |
| 01/17/2025 | 637 | ORDER. Signed on 1/17/2025 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 01/17/2025) |
| 01/17/2025 | 638 | SUGGESTIONS in support re 636 MOTION to compel *Arbitration* filed by Taylor Brooke Concannon Hausmann on behalf of Defendant Berkshire Hathaway Energy Company. (Attachments: # 1 Declaration of Gressel (Part 1 − Exhibits A−D), # 2 Part 2 − Exhibit E, # 3 Part 3 − Exhibits F−G, # 4 Part 4 − Exhibits H−P, # 5 Part 5 − Exhibits Q−T, # 6 Part 6 − Exhibits U−Z, # 7 Part 7 − Exhibits AA−CC, # 8 Part 8 − Exhibit DD, # 9 Part 9− Exhibits EE−MM, # 10 Part 10 − Exhibit NN, # 11 Part 11 − Exhibits OO−UU)(Related document(s) 636 ) (Concannon Hausmann, Taylor) (Entered: 01/17/2025) |
| 01/17/2025 | 639 | CERTIFICATE OF SERVICE by Hanna Holdings, Inc. *re. Amended Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents* filed by David Gringer on behalf of Defendant Hanna Holdings, Inc..(Gringer, David) (Entered: 01/17/2025) |
| 01/21/2025 | 640 | MOTION for reconsideration re 590 Order on Motion to Dismiss for Lack of Personal Jurisdiction,,,,,,,,,,,,,, filed by Marcus Angelo Manos on behalf of Crye−Leike, Inc.. Suggestions in opposition/response due by 2/4/2025 unless otherwise directed by the court. (Attachments: # 1 Exhibit Supplemental Declaration of Robert B. Robinson)(Related document(s) 590 ) (Manos, Marcus) Modified on 1/22/2025 to correct docket entry association. (Furtak, Rebecca). (Entered: 01/21/2025) |
| 01/21/2025 | 641 | SUGGESTIONS in support re 640 MOTION for reconsideration re 590 Order on Motion to Dismiss for Lack of Personal Jurisdiction,,,,,,,,,,,,,, filed by Marcus Angelo Manos on behalf of Defendant Crye−Leike, Inc.. (Related document(s) 640 ) (Manos, Marcus) Modified on 1/22/2025 to correct docket entry association. (Furtak, Rebecca). (Entered: 01/21/2025) |
| 01/21/2025 | 642 | MOTION for reconsideration re 589 Order on Motion to Strike,,,,,,,,,,,,,, filed by Marcus Angelo Manos on behalf of Crye−Leike, Inc.. Suggestions in opposition/response due by 2/4/2025 unless otherwise directed by the court. (Related document(s) 589 ) (Manos, Marcus) (Entered: 01/21/2025) |
| 01/21/2025 | 643 | SUGGESTIONS in support re 642 MOTION for reconsideration re 589 Order on Motion to Strike,,,,,,,,,,,,,, filed by Marcus Angelo Manos on behalf of Defendant Crye−Leike, Inc.. (Related document(s) 642 ) (Manos, Marcus) (Entered: 01/21/2025) |
| 01/22/2025 | 644 | MOTION for leave to file *Amended Suggestions in Support of Defendant's Motion to Compel* filed by Benjamin Diessel on behalf of William Raveis Real Estate, Inc.. Suggestions in opposition/response due by 2/5/2025 unless otherwise directed by the court. (Diessel, Benjamin) (Entered: 01/22/2025) |

| | | |
|---|---|---|
| 01/22/2025 | 645 | SUGGESTIONS in support re 644 MOTION for leave to file *Amended Suggestions in Support of Defendant's Motion to Compel* filed by Benjamin Diessel on behalf of Defendant William Raveis Real Estate, Inc.. (Attachments: # 1 Exhibit Declaration of Elizabeth Bennett, # 2 Exhibit 2 − Ex. 8 of Bennett Declaration, # 3 Exhibit 3 − Ex. 9 of Bennett Declaration, # 4 Exhibit 3 − Ex. 11 of Bennett Declaration)(Related document(s) 644 ) (Diessel, Benjamin) (Entered: 01/22/2025) |
| 01/22/2025 | 646 | Consent MOTION for extension of time to file response/reply as to 634 MOTION to compel *Arbitration and/or Stay Proceedings Pending Arbitration*, 636 MOTION to compel *Arbitration* filed by Beatrice Franklin on behalf of All Plaintiffs. Suggestions in opposition/response due by 2/5/2025 unless otherwise directed by the court. (Related document(s) 634 , 636 ) (Franklin, Beatrice) (Entered: 01/22/2025) |
| 01/22/2025 | 647 | CERTIFICATE OF SERVICE by Hanna Holdings, Inc. *re. Responses and Objections to Plaintiffs' First Set of Interrogatories* filed by David Gringer on behalf of Defendant Hanna Holdings, Inc..(Gringer, David) (Entered: 01/22/2025) |
| 01/23/2025 | 648 | Before the Court is Defendant Crye−Leike, Inc.'s ("Crye−Leike") Motion for Reconsideration or Order Denying Crye−Leike, Inc's 12(b)(2) & 12(b)(3) Motion to Dismiss for Lack of Personal Jurisdiction & Improper Venue (Doc. # 640 ) and Motion for Reconsideration of Order Denying Crye−Leike, Inc.'s 12(f) Motion to Strike Class Allegations as to Class Members Who Waived the Right to Participate in a Class Action. (Doc. # 642 .) "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs.*, 627 F.3d 716, 718 (8th Cir. 2010). However, the Court "has an interest in judicial economy and ensuring respect for the finality of its decisions, values that would be undermined if it were to routinely reconsider its interlocutory orders." *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 3:09−CV−05078−DGK, 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010). Therefore, a "district court has wide discretion over whether to grant a motion for reconsideration of a prior order[.]" *SPV−LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111 (8th Cir. 2019). Upon review, the motions have been duly considered and are both DENIED. Signed on 1/23/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 01/23/2025) |
| 01/23/2025 | 649 | Before the Court is Plaintiff Don Gibson, Lauren Criss, John Meiners, and Daniel Umpa's (collectively "Plaintiffs") Consented Motion for Extension of Time. (Doc. # 646 .) For good cause shown, the motion is GRANTED. The deadline for Plaintiffs to respond to Defendants Berkshire Hathaway Energy Company and William Raveis Real Estate Inc.s Motions to Compel (Doc. #636, Doc. #634) is extended to on or before February 7, 2025. Plaintiffs may submit one consolidated opposition to the two motions, not to exceed twenty−five (25) pages. Defendants Berkshire Hathaway Energy Company and William Raveis Real Estate Inc. may file any replies in support of their motions on or before February 28, 2025. Signed on 1/23/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 01/23/2025) |
| 01/23/2025 | 650 | Before the Court is Defendant William Raveis Real Estate, Inc.'s Motion for Leave to File Amended Suggestions in Support of Defendant William Raveis Real Estate, Inc.'s Motion to Compel Arbitration and/or Stay Proceedings Pending Arbitration. (Doc. # 644 .) For good cause shown, the motion is GRANTED. Defendant William Raveis Real Estate, Inc. may file its amended Suggestions in Support within three |

| | | |
|---|---|---|
| | | days of this Order. Signed on 1/23/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 01/23/2025) |
| 01/24/2025 | 651 | SUGGESTIONS in support re 634 MOTION to compel *Arbitration and/or Stay Proceedings Pending Arbitration* filed by Benjamin Diessel on behalf of Defendant William Raveis Real Estate, Inc.. (Attachments: # 1 Exhibit Declaration of Elizabeth Bennett, # 2 Exhibit 8, # 3 Exhibit 9, # 4 Exhibit 11)(Related document(s) 634 ) (Diessel, Benjamin) (Entered: 01/24/2025) |
| 01/24/2025 | 652 | MOTION for certificate of appealability *and for Stay Pending Interlocutory Appeal* filed by Marcus Angelo Manos on behalf of Crye−Leike, Inc.. Suggestions in opposition/response due by 2/7/2025 unless otherwise directed by the court. (Manos, Marcus) (Entered: 01/24/2025) |
| 01/24/2025 | 653 | SUGGESTIONS in support re 652 MOTION for certificate of appealability *and for Stay Pending Interlocutory Appeal* filed by Marcus Angelo Manos on behalf of Defendant Crye−Leike, Inc.. (Related document(s) 652 ) (Manos, Marcus) (Entered: 01/24/2025) |
| 01/24/2025 | 654 | SUGGESTIONS in opposition re 625 MOTION for order certify for interlocutory review re 590 Order on Motion to Dismiss/Lack of Jurisdiction,,,,,,,,,,,,,,,,,,,,, Order on Motion to Dismiss Case,,,,,, Order on Motion to Dismiss for Failure to State a Claim,,,,,,,,,,,,,,,, , *606 MOTION for certificate of appealability and for a Stay pending Interlocutory Appeal filed by Jeremy M. Suhr on behalf of Plaintiffs Don Gibson, Lauren Criss, John Meiners, Daniel Umpa. Reply suggestions due by 2/7/2025 unless otherwise directed by the court. (Related document(s) 625 , 606 ) (Suhr, Jeremy) (Entered: 01/24/2025)* |
| 01/27/2025 | 655 | MOTION for order *Plaintiffs' Motion and Suggestions in Support for Preliminary Approval of Settlements with Defendants Real Estate One and Baird & Warner; Certification of Settlement Classes; and Appointment of Class Representatives and Settlement Class Counsel* filed by Steve W. Berman on behalf of Don Gibson, Lauren Criss, John Meiners, Daniel Umpa. Suggestions in opposition/response due by 2/10/2025 unless otherwise directed by the court. (Attachments: # 1 Declaration of Steve W. Berman)(Berman, Steve) (Entered: 01/27/2025) |
| 01/27/2025 | 656 | ANSWER to 232 Amended Complaint,,,, on behalf of EXIT Realty Corp. International, EXIT Realty Corp. USA.(Brodzik, James) (Entered: 01/27/2025) |
| 01/27/2025 | 657 | *Berkshire Hathaway Energy Company's* ANSWER to 232 Amended Complaint,,,, on behalf of Berkshire Hathaway Energy Company.(Simon, Jeffrey) (Entered: 01/27/2025) |
| 01/27/2025 | 658 | ANSWER to 232 Amended Complaint,,,, on behalf of Crye−Leike, Inc..(Manos, Marcus) (Entered: 01/27/2025) |
| 01/27/2025 | 659 | ANSWER to 232 Amended Complaint,,,, on behalf of Hanna Holdings, Inc..(Gringer, David) (Entered: 01/27/2025) |
| 01/27/2025 | 660 | ANSWER to Complaint with Jury Demand on behalf of William Raveis Real Estate, Inc..(Diessel, Benjamin) (Entered: 01/27/2025) |
| 01/27/2025 | 661 | ANSWER to 232 Amended Complaint,,,, on behalf of Windermere Real Estate Services Company, Inc..(Duckers, Edward) (Entered: 01/27/2025) |

| | | |
|---|---|---|
| 01/27/2025 | 662 | ANSWER to 232 Amended Complaint,,,, on behalf of William L Lyon & Associates, Inc..(Duckers, Edward) (Entered: 01/27/2025) |
| 01/28/2025 | 663 | Before the Court is Plaintiffs' Motion and Suggestions in Support of Motion for Preliminary Approval of Settlements (Doc. # 655 ) with Defendants Real Estate One, Inc. ("Real Estate One") and Baird & Warner Real Estate, Inc. ("Baird & Warner") (together the "Settling Defendants," and together with Plaintiffs, the "Settling Parties"). Upon review, the Motion is GRANTED. Signed on 1/28/2025 by District Judge Stephen R. Bough. (Peters, Tracey) Modified on 1/28/2025 to amend docket text to remove "This is a TEXT ONLY EVENT". (Kern, Kendra) (Entered: 01/28/2025) |
| 01/29/2025 | 664 | BRIEFING SCHEDULE from 8th Circuit Court of Appeals for 587 Notice of Appeal filed by Knie & Shealy, 563 Notice of Appeal filed by Robert Friedman, 561 Notice of Appeal filed by James Mullis, 558 Notice of Appeal filed by Monty March. Transcript due by 3/10/2025. (Terry, Jason) (Entered: 01/29/2025) |
| 01/31/2025 | 665 | ANSWER to 232 Amended Complaint,,,, on behalf of eXp Realty, LLC, eXp World Holdings, Inc..(Morsch, James) (Entered: 01/31/2025) |
| 02/05/2025 | 666 | MOTION to stay *and Notice of Pending Settlement with Incorporated Suggestions in Support* filed by Marcus Angelo Manos on behalf of Crye−Leike, Inc.. Suggestions in opposition/response due by 2/19/2025 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1. Declaration of Steve Brown)(Manos, Marcus) (Entered: 02/05/2025) |
| 02/07/2025 | 667 | REPLY SUGGESTIONS to motion re 606 MOTION for certificate of appealability *and for a Stay pending Interlocutory Appeal (in Support)* filed by Seth P. Waxman on behalf of Defendant Hanna Holdings, Inc.. (Related document(s) 606 ) (Waxman, Seth) (Entered: 02/07/2025) |
| 02/07/2025 | 668 | SUGGESTIONS in opposition re 634 MOTION to compel *Arbitration and/or Stay Proceedings Pending Arbitration*, 636 MOTION to compel *Arbitration* filed by Beatrice Franklin on behalf of Plaintiffs Don Gibson, Lauren Criss, John Meiners, Daniel Umpa. Reply suggestions due by 2/21/2025 unless otherwise directed by the court. (Related document(s) 634 , 636 ) (Franklin, Beatrice) (Entered: 02/07/2025) |
| 02/07/2025 | 669 | RESPONSE to motion re 606 MOTION for certificate of appealability *and for a Stay pending Interlocutory Appeal* filed by Benjamin Diessel on behalf of Defendant William Raveis Real Estate, Inc.. Reply suggestions due by 2/21/2025 unless otherwise directed by the court. (Diessel, Benjamin) (Entered: 02/07/2025) |
| 02/07/2025 | 670 | SUGGESTIONS in opposition re 652 MOTION for certificate of appealability *and for Stay Pending Interlocutory Appeal* filed by Jeremy M. Suhr on behalf of Plaintiffs Don Gibson, Lauren Criss, John Meiners, Daniel Umpa. Reply suggestions due by 2/21/2025 unless otherwise directed by the court. (Related document(s) 652 ) (Suhr, Jeremy) (Entered: 02/07/2025) |
| 02/07/2025 | 671 | REPLY SUGGESTIONS to motion re 625 MOTION for order certify for interlocutory review re 590 Order on Motion to Dismiss/Lack of Jurisdiction,,,,,,,,,,,,,,,,,,,,, Order on Motion to Dismiss Case,,,,,, Order on Motion to Dismiss for Failure to State a Claim,,,,,,,,,,,,,,,, *filed by Jeffrey J. Simon on behalf of Defendant Berkshire Hathaway Energy Company. (Related document(s) 625 ) (Simon, Jeffrey) (Entered: 02/07/2025)* |

| | | |
|---|---|---|
| 02/10/2025 | 672 | NOTICE OF HEARING − This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Final Settlement Approval Hearing set for 6/24/2025 at 1:30 PM in Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 02/10/2025) |
| 02/10/2025 | 673 | MOTION for order Approve Form and Manner of Class Counsel *Unopposed Motion to Approve Form and Manner of Class Notice* filed by Jeannie Evans on behalf of All Plaintiffs. Suggestions in opposition/response due by 2/24/2025 unless otherwise directed by the court. (Attachments: # 1 Exhibit − A, # 2 Exhibit − B, # 3 Exhibit − C)(Evans, Jeannie) (Entered: 02/10/2025) |
| 02/10/2025 | 674 | Before the Court is Defendants Hanna Holdings, Inc. and William Raveis Real Estate, Inc.'s Motion to Certify Questions for Interlocutory Appeal and for a Stay Pending Interlocutory Appeal. (Doc. # 606 .) Title 28 U.S.C. § 1292(b) permits an interlocutory appeal of a non−final decision if the district court finds that: "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Union County, Iowa v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 646 (8th Cir. 2008) (quotation marks and citation omitted). Motions to certify an interlocutory appeal pursuant to § 1292(b) "must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). Upon review, the Court finds Hanna Holdings, Inc. and William Raveis Real Estate, Inc. have not met their heavy burden and an interlocutory appeal in this matter is not warranted. Therefore, the motion is DENIED. Signed on 2/10/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 02/10/2025) |
| 02/10/2025 | 675 | Before the Court is Defendant Berkshire Hathaway Energy Company's ("BHE") Motion to Certify the Courts Order Denying Berkshire Hathaway Energy Company's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and for a Stay Pending Interlocutory Appeal. (Doc. # 625 .) Title 28 U.S.C. § 1292(b) permits an interlocutory appeal of a non−final decision if the district court finds that: "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Union County, Iowa v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 646 (8th Cir. 2008) (quotation marks and citation omitted). Motions to certify an interlocutory appeal pursuant to § 1292(b) "must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). Upon review, the Court finds BHE has not met its heavy burden and an interlocutory appeal in this matter is not warranted. Therefore, the motion is DENIED. Signed on 2/10/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 02/10/2025) |
| 02/10/2025 | 676 | ANSWER to 232 Amended Complaint,,,, on behalf of Weichert Real Estate Affiliates, Inc., Weichert Co..(Ballard, Dylan) (Entered: 02/10/2025) |
| 02/11/2025 | 677 | Before the Court is Plaintiffs' Unopposed Motion to Approve Form and Manner of Class Notice. (Doc. # 673 .) For good cause stated, the motion is GRANTED. The parties shall issue notice substantially in conformance with the language in the notices provided to the Court. Signed on 2/11/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) |

| | | |
|---|---|---|
| | | (Entered: 02/11/2025) |
| 02/19/2025 | 678 | SUGGESTIONS in opposition re 666 MOTION to stay *and Notice of Pending Settlement with Incorporated Suggestions in Support* filed by Robert A Braun on behalf of Plaintiffs Don Gibson, Lauren Criss, John Meiners, Daniel Umpa. Reply suggestions due by 3/5/2025 unless otherwise directed by the court. (Attachments: # 1 Declaration of Sabrina S. Merold, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F)(Related document(s) 666 ) (Braun, Robert) (Entered: 02/19/2025) |
| 02/21/2025 | 679 | NOTICE to take deposition of Corporate Representative of eXp World Holdings, Inc. and eXp Realty, LLC filed by Brandon J.B. Boulware on behalf of Plaintiffs Don Gibson, Lauren Criss, John Meiners, Daniel Umpa.(Boulware, Brandon) (Entered: 02/21/2025) |
| 02/21/2025 | 680 | NOTICE to take deposition of Corporate Representative of Weichert Co. and Weichert Real Estate Affiliates, Inc. filed by Brandon J.B. Boulware on behalf of Plaintiffs Don Gibson, Lauren Criss, John Meiners, Daniel Umpa.(Boulware, Brandon) (Entered: 02/21/2025) |
| 02/21/2025 | 681 | CERTIFICATE OF SERVICE by Hanna Holdings, Inc. *For Amended Responses and Objections to Plaintiffs' First Set of Interrogatories* filed by David Gringer on behalf of Defendant Hanna Holdings, Inc..(Gringer, David) (Entered: 02/21/2025) |
| 02/21/2025 | 682 | REPLY SUGGESTIONS to motion re 652 MOTION for certificate of appealability *and for Stay Pending Interlocutory Appeal* filed by Marcus Angelo Manos on behalf of Defendant Crye−Leike, Inc.. (Related document(s) 652 ) (Manos, Marcus) (Entered: 02/21/2025) |
| 02/24/2025 | 683 | Before the Court is Defendant Crye−Leike, Inc.'s ("Crye−Leike") Motion to Certify Questions for Interlocutory Appeal and For Stay Pending Interlocutory Appeal. (Doc. # 652 .) 28 U.S.C. § 1292(b) permits an interlocutory appeal of a non−final decision if the district court finds that: "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Union County, Iowa v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 646 (8th Cir. 2008) (quotation marks and citation omitted). Motions to certify an interlocutory appeal pursuant to § 1292(b) "must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). Upon review, the Court finds Crye−Leike has not met its heavy burden and an interlocutory appeal in this matter is not warranted. Therefore, the motion is DENIED. Signed on 2/24/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 02/24/2025) |
| 02/24/2025 | 684 | Before the Court is Defendant William Raveis Real Estate, Inc.'s ("Raveis") Motion to Compel Arbitration and/or Stay Proceedings Pending Arbitration Pursuant to Sections 3 and 4 of the Federal Arbitration Act (Doc. # 634 ) and Defendant Berkshire Hathaway Energy Company's ("BHE") Motion to Compel Arbitration (Doc. # 636 ). "Arbitration agreements are favored by federal law and will be enforced as long as a valid agreement exists and the dispute falls within the scope of that agreement." *Shockley v. PrimeLending*, 929 F.3d 1012, 1017 (8th Cir. 2019) (internal quotation marks omitted). Notwithstanding arbitration's "favored status," "parties cannot be compelled to arbitrate unless they have contractually agreed to be |

| | | |
|---|---|---|
| | | bound by arbitration." Id. However, absent class members are not parties to a case until a class is certified. See *H&T Fair Hills, Ltd. v. All. Pipeline L.P.*, 76 F.4th 1093, 1100 (8th Cir. 2023). Accordingly, "courts repeatedly have held that the earliest time to move to compel arbitration is after class certification" because "at that juncture, previously putative class members first become subject to a court's jurisdiction." *Chen−Oster v. Goldman, Sachs & Co.*, 449 F. Supp. 3d 216, 234 (S.D.N.Y. 2010); *see also, e.g., Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1238 (11th Cir. 2018) (it "would have been impossible in practice to compel arbitration against speculative plaintiffs" before certification). Further, as the Court has outlined in its previous Order (Doc. # 589 ), Raveis and BHE are non−signatories. As this Court and the Eighth Circuit have previously held, nonparties cannot enforce contracts and therefore cannot compel arbitration. *See Burnett v. Nat'l Assn of Realtors*, 75 F.4th 975, 982−983 (8th Cir. 2023) (*"Burnett II"*); *Burnett v. Nat'l Ass'n of Realtors*, 615 F. Supp. 3d 948, 958−959 (W.D. Mo. 2022) (*"Burnett I"*). Finally, turning to the parties' alternative motions to stay the case, in *Coinbase*, the question of whether to stay proceedings pending an interlocutory appeal on the question of arbitrability involved whether *Coinbase* as a party to the arbitration agreement could compel arbitration. See *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 738 (2023). Here, unlike *Coinbase*, Raveis and BHE are non−parties attempting to compel arbitration. Further, as class certification has not occurred, putative non−party class members are not subject to the Court's jurisdiction. Therefore, the Court declines to stay the proceedings in this litigation. For the foregoing reasons, the motions are DENIED. Signed on 2/24/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 02/24/2025) |
| 02/27/2025 | 685 | MOTION to withdraw as attorney filed by Stephen McIntyre on behalf of The Real Brokerage, Inc., Real Broker, LLC. Suggestions in opposition/response due by 3/13/2025 unless otherwise directed by the court. (McIntyre, Stephen) (Entered: 02/27/2025) |
| 02/27/2025 | 686 | Before the Court is a Motion to Withdraw as Attorney. (Doc. # 685 .) For good cause shown, the motion is GRANTED. It is hereby ORDERED that Stephen J. McIntyre is hereby WITHDRAWN as counsel of record for Defendant The Real Brokerage, Inc. and Defendant Real Broker, LLC (collectively "Defendants"). Defendants shall continue to be represented by their other counsel of record. Signed on 2/27/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 02/27/2025) |
| 03/05/2025 | 687 | REPLY SUGGESTIONS to motion re 666 MOTION to stay *and Notice of Pending Settlement with Incorporated Suggestions in Support* filed by Marcus Angelo Manos on behalf of Defendant Crye−Leike, Inc.. (Related document(s) 666 ) (Manos, Marcus) (Entered: 03/05/2025) |
| 03/10/2025 | 688 | MOTION for recusal *of the Honorable Stephen R. Bough* filed by David Gringer on behalf of Hanna Holdings, Inc.. Suggestions in opposition/response due by 3/24/2025 unless otherwise directed by the court. (Gringer, David) (Entered: 03/10/2025) |
| 03/10/2025 | 689 | SUGGESTIONS in support re 688 MOTION for recusal *of the Honorable Stephen R. Bough* filed by David Gringer on behalf of Defendant Hanna Holdings, Inc.. (Attachments: # 1 Declaration of David Gringer in Support, # 2 Declaration of John R. Brumberg, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12)(Related document(s) 688 ) (Gringer, David) (Entered: |

| | | |
|---|---|---|
| | | 03/10/2025) |
| 03/11/2025 | 690 | Before the Court is Defendant Crye−Leike, Inc.'s Notice of Pending Settlement and Motion to Stay Case as to Defendant Crye−Leike, Inc. (Doc. # 666 .) Upon review, the Court finds that Crye−Leike is not a released party pursuant to the terms of the NAR settlement. Therefore, a stay in the proceedings is not warranted and the motion is DENIED. Signed on 3/11/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 03/11/2025) |
| 03/12/2025 | 691 | MOTION to stay *(Notice of Pending Settlement and Joint Motion to Stay Case as to William Raveis Real Estate, Inc.)* filed by Benjamin Diessel on behalf of William Raveis Real Estate, Inc.. Suggestions in opposition/response due by 3/26/2025 unless otherwise directed by the court. (Diessel, Benjamin) (Entered: 03/12/2025) |
| 03/20/2025 | 692 | Judgment and Mandate from 8th Circuit Court of Appeals regarding 25−1352. Petition for writ of mandamus has been considered by the court and is denied. The district court is hereby directed to address the pending motion to transfer in light of In re Apple, Inc., 602 F.3d 909, 911 (8th Cir. 2010). (Attachments# 1 Mandate)(Terry, Jason) (Entered: 03/20/2025) |
| 03/20/2025 | 693 | MOTION for leave to file excess pages filed by Scott A McCreight on behalf of All Plaintiffs. Suggestions in opposition/response due by 4/3/2025 unless otherwise directed by the court. (Attorney Scott A McCreight added to party Daniel Umpa(pty:pla))(McCreight, Scott) (Entered: 03/20/2025) |
| 03/21/2025 | 694 | Before the Court is Plaintiffs' Motion for Leave to File Excess Pages. (Doc. # 693 .) For good cause shown, the motion is GRANTED. Plaintiffs' Suggestions in Opposition to Defendant Hanna Holdings, Inc.'s Motion for Recusal may exceed the page limitation by (5) five pages. Signed on 3/21/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 03/21/2025) |
| 03/21/2025 | 695 | The 8th Circuit has returned a mandate on the transfer of venue issue raised by Hanna Holdings. Hanna Holdings is encouraged to file an updated Motion to Transfer based upon In re Apple, Inc., 602 F.3d 909 (8th Cir. 2010). Signed on 3/21/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Sandusky, Karri) (Entered: 03/21/2025) |
| 03/21/2025 | 696 | NOTICE OF APPEAL by Berkshire Hathaway Energy Company. Filing fee $ 605, receipt number AMOWDC−9494358. (Concannon Hausmann, Taylor) (Entered: 03/21/2025) |
| 03/21/2025 | 697 | NOTICE OF APPEAL as to 684 Order on Motion to Compel,,,,,,,,,,,,,,,,,,,, by Berkshire Hathaway Energy Company. Filing fee $ 605, receipt number AMOWDC−9494359. (Concannon Hausmann, Taylor) (Entered: 03/21/2025) |
| 03/21/2025 | | NOTICE OF DOCKET MODIFICATION. A modification has been made to the document filed on 03/21/2025 as Document No. 697, Notice of Appeal. The document has been deleted per counsel as it was a duplicate filing of docket entry 696 . This is a text entry only − no document is attached. (Grube, Cheyenne) (Entered: 03/21/2025) |
| 03/21/2025 | 698 | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 696 Notice of Appeal. (Terry, Jason) |

| | | |
|---|---|---|
| | | (Entered: 03/21/2025) |
| 03/24/2025 | 699 | USCA Case Number from 8th Circuit Court of Appeals is 25−1573 for 696 Notice of Appeal filed by Berkshire Hathaway Energy Company. Briefing schedule entered by the Court of Appeals is attached. (Attachments: # 1 Schedule)(Terry, Jason) (Entered: 03/24/2025) |
| 03/24/2025 | 700 | CERTIFICATE OF SERVICE by Crye−Leike, Inc. *First Amended and Supplemental Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents* filed by Marcus Angelo Manos on behalf of Defendant Crye−Leike, Inc..(Manos, Marcus) (Entered: 03/24/2025) |
| 03/24/2025 | 701 | SUGGESTIONS in opposition re 688 MOTION for recusal *of the Honorable Stephen R. Bough* filed by Scott A McCreight on behalf of Plaintiffs Don Gibson, Lauren Criss, John Meiners, Daniel Umpa. Reply suggestions due by 4/7/2025 unless otherwise directed by the court. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4)(Related document(s) 688 ) (McCreight, Scott) (Entered: 03/24/2025) |
| 03/26/2025 | 702 | MOTION for attorney fees *Plaintiffs' Motion for Attorneys' Fees and Costs and Suggestions in Support Thereof* filed by Eric L. Dirks on behalf of Don Gibson, Lauren Criss, John Meiners, Daniel Umpa. Suggestions in opposition/response due by 4/9/2025 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1 − Declaration of Eric Dirks, # 2 Exhibit 2 − Declaration of Michael Ketchmark, # 3 Exhibit 3 − Declaration of Brandon Boulware, # 4 Exhibit 4 − Declaration of Steve Berman, # 5 Exhibit 5 − Declaration of Marc Seltzer, # 6 Exhibit 6 − Declaration of Robert Braun, # 7 Exhibit 7 − Declaration of Jeffrey Campisi, # 8 Exhibit 8 − Declaration of Julie Pettit, # 9 Exhibit 9 − Declaration of Michael Hurst, # 10 Exhibit 10 − Declaration of Professor Robert Klonoff)(Dirks, Eric) (Entered: 03/26/2025) |
| 03/27/2025 | 703 | Before this Court is a Joint Motion to Stay as to defendant William Raveis Estate, Inc (Doc. # 691 ). For good cause stated, the deadlines as to defendant William Raveis Estate, Inc are stayed and the Motion is granted. Signed on 3/27/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 03/27/2025) |
| 03/27/2025 | 704 | CERTIFICATE OF SERVICE by Hanna Holdings, Inc. *re: First Amended Disclosures* filed by David Gringer on behalf of Defendant Hanna Holdings, Inc..(Gringer, David) (Entered: 03/27/2025) |
| 03/27/2025 | 705 | MOTION to reassign/transfer case *(Updated)* filed by David Gringer on behalf of Hanna Holdings, Inc.. Suggestions in opposition/response due by 4/10/2025 unless otherwise directed by the court. (Gringer, David) (Entered: 03/27/2025) |
| 03/27/2025 | 706 | SUGGESTIONS in support re 705 MOTION to reassign/transfer case *(Updated)* filed by David Gringer on behalf of Defendant Hanna Holdings, Inc.. (Attachments: # 1 Declaration of Tracy Rosetti Delvaux)(Related document(s) 705 ) (Gringer, David) (Entered: 03/27/2025) |
| 03/27/2025 | 707 | MOTION to join *Defendant Hanna Holdings, Inc.'s Motion for Recusal 688 and Suggestions in Support 689* filed by Andrew G. Gordon on behalf of Berkshire Hathaway Energy Company. Suggestions in opposition/response due by 4/10/2025 unless otherwise directed by the court. (Gordon, Andrew) (Entered: 03/27/2025) |
| 04/01/2025 | 708 | |

| | | |
|---|---|---|
| | | MOTION for leave to file excess pages *for Reply Suggestions in Support of Motion for Recusal of the Honorable Stephen R. Bough (Unopposed)* filed by David Gringer on behalf of Hanna Holdings, Inc.. Suggestions in opposition/response due by 4/15/2025 unless otherwise directed by the court. (Gringer, David) (Entered: 04/01/2025) |
| 04/02/2025 | 709 | Before the Court is Defendant Hanna Holdings, Inc.'s Motion for Leave to File Excess Pages. (Doc. # 708 .) For good cause shown, the motion is GRANTED. Defendant Hanna Holdings, Inc.'s reply suggestions to its Motion for Recusal may exceed the page limitation by (5) five pages. Signed on 4/2/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 04/02/2025) |
| 04/02/2025 | 710 | Before the Court is Defendant Berkshire Hathaway Energy Company's unopposed Motion to Join Defendant Hanna Holdings, Inc.'s Motion for Recusal. (Doc. # 707 .) For good cause shown, the motion to join is GRANTED. Signed on 4/2/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 04/02/2025) |
| 04/07/2025 | 711 | REPLY SUGGESTIONS to motion re 688 MOTION for recusal *of the Honorable Stephen R. Bough* filed by David Gringer on behalf of Defendant Hanna Holdings, Inc.. (Attachments: # 1 Supplemental Declaration of David Z. Gringer, # 2 Declaration of Bruce A. Green, # 3 Exhibit A to Green Declaration)(Related document(s) 688 ) (Gringer, David) (Entered: 04/07/2025) |
| 04/07/2025 | 712 | AFFIDAVIT *Declaration of Natalie Hocken in Support of Berkshire Hathaway Energy Companys Motion to Transfer* by Berkshire Hathaway Energy Company. (Concannon Hausmann, Taylor) (Entered: 04/07/2025) |
| 04/07/2025 | 713 | MOTION to reassign/transfer case *BHEs Motion to Transfer Pursuant to 28 U.S.C. § 1404* filed by Taylor Concannon Hausmann on behalf of Berkshire Hathaway Energy Company. Suggestions in opposition/response due by 4/21/2025 unless otherwise directed by the court. (Concannon Hausmann, Taylor) (Entered: 04/07/2025) |
| 04/07/2025 | 714 | SUGGESTIONS in support re 713 MOTION to reassign/transfer case *BHEs Motion to Transfer Pursuant to 28 U.S.C. § 1404* filed by Taylor Concannon Hausmann on behalf of Defendant Berkshire Hathaway Energy Company. (Related document(s) 713 ) (Concannon Hausmann, Taylor) (Entered: 04/07/2025) |
| 04/07/2025 | 715 | USCA Judgment as to 696 Notice of Appeal filed by Berkshire Hathaway Energy Company **This is a preliminary judgment of U.S. Court of Appeals; jurisdiction is not recovered until the Mandate is issued by the U.S Court of Appeals.** Appellant's motion to dismiss the appeal is granted. The appeal is hereby dismissed in accordance with the Federal Rules of Appellate Procedure 42(b). (Terry, Jason) (Entered: 04/08/2025) |
| 04/07/2025 | 716 | MANDATE of US COURT OF APPEALS as to 696 Notice of Appeal filed by Berkshire Hathaway Energy Company with mandate issued on 04/07/2025. (Terry, Jason) (Entered: 04/08/2025) |
| 04/08/2025 | 717 | MOTION for extension of time to file response/reply as to 705 MOTION to reassign/transfer case *(Updated)*, 713 MOTION to reassign/transfer case *BHEs Motion to Transfer Pursuant to 28 U.S.C. § 1404 and For Leave to File Excess Pages* filed by Robert A Braun on behalf of Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. Suggestions in opposition/response due by 4/22/2025 unless otherwise |

| | | |
|---|---|---|
| | | directed by the court. (Related document(s) 705 , 713 ) (Braun, Robert) (Entered: 04/08/2025) |
| 04/08/2025 | 718 | NOTICE of settlement *Notice of Pending Settlement and Joint Motion to Stay Case as to EXIT Realty Corp. International and EXIT Realty Corp. USA* by Lauren Criss, Don Gibson, John Meiners, Daniel Umpa (Braun, Robert) (Entered: 04/08/2025) |
| 04/08/2025 | 719 | MOTION to join *Hanna Holding, Inc.'s Motion for Recusal* filed by Marcus Angelo Manos on behalf of Crye−Leike, Inc.. Suggestions in opposition/response due by 4/22/2025 unless otherwise directed by the court. (Manos, Marcus) (Entered: 04/08/2025) |
| 04/08/2025 | 720 | SUGGESTIONS in opposition re 717 MOTION for extension of time to file response/reply as to 705 MOTION to reassign/transfer case *(Updated)*, 713 MOTION to reassign/transfer case *BHEs Motion to Transfer Pursuant to 28 U.S.C. § 1404 and For Leave to Fil filed by David Gringer on behalf of Defendant Hanna Holdings, Inc.. Reply suggestions due by 4/22/2025 unless otherwise directed by the court. (Related document(s) 717 ) (Gringer, David) (Entered: 04/08/2025)* |
| 04/09/2025 | 721 | REPLY SUGGESTIONS to motion re 717 MOTION for extension of time to file response/reply as to 705 MOTION to reassign/transfer case *(Updated)*, 713 MOTION to reassign/transfer case *BHEs Motion to Transfer Pursuant to 28 U.S.C. § 1404 and For Leave to Fil filed by Robert A Braun on behalf of Plaintiffs Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. (Related document(s) 717 ) (Braun, Robert) (Entered: 04/09/2025)* |
| 04/10/2025 | 722 | Before the Court is Defendant Crye−Leike's unopposed Motion to Join Defendant Hanna Holdings, Inc.'s Motion for Recusal. (Doc. # 719 .) For good cause shown, the motion to join is GRANTED. Signed on 4/10/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 04/10/2025) |
| 04/10/2025 | 723 | Before to the Court is Plaintiffs' Motion for Extension of Time to File a Response to Defendant Hanna Holdings' Motion to Transfer (Doc. # 705 ) and Defendant Berkshire Hathaway's Motion to Transfer (Doc. # 713 ) and Motion for Leave to File Excess Pages. (Doc. # 717 .) For good cause shown, Plaintiffs' Motion is GRANTED. Plaintiffs shall file consolidated suggestions in opposition to Defendants' motions to transfer, including Defendant Crye−Leike's forthcoming motion to transfer, on or before April 18, 2025. Plaintiffs' suggestions in opposition may exceed the page limitation by five (5)pages. Signed on 4/10/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 04/10/2025) |
| 04/10/2025 | 724 | Before this Court is Defendant Hanna Holdings, Inc.'s ("Hanna Holdings") Motion for Recusal (Doc. # 688 ). For the reasons discussed in the order, the Motion is DENIED. Signed on 4/10/2025 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 04/10/2025) |
| 04/11/2025 | 725 | CERTIFICATE OF SERVICE by Hanna Holdings, Inc. *re. Amended Responses and Objections to Plaintiffs' First Set of Interrogatories* filed by David Gringer on behalf of Defendant Hanna Holdings, Inc..(Gringer, David) (Entered: 04/11/2025) |
| 04/15/2025 | 726 | MOTION to reassign/transfer case filed by Marcus Angelo Manos on behalf of Crye−Leike, Inc.. Suggestions in opposition/response due by 4/29/2025 unless otherwise directed by the court. (Attachments: # 1 Exhibit A − Supplemental |

| | | |
|---|---|---|
| | | Declaration of Julie Moss, # 2 Exhibit B − Second Supplemental Declaration of Robert Robinson)(Manos, Marcus) (Entered: 04/15/2025) |
| 04/15/2025 | 727 | SUGGESTIONS in support re 726 MOTION to reassign/transfer case filed by Marcus Angelo Manos on behalf of Defendant Crye−Leike, Inc.. (Related document(s) 726 ) (Manos, Marcus) (Entered: 04/15/2025) |
| 04/18/2025 | 728 | SUGGESTIONS in opposition re 705 MOTION to reassign/transfer case *(Updated)*, 713 MOTION to reassign/transfer case *BHEs Motion to Transfer Pursuant to 28 U.S.C. § 1404*, 726 MOTION to reassign/transfer case filed by Robert A Braun on behalf of Plaintiffs Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. Reply suggestions due by 5/2/2025 unless otherwise directed by the court. (Attachments: # 1 Declaration of Lauren Criss, # 2 Declaration of John Meiners)(Related document(s) 705 , 713 , 726 ) (Braun, Robert) (Entered: 04/18/2025) |
| 04/18/2025 | 729 | NOTICE of filing *Letter* by Hanna Holdings, Inc. (Attachments: # 1 Letter Re Court Order, # 2 Exhibit A)(Gringer, David) (Entered: 04/18/2025) |
| 04/21/2025 | 730 | Motion to allow Gregory Laufer to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9542633) filed by Taylor Concannon Hausmann on behalf of Berkshire Hathaway Energy Company. (Concannon Hausmann, Taylor) (Entered: 04/21/2025) |
| 04/22/2025 | 731 | ORDER granting 730 motion to appear pro hac vice entered by Clerk of Court. Attorney Gregory Laufer for Berkshire Hathaway Energy Company allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Lock, Tania) (Entered: 04/22/2025) |
| 04/25/2025 | 732 | CERTIFICATE OF SERVICE by Hanna Holdings, Inc. *re: First Set of Interrogatories to Plaintiffs* filed by David Gringer on behalf of Defendant Hanna Holdings, Inc..(Gringer, David) (Entered: 04/25/2025) |
| 05/02/2025 | 733 | NOTICE of settlement *Notice of Pending Settlement and Joint Motion to Stay Case as to Defendant Hanna Holdings, Inc.* by Lauren Criss, Don Gibson, John Meiners, Daniel Umpa (Berman, Steve) (Entered: 05/02/2025) |
| 05/02/2025 | 734 | Before the Court is a Notice of Pending Settlement and Joint Motion to Stay Case as to Defendant Hanna Holdings, Inc. (Doc. # 733 .) Upon review, it is hereby ORDERED that the parties file a stipulation of dismissal or a joint status report within thirty (30) days from the date of this Order. Given the settlement, Hanna Holdings, Inc.'s Motion to Transfer (Doc. # 705 ) is DENIED AS MOOT. All deadlines pertaining to Hanna Holdings, Inc. only are hereby stayed as requested. Signed on 5/2/25 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (Peters, Tracey) (Entered: 05/02/2025) |
| 05/02/2025 | 735 | REPLY SUGGESTIONS to motion re 713 MOTION to reassign/transfer case *BHEs Motion to Transfer Pursuant to 28 U.S.C. § 1404* filed by Jeffrey J. Simon on behalf of Defendant Berkshire Hathaway Energy Company. (Related document(s) 713 ) |

| | | |
|---|---|---|
| | | (Simon, Jeffrey) (Entered: 05/02/2025) |
| 05/07/2025 | 736 | Motion to allow Michael D. Bonanno to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9568064) filed by Alexander Barrett on behalf of National Association of Realtors. (Barrett, Alexander) (Entered: 05/07/2025) |
| 05/07/2025 | 737 | MOTION to withdraw as attorney − *Ethan Glass, Georgina Inglis, Beatriz Mejia, Samantha Strauss, and Sarah Topol* filed by Ethan Glass on behalf of National Association of Realtors. Suggestions in opposition/response due by 5/21/2025 unless otherwise directed by the court. (Glass, Ethan) (Entered: 05/07/2025) |
| 05/07/2025 | 738 | ORDER granting 736 motion to appear pro hac vice entered by Clerk of Court. Attorney Michael D. Bonanno for National Association of Realtors allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 05/07/2025) |
| 05/07/2025 | 739 | Upon review of the record, it is hereby ORDERED that JND Legal Administration and Huntington Bank shall provide to the Court a quarterly accounting of all fees and charges made to the settlement fund. Such fees and charges include, but are not limited to, rebates, awards and/or credits from vendors, and financial benefits from banks or any institutions. It is further ORDERED that the first accounting is due within thirty (30) days from the date of this Order and quarterly thereafter. Signed on 5/7/2025 by District Judge Stephen R. Bough. (Peters, Tracey) (Entered: 05/07/2025) |
| 05/08/2025 | 740 | Before the Court is aWithdrawalof Attorney. (Doc. # 737 .) Upon review, the withdrawal is GRANTED. Accordingly, it is hereby ORDERED that Ethan Glass, Georgina Inglis, Beatriz Mejia, Samantha Strauss, and Sarah Topol are withdrawn from this case. Defendant National Association of Realtors will continue to be represented by their other counsel of record. Signed on 5/8/25 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 05/08/2025) |
| 05/12/2025 | 741 | Before this Court are Defendant Berkshire Hathaway Energy Company's ("Berkshire Hathaway") Motion to Transfer (Doc. # 713 ) and Defendant Crye−Leike, Inc.s ("Crye−Leike") Motion to Transfer (Doc. # 726 ). For the reasons discussed in the order, the Motions are DENIED. Signed on 5/12/2025 by District Judge Stephen R. Bough. (TDP) (Entered: 05/12/2025) |
| 05/20/2025 | 742 | MOTION to withdraw as attorney *on behalf of Michael F. Iasparro* filed by James M Brodzik on behalf of EXIT Realty Corp. International, EXIT Realty Corp. USA. Suggestions in opposition/response due by 6/3/2025 unless otherwise directed by the court. (Brodzik, James) (Entered: 05/20/2025) |
| 05/27/2025 | 743 | NOTICE OF HEARING − This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Discovery Hearing set for 5/29/2025 at 3:00 PM via Telephone Conference before District Judge Stephen R. Bough. |

| | | |
|---|---|---|
| | | A memorandum of the discovery dispute, not to exceed 2 pages in length, should be emailed by each party no later than twenty−four hours prior to the teleconference to Tracey Peters at Tracey_Peters@mow.uscourts.gov.<br><br>Call−information provided to the parties via email. (TDP) (Entered: 05/27/2025) |
| 05/28/2025 | 744 | CERTIFICATE OF SERVICE by All Plaintiffs *Plaintiffs' Third Set of Interrogatories to Berkshire Hathaway Energy Company* filed by Robert A Braun on behalf of Plaintiffs Lauren Criss, Don Gibson, John Meiners, Daniel Umpa.(Braun, Robert) (Entered: 05/28/2025) |
| 05/29/2025 | 745 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: DISCOVERY HEARING held on 5/29/2025. Order to follow.<br><br>Counsel appearing for Plaintiff(s): Brandon Boulware. Counsel appearing for Defendant(s): Gregory Laufer. Time in court: 3:01 p.m. to 3:24 p.m. To order a transcript of this hearing please contact Darci Cruz, 816−512−5608. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 05/29/2025) |
| 05/29/2025 | 746 | ORDER: On May 29, 2025, the Court held a hearing on Plaintiffs' and Defendant Berkshire Hathaway Energy Company's ("BHE") discovery dispute. For the reasons stated on the record, (1) BHE's objection to the designation of Warren Buffet and Debbie Bosanek as records custodians is SUSTAINED; (2) BHE's objection to the designation of Natalie Hocken, Doug Anderson, and Scott Thon as records custodians is OVERRULED. The parties may consult the transcript for further details. Signed on 5/29/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 05/29/2025) |
| 05/29/2025 | 747 | Joint MOTION to stay *case as to Weichert Real Estate Affiliates, Inc., Weichert Co., eXp World Holdings, Inc., and eXp Realty, LLC with Incorporated Suggestions in Support* filed by Dylan Ballard on behalf of Weichert Co., Weichert Real Estate Affiliates, Inc.. Suggestions in opposition/response due by 6/12/2025 unless otherwise directed by the court. (Ballard, Dylan) (Entered: 05/29/2025) |
| 05/30/2025 | 748 | Before the Court is a Motion to Withdraw as Counsel. (Doc. # 742 .) For good cause shown, the motion is GRANTED. Michael F. Iasparro is WITHDRAWN as counsel for Defendants Exit Realty Corp. International and Exit Realty Corp. USA. Defendants Exit Realty Corp. International and Exit Realty Corp. USA shall continue to be represented by its other counsel of record. Signed on 5/30/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (KAS) (Entered: 05/30/2025) |
| 05/30/2025 | 749 | MOTION for order certify for interlocutory review *Defendant Berkshire Hathaway Energy Company's Motion to Certify Pursuant to 28 U.S.C. Section 1292(b) The Court's Order Denying BHE's Motion to Transfer* filed by Jeffrey J. Simon on behalf of Berkshire Hathaway Energy Company. Suggestions in opposition/response due by 6/13/2025 unless otherwise directed by the court. (Simon, Jeffrey) (Entered: 05/30/2025) |
| 05/30/2025 | 750 | SUGGESTIONS in support re 749 MOTION for order certify for interlocutory review *Defendant Berkshire Hathaway Energy Company's Motion to Certify Pursuant to 28 U.S.C. Section 1292(b) The Court's Order Denying BHE's Motion to Transfer* filed by Jeffrey J. Simon on behalf of Defendant Berkshire Hathaway Energy Company. (Related document(s) 749 ) (Simon, Jeffrey) (Entered: |

| | | |
|---|---|---|
| | | 05/30/2025) |
| 05/30/2025 | 751 | Before the Court is Defendant Berkshire Hathaway Energy Company's ("BHE") Motion to Certify the Courts Order Denying BHE's Motion to Transfer (Doc. # 749 .) Title 28 U.S.C. § 1292(b) permits an interlocutory appeal of a non−final decision if the district court finds that: "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." Union County, Iowa v. Piper Jaffray & Co., Inc., 525 F.3d 643, 646 (8th Cir. 2008) (quotation marks and citation omitted). Motions to certify an interlocutory appeal pursuant to § 1292(b) "must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994). First, BHE argues that the Court incorrectly "imposed the default 'substantial' burden of proof on BHE" and that BHE "established that Plaintiffs' choice of forum is entitled to less deference." (Doc. # 749 at 7) However, the Court held "Berkshire Hathaway cites non−binding precedent that a plaintiff's choice of forum in a class action is entitled to less deference, but even assuming Berkshire Hathaway's argument, Plaintiffs' choice of forum is still given some weight in a class action." (Doc. # 741 at 4.) Second, BHE argues that the Court improperly "considered BHE's and Crye−Leike's transfer motions as a single motion" in that the Court concluded "transfer would be inefficient on the basis that granting both BHE and Crye−Leike's transfer motions together would cause duplicative litigation." (Doc. # 749 at 8.) However, the Court held that "severing and transferring one or more Defendant would shift and multiply the inconvenience to Plaintiffs" and "severing this case into multiple duplicative cases does not serve the interest of justice of judicial economy" (Doc. # 749 at 6, 9.) Multiple duplicative cases would result if the Court granted one motion to transfer as the meaning of "multiple" is consisting of, including, or involving more than one. Upon review, the Court finds BHE has not met its heavy burden and an interlocutory appeal in this matter is not warranted. Therefore, the motion is DENIED. Signed on 5/30/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (KAS) (Entered: 05/30/2025) |
| 06/02/2025 | 752 | STATUS REPORT *(Joint)* by Hanna Holdings, Inc.. (Gringer, David) (Entered: 06/02/2025) |
| 06/03/2025 | 753 | Before the Court is Plaintiffs and Defendant Hanna Holdings' Joint Status Report. (Doc. # 752 .) Upon review, it is hereby ORDERED that the parties file a stipulation of dismissal or a joint status report within thirty (30) days from the date of this Order. All deadlines pertaining to Hanna Holdings, Inc. only remain stayed as requested. Signed on 6/3/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 06/03/2025) |
| 06/06/2025 | 754 | LETTER from The Huntington National Bank. (TDP) (Entered: 06/06/2025) |
| 06/09/2025 | 755 | NOTICE of Filing: DECLARATION OF JENNIFER M. KEOUGH, Chief Executive Officer, President, and Co−Founder of JND Legal Administration LLC ("JND"). (Attachments: # 1 Exhibit A) (TDP) (Entered: 06/09/2025) |
| 06/09/2025 | 756 | *Remark* The Clerk's Office received Huntington National Bank Statements and Exhibit B to Declaration of Jennifer M Keogh Confidental− Submitted in camera and under seal. The binders hand delivered to Judge Bough's chamber for review. (KRK) (Entered: 06/09/2025) |

| | | |
|---|---|---|
| 06/09/2025 | 757 | Upon review of the record, it is hereby ORDERED that JND Legal Administration and Huntington Bank shall provide to the Court a quarterly accounting of all fees and charges made to the settlement fund. Such fees and charges include, but are not limited to, rebates, awards and/or credits from vendors, and financial benefits from banks or any institutions. It is further ORDERED that the first accounting is due within thirty (30) days from the date of this Order and quarterly thereafter. Signed on 5/7/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 06/09/2025) |
| 06/09/2025 | 758 | NOTICE of Filing: The quarterly accounting from Huntington Bank. Additional bank statements are available on request. Please email your request to Tracey Peters at tracey_peters@mow.uscourts.gov. (TDP) (Entered: 06/09/2025) |
| 06/11/2025 | 759 | CERTIFICATE OF SERVICE by All Plaintiffs *Plaintiffs' Requests for Production of Documents to Berkshire Hathaway Energy Company* filed by Robert A Braun on behalf of Plaintiffs Lauren Criss, Don Gibson, John Meiners, Daniel Umpa.(Braun, Robert) (Entered: 06/11/2025) |
| 06/11/2025 | 760 | CERTIFICATE OF SERVICE by All Plaintiffs *Plaintiffs' Responses and Objections to Defendants Berkshire Hathaway Energy and Crye−Leike, Inc.'s First Set of Interrogatories* filed by Eric L. Dirks on behalf of Plaintiffs Lauren Criss, Don Gibson, John Meiners, Daniel Umpa.(Dirks, Eric) (Entered: 06/11/2025) |
| 06/12/2025 | 761 | SUGGESTIONS in opposition re 747 Joint MOTION to stay *case as to Weichert Real Estate Affiliates, Inc., Weichert Co., eXp World Holdings, Inc., and eXp Realty, LLC with Incorporated Suggestions in Support* filed by Jeremy M. Suhr on behalf of Plaintiffs Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. Reply suggestions due by 6/26/2025 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1−Order, # 2 Exhibit 2−Order, # 3 Exhibit 3−Order)(Related document(s) 747 ) (Suhr, Jeremy) (Entered: 06/12/2025) |
| 06/17/2025 | 762 | MOTION for order Plaintiffs' Motion for Final Approval of Settlements with Keyes, Illustrated, NextHome, John L. Scott, LoKation, Real Estate One, Baird & Warner, Side, Seven Gables, WFP, JPAR, Signature, First Team, Sibcy Cline, Brooklyn MLS, and CNYIS Defendant Families and Suggestions in Support filed by Eric L. Dirks on behalf of Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. Suggestions in opposition/response due by 7/1/2025 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1 − Declaration of Eric Dirks, # 2 Exhibit 2 − Declaration of Steve Berman, # 3 Exhibit 3 − Declaration of Jennifer Keough)(Dirks, Eric) (Entered: 06/17/2025) |
| 06/18/2025 | 763 | Motion to allow Macaulay Ivory to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9625829) filed by Jonathan Thomas Barton on behalf of John L. Scott Real Estate Affiliates, Inc.. (Barton, Jonathan) (Entered: 06/18/2025) |
| 06/20/2025 | 764 | ORDER granting 763 motion to appear pro hac vice entered by Clerk of Court. Attorney Macaulay Ivory for John L. Scott Real Estate Affiliates, Inc. allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of |

| | | |
|---|---|---|
| | | filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (MSW) (Entered: 06/20/2025) |
| 06/20/2025 | 765 | AMENDED NOTICE OF HEARING − This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Settlement Conference RESET for 6/24/2025 at 1:30 PM in **Courtroom 7D**, Kansas City before District Judge Stephen R. Bough.<br><br>**NOTE CHANGE IN LOCATION ONLY.<br><br>(TDP) (Entered: 06/20/2025) |
| 06/24/2025 | 766 | NOTICE of appearance by Scott A Wissel on behalf of Illustrated Properties, LLC (Attorney Scott A Wissel added to party Illustrated Properties, LLC(pty:dft))(Wissel, Scott) (Entered: 06/24/2025) |
| 06/24/2025 | 767 | NOTICE of appearance by Scott A Wissel on behalf of The Keyes Company (Attorney Scott A Wissel added to party The Keyes Company(pty:dft))(Wissel, Scott) (Entered: 06/24/2025) |
| 06/24/2025 | 768 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: SETTLEMENT CONFERENCE held on 6/24/2025. Order to follow. Time in court: 1:30 p.m. to 1:48 p.m. To order a transcript of this hearing please contact Gayle Wambolt, 816−512−5641, gayle_wambolt@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 06/24/2025) |
| 06/24/2025 | 769 | Before the Court is Plaintiffs' Motion for Final Approval of Settlements with NextHome, Inc.; The Keyes Company; Illustrated Properties, LLC; John L. Scott Real Estate Affiliates, Inc.; John L. Scott, Inc.; The K Company Realty, LLC d/b/a LoKation; Real Estate One, Inc.; and Baird & Warner Real Estate, Inc. (Doc. # 762 .) Having considered the arguments at the hearing and reviewed the written submissions, and based on all materials in the record, the motion for final approval is GRANTED. Furthermore, Class Counsel's application for an award of attorneys' fees and reimbursement of costs as set forth in the Motion for Attorneys' Fees, Costs, Expenses (Doc. # 702 ) is hereby GRANTED and shall be paid in accordance with the Settlement Agreements. Signed on 6/24/2025 by District Judge Stephen R. Bough. (TDP) (Entered: 06/24/2025) |
| 06/26/2025 | 771 | REPLY SUGGESTIONS to motion re 747 Joint MOTION to stay *case as to Weichert Real Estate Affiliates, Inc., Weichert Co., eXp World Holdings, Inc., and eXp Realty, LLC with Incorporated Suggestions in Support* filed by Dylan Ballard on behalf of Defendants Weichert Co., Weichert Real Estate Affiliates, Inc.. (Related document(s) 747 ) (Ballard, Dylan) (Entered: 06/26/2025) |
| 06/27/2025 | 772 | CERTIFICATE OF SERVICE by Berkshire Hathaway Energy Company filed by Taylor Concannon Hausmann on behalf of Defendant Berkshire Hathaway Energy Company.(Concannon Hausmann, Taylor) (Entered: 06/27/2025) |
| 06/30/2025 | 773 | Before the Court is Defendants Weichert Real Estate Affiliates, Inc., Weichert Co. (collectively, "Weichert"), eXp World Holdings, Inc., and eXp Realty LLC's (collectively, "eXp") Motion to Stay Case. (Doc. # 747 .) For the reasons set forth in the Order, the motion is DENIED. Signed on 6/30/2025 by District Judge Stephen R. Bough. (TDP) (Entered: 06/30/2025) |
| 07/03/2025 | 774 | |

| | | |
|---|---|---|
| | | STATUS REPORT *(Joint)* by Hanna Holdings, Inc.. (Gringer, David) (Entered: 07/03/2025) |
| 07/07/2025 | 775 | Before the Court is Plaintiffs and Defendant Hanna Holdings, Inc.'s Joint Status Report. (Doc. # 774 .) Upon review, it is hereby ORDERED that the parties file a stipulation of dismissal or a joint status report within thirty (30) days from the date of this Order. All deadlines pertaining to Hanna Holdings, Inc. only remain stayed as requested. Signed on 7/7/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 07/07/2025) |
| 07/09/2025 | 776 | ORDER on Post−Distribution Accounting & Post Settlement Distribution Form. Signed on 7/9/2025 by District Judge Stephen R. Bough. (TDP) (Entered: 07/09/2025) |
| 07/11/2025 | 777 | CERTIFICATE OF SERVICE by Berkshire Hathaway Energy Company filed by Taylor Concannon Hausmann on behalf of Defendant Berkshire Hathaway Energy Company.(Concannon Hausmann, Taylor) (Entered: 07/11/2025) |
| 07/22/2025 | 778 | CERTIFICATE OF SERVICE by Berkshire Hathaway Energy Company filed by Taylor Concannon Hausmann on behalf of Defendant Berkshire Hathaway Energy Company.(Concannon Hausmann, Taylor) (Entered: 07/22/2025) |
| 07/24/2025 | 779 | Consent MOTION for order Regarding Documents Produced in Burnett and Moehrl filed by Steve W. Berman on behalf of Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. Suggestions in opposition/response due by 8/7/2025 unless otherwise directed by the court. (Attachments: # 1 Proposed Order)(Berman, Steve) (Entered: 07/24/2025) |
| 07/25/2025 | 780 | Before the Court is Plaintiffs' Consented Motion Regarding Documents Produced in Burnett and Moehrl. (Doc. # 779 .) For good cause shown, the motion is GRANTED. Signed on 7/25/2025 by District Judge Stephen R. Bough. (TDP) (Entered: 07/25/2025) |
| 07/25/2025 | 781 | CERTIFICATE OF SERVICE by Lauren Criss, Don Gibson, John Meiners, Daniel Umpa filed by Robert A Braun on behalf of Plaintiffs Lauren Criss, Don Gibson, John Meiners, Daniel Umpa.(Braun, Robert) (Entered: 07/25/2025) |
| 08/06/2025 | 782 | Joint MOTION to continue *to Stay Case as to Defendant Hanna Holdings, Inc., Notice of Pending Settlement, and Joint Status Report* filed by David Gringer on behalf of Hanna Holdings, Inc.. Suggestions in opposition/response due by 8/20/2025 unless otherwise directed by the court. (Gringer, David) (Entered: 08/06/2025) |
| 08/07/2025 | 783 | ORDER: Before the Court is Plaintiffs and Defendant Hanna Holdings, Inc.'s Joint Motion to Continue to Stay Case and Status Report. (Doc. # 782 .) Upon review, the motion is GRANTED. It is hereby ORDERED that the parties file a stipulation of dismissal or a joint status report within thirty (30) days from the date of this Order. All deadlines pertaining only to Hanna Holdings, Inc. remain stayed as requested. Signed on 8/7/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 08/07/2025) |
| 08/07/2025 | 784 | MOTION for entry of judgment under Rule 54(b) *(Unopposed)* filed by Eric L. Dirks on behalf of Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. Suggestions in opposition/response due by 8/21/2025 unless otherwise directed by the court. (Dirks, Eric) (Entered: 08/07/2025) |
| 08/07/2025 | 785 | |

| | | |
|---|---|---|
| | | PARTIAL FINAL JUDGMENT. Signed on 8/7/2025 by District Judge Stephen R. Bough. (TDP) (Entered: 08/07/2025) |
| 08/09/2025 | 786 | NOTICE of change of address by Brandon J.B. Boulware (Boulware, Brandon) (Entered: 08/09/2025) |
| 08/18/2025 | 787 | ORDER FOR DECLARATION: The Court directs each applicant for leadership or class counsel to provide the Court and the public with a declaration with written responses to the questions listed in the Order. Each applicant is under a continuing obligation to supplement these responses. Signed on 8/18/2025 by District Judge Stephen R. Bough. (TDP) (Entered: 08/18/2025) |
| 08/25/2025 | 788 | MOTION to withdraw as attorney *J CECELIA SATTERTHWAITE* filed by Robert D MacGill on behalf of BHH Affiliates, LLC, HSF Affiliates, LLC, HomeServices of America, Inc., The Long & Foster Companies, Inc.. Suggestions in opposition/response due by 9/8/2025 unless otherwise directed by the court. (Attachments: # 1 Proposed Order)(MacGill, Robert) The proposed order attached to the motion has been deleted. Per Administrative Procedures any proposed orders are to be emailed to the Courtroom Deputy in Word format. NEF regenerated. (WAG). (Entered: 08/25/2025) |
| 08/25/2025 | 789 | NOTICE OF HEARING − This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Discovery Hearing set for 8/28/2025 at 11:00 AM in Telephone Conference − Kansas City before District Judge Stephen R. Bough.<br><br>A memorandum of the discovery dispute, not to exceed 2 pages in length, should be emailed by each party no later than twenty−four hours prior to the teleconference to Tracey Peters at Tracey_Peters@mow.uscourts.gov.<br><br>Call−in information provided to the parties via email. (TDP) (Entered: 08/25/2025) |
| 08/25/2025 | 790 | Before the Court is a Motion to Withdraw J. Cecelia Satterthwaite as Counsel. (Doc. # 788 ). Upon review, the motion is GRANTED. It is ORDERED that J. Cecelia Satterthwaite is hereby withdrawn as counsel for HomeServices Defendants. HomeServices will continue to be represented by its other counsel of record. Signed on 8/25/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 08/25/2025) |
| 08/25/2025 | 791 | Consent MOTION for order Concerning Production of Burnett/Moehrl Discovery Materials filed by David C. Kully on behalf of Keller Williams Realty, Inc.. Suggestions in opposition/response due by 9/8/2025 unless otherwise directed by the court. (Attachments: # 1 Proposed Order)(Attorney David C. Kully added to party Keller Williams Realty, Inc.(pty:dft))(Kully, David) (Entered: 08/25/2025) |
| 08/25/2025 | 792 | CERTIFICATE OF SERVICE by Lauren Criss, Don Gibson, John Meiners, Daniel Umpa filed by Robert A Braun on behalf of Plaintiffs Lauren Criss, Don Gibson, John Meiners, Daniel Umpa.(Braun, Robert) (Entered: 08/25/2025) |
| 08/26/2025 | | NOTICE OF DOCKET MODIFICATION. A modification has been made to the document filed on 08/25/25 as Document No. 791, Exhibit #1 − Proposed Order. The proposed order attached to the motion has been deleted. Per Administrative Procedures any proposed orders are to be emailed to the Courtroom Deputy in Word format. This is a text entry only − no document is attached. (CRG) (Entered: 08/26/2025) |

| | | |
|---|---|---|
| 08/26/2025 | 793 | ORDER: Before the Court is the Consented Motion of Keller Williams Realty, LLC, Anywhere Real Estate Inc., RE/MAX LLC, and the National Association of REALTORS (the "Burnett and Moehrl Defendants") for an Order Regarding Plaintiffs' Production of Documents and Information from Burnett and Moehrl. (Doc. # 791 ). Upon review, the motion is GRANTED. Signed on 8/26/2025 by District Judge Stephen R. Bough. (TDP) (Entered: 08/26/2025) |
| 08/28/2025 | 794 | AFFIDAVIT *Class Counsel Response to Court's Disclosure Order* by Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6)(Ketchmark, Michael) (Entered: 08/28/2025) |
| 08/28/2025 | 795 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: DISCOVERY HEARING held on 8/28/2025.<br><br>Counsel appearing for Plaintiff(s): Michael Ketchmark. Counsel appearing for Defendant(s): Jeff Simon. Time in court: 10:59 a.m. to 11:04 a.m. To order a transcript of this hearing please contact Gayle Wambolt, 816−512−5641, gayle_wambolt@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 08/28/2025) |
| 08/28/2025 | 796 | On August 28, 2025, the Court conducted a discovery dispute teleconference. As discussed during the teleconference, the Court hereby issues the following orders: 1) Plaintiffs are hereby ORDERED to seek a Rule 45 subpoena directed to HomeServices of America, Inc. ("HSA") and negotiate directly with HSA to secure HSA discovery. 2) The parties are hereby ORDERED to abide by Defendant Berkshire Hathaway Energy Company's concession to facilitate HSA's acceptance of a subpoena from Plaintiffs. The parties may consult the transcript for further details and/or clarification. Signed on 8/28/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 08/28/2025) |
| 09/02/2025 | 797 | MOTION to withdraw as attorney filed by Daniel Patrick Johnson on behalf of Douglas Elliman Realty, LLC, Douglas Elliman, Inc.. Suggestions in opposition/response due by 9/16/2025 unless otherwise directed by the court. (Johnson, Daniel) (Entered: 09/02/2025) |
| 09/03/2025 | 798 | ELECTRONIC TRANSCRIPT of Teleconference held August 28, 2025, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816−512−5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 5. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 9/10/2025 unless otherwise directed by the court. Release of Transcript Restriction set for 12/2/2025. NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.**<br><br>(GMW) (Entered: 09/03/2025) |
| 09/03/2025 | 799 | Before the Court is a Motion to Withdraw Daniel Patrick Johnson as Counsel. (Doc. # 797 .) Upon review, the motion is GRANTED. It is ORDERED that Daniel Patrick Johnson is hereby withdrawn as counsel for Defendants Douglas Elliman Realty, |

| | | |
|---|---|---|
| | | LLC and Douglas Elliman, Inc. Defendants Douglas Elliman Realty, LLC and Douglas Elliman, Inc. will continue to be represented by its other counsel of record. Signed on 9/3/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 09/03/2025) |
| 09/05/2025 | 800 | NOTICE of filing: The quarterly accounting from Huntington Bank. Additional bank statements are available on request. Please email your request to Tracey Peters at tracey_peters@mow.uscourts.gov. (TDP) (Entered: 09/05/2025) |
| 09/05/2025 | 801 | Huntington National Bank recently filed a quarterly accounting and bank statements on $519,030,551.38 in class member monies held in money market accounts paying 3.75%. The Court is deeply interested in the terms and rate of the investment returns. *See Manual for Complex Litigation*, Fourth, § 21.662, p. 334 (2004) ("the court's equitable powers may be necessary to deal with other problems that commonly arise during administration of settlement but might not be covered by the terms of the agreement. Such problems include... investment of settlement funds... calls for a balance between maintaining security and gaining returns on the investment."). Accordingly, the Court will conduct an in−person hearing with a representative from Huntington National Bank on **October 16, 2025, at 2:00 p.m. (CST)** in Courtroom 8C, Kansas City before District Judge Stephen R. Bough. Signed on 9/5/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 09/05/2025) |
| 09/08/2025 | 802 | Joint MOTION to continue *to Stay Case as to Defendant Hanna Holdings, Inc., Notice of Pending Settlement, and Joint Status Report* filed by David Gringer on behalf of Hanna Holdings, Inc.. Suggestions in opposition/response due by 9/22/2025 unless otherwise directed by the court. (Gringer, David) (Entered: 09/08/2025) |
| 09/09/2025 | 803 | Before the Court is Plaintiffs and Defendant Hanna Holdings, Inc.'s Joint Motion to Continue to Stay Case and Status Report. (Doc. # 802 .) Upon review, the motion is GRANTED. It is hereby ORDERED that the parties file a stipulation of dismissal or a joint status report within thirty (30) days from the date of this Order. All deadlines pertaining only to Hanna Holdings, Inc. remain stayed as requested. Signed on 9/9/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 09/09/2025) |
| 09/11/2025 | 804 | CERTIFICATE OF SERVICE by Lauren Criss, Don Gibson, John Meiners, Daniel Umpa filed by Robert A Braun on behalf of Plaintiffs Lauren Criss, Don Gibson, John Meiners, Daniel Umpa.(Braun, Robert) (Entered: 09/11/2025) |
| 09/17/2025 | 805 | MOTION to amend/correct 658 Answer to Amended Complaint − *UNOPPOSED* − filed by Marcus Angelo Manos on behalf of Crye−Leike, Inc.. Suggestions in opposition/response due by 10/1/2025 unless otherwise directed by the court. (Attachments: # 1 Exhibit A − Crye−Leike, Inc.'s Proposed Amended Answer)(Related document(s) 658 ) (Manos, Marcus) (Entered: 09/17/2025) |
| 09/18/2025 | 806 | Before the Court is Defendant Crye−Leike, Inc.'s Unopposed Motion for Leave to File Amended Answer and Defenses to Plaintiffs' Consolidated Amended Class Action Complaint. (Doc. # 805 .) Upon review, the motion is GRANTED. It is hereby ORDERED that Defendant Crye−Leike, Inc. file their Amended Answer and Defenses to Plaintiffs' Consolidated Amended Class Action Complaint (Doc. #805−1) on or before September 25, 2025. Signed on 9/18/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 09/18/2025) |

| | | |
|---|---|---|
| 09/18/2025 | 807 | AMENDED ANSWER to 232 Amended Complaint,,,, filed by Marcus Angelo Manos on behalf of Defendant Crye−Leike, Inc.. (Related document(s) 232 ) (Manos, Marcus) (Entered: 09/18/2025) |
| 09/30/2025 | 808 | MOTION for order Plaintiffs' Motion and Suggestions in Support of Motion for Preliminary Approval of Settlements with Defendants Hanna Holdings, Inc., William Raveis Real Estate, Inc., Exit Realty Corp. International, Exit Realty Corp., USA, Windermere Real Estate Services Company, Inc., William L. Lyon & Associates, Inc.; Certification of Settlement Classes; Appointment of Class Representatives and Settlement Class Counsel; and Approval of the Form and Manner of Notice filed by Eric L. Dirks on behalf of All Plaintiffs. Suggestions in opposition/response due by 10/14/2025 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1 − Declaration of Steve W. Berman, # 2 Exhibit 2 − Declaration of Jennifer Keough, # 3 Exhibit 3 − Long Form Notice, # 4 Exhibit 4 − Email Notice, # 5 Exhibit 5 − Postcard Notice)(Dirks, Eric) (Entered: 09/30/2025) |
| 09/30/2025 | 809 | NOTICE of appearance by Paul Tahan on behalf of Don Gibson (Attorney Paul Tahan added to party Don Gibson(pty:pla))(Tahan, Paul) (Entered: 09/30/2025) |
| 09/30/2025 | 810 | Motion to allow Brian D. O'Keefe to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9767933) filed by Paul Tahan on behalf of Don Gibson. (Tahan, Paul) (Additional attachment(s) added on 10/2/2025: # 1 Affidavit) (CAB). (Entered: 09/30/2025) |
| 09/30/2025 | 811 | Motion to allow Alexander E. Blum to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9767959) filed by Paul Tahan on behalf of Don Gibson. (Tahan, Paul) (Additional attachment(s) added on 10/2/2025: # 1 Affidavit) (CAB). (Entered: 09/30/2025) |
| 10/02/2025 | 812 | ORDER granting 810 & 811 motion to appear pro hac vice entered by Clerk of Court. Attorney Brian D. O'Keefe and Alexander E. Blum for Realcomp II, LTD allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (CAB) (Entered: 10/02/2025) |
| 10/03/2025 | 813 | Before the Court is Plaintiffs' Motion for Preliminary Approval of Settlements with the following Defendant families and Approval of the Form and Manner of Notice: Hanna Holdings, Inc. ("Hanna Holdings"); William Raveis Real Estate, Inc. ("William Raveis"); EXIT Realty Corp. International and EXIT Realty Corp., USA ("EXIT Realty"); Windermere Real Estate Services Company, Inc. ("Windermere"); William L. Lyon & Associates, Inc. ("Lyon") (together the "Settling Defendants," and together with Plaintiffs, the "Settling Parties"). Upon review, the Motion is GRANTED. Signed on 10/3/2025 by District Judge Stephen R. Bough. (KAS) (Entered: 10/03/2025) |
| 10/03/2025 | 814 | MOTION for order Realcomp II LTD's Motion re: Plaintiff's Production of Documents and Information from Burnett and Moehrl filed by Paul Tahan on behalf of Realcomp II, LTD. Suggestions in opposition/response due by 10/17/2025 unless |

| | | |
|---|---|---|
| | | otherwise directed by the court. (Tahan, Paul) (Entered: 10/03/2025) |
| 10/06/2025 | 815 | MOTION to withdraw as attorney filed by Taylor Concannon Hausmann on behalf of Berkshire Hathaway Energy Company. Suggestions in opposition/response due by 10/20/2025 unless otherwise directed by the court. (Concannon Hausmann, Taylor) (Entered: 10/06/2025) |
| 10/07/2025 | 816 | Before the Court is Non−Party Realcomp II, Ltd.'s ("Realcomp" or the "Subpoenaed Party") Consent Motion for an Order Regarding Plaintiffs' Production of Documents and Information from Burnett and Moehrl (the "Realcomp Motion"). (Doc. # 814 .) Upon review, the motion is GRANTED. Signed on 10/7/2025 by District Judge Stephen R. Bough. (TDP) (Entered: 10/07/2025) |
| 10/07/2025 | 817 | Before the Court is Defendant Berkshire Hathaway Energy Company's ("Defendant") Motion to Withdraw as Counsel. (Doc. # 815 .) Upon review, the motion is GRANTED. It is hereby ORDERED that Anna Gressel is withdrawn as counsel for Defendant. Defendant will continue to be represented by its other counsel of record. Signed on 10/7/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 10/07/2025) |
| 10/08/2025 | 818 | NOTICE OF HEARING − This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Final Settlement Conference set for 2/5/2026 at 1:30 PM in Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. (TDP) (Entered: 10/08/2025) |
| 10/08/2025 | 819 | On February 5, 2026, the Court will conduct a Final Settlement Conference. (Doc. # 818 .) It is hereby ORDERED that objecting Settlement Class Members appear in person, with or without counsel, at the hearing. Signed on 10/8/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 10/08/2025) |
| 10/09/2025 | 820 | NOTICE of settlement *Notice of Pending Settlement and Joint MOTION to Continue to Stay Case as to Defendant Hanna Holdings, Inc., and Joint Status Report* by Hanna Holdings, Inc. Suggestions in opposition/response due by 10/23/2025 unless otherwise directed by the court.(Gringer, David) Modified on 10/10/2025 to update docket event to a motion and set suggestions in opposition deadline (SRC). (Entered: 10/09/2025) |
| 10/09/2025 | | Set/Reset Deadlines as to 820 MOTION to continue. Suggestions in opposition/response due by 10/23/2025 unless otherwise directed by the court. (SRC) (Entered: 10/10/2025) |
| 10/14/2025 | 821 | Before the Court is a Notice of Pending Settlement, Joint Motion to Continue to Stay Case as to Defendant Hanna Holdings, Inc., and Joint Status Report. (Doc. # 820 .) Upon review, the motion is GRANTED. It is hereby ORDERED that all deadlines and proceedings solely as to Howard Hanna are stayed and, in light of the settlement's preliminary approval and the forthcoming final settlement conference, that the requirement to file monthly joint status reports is suspended. Signed on 10/14/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 10/14/2025) |
| 10/15/2025 | 822 | **AMENDED NOTICE OF HEARING − This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. The Court will conduct an in−person hearing with a representative from Huntington National Bank on 10/16/2025 at 2:00 PM in Courtroom 6E, Kansas City before District Judge Stephen |

| | | |
|---|---|---|
| | | R. Bough.<br><br>**NOTE CHANGE IN LOCATION ONLY.<br><br>(TDP) (Entered: 10/15/2025) |
| 10/15/2025 | 823 | AMENDED NOTICE OF HEARING − This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. **Courtroom change only** The Court will conduct an in−person hearing with a representative from Huntington National Bank on 10/16/2025 at 2:00 PM in Courtroom 8C, Kansas City before District Judge Stephen R. Bough. (TDP) (Entered: 10/15/2025) |
| 10/16/2025 | 824 | NOTICE of appearance by Peter K. Andreone on behalf of Huntingon National Bank (Attorney Peter K. Andreone added to party Huntingon National Bank(pty:intp))(Andreone, Peter) (Entered: 10/16/2025) |
| 10/16/2025 | 825 | Motion to allow George Mastoris to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9786617) filed by Peter K. Andreone on behalf of Huntingon National Bank. (Andreone, Peter) (Entered: 10/16/2025) |
| 10/16/2025 | 826 | ORDER granting 825 motion to appear pro hac vice entered by Clerk of Court. Attorney George Mastoris for Huntingon National Bank allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (MSW) (Entered: 10/16/2025) |
| 10/16/2025 | 827 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: STATUS CONFERENCE held on 10/16/2025.<br><br>Time in court: 1:59 p.m. to 2:41 p.m. To order a transcript of this hearing please contact Gayle Wambolt, 816−512−5641, gayle_wambolt@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 10/16/2025) |
| 10/20/2025 | 828 | NOTICE of filing *PLAINTIFF CLASS COUNSELS NOTICE OF CHANGE IN ESCROW AGENT* by Lauren Criss, Don Gibson, John Meiners, Daniel Umpa (Ketchmark, Michael) (Entered: 10/20/2025) |
| 10/20/2025 | 829 | MOTION to amend/correct *Plaintiffs' Unopposed Motion to Modify the Scheduling Order* filed by Eric L. Dirks on behalf of Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. Suggestions in opposition/response due by 11/3/2025 unless otherwise directed by the court. (Attachments: # 1 Exhibit A − [Proposed] Amended Scheduling Order)(Dirks, Eric) (Entered: 10/20/2025) |
| 10/21/2025 | 830 | AMENDED SCHEDULING ORDER: Dispositive Motions due by 7/16/2027.<br><br>Pretrial Conference set for 4/6/2028 at 9:00 AM Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough. |

| | | |
|---|---|---|
| | | Jury Trial set for 5/1/2028 at 8:30 AM in Courtroom 7B, Kansas City (SRB) before District Judge Stephen R. Bough.<br><br>Signed on 10/21/2025 by District Judge Stephen R. Bough. (TDP) (Entered: 10/21/2025) |
| 10/22/2025 | 831 | On May 7, 2025, the Court ordered that JND Legal Administration and Huntington Bank provide to the Court a quarterly accounting of all fees and charges made to the settlement fund. (Doc. # 739 .) On October 20, 2025, Plaintiffs' Class Counsel filed a notice with the Court that the settlement escrow account previously held at Huntington Bank will be transferred to an institutional money market fund offered through Morgan Stanley. (Doc. # 828 .) Upon review of the record, it is hereby ORDERED that JND Legal Administration, along with Morgan Stanley, continue to comply with the Court's May 7, 2025, Order and file a quarterly accounting of all fees and charges made to the settlement fund. Such fees and charges include, but are not limited to, rebates, awards and/or credits from vendors, and financial benefits from banks or any institutions. It is further ORDERED that the next accounting is due within thirty (30) days from the date of this Order and quarterly thereafter. Signed on 10/22/2025 by District Judge Stephen R. Bough. (TDP) (Entered: 10/22/2025) |
| 10/22/2025 | 832 | ELECTRONIC TRANSCRIPT of Status Hearing held October 16, 2025, before Judge Stephen R. Bough. Court Reporter: Gayle Wambolt, 816−512−5641, gayle_wambolt@mow.uscourts.gov. Number of pages: 34. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 10/29/2025 unless otherwise directed by the court. Release of Transcript Restriction set for 1/20/2026. NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.**<br><br>(GMW) (Entered: 10/22/2025) |
| 10/24/2025 | 833 | AFFIDAVIT re 794 Affidavit, *Supplement to Class Counsel Response to Court's Disclosure Order* by Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Related document(s) 794 ) (Dirks, Eric) (Entered: 10/24/2025) |
| 10/29/2025 | 834 | NOTICE of filing: DECLARATION OF JENNIFER M. KEOUGH dated 10/22/2025. (TDP) (Entered: 10/29/2025) |
| 11/10/2025 | 835 | NOTICE of filing *Declaration of Vito Tartamella* by Lauren Criss, Don Gibson, John Meiners, Daniel Umpa (Dirks, Eric) (Entered: 11/10/2025) |
| 11/21/2025 | 836 | NOTICE of filing *Declaration of Jennifer M. Keough* by Lauren Criss, Don Gibson, John Meiners, Daniel Umpa (Dirks, Eric) (Entered: 11/21/2025) |
| 12/01/2025 | 837 | MOTION for attorney fees *and Costs and Suggestions in Support Thereof* filed by Eric L. Dirks on behalf of Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. Suggestions in opposition/response due by 12/15/2025 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1 − Declaration of Eric Dirks, # 2 Exhibit 2 − |

| | | |
|---|---|---|
| | | Declaration of Michael Ketchmark, # 3 Exhibit 3 − Declaration of Brandon Boulware, # 4 Exhibit 4 − Declaration of Steve Berman, # 5 Exhibit 5 − Declaration of Marc Seltzer, # 6 Exhibit 6 − Declaration of Robert Braun, # 7 Exhibit 7 − Declaration of Daniel Hedlund, # 8 Exhibit 8 − Declaration of Jill Manning, # 9 Exhibit 9 − Declaration of Ryan Ellersick, # 10 Exhibit 10 − Declaration of Bobby Pouya)(Dirks, Eric) (Entered: 12/01/2025) |
| 12/04/2025 | 838 | NOTICE of filing: The quarterly accounting from Huntington Bank. Additional bank statements are available on request. Please email your request to Tracey Peters at tracey_peters@mow.uscourts.gov. (TDP) (Entered: 12/04/2025) |
| 12/10/2025 | 839 | STIPULATION by eXp World Holdings, Inc.. (Attachments: # 1 Exhibit A)(Schaffer, Mark) (Entered: 12/10/2025) |
| 12/15/2025 | 840 | NOTICE OF HEARING − This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Discovery Hearing set for 12/18/2025 at 11:00 AM via Telephone Conference before District Judge Stephen R. Bough.<br><br>A memorandum of the discovery dispute, not to exceed 2 pages in length, should be emailed by each party no later than twenty−four hours prior to the teleconference to Tracey Peters at Tracey_Peters@mow.uscourts.gov.<br><br>The call−in information provided to the parties via email.(TDP) (Entered: 12/15/2025) |
| 12/18/2025 | 841 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: DISCOVERY HEARING held on 12/18/2025. Order to follow.<br><br>Counsel appearing for Plaintiff(s): Erik L. Dirks. Counsel appearing for Defendant(s): Dylan Ballard. Time in court: 11:00 a.m. to 11:03 a.m. To order a transcript of this hearing please contact Gayle Wambolt, 816−512−5641, gayle_wambolt@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 12/18/2025) |
| 12/18/2025 | 842 | ORDER: On December 18, 2025, the Court presided over a discovery dispute. It is hereby ORDERED that Defendant Weichert shall fully comply with Plaintiffs' Request for Production on or before February 2, 2026. If Weichert does not fully comply, Plaintiffs may file a motion for sanctions under Fed. R. Civ. P. 37. The parties may consult the transcript for further details. Signed on 12/18/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 12/18/2025) |
| 12/19/2025 | 843 | MOTION to withdraw as attorney filed by Patrick Eugene Knie on behalf of Knie & Shealy. Suggestions in opposition/response due by 1/2/2026 unless otherwise directed by the court. (Knie, Patrick) (Entered: 12/19/2025) |
| 12/22/2025 | 844 | Before the Court is a Motion to Withdraw as Counsel. (Doc. # 843 .) Upon review, the motion is GRANTED. It is hereby ORDERED that Matthew W. Shealy is withdrawn as counsel for Objectors Benny D. Cheatham, Robert Douglass, Douglas Fender, and Dena Fender ("Objectors"). Objectors shall continue to be represented by Patrick E. Knie. Signed on 12/22/2025 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (KAS) (Entered: 12/22/2025) |
| 12/22/2025 | 845 | OBJECTIONS (non motions) by Knie & Shealy, Patrick E Knie re 813 Order on Motion for Miscellaneous Relief,, . Related document: 813 Order on Motion for |

| | | |
|---|---|---|
| | | Miscellaneous Relief,,.(Knie, Patrick) (Entered: 12/22/2025) |
| 12/22/2025 | 846 | MOTION for discovery filed by Patrick Eugene Knie on behalf of Knie & Shealy. Suggestions in opposition/response due by 1/5/2026 unless otherwise directed by the court. (Attachments: # 1 Exhibit Declaration of Charles Alford, Ph.D., # 2 Exhibit CV of Charles Alford, Ph.D.)(Knie, Patrick) (Entered: 12/22/2025) |
| 12/30/2025 | 847 | OBJECTIONS (non motions) by Spring Way Center LLC, Nancy Wehrheim, John Moratis, Nancy Moratis, Danielle Kay, Jessie Kay, Kaitlyn Slavic, Maria Iannome re 813 Order on Motion for Miscellaneous Relief,, . Related document: 813 Order on Motion for Miscellaneous Relief,,.(Fox, Bruce) (Entered: 12/30/2025) |
| 12/30/2025 | 848 | NOTICE of filing *Objection to Final Approval of Settlement* by James Mullis (Attachments: # 1 Affidavit Declaration of James Mullis, # 2 Affidavit Declaration of Randall P. Ewing, Jr.)(Ewing, Randall) (Entered: 12/30/2025) |
| 01/05/2026 | 849 | SUGGESTIONS in opposition re 846 MOTION for discovery filed by Eric L. Dirks on behalf of Plaintiffs Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. Reply suggestions due by 1/20/2026 unless otherwise directed by the court. (Related document(s) 846 ) (Dirks, Eric) (Entered: 01/05/2026) |
| 01/07/2026 | 850 | AFFIDAVIT *Executed Return of Service − Lone Wolf Real Estate Technologies, Inc.* by Berkshire Hathaway Energy Company. (Concannon Hausmann, Taylor) (Entered: 01/07/2026) |
| 01/07/2026 | 851 | AFFIDAVIT *Executed Return of Service − ATTOM Data Solutions, LLC* by Berkshire Hathaway Energy Company. (Concannon Hausmann, Taylor) (Entered: 01/07/2026) |
| 01/09/2026 | 852 | NOTICE of appearance by Sara Fevurly on behalf of Berkshire Hathaway Energy Company (Attorney Sara Fevurly added to party Berkshire Hathaway Energy Company(pty:dft))(Fevurly, Sara) (Entered: 01/09/2026) |
| 01/15/2026 | 853 | NOTICE of filing *Declaration of Vito Tartamella* by Lauren Criss, Don Gibson, John Meiners, Daniel Umpa (Dirks, Eric) (Entered: 01/15/2026) |
| 01/15/2026 | 854 | NOTICE of filing *Declaration of Jennifer M. Keough* by Lauren Criss, Don Gibson, John Meiners, Daniel Umpa (Dirks, Eric) (Entered: 01/15/2026) |
| 01/21/2026 | 855 | ORDER: Before the Court is Objectors Benny D. Cheatham, Robert Douglas, Douglas Fender, and Dena Fender's Motion for Discovery. (Doc. # 846 .) The Objectors request that the Court allow the Objectors to subpoena financial records of William Raveis Real Estate, Inc.; Hanna Holdings, Inc.; EXIT Realty Corp. International; EXIT Realty Corp. USA; Windermere Real Estate Services Company, Inc.; William L. Lyon & Associates, Inc.; Charles Rutenberg Realty, Inc.; My Home Group Real Estate, LLC; Tierra Antiqua Realty, LLC; and West USA Realty, Inc. The Court finds that courts are unanimous that objectors are generally not entitled to discovery. *See e.g., Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 637 (6th Cir. 2007); *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 325 (3d Cir. 1998); *In Re Flint Water Cases*, 63 F.4th 486, 499−501, 507−09 (6th Cir. 2023); *Herrera v. Charlotte Sch. Of L., LLC*, 818 F. Appx 165, 178 (4th Cir. 2020). For these reasons, the Objectors' motion for discovery is DENIED. Signed on 1/21/2026 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 01/21/2026) |

| | | |
|---|---|---|
| 01/28/2026 | 856 | MOTION for order Plaintiffs' Motion for Final Settlement Approval with Defendants Hanna Holdings, Inc., William Raveis Real Estate, Inc., EXIT Realty Corp. International, EXIT Realty Corp. USA, Windermere Real Estate Services Company, Inc., William L. Lyon & Associates, Inc., Charles Rutenberg Realty, Inc., My Home Group Real Estate, LLC, Tierra Antigua Realty, LLC, West USA Realty, Inc. and Suggestions in Support filed by Eric L. Dirks on behalf of Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. Suggestions in opposition/response due by 2/11/2026 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1 − Declaration of Eric Dirks, # 2 Exhibit 2 − Declaration of Jennifer Keough)(Dirks, Eric) (Entered: 01/28/2026) |
| 01/30/2026 | 857 | MOTION to withdraw as attorney filed by Taylor Concannon Hausmann on behalf of Berkshire Hathaway Energy Company. Suggestions in opposition/response due by 2/13/2026 unless otherwise directed by the court. (Concannon Hausmann, Taylor) (Entered: 01/30/2026) |
| 01/30/2026 | 858 | NOTICE of filing *Partial Withdrawal of Objection* by Knie & Shealy re 845 Objections (non motion) (Knie, Patrick) (Entered: 01/30/2026) |
| 01/30/2026 | 859 | Motion to allow Robert J. O'Laughlin to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−9914622) filed by Sara Fevurly on behalf of Berkshire Hathaway Energy Company. (Fevurly, Sara) (Entered: 01/30/2026) |
| 01/30/2026 | 860 | SUGGESTIONS in support re 856 MOTION for order Plaintiffs' Motion for Final Settlement Approval with Defendants Hanna Holdings, Inc., William Raveis Real Estate, Inc., EXIT Realty Corp. International, EXIT Realty Corp. USA, Windermere Real Estate Services Company, Inc., Willi filed by David Gringer on behalf of Defendant Hanna Holdings, Inc.. (Related document(s) 856 ) (Gringer, David) (Entered: 01/30/2026) |
| 02/02/2026 | 861 | ORDER granting 859 motion to appear pro hac vice entered by Clerk of Court. Attorney Robert J. O'Loughlin for Berkshire Hathaway Energy Company allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e−filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e−filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (CAB) (Entered: 02/02/2026) |
| 02/02/2026 | 862 | ORDER: Before the Court is a Motion to Withdraw as Counsel. (Doc. # 857 .) Upon review, the motion is GRANTED. It is hereby ORDERED that Yotam Barkai of Paul, Weiss, Rifkind, Wharton & Garrison LLP is withdrawn as counsel for Defendant Berkshire Hathaway Energy Company. Defendant Berkshire Hathaway Energy Company will continue to be represented by its other counsel of record. Signed on 2/2/2026 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 02/02/2026) |
| 02/04/2026 | 863 | MOTION to amend/correct *Plaintiffs' Unopposed Motion to Modify the Scheduling Order* filed by Eric L. Dirks on behalf of All Plaintiffs. Suggestions in opposition/response due by 2/18/2026 unless otherwise directed by the court. (Attachments: # 1 Exhibit A)(Dirks, Eric) (Entered: 02/04/2026) |

| | | |
|---|---|---|
| 02/04/2026 | 864 | AMENDED SCHEDULING ORDER. Signed on 2/4/2026 by District Judge Stephen R. Bough. (TDP) (Entered: 02/04/2026) |
| 02/05/2026 | 865 | Minute Entry. Proceedings held before District Judge Stephen R. Bough: SETTLEMENT CONFERENCE held on 2/5/2026. Order to follow.<br><br>Time in court: 1:33 p.m. to 2:29 p.m. To order a transcript of this hearing please contact Darcie Cruz, 816−512−5608, darcie_cruz@mow.uscourts.gov. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 02/05/2026) |
| 02/05/2026 | 866 | ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENTS WITH DEFENDANTS HANNA HOLDINGS, INC., WILLIAM RAVEIS REAL ESTATE, INC., EXIT REALTY CORP. INTERNATIONAL, EXIT REALTY CORP. USA, WINDERMERE REAL ESTATE SERVICES COMPANY, INC., WILLIAM L. LYON & ASSOCIATES, INC. Signed on 2/5/2026 by District Judge Stephen R. Bough. (TDP) (Entered: 02/05/2026) |
| 02/05/2026 | 867 | PARTIAL FINAL JUDGMENT. Signed on 2/5/2026 by District Judge Stephen R. Bough. (TDP) (Entered: 02/05/2026) |
| 02/13/2026 | 868 | NOTICE OF HEARING − This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached.<br><br>Discovery Telephone Conference set for 2/20/2026 10:00 AM in Telephone Conference − Kansas City before District Judge Stephen R. Bough. **A separate email containing participation information has been sent to counsel.(CLA) (Entered: 02/13/2026) |
| 02/16/2026 | 869 | ELECTRONIC TRANSCRIPT of Settlement Conference held 2/5/2026 before Judge Stephen R. Bough. Court Reporter: Darcie Cruz, 816−512−5608, darcie_cruz@mow.uscourts.gov. Number of pages: 47. NOTICE RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 2/23/2026 unless otherwise directed by the court. Release of Transcript Restriction set for 5/18/2026. NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.**<br><br>(DAC) (Entered: 02/16/2026) |
| 02/18/2026 | 870 | MOTION for order Entry of Stipulated Order Governing the Taking of Depositions (Unopposed) filed by Steve W. Berman on behalf of Lauren Criss, Don Gibson, John Meiners, Daniel Umpa. Suggestions in opposition/response due by 3/4/2026 unless otherwise directed by the court. (Berman, Steve) (Entered: 02/18/2026) |
| 02/19/2026 | | NOTICE OF HEARING CANCELLATION − The Discovery Hearing scheduled for February 20, 2026 at 10:00 am has been cancelled. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 02/19/2026) |
| 02/19/2026 | 871 | ORDER GOVERNING THE TAKING OF DEPOSITIONS. Signed on 2/19/2026 by District Judge Stephen R. Bough. (TDP) (Entered: 02/19/2026) |

| | | |
|---|---|---|
| 02/19/2026 | 872 | NOTICE of appearance by Shamoor Anis on behalf of Real Broker, LLC, The Real Brokerage, Inc. (Attorney Shamoor Anis added to party Real Broker, LLC(pty:dft), Attorney Shamoor Anis added to party The Real Brokerage, Inc.(pty:dft))(Anis, Shamoor) (Entered: 02/19/2026) |
| 02/19/2026 | 873 | MOTION to withdraw as attorney filed by Jennifer B. Wieland on behalf of Real Broker, LLC, The Real Brokerage, Inc.. Suggestions in opposition/response due by 3/5/2026 unless otherwise directed by the court. (Wieland, Jennifer) (Entered: 02/19/2026) |
| 02/19/2026 | 874 | ORDER: Before the Court is a Motion to Withdraw as Counsel. (Doc. # 873 .) Upon review, the motion is GRANTED. It is hereby ORDERED that Jennifer B. Wieland of Berkowitz Oliver LLP is withdrawn as counsel for Defendants The Real Brokerage Inc. and Real Broker, LLC. Defendants will continue to be represented by its other counsel of record. Signed on 2/19/2026 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 02/19/2026) |
| 02/20/2026 | 875 | AFFIDAVIT *Executed Return of Service − Zillow Group, Inc.* by Berkshire Hathaway Energy Company. (Concannon Hausmann, Taylor) (Entered: 02/20/2026) |
| 02/23/2026 | 876 | MOTION to withdraw as attorney *Motion to Withdraw as Counsel* filed by Dylan Ballard on behalf of Weichert Co., Weichert Real Estate Affiliates, Inc.. Suggestions in opposition/response due by 3/9/2026 unless otherwise directed by the court. (Ballard, Dylan) (Entered: 02/23/2026) |
| 02/23/2026 | 877 | ORDER: Before the Court is a Motion to Withdraw as Counsel. (Doc. # 876 .) Upon review, the motion is GRANTED. It is hereby ORDERED that Michael W. Scarborough, Dylan I. Ballard, Adam L. Hudes, and Stephen M. Medlock of the law firm Vinson & Elkins LLP are withdrawn as counsel for Defendants Weichert Real Estate Affiliates, Inc. and Weichert Co. Defendants will continue to be represented by their other counsel of record. Signed on 2/23/2026 by District Judge Stephen R. Bough. This is a TEXT ONLY ENTRY. No document is attached. (TDP) (Entered: 02/23/2026) |
| 03/04/2026 | 878 | MOTION for summary judgment filed by Jeffrey J. Simon on behalf of Berkshire Hathaway Energy Company. Suggestions in opposition/response due by 3/25/2026 unless otherwise directed by the court. (Simon, Jeffrey) (Entered: 03/04/2026) |
| 03/04/2026 | 879 | SUGGESTIONS in support re 878 MOTION for summary judgment filed by Jeffrey J. Simon on behalf of Defendant Berkshire Hathaway Energy Company. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Related document(s) 878 ) (Simon, Jeffrey) (Entered: 03/04/2026) |
| 03/05/2026 | 880 | NOTICE OF APPEAL as to 867 Order, 866 Order on Motion for Attorney Fees,, Order on Motion for Miscellaneous Relief, by Maria Iannome, Danielle Kay, Jessie Kay, John Moratis, Nancy Moratis, Kaitlyn Slavic, Spring Way Center LLC. Filing fee $ 605, receipt number AMOWDC−9961053. (Fox, Bruce) (Entered: 03/05/2026) |
| 03/05/2026 | 881 | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 880 Notice of Appeal,. (JKT) (Entered: 03/05/2026) |

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE NATIONAL ASSOCIATION OF REALTORS, *et al.*,<br><br>Defendants. | Civil Action No. 4:23-cv-00788-SRB<br><br>[Consolidated with 4:23-cv-00945-SRB] |

**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENTS WITH DEFENDANTS HANNA HOLDINGS, INC., WILLIAM RAVEIS REAL ESTATE, INC., EXIT REALTY CORP. INTERNATIONAL, EXIT REALTY CORP. USA, WINDERMERE REAL ESTATE SERVICES COMPANY, INC., WILLIAM L. LYON & ASSOCIATES, INC.**

Before the Court is Plaintiffs'[1] Motion for Final Approval of Settlements with the Hanna Holdings, Inc. ("Hanna Holdings"), William Raveis Real Estate, Inc. ("William Raveis"); EXIT Realty Corp. International and EXIT Realty Corp., USA ("EXIT"); Windermere Real Estate Services, Company Inc. ("Windermere"), and Lyon & Associates, Inc. ("Lyon") Defendant families (collectively the "Settling Defendants"). Preliminary approval was granted on October 3, 2025. *See* Doc. # 813. Notice to the Settlement Class commenced on or around October 14, 2025, and Class members were provided with an opportunity to opt out of, or object to, the Settlements. The Court received three objections. The Settlement Class filed Suggestions in Support of Final Approval. (Doc. # 856). The Court held a hearing on February 5, 2026, at which arguments were

[1] "Plaintiffs" are Don Gibson, Lauren Criss, John Meiners, and Daniel Umpa.

presented. Having fully considered the arguments at the hearing and in the written submissions, and based on all materials in the record, the motion for final approval is GRANTED.

The Court hereby ORDERS the following:

1. Unless defined herein, all defined terms in this Final Approval Order and any accompanying Judgment shall have the respective meanings set forth in the Settlement Agreements.

2. At preliminary approval, the Court appointed JND Legal Administration ("JND") as the Settlement Administrator. In connection with their final approval motion, Plaintiffs submitted a declaration of Jennifer M. Keough from JND summarizing the notice that was given to Class members and the resulting claims to date, opt-outs, and objections. (Doc. # 856-2). As directed by the Court, JND implemented the Class Notice Plan. Notice was provided by first-class U.S. mail, electronic mail, and digital and print publication. As stated in that declaration, over 25 million direct notices were mailed or emailed to the Class, and when combined with related notice campaigns, over 164 million notices were mailed or emailed to the Class. JND's digital notice effort delivered more than 355 million impressions. JND also implemented a Settlement Website that had over 4 million unique visitors and over 22 million page views. The Court finds that the notice program was adequate and reached more than 95% of identified Settlement Class members.

3. As of the date of this Order, 2,698,327 claims have been submitted.

4. Despite the reach of the notice program and large volume of claims, there were three objections and only 22 opt-outs from the Settlement Class.

5. Based on the record, the Court finds that the notice given to the Settlement Class was the best notice practicable under the circumstances and satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law. The Court further finds that

the notice given to the Settlement Class of the Settlements, separately, together, and in light of the previously approved settlements, was adequate and reasonable.

6. The notice fully and accurately informed members of the Settlement Class of all material elements of the Settlements. The Settlement Class Members received notice of: (a) the pendency of the Actions; (b) the terms of the proposed Settlements, including the Released Claims, Released Parties, and Releasing Parties; (c) their rights under the proposed Settlements, including how to receive the benefits offered by the Settlements; (d) their right to exclude themselves from the Settlement Class and the proposed Settlements; (e) their right to object to any aspect of the proposed Settlements; (f) their right to appear at the Final Approval Hearing; (g) Class Counsel's request for attorneys' fees and expenses; and (h) the binding effect of any final judgment and order approving the Settlements on all Persons who did not timely exclude themselves from the Settlement Class.

7. The Court also finds that the appropriate state and federal officials were timely notified of the Settlement Agreements under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715, and that ninety (90) days have passed without objection as to entry of approval from any governmental entity.

8. For the purposes of the settlement of the claims against Hanna Holdings and William Raveis this Court certified for settlement of claims as follows:

> All persons who sold a home that was listed on a multiple listing service anywhere in the United States where a commission was paid to any brokerage in connection with the sale of the home in the following date ranges:
>
> i. homes in Arkansas, Kentucky, and Missouri: October 31, 2018 to the date of Class Notice;
> ii. homes in Alabama, Georgia, Indiana, Maine, Michigan, Minnesota, New Jersey, Pennsylvania, Tennessee, Vermont, Wisconsin, and Wyoming: October 31, 2017 to the date of Class Notice;
> iii. for all other homes: October 31, 2019 to the date of Class Notice.

*See* Hanna Holdings Settlement Agreement at ¶ 15; William Raveis Settlement Agreement at ¶ 15.

9. The proposed Settlements with EXIT Realty, Windermere, and Lyon this Court certified for settlement of claims as follows:

> All persons who sold a home that was listed on a multiple listing service anywhere in the United States where a commission was paid to any brokerage in connection with the sale of the home in the following date range: October 31, 2019 to date of Class Notice.

*See* EXIT Realty Settlement Agreement at ¶ 15; Windermere and Lyon Settlement Agreement at ¶ 15.

10. The Court finds that certification of the Settlement Class is warranted under Federal Rule of Civil Procedure 23(a) because: (1) the members of the Settlement Class are so numerous that joinder is impracticable; (2) there are issues of law and fact common to the Settlement Class; (3) Plaintiffs' claims are typical of the claims of the Settlement Class Members; and (4) Plaintiffs and Co-Lead Counsel will fairly and adequately represent the interests of the Settlement Class members.

11. The Court finds that certification of the Settlement Class is warranted in light of and solely for purposes of the Settlements under Federal Rule of Civil Procedure 23(b)(3) because common issues, including whether Settling Defendants entered into any conspiracy, predominate over any questions affecting only individual members of the Settlement Class in the settlement context, and settlement of the Actions on a class basis is superior to other means of resolving the Actions as to Settling Defendants.

12. The Court reaffirms the appointment of Don Gibson, Lauren Criss, John Meiners, and Daniel Umpa as the Settlement Class Representatives. The Court finds that the Settlement Class Representatives have and will fairly and adequately protect the interests of the Settlement Class because: (1) the interests of the Settlement Class Representatives are consistent with those

of Settlement Class members; (2) there appear to be no conflicts between or among the Settlement Class Representatives and the other Settlement Class members; (3) the Settlement Class Representatives have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of this litigation; and (4) the Settlement Class Representatives and Settlement Class members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class action cases, including those concerning violation of the antitrust laws.

13. In making these findings, the Court has considered, *inter alia*, (1) the interests of the Settlement Class members in individually controlling the prosecution or defense of separate actions; (2) the impracticality or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning these claims already commenced; and (4) the desirability of concentrating the litigation of the claims in a particular forum.

14. The Court has specifically considered that the Settlement Class is nationwide and releases claims arising from sales of homes listed on NAR and non-REALTOR® MLSs, including all claims on behalf of Class Members, as sellers, buyers, or otherwise, arising from the same factual predicate. The Settlements resolve, among others, this case where Plaintiffs plead a nationwide conspiracy on behalf of a nationwide class that expressly challenges certain NAR rules as well as rules adopted by other MLSs such as the Residential Listing Service ("RLS") of the Real Estate Board of New York ("REBNY") and West Penn Multi-List ("WPML"). *See Gibson* Doc. #232, Consolidated Am. Compl., ¶ 182. The Complaint includes specific allegations regarding particular policies adopted in REBNY RLS and WPML that the Plaintiffs allege to be anticompetitive. *Id*. The Complaint alleges that, as a result, "Defendants' conspiracy has had the following anticompetitive effects *nationwide*," including in REBNY RLS and WPML: (a) "Home

sellers have been forced to pay commissions to buyer-brokers—their adversaries in negotiations to sell their homes—thereby substantially inflating the cost of selling their homes"; (b) "Home sellers have been compelled to set a high buyer-broker commission to induce buyer-brokers to show their homes to home buyers"; (c) "Home sellers have paid inflated buyer-broker commissions and inflated total commissions"; (d) "The retention of a buyer-broker has been severed from the setting of the broker's commission; the home buyer retains the buyer-broker, while the home seller sets the buyer-broker's compensation"; and (e) "Price competition among brokers to be retained by home buyers has been restrained." *Id.* ¶ 225 (emphasis added); *see also id.* ¶¶ 28, 227 (describing "nationwide" impact).

15. Here, the Court finds that certifying a nationwide class is warranted, including because Plaintiffs have pleaded a nationwide conspiracy and conducted extensive discovery into the alleged nationwide conspiracy and have thoroughly litigated the claims, providing a robust factual record on which to assess the claims and base negotiations. A nationwide settlement was a necessary condition of obtaining any settlement for the benefit of the class, a nationwide settlement will conserve judicial and private resources, and Class members were fully apprised of the settlement class definition through the notice process. The record reflects that it was both justified and necessary to achieve any settlement for the Settlement Class to include all MLSs for residential real estate nationwide and regardless of their formal affiliation with NAR. Moreover, the only way that the Settlements were possible was if they provided for a nationwide recovery and release.

16. As a general matter, "[t]he law strongly favors settlements" and "[c]ourts should hospitably receive them." *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 921 F.2d 1371, 1383 (8th Cir. 1990) (noting it is especially true in "a protracted, highly divisive, even bitter litigation"); *see also Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148 (8th Cir. 1999) ("[A] strong

public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor."); *Marshall v. Nat'l Football League*, 787 F.3d 502, 508 (8th Cir. 2015) ("A settlement agreement is 'presumptively valid.'" (quoting *Uponor, Inc*, 716 F.3d at 1063)); *Sanderson v. Unilever Supply Chain, Inc.*, 10-cv-00775-FJG, 2011 WL 5822413, at *3 (W.D. Mo. Nov. 16, 2011) (crediting the judgment of experienced class counsel that settlement was fair, reasonable, and adequate). The presumption in favor of settlements is particularly strong "in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation." *Cohn v. Nelson*, 375 F. Supp. 2d 844, 852 (E.D. Mo. 2005). However, the Court finds the Settlements, separately, together, and in light of the previously approved settlements, fair, reasonable, and adequate, regardless of any such presumption.

17. The determination whether a class action settlement is "fair, reasonable, and adequate" is "committed to the sound discretion of the trial judge. Great weight is accorded his views because he is exposed to the litigants, and their strategies, positions and proofs. He is aware of the expense and possible legal bars to success. Simply stated, he is on the firing line and can evaluate the action accordingly." *Van Horn v. Trickey*, 840 F.2d 604, 606-07 (8th Cir. 1988); *see also In re Wireless*, 396 F.3d 922, 932 (8th Cir. 2005) (the ultimate question is whether the settlement is "fair, reasonable, and adequate").

18. Rule 23(e)(2) includes four factors the Court must consider, when evaluating settlement fairness. Those factors are whether:

> (A) the Class Representatives and Class Counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the Class is adequate, taking into account:
>
> > (i) the costs, risks, and delay of trial and appeal;
> > (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class-Member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

19. The Eighth Circuit has also set forth four factors that a court should consider in determining whether to approve a proposed class action settlement: "(1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement." *In re Wireless*, 396 F.3d 922, 932 (citing *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 124 (8th Cir. 1975)); *Van Horn*, 840 F.2d at 607; *see also Swinton v. SquareTrade, Inc.,* 454 F. Supp. 3d 848, 861 (S.D. Iowa 2020) (finding analysis of certain Rule 23(e)(2) factors will "necessarily include analysis of [certain] related *Van Horn* factors"); *Anderson v. Travelex Insurance Services Inc.*., No. 8:18-CV-362, 2021 WL 4307093, at *2 (D. Neb. Sept. 22, 2021) (approving settlement under Rule 23(e) by evaluating *Van Horn* factors); *Cleveland v. Whirlpool Corp.*, No. 20-cv-1906, 2022 WL 2256353 (D. Minn. June 23, 2022) (evaluating settlement under Rule 23(e)(2) factors and *Van Horn*).

20. Under Federal Rule of Civil Procedure 23(e)(2), the Court finds that the Settlements with Settling Defendants, as set forth in the Settlement Agreements, are fair, reasonable, and adequate and directs consummation of the Settlement Agreements according to their terms.

21. First, Settlement Class Representatives and Class Counsel have adequately represented the Class. Class Counsel were appointed to serve as lead counsel in *Burnett* and *Moehrl* after the courts overseeing both cases found they would adequately represent the class. *Burnett*, No. 19-CV-00332-SRB, 2022 WL 1203100 (W.D. Mo. Apr. 22, 2022); *Moehrl*, No. 19-cv-01610, 2023 WL 2683199 (N.D. Ill. Mar. 29, 2023). Class Counsel subsequently obtained a jury verdict

in related litigation against NAR, HomeServices, and Keller Williams in *Burnett.* In this case, this Court appointed them as Interim Co-Lead Class Counsel for an alleged nationwide class with responsibility for any settlements. *Gibson* Doc. #180. Altogether, Class Counsel have obtained over $1 billion in proposed and approved settlements as well as significant practice change relief. Likewise, the Class Representatives have bought and sold homes and have demonstrated their commitment to the litigation by responding to discovery, providing relevant documentation, and participating in the settlement process.

22. Second, the record reflects that the Settlements were separately conducted at arm's length. The settlement negotiations were contentious and hard fought. And each occurred only after Settling Defendants provided Class Counsel with sufficient financial information for Plaintiffs to make an informed decision about settlement. Dirks Decl. at ¶¶ 21-22. There is no indication that any of the Settlements were the result of anything other than tough negotiations. The lengthy history of the related litigation, which has proceeded for years, is further evidence of the arm's length nature of these Settlements.

23. Third, for the reasons stated above, the relief for the Class is fair and adequate. The Settlements, separately, together, and in light of the previously approved settlements, provide for a significant financial recovery to the Settlement Class in light of the strengths and weaknesses of the case and the risks and costs of continued litigation, including appeal, and the Settling Defendants' financial resources. The Settlements also include meaningful changes to the Settling Defendants' policies. The parties dispute the strength of their claims and defenses. The Settlements reflect a compromise based on the parties' educated assessments of their best-case and worst-case litigation outcomes. The best-case outcome for Plaintiffs is success at class certification, trial, and appeal, and then actually receiving the awarded damages from Defendants. But "[a]ntitrust cases

are particularly risky, challenging, and widely acknowledged to be among the most complex actions to prosecute." *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420, 2020 WL 7264559, at *15 (N.D. Cal. Dec. 10, 2020). And it would make little sense to continue litigating against the Settling Defendants where they do not have the ability to pay the full amount sought. Dirks Decl. at ¶ 32-33.

24. Against these risks, the Settlements add to the combined settlement pot of over $1 billion, as well as substantial practice changes. *See In re Pork Antitrust Litig.,* No. 18-1776, 2022 WL 4238416, at *2 (D. Minn. Sept. 14, 2022) (granting final approval of antitrust settlement that provided "substantial relief against the backdrop of a great deal of uncertainty where the merits are highly contested" in case involving alleged price-fixing conspiracy among pork processing companies); *In re Polyurethane Foam Antitrust Litig.*, 168 F. Supp. 3d 985, 995-96 (N.D. Ohio 2016) (granting final approval of settlement in light of "real possibility that [plaintiffs] could have received much less—even zero—from a jury at trial or following an appeal"). The Settlements account for only part of the recovery that the Class has obtained, or could obtain, in connection with the claims arising from the alleged conspiracy. Specifically, Class Counsel obtained other settlements with other defendants that this Court previously finally approved.

25. In addition, the record reflects that the proposed method for distributing relief to the Class, including the proposed method for processing Class member claims, will be effective. The Court-appointed notice and claims administrator, JND, will work with Class Counsel in processing Class member claims and distributing relief. JND has extensive experience in distributing relief in connection with large and complex class action settlements. Keough Decl. at ¶ 1. JND will be responsible for reviewing claim forms and evidence to determine whether claims should be approved, and any claim that cannot be confirmed may be subject to challenge,

nonpayment, or a reduced share of the available funds. *See* Settlement Notice at ¶ 8. Class members with approved claims will have several options for receiving payment, including by debit card, Zelle, Venmo, or check. *See* Claim Form at p 1. Finally, as discussed below, the attorneys' fee request is reasonable and in line with Eighth Circuit precedent.

26. Fourth, the Settlements, separately, together, and in light of the previously approved settlements, treat Class members fairly and equitably relative to each other. The practice change relief applies to all Class members nationwide. With respect to the monetary relief, every person who meets the class definition is eligible to submit and receive compensation for a claim. That is all that is required. *Petrovic*, 200 F.3d at 1152–53 ("We do not agree with the objectors' contention that a mailed notice of settlement must contain a formula for calculating individual awards.").

27. Finally, there are no requested service awards under these Settlements.

28. The *Van Horn* factors also support settlement approval. As discussed above under the Rule 23(e)(2) factors, the Settlements each reflect a compromise based on the parties' educated assessments of their best-case and worst-case scenarios, and the likelihood of various potential outcomes, including potential financial outcomes of the Settling Defendants. Plaintiffs' claims raise numerous complex legal and factual issues under antitrust law. This is reflected in the voluminous briefing in this and the related litigation, which includes extensive class certification and summary judgment briefing and evidence, as well as post-trial briefing. In addition, Plaintiffs have engaged in extensive appellate briefing in the related litigation, including Rule 23(f) petitions, as well as two separate appeals concerning arbitration issues, and a denial of certiorari by the United States Supreme Court. By contrast, the Settlements provide for certain and relatively swift recovery for the Class. In light of the many uncertainties of continued litigation, a significant and certain recovery weighs in favor of approving the proposed Settlements. *See In re*

*Coordinated Pretrial Proc. in Antibiotic Antitrust Actions*, 410 F. Supp. 669, 678 (D. Minn. 1974) (approving settlement where price-fixing claims faced "substantial roadblocks" on top of the "difficulties inherent" in prevailing on such claims); *In re Flight Transp. Corp. Sec. Litig.*, 730 F.2d 1128, 1137 (8th Cir. 1984) (affirming final approval of settlement where "no reported opinion addresses the precise [merits] question presented here," which created "a substantial question whether [plaintiff] would prevail"); *In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369, 393 (D.D.C. 2002) ("Any verdict inevitably would have led to an appeal and might well have resulted in appeals by both sides and a possible remand for retrial, thereby further delaying final resolution of this case. These factors weigh in favor of the proposed Settlement.") (cleaned up).

29. The fairness, adequacy, and reasonableness of the Settlements, separately, together, and in light of the previously approved settlements, are also supported by the Settling Defendants' financial condition and their inability to satisfy a worst-case judgment. As discussed above, the record reflects that, in order to evaluate the Settling Defendants' financial condition, Plaintiffs reviewed financial information pertaining to each Settling Defendant and considered each's ability to pay. These amounts are reasonable in light of limitations on the Settling Defendants' ability to pay. "[A] defendant is not required to 'empty its coffers' before a settlement can be found adequate." *Meredith Corp. v. SESAC, LLC*, 87 F. Supp. 3d 650, 665 (S.D.N.Y. 2015) (quoting *In re Sony SXRD Rear Projection T.V. Class Action Litig.*, No. 06-cv-5173, 2008 WL 1956267, at *8 (S.D.N.Y. May 1, 2008)); *see also Grunin*, 513 F.2d at 125 (affirming antitrust settlement and explaining that a "total victory" for plaintiffs after trial "would have been financially disastrous if not fatal" to the defendant, and the final settlement "gave valuable concessions to the [settlement class] yet maintained [the defendant's] corporate viability").

30. As discussed above, the litigation as a whole has been complex and expensive, and, if it were to proceed without settlement, it would remain so. The Court has observed first-hand the complexity and expense of the litigation. Settling Defendants have and would raise numerous procedural and legal challenges to the case if they were not settling.

31. Finally, the lack of opposition to the Settlements supports approval of the Settlements. The Settlement Class Representatives have approved the Settlements. More than 2.68 million claims have been submitted, three repeat objectors have objected, and 22 opted out. Keough Decl. at ¶¶ 48, 51-52. This supports granting final approval. *See, e.g.*, *Keil v. Lopez*, 862 F.3d 685, 698 (8th Cir. 2017) (determining with a settlement class of approximately 3.5 million households, where "only fourteen class members submitted timely objections," the "amount of opposition is minuscule when compared with other settlements that we have approved"); *Bishop v. DeLaval Inc.*, No. 5:19-cv-06129-SRB, 2022 WL 18957112, at *1 (W.D. Mo. July 20, 2022) ("[A] low number of opt-outs and objections in comparison to class size is typically a factor that supports settlement approval") (quoting *In re LinkedIn User Priv. Litig.*, 309 F.R.D. 573, 589 (N.D. Cal. 2015)); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, No. MDL 1559 4:03-MD-015, 2004 WL 3671053, at *13 (W.D. Mo. Apr. 20, 2004) (of the 4,838,789 settlement class members who were sent notice, only 620 (0.012%) opted out of the settlement and only 33 (0.00068%) objected to the settlement, which "are strong indicators that the Settlement Agreement was viewed as fair by an overwhelming majority of Settlement Class members and weighs heavily in favor of settlement"); *In re Tex. Prison Litig.*, 191 F.R.D. 164, 175 (W.D. Mo. 1999) ("The objectors represent only about 8 per cent of the class, and this relatively low level of opposition to the settlement also indicates its fairness. The Court has an obligation not only to the minority of class members who filed objections, but also to the majority who, by their silence, indicated their

approval of the Settlement Agreement.") (citing *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995)); *see also, e.g.*, *Van Horn*, 840 F.2d at 607 ("the amount of opposition to the settlement" is a factor to be considered in the settlement approval process); *Marshall*, 787 F.3d at 513 ("We have previously approved class-action settlements even when almost half the class objected to it.").

32. This Court's order granting final approval of the Settlements is also supported by the substantial benefits to the class afforded by the practice changes obtained by the Settlements.

**The Objections are Overruled**

33. The Court has carefully considered each of the timely filed objections, and arguments made at the final approval hearing. All objections are overruled. As an initial matter, the Court has already overruled the same or similar objections from each of the three sets of objectors. *See Burnett*, May 9, 2024 Order Granting Final Approval, Doc. # 1487 at 13-29; *Burnett*, November 27, 2024 Order Granting Final Approval Doc. # 1622; *Gibson*, Nov. 5, 2024 Order Granting Final Approval, Doc. #530. In any event, the Court finds that none of the objections provides a basis for denying final approval of the Settlements. *See Marshall*, 787 F.3d at 513–14 ("The district court refused to give credence to the vocal minority" and "the court aptly noted that "only one-tenth of one percent of the class objected, and less than ten percent of the class ha[d] requested exclusion from the settlement.").

34. The Court also ordered on October 8, 2025: "It is hereby ORDERED that objecting Settlement Class Members appear in person, with or without counsel, at the hearing." (Doc. # 819). This order was then incorporated into the class notice.

35. This order is within the Court's discretion, particularly in light of the recent events in these cases that necessitated such appearances. *See Fauley v. Metro. Life Ins. Co.,* 52 N.E. 3d

427, 438-39 (Ill. App. Ct. 2016) ("requiring class members to be present in court to object did not violate their due-process rights" when the Court ordered "if you want the Court to consider your objection, then you must also appear at the final approval hearing."); *In re Train Derailment Near Amite La., Oct. 12, 2002*, No. CIV.A. MDL 1531, 2006 WL 644494, at *2 (E.D. La. Jan. 27, 2006) ("To preserve the right to be heard at the Fairness Hearing in opposition to the settlement, the objecting Class Member must appear at the federal court in person not later than 8:30 a.m. on the date the Fairness Hearing is to begin and register with Class Counsel."); *Dennings v. Clearwire Corp.*, No. C10-1859JLR, 2013 WL 3870801, at *8 (W.D. Wash. July 26, 2013) (finding when the Court ordered objectors' counsel's in person appearance, "[i]f Objectors' counsel intends to litigate in the State of Washington, he must be prepared to appear in Washington when ordered to do so by the court.").

36. Objectors may not "essentially insert[] [themselves] into the dispute and then, without explaining why, refuse[] to play by the rules that the district court set." *In re T-Mobile Customer Data Sec. Breach Litig.*, 111 F.4th 849, 858 (8th Cir. 2024). An objector in *T-Mobile* refused to cooperate with counsel's efforts to conduct discovery ordered by the district court, claiming "that by subjecting her to a deposition, the district court 'unduly encumbered' her due-process right to be heard." *Id*. Both the Eighth Circuit and District Court disagreed with her refusal to follow the court's orders and struck her objection. *Id*. Similarly here, after the Court ordered their appearance, many objectors mailed letters protesting the Court's order and requesting excusal for various reasons. Failure to comply with a Court's order can result in an objection being struck or waived. *See Ferron v. Kraft Heinz Foods Co.*, No 20-CV-62136-RAR, 2021 WL 2940240, at *41 (S.D. Fla. July 13, 2021) (finding when an objector failed to follow the Court order of appearing after providing the Court intent to appear at the final approval hearing, he provided the

Court "sufficient grounds alone to strike his Objection."); *In re Crocs, Inc. Sec. Litig.*, 306 F.R.D. 672, 682 (D. Colo. 2014) ("As a threshold matter, National Roofing's objection failed to comply with the Court's order . . . [t]hus, National Roofing's objection is deemed waived[.]"). All Objectors who did not appear in person failed to comply with the Court's order. Therefore, all objections filed by such Objectors are waived for failing to comply with the Court's order.

37. Separate from this, the Court has carefully considered the objections, and overrules each on its merits.

38. The objections were received from plaintiffs and their counsel who filed their own cases after *Moehrl* and *Burnett*. None of these cases have certified classes, and all appear to be in their infancy.

39. Several of these objections make arguments of various kinds challenging the scope of the Settlements and their releases. In the settlement context, however, courts regularly certify classes that are broader in some respect than the classes that were originally litigated. *See, e.g.*, *In re Gen. Am. Life Ins. Co. Sales Pracs. Litig*., 357 F.3d 800, 805 (8th Cir. 2004) ("There is no impropriety in including in a settlement a description of claims that is somewhat broader than those that have been specifically pleaded. In fact, most settling defendants insist on this."); *Smith v. Atkins*, 2:18- cv-04004-MDH, Order Approving Settlement, at ECF 53 (W.D. Mo. June 26, 2020) (approving settlement of nationwide class with 2-year practice change requirement); *Spann v. J.C. Penney Corp*., 314 F.R.D. 312, 318 (C.D. Cal. 2016) (court can "expand the scope of a settlement class") (citing *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 325-26 (3d Cir. 1998)); *In re TFT-LCD (Flat Panel) Antitrust Litig*., No. 07-cv-1827, 2011 WL 13152270, at *9 (N.D. Cal. Aug. 24, 2011) ("For the history of class certifications, courts have generally certified settlement classes broader than the previously-certified litigation classes; the

claims released are typically more extensive than the claims stated. Courts have noted that concerns about manageability and/or the class-wide applicability of proof (which can serve to limit or defeat class certification for trial) are in large part no longer relevant when establishment of a defendant's liability is replaced by a settlement."); *In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 190 (S.D.N.Y. 2005) ("[A] court may approve a settlement class broader than a litigation class that has already been certified."); *In re MicroStrategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 661 (E.D. Va. 2001) (certifying settlement class broader than previously certified litigation class); *In re Ikon Off. Sols., Inc., Sec. Litig.*, 194 F.R.D. 166, 172 (same).

40. Broad classes are often a practical prerequisite to reaching any settlement because a defendant will not agree to any meaningful settlement unless it can obtain global peace. *See, e.g.*, *Albin v. Resort Sales Missouri, Inc.*, No. 20-03004-CV-S-BP, 2021 WL 5107730, at *5 (W.D. Mo. May 21, 2021) (reasoning that the absence of "a single nationwide class action" would "discourage class action defendants from settling") (quotation omitted); *accord Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 103 n.5, 106 (2d Cir. 2005) ("Broad class action settlements are common, since defendants and their cohorts would otherwise face nearly limitless liability from related lawsuits in jurisdictions throughout the country. Practically speaking, class action settlements simply will not occur if the parties cannot set definitive limits on defendants' liability" (quotation omitted)); *In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 247-48 (2d Cir. 2011) ("Parties often reach broad settlement agreements encompassing claims not presented in the complaint in order to achieve comprehensive settlement of class actions, particularly when a defendant's ability to limit his future liability is an important factor in his willingness to settle."); *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 310-11 (3d Cir. 2011) (en banc) (affirming nationwide settlement in an antitrust case and stating: "[Without] global peace . . . there would be no

settlements."). Conversely, because global peace is most valuable to defendants, defendants will pay more to obtain it, thus benefitting class members. *See, e.g.*, *In re BankAmerica Corp. Sec. Litig*., 210 F.R.D. 694, 705 (E.D. Mo. 2002) ("[Defendants] paid both classes of plaintiffs more in the instant global settlement out of a desire to obtain 'total peace' than they would have paid either group of plaintiffs individually.").

41. Moreover, the objections challenge the nationwide geographic scope of the Settlements. But the Settlements' nationwide scope does not expand the geographic scope of the class pleaded in the settled "actions." Among the actions settled and released is *Gibson*. The *Gibson* complaint reflects nationwide claims and alleges that the conspiracy's scope impacted transactions nationwide, including in non-Realtor MLSs such as WPMLS and RLS/REBNY. *See Gibson* Amended Complaint (Doc. #232) at ¶¶ 182, 225, 227.

**The Court Overrules the South Carolina Objections by Benny D. Cheatham, Robert Douglass, and Douglas W. Fender II (Doc. #845)**

42. The South Carolina objection is overruled.

43. At the outset, many of the objections do not relate to these Settlements but rather appear to relate to a previously-filed objection to the NAR Settlement. That objection is overruled.

44. The South Carolina objectors argue that the aggregate monetary recovery reflected across the settlements are small. Yet the total settlements to date across both all actions exceed $1 billion. Moreover, the South Carolina objectors do not argue that any particular settlement in this action is inadequate; indeed, they fail to address the individual settlements at all. They do not even say what total amount *would have* been reasonable and adequate, only that they do not like what was obtained. Nor do they assert that the Settlements were the product of collusion or any conflict.

45. The applicable standard is whether the settlements are fair, reasonable, and adequate—not whether they provide complete relief to all Class members. *See Godson v. Eltman, Eltman, & Cooper, P.C.*, 328 F.R.D. 35, 54 (W.D.N.Y. 2018) ("The court's task, then, is simply to decide whether the settlement agreement *as written* is fair, reasonable, and adequate, not whether the parties or the court could conceivably have come up with a 'better' agreement.").

46. "As courts routinely recognize, a settlement is a product of compromise and the fact that a settlement provides only a portion of the potential recovery does not make such settlement unfair, unreasonable or inadequate." *Keil*, 862 F.3d at 696; *see also Pro. Firefighters Ass'n of Omaha, Loc. 385*, 678 F.3d at 649 ("Appellant falls far short of establishing the settlement agreement was unfair or inadequate simply because the retirees did not get as much as they believed they should."); *In re Agent Orange Prod. Liab. Litig.*, 597 F. Supp. 740, 762 (E.D.N.Y. 1984) (approving settlement despite the fact that "the settlement amount would not begin to cover the total costs of medical treatment for the class which easily could amount to billions of dollars" and holding "[t]he fact that the settlement amount may equal but a fraction of potential recovery does not render the settlement inadequate"), *aff'd*, 818 F.2d 145 (2d Cir. 1987); *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 312–13 (N.D. Ga. 1993) ("In determining whether to approve a proposed settlement, the Court is entitled to rely upon the judgment of the parties' experienced counsel. The trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel." (cleaned up)).

47. Nor must a settlement exhaust all of a settling defendant's financial resources in order to be deemed fair, reasonable, and adequate. *See Meredith Corp. v. SESAC, LLC*, 87 F. Supp. 3d 650, 665 (S.D.N.Y. 2015) ("[A] defendant is not required to 'empty its coffers' before a settlement can be found adequate.") (quoting *In re Sony SXRD Rear Projection T.V. Class Action*

*Litig.*, No. 06-cv-5173, 2008 WL 1956267, at *8 (S.D.N.Y. May 1, 2008)); *see also Petrovic*, 200 F.3d at 1153 ("While it is undisputed that [the settling defendant] could pay more than it is paying in this settlement, this fact, standing alone, does not render the settlement inadequate."); *Grunin*, 513 F.2d at 125 (affirming antitrust settlement and explaining that a "total victory" for plaintiffs after trial "would have been financially disastrous if not fatal" to the defendant, and the final settlement "gave valuable concessions to the [settlement class] yet maintained [the defendant's] corporate viability").

48. In reaching these settlements, Class Counsel, who have extensive antitrust experience and have vigorously litigated these related cases for years, sought to obtain the best possible recovery for the Class. There is no suggestion here, nor could there be, that Class Counsel were uninformed, lacked experience and expertise, or were somehow prevented from negotiating the best deals possible for the Class. To the contrary, Class Counsel negotiated these settlements based on their extensive knowledge of the issues, including liability, damages, the risks of continued litigation, and the financial condition of the Settling Defendants. Class Counsel also analyzed the finances of each of the Settling Defendants, including reviewing internal financial documents and evaluating the risk that each could file for bankruptcy protection, which likely would have resulted in lower recoveries, if any, for the Class than will be obtained via the Settlements. Decl. ¶¶ 22-32. The settlement amounts, which were ultimately reached only after arm's length negotiations between experienced counsel represented the most Class Counsel believed each Settling Defendant was reasonably able and willing to pay given the financial and legal circumstances existing at the time of each Settlement.

49. The South Carolina Objectors also purport to object to the scope of the releases reflected in the Settlements—but their objection is based on a plainly incorrect understanding of

what the releases actually say and do. *First*, the South Carolina Objectors mistakenly claim that the Settlements include a release for "local realtors whose annual sales volume is less than Two Billion." Doc. 464 at 4. This is wrong. The Settlements at issue here do not contain such a provision. *Second*, the South Carolina Objectors appear to argue that certain MLSs would be released by the Settlements. This is likewise incorrect. The Settlements at issue here do not release any MLSs. *Third*, the South Carolina Objectors assert that they have sued "local entities" in South Carolina that would be released by the Settlements. *Id.* But the South Carolina Objectors do not point to any such "local entities" they have sued that would be released. Indeed, many other Settling Defendants do not even do business in South Carolina. Although the South Carolina Objectors did sue Hanna Holdings, that case has made no progress and is currently stayed.

50. As to Settling Defendants' local Realtors, releases of employees and agents of defendants are common and appropriate. *See In re Am. Inv'rs Life Ins. Co. Annuity Mktg. & Sales Practices Litig.*, 263 F.R.D. 226, 240 (E.D. Pa. 2009) (overruling objection to release of independent sales agents of insurance company because "the release of agents is a necessary component of the settlement agreement in order to provide finality. Otherwise, dissatisfied policyholders could sue the defendants' agents who would then, in turn, look to the defendants for indemnity or contribution.") (citing *In re Prudential Ins. Co. of Am. Sales Prac. Litig. Agent Actions*, 962 F. Supp. 450, 522-23 (D.N.J. 1997), *aff'd*, 148 F.3d 283 (3d Cir. 1998)); *Shay v. Apple Inc.*, No. 3:20-cv-1629, 2024 WL 1184693, at *8 (S.D. Cal. Mar. 19, 2024) ("The release of non-party retailers is common practice in cases such as this, where the released claims against these non-parties concern an identical injury arising from common facts.") (citing *Hesse v. Sprint Corp.*, 598 F.3d 581, 590-91 (9th Cir. 2010)); *Maine State Ret. System v. Countrywide Fin. Corp.*, No. 10-CV-00302, 2013 WL 6577020, at *7, *17 (C.D. Cal. Dec. 5, 2013) (overruling objection

that argued "non-parties cannot be released for the claims asserted in the Settlement Actions"); *Retta v. Millennium Prods., Inc.*, No. 15-CV-1801, 2017 WL 5479637, at *8 (C.D. Cal. Aug. 22, 2017) (overruling objection that release of third party retailers was inappropriate: "this argument is meritless because the purpose of the settlement is to prevent duplicative litigation of identical claims . . . . Millennium is a manufacturer that sells its products through various retailers, so any claims Ference purports to have against third-party retailers of the Subject Products are going to be based on the same false or misleading labeling allegations asserted here. This objection is overruled."); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 108–09 (2d Cir. 2005) (approving class settlement with broad releases including non-parties, such as member banks, insurance companies, and Swiss governmental entities).

51. The same is true with respect to releases of franchisees. *See Flaum v. Doctor's Assocs., Inc.*, No. 16-CV-61198, 2019 WL 2576361, at *3 (S.D. Fla. Mar. 11, 2019) (final approval of settlement releasing all Subway franchisees in suit against Subway franchisor); *Adkins v. Nestle Purina PetCare Co.*, No. 12-CV-2871, 2015 WL 10892070, at *4 (N.D. Ill. June 23, 2015) (final approval of settlement releasing variety of non-parties, including suppliers, manufacturers, retailers, and franchisees); *McCabe v. Six Continents Hotels, Inc.*, No. 12-CV-4818, 2015 WL 3990915, at *3 (N.D. Cal. June 30, 2015) (preliminary approval of settlement releasing franchisees) & ECF No. 167 (Feb. 8, 2016) (ordering final approval of settlement). Absent such releases, the Settling Defendants have said that they would have, through the very act of settling the litigation, exposed themselves to potential litigation by their franchisees. They further claim that they either would not have settled on the same terms agreed or would not have settled at all, thus reducing the overall recovery to the Class.

52. The South Carolina Objectors also object to the adequacy of the class notices. Given they have objected from the earliest settlements and have inserted themselves into the litigation over two years ago, these arguments lack credibility. Objectors assert that the notices lacked the following information, which they claim was necessary for Class members to decide whether to participate in the Settlements: (1) "there is only mention of a 42 Million Dollar settlement involving ten (10) defendants without any mention of home sales involved"; (2) "there is no explanation of the net worth of these settling defendants"; and (3) information "for class members to evaluate whether there could be better outcomes in their own jurisdictions."

53. In fact, Class members were provided with the information the South Carolina Objectors advocate for. The notices reflect that the Settlement Class includes homes listed on MLSs nationwide over a multi-year period. Any reasonable person would have understood such a class to encompass millions of home sellers. And objectors and their counsel know this because they have objected to nearly every previous settlement in this case and related litigation. In any event, the notice included a list of "other similar cases," among them the names and case numbers of both cases filed by the South Carolina Objectors. The South Carolina Objectors do not explain why the detailed long form notice, website FAQs, and other relevant documents included on the settlement website were insufficient.

54. Moreover, "the mechanics of the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process." *Grunin*, 513 F.2d at 120. "As a general rule, the contents of a settlement notice must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with (the) proceedings." *Id.* at 122 (quotation omitted). "Valid notice of a settlement agreement 'may consist of a very general description' of settlement terms." *In re*

*Uponor, Inc., F1807 Plumbing Fittings Prod. Liab. Litig.*, 716 F.3d 1057, 1065 (8th Cir. 2013) (quoting *Grunin*, 513 F.2d at 122).

55. The notice here easily satisfied this standard. Among other things, it apprised Class members of the nature of the action; the class claims and issues; and the settlement terms. It also advised Class members of their options, including their right to file objections, opt out, and appear at the fairness hearing. And it explained how Class members could obtain additional information including by contacting Class Counsel, contacting the claims administrator, and through the settlement website, which included numerous key case documents, FAQs, and every Settlement Agreement.

56. Courts regularly find that similar notices satisfy Rule 23's requirements. *See, e.g.*, *In re Uponor, Inc., F1807 Plumbing Fittings Products Liability Litig.*, 716 F.3d 1057, 1065 (8th Cir. 2013) (rejecting objectors' argument that notice was defective because it did not adequately explain the scope of liability releases where the notice explained that certain claims were being released and "provided a link to the settlement website, a description of the opt out procedure, and a toll free number to pose questions to the claims administrator" for more information); *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 807 F. App'x 752, 764 (10th Cir. 2020) (rejecting objections to notice that described the "general" terms of the settlement and explained how to get further information); *In re Uponor*, 716 F.3d at 1065 (notice that generally described claims being released, "provided a link to the settlement website, a description of the opt out procedure, and a toll free number to pose questions to the claims administrator," was adequate); *Maher v. Zapata Corp.*, 714 F.2d 436 (5th Cir. 1983) ("The notice adequately described the nature of the pending action, the claims asserted therein, and the general terms of the proposed settlement. It informed

the shareholders that additional information was available from the court's files. It also informed them of the time and place for the settlement hearing and their right to participate therein.").

57. Nor do the South Carolina Objectors cite any authority that would have required Plaintiffs to provide information beyond what was reflected in the class notice. With good reason. Courts are unanimous that not every detail of the litigation need be included in settlement notices and have rejected objections seeking the inclusion of every conceivable detail. *See, e.g.*, *Vargas v. Capital One Financial Advisors*, 559 F. App'x. 22, 27 (2d Cir. 2014) (a settlement notice need only apprise class members of the settlement terms and "of the options that are open to them in connection with the proceedings," and, consequently, rejecting objector's arguments that notice was inadequate because it failed affirmatively to advise unsatisfied class members to opt out and failed to calculate the damages sustained by each individual class member); *In re TikTok, Inc., Consumer Privacy Litig.*, 2022 WL 2982782, at *18 n.20 (N.D. Ill. July 28, 2022) ("Rule 23 does not require the settlement notice to contain every last bit of information necessary to file an objection."); *Good v. Am. Water Works Company, Inc.*, 2016 WL 5746347, *9 (S.D. W. Va. Sept. 30, 2016) ("The basic requirements of Rule 23 and due process are intended to ensure that notices fairly and reasonably apprise class members of a pending action affecting their rights and their options with respect to that action, but those requirements should not transform the notice into a long brief of the parties' positions, precise in every detail and slated in such fashion as to please every litigant." (quotation omitted)).

58. Notices do not need to include every detail because "[c]lass members are not expected to rely upon the notices as a complete source of settlement information." *Grunin*, 513 F.2d at 122; *see also UAW v. General Motors Corp.*, 2006 WL 891151, *33 (E.D. Mich. Mar. 31, 2006) ("It is inevitable that some details will be omitted from a notice, but the fact that the notices

do not fully explore certain issues is immaterial. Class members are not expected to rely upon the notices as a complete source of settlement information." (cleaned up)). For instance, in *Petrovic*, the Eighth Circuit rejected the "contention that a mailed notice of settlement must contain a formula for calculating individual awards" because "[t]he notice described with sufficient particularity the stakes involved: the settlement of environmental claims against [the defendant], the award of significant injunctive relief, and the potential aggregate payout of over seven million dollars in compensatory damages." *Petrovic v. Amoco Oil Co.*, 200 F.3d at 1152–53.

59. Moreover, notices that are overly long and complex are counter-productive because they reduce the likelihood that Class members will actually review and understand essential information. *See Kagan v. Wachovia Securities, L.L.C.*, 2012 WL 1109987, at *10 (N.D. Cal. Apr. 2, 2012) ("[The proposed notice] is simply too long. The Court is concerned that few class members will read a fifteen-page, single-spaced Class Notice.").

60. The South Carolina Objectors incorrectly state that they were not informed that their presence would be required at the fairness hearing. They knew this because the notice specifically stated so and these same objectors have been previously required to attend. *See* Notice at ¶ 18 ("If you send an objection, you may need to personally appear at the Fairness Hearing on February 5, 2026, or your objection may be waived. Please check the settlement website and/or Court docket for the Court's instruction."); *id.* at ¶ 19 ("If you send an objection, you may need to personally appear at the Fairness Hearing on February 5, 2026 at 1:30 PM and 2:30 PM for Gibson and Keel II, respectively, or your objection may be waived. Please check the settlement website and/or Court docket for the Court's instruction.").

61. And South Carolina Objectors are just wrong that the Court does not have authority to assert jurisdiction over them. Objectors are not "entitled to dictate the means by which the court

considers the fairness of the proposed settlement." *Hershey v. ExxonMobil Oil Corp.*, No. 07-1300, 2012 WL 5306260, at *2 (D. Kan. Oct. 26, 2012). Once parties "insert [themselves] into the dispute" by filing an objection, they must "play by the rules that the district court set[s]." *T-Mobile*, 111 F.4th at 858. *See also Hershey*, 2012 WL 5306260, at *4 ("courts have specifically approved the requirement that an objector seeking to thwart a proposed class-wide settlement ... personally attend the fairness hearing") *aff'd*, 550 Fed. Appx. 566; *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 527 n.13 (E.D. Mich. 2003) (requiring objectors to attend final approval hearing); and *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424, 2016 WL 6908118, at *3 (M.D. Fla. Nov. 22, 2016) (same).

62. Indeed, district courts often impose significantly ***more*** burdensome requirements than the attendance requirement here, such as requiring objectors to sit for depositions. *In re Equifax Inc. Customer Data Security Breach Litigation*, 999 F.3d 1247, 1266–67 (11th Cir. 2021). As with in-person attendance at a hearing, depositions "are a normal part of litigation" that require objectors and attorneys to travel and take time away from other obligations. *Id.* Preparing and sitting for a deposition is more taxing than simply attending a hearing. Yet the Eighth Circuit and others recognize that due process allows deposition requirements. *T-Mobile*, 111 F.4th at 858 ("Pentz objects that by subjecting her to a deposition, the district court 'unduly encumbered' her due-process right to be heard. We doubt it.").

63. And including in-person attendance is particularly important to ferret out "objections that are lawyer-driven" or "filed with ulterior motives." *Equifax*, 999 F.3d at 1266. That is the case here, where the objections were filed by plaintiffs recruited by lawyers to participate in copycat lawsuits. And as the Court is aware at least one previous objector used the approval process to hurl threats and accusations of misconduct. That objector's conduct was so

alarming that the U.S. Marshals Service and the U.S. Attorney's Office had to become involved. Given this background, the District Court is well-justified in requiring all objectors to appear in person. Appearing for a single hearing is a small burden given the stakes involved: industry-wide practice reforms millions of dollars in recovery.

**The Court Overrules the Spring Way Objection (Doc. # 847)**

64. The Pennsylvania objection to the Settlements is overruled. The Pennsylvania objection was filed by the plaintiffs and lawyers who brought another case filed after the *Burnett* verdict and after *Gibson*. The Pennsylvania objectors claim that the Pennsylvania real estate industry is somehow unique. But this is contradicted by the Pennsylvania objectors' own Amended Complaint, which says the opposite: "Defendants' anticompetitive practices are not unique--as they represent western Pennsylvania's local version of collusive practices that are widespread within the residential real estate industry." Amended Complaint (Doc. 30) at ¶ 11, *Moratis v. West Penn Multi-List, Inc.*, et al, No. 23-cv-2061 (W.D. Pa.). The Amended Complaint further stated: "Recently, a federal jury in *Burnett, et al. v. The National Association of Realtors, et al.*, 4:19-cv-00332-SRB (Western District of Missouri), found that rules, policies, and practices similar in both design and effect to those at issue here violated federal antitrust law. The jury in *Burnett* imposed a historic ten-figure judgment on the defendants." *Id.* The Complaint further alleges: "Like the defendants in *Burnett*, Defendants' conduct unlawfully restrains trade and competition, harms home sellers in the form of inflating the cost of selling a house (therefore eating into the equity a seller may have accrued in his or her property), and is, therefore, violative of federal antitrust law." *Id.* at ¶ 12. Thus, the Pennsylvania objectors' own allegations reflect that a nationwide class settlement is appropriate due to the similarity of practices and alleged anticompetitive effect across the United States. Indeed, even in their objection, Pennsylvania objectors admit that Pennsylvania

MLSs "used similar mechanisms" to accomplish the conspiracy (Doc. 847 at 3), and that "the framework and incentive for this iteration of the conspiracy was made by NAR and the franchisors" *Id.* at 6.

65. Moreover, the Pennsylvania objectors' claim that "[t]hese plaintiffs did not conduct any discovery regarding the operation of related conspiracies in other states and regions, including Western Pennsylvania" is wrong.

66. In addition, the court in *Moratis* entered judgment against the Plaintiffs. *Moratis v. W. Penn Multi-List, Inc.*, No. 2:23-CV-2061, Doc. 167. This is contrary to the Pennsylvania objectors' assertions that they could do better in their own regional cases. If anything, the Settlements appear to be the best way, if not the only way, for Pennsylvania class members to obtain any recovery. Indeed, 53,160 Pennsylvania claims have been filed under the Settlements. Keough Dec. at ¶ 48. Thus, the Pennsylvania objectors' argument that the recovery under the Settlements is insufficient rings hollow.

67. Similarly, the Pennsylvania objectors' argument that Settling Defendants could have paid more is overruled, and as discussed above, was the most Plaintiffs could reasonably hope to obtain.

68. The Pennsylvania objectors' argument that the practice change relief should not contain a sunset provision is also rejected. A time limitation on practice changes is common and reasonable. No company wishes to stay under the enforcement power of a court indefinitely, nor does a court wish to retain indefinite jurisdiction. For these reasons, injunctive relief settlements with sunset provisions are routinely approved, often for shorter periods than the five-year periods at issue here. *See, e.g.*, *Smith v. Atkins*, 2:18- cv-04004-MDH, Order Approving Settlement, at ECF 53 (W.D. Mo. June 26, 2020) (approving settlement of nationwide class with 2-year practice

change requirement); *Zepeda v. PayPal, Inc.*, No. 10-CV-1668, 2017 WL 1113293, at *13 (N.D. Cal. Mar. 24, 2017) (approving final settlement with expiration of injunctive relief after two years: "ensuring that Defendants maintain such practices until two years following the date of the Preliminary Approval Order"); *In re Colgate-Palmolive Softsoap Antibacterial Hand Soap Mktg. and Sales Practices Litig.*, No. 12-MD-2320, 2015 WL 7282543, at *10 (D.N.H. Nov. 16, 2015) (approving final settlement and overruling objections "that the injunctive remedies go away in five years" and observing the injunctive relief "provides a valuable benefit to the class" and just because the injunction is not as broad as some class members wanted "does not make this settlement inadequate"); *Fla. ex rel. Crist v. HCA, Inc.*, No. 03-CV-177, 2002 WL 32116840, at *4 (M.D. Fla. Apr. 23, 2002) (entering a final consent judgment in a Sherman Act case, in which monetary payments and injunctive relief were provided and the judgment was set to expire in five years); *In re HP Inkjet Printer Litig.*, No. 05-CV-3580, 2011 WL 13156938, at *5 (N.D. Cal. Mar. 29, 2011) (order approving settlement with injunctive relief expiring within at least three years). Not to mention that the Settlements at issue here provide a longer period of injunctive relief than other settlements that have been reached in other real estate commission antitrust suits. *See Nosalek v. MLS Property Information Network, Inc.,* No. 20-cv-12244 (D. Mass,) (Doc 268-1) ¶ 9(a) (MLS PIN injunction of three years).

69. Next, the Pennsylvania objectors' argument that the long form notice is insufficient also fails for the same reasons discussed above.

70. Pennsylvania objectors argument that they should not be required to attend the final approval hearing is also overruled as discussed above.

71. Finally, Pennsylvania objectors argue that they should be permitted to opt out and object at the same time. The court overrules this objection. *See Jenson v. Cont'l Fin. Corp.,* 591

F.2d 477, 482 (8th Cir. 1979) ("Opt-outs and general creditors are not members of the class and hence are not entitled to the protection of Rule 23(e)."); *In re Ins. Brokerage Antitrust Litig.,* 282 F.R.D. 92, 110 (D.N.J. 2012) (same); *Manual for Complex Litigation,* § 21.643 (4th ed.) ("Any class member *who does not opt out* may object to a settlement, voluntary dismissal, or compromise that would bind the class.") (emphasis added); *4 Newberg and Rubenstein on Class Actions* § 13:23 (6th ed.) ("What this means is that class members may either object or opt out, but they cannot do both.").

**The Court Overrules the Buyer Objection (Doc. #848 (Mullis)).**

72. The buyer objectors[2] seek to carve out indirect purchaser buyer claims from the releases. But every Class member sold a home during the class period, and most also bought homes. After all, few people sell a home without first buying it. And most home sellers then buy a different home with the proceeds because they need somewhere to live. Thus, most Class members had possible claims both as home sellers and home buyers. Yet Defendants would not have paid the large amounts in settlement only to have many of the same people they just paid sue them again for the same alleged antitrust conspiracy.

73. The parties addressed this by crafting releases that incorporate the Eighth Circuit's "same factual predicate" standard and limiting their scope to the extent permitted by federal law. The same factual predicate standard recognizes that a party may be precluded from suing twice for the same wrong. When cases go to final judgment, res judicata, for instance, bars relitigating not only the claims tried, but also other claims that "could have been raised" in that action. *Brown v. Kansas City Live, LLC*, 931 F.3d 712, 714 (8th Cir. 2019). The same holds true in class actions

[2] Mullis's counsel filed three buyer cases, *Batton, Davis*, and *Lutz.* The only buyer case involving a Settling Defendant is *Davis*. For sake of consistency with previous settlement approval orders, the Court refers to the buyer objectors as the "*Batton/Davis* objectors."

litigated to conclusion. *In re Gen. Am.*, 357 F.3d at 803. And for class judgments that arise from settlement, courts have developed a parallel test that gives preclusive effect to all claims – even those not pleaded – that "arise out of the same factual predicate as the pleaded claims." *Uponor, Inc.*, 716 F.3d at 1065. Similar rules apply because "'the situation is analogous to the barring of claims [under res judicata] that could have been asserted in the class action.'" *Thompson v. Edward D. Jones & Co.*, 992 F.2d 187, 191 (8th Cir. 1993) (quoting *TBK Partners, Ltd. v. Western Union Corp.*, 675 F.2d 456, 461 (2d Cir. 1982)).

74. Each Settlement incorporates the *Uponor* standard by limiting the term "Released Claims" to include only causes of action "arising from or relating to conduct that was alleged or could have been alleged in the Actions based on any or all of the same factual predicates for the claims alleged in the Actions . . . ." *E.g.,* Hanna Agreement ¶ 11. In addition, "[f]or avoidance of doubt" as to enforceability, the releases "extend[] to, but only to, the fullest extent permitted by law." *E.g.,* Hanna Agreement ¶ 28. By using these legal terms of art, the parties permissibly restricted the releases' scope. Every Class member was free to weigh potential competing claims and make a choice. They could have opted out and maintained the freedom to pursue buyer claims either individually or in the *Batton/Davis* cases (should a court ever certify those classes). And people who did not sell during the relevant time, and may have buyer-only claims, are completely unaffected because they are not part of the Settlement Class.

75. The *Batton/Davis* objectors argue that the Settlements release indirect purchaser buyer claims "for no additional consideration." Doc. #848 at 8. Having properly limited the scope of the releases based on the "same factual predicate" standard, however, the Court finds the parties were under no further obligation to assign separate settlement values to every distinct claim that Class members might have asserted. As the Eighth Circuit recognized in *In re General American*

*Life Insurance Co. Sales Practices Litigation*, 357 F.3d 800, 805 (8th Cir. 2004), that argument ignores "the way settlements usually work."

76. Like the objectors here, the *General American* plaintiff tried to void a class settlement release by complaining that "the class representative gave away all modal-billing claims (in the release) and received nothing in exchange for them." *Id*. Thus, the argument went, class members (including the plaintiff) received compensation for one type of claim, but "plaintiff and others similarly situated received nothing for their modal-billing claims." *Id*. But the Eighth Circuit rejected this contention because it ignored the give-and-take nature of the settlement process:

> It simply is not true that modal-billing claims were given away for nothing. It is true that no separately stated consideration was paid for those claims, but that is quite another thing. In addition to the claims specifically pleaded in the class action, all claims related to policy charges, necessarily including modal-billing claims, were released. The release of the latter category of claims was one of a series of benefits conferred on the defendant by the class as part of the settlement. On the other side, defendant conferred benefits on the plaintiff class, including a monetary settlement, from which the plaintiff in this case has benefitted, and a claims-evaluation procedure that could produce additional relief. No part of the consideration on either side is keyed to any specific part of the consideration of the other. Each side gives up a number of things.

*Id*.; *accord Wal-Mart Stores*, 396 F.3d at 113 (quoting same). The Eighth Circuit further declined to enmesh itself in trying to determine "the relative value of the modal-billing clams," and instead deferred to the judgment of the class representative and class counsel that releasing all claims arising from the same factual predicate "was a proper thing to give up to obtain the benefits offered by General American." *In re Gen. Am.*, 357 F.3d at 805.

77. Plaintiffs here bargained for and obtained many benefits: money at the limits of Defendants' ability to pay, along with injunctive relief eliminating the challenged NAR rules and business practices. This relief is immediate, eliminating the litigation and bankruptcy risks threatened by complex additional proceedings. But every negotiation has two sides, and Plaintiffs

made the reasonable judgment that providing a release tracking federal law by releasing claims arising from the same conspiracy was "a proper thing to give up to obtain the[se] benefits." *Id.* There was no "discount applied" to buyer claims because "[n]o part of the consideration on either side" was "keyed to any specific part of the consideration of the other." *Id.* Rather, a complete release – including indirect purchaser buyer claims – was "part of the consideration necessary to obtain [one of] the largest antitrust settlement[s] in history." *Wal-Mart Stores*, 396 F.3d at 113. Nor were any class members bound by this determination involuntarily; dissenters retained the right to opt-out. The *Batton/Davis* objectors have offered no evidence to enable the Court to second-guess Plaintiffs' determination, and the Court declines to do so.

78. The *Batton/Davis* objectors also argue that those Class members with potential indirect purchaser claims require their own subclass. Yet "[a] class need not be subdivided merely because different groups within it have alternative legal theories for recovery or because they have different factual bases for seeking relief." 7AA C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1760 (3d ed. June 2024 update). Rather, conflicts arise (and subclasses are required) only "when the class is found to have members whose interests are divergent or antagonistic." *Id.*; *see also DeBoer*, 64 F.3d at 1175 ("There is no indication that DeBoer's interest was antagonistic to the remainder of the class or that the claims were not vigorously pursued."). *Cf. Petrovic,* 200 F.3d at 1146 ("If the objectors mean to maintain that a conflict of interest requiring subdivision is created when some class members receive more than other class members in a settlement, we think that argument is untenable. It seems to us that almost every settlement will involve different awards for various class members."). No such division of interest is presented here.

79. The only people included in the settlements – and thus the only people giving any release – are people who sold homes during the class period.[3] Their interests are common and focused on achieving the greatest relief for the class. *See In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 208 (5th Cir. 1981) ("[S]o long as all class members are united in asserting a common right, such as achieving the maximum possible recovery for the class, the class interests are not antagonistic for representation purposes."). That many of these Class members also bought homes during the class period does not make their interests divergent or antagonistic.

80. The Supreme Court's decisions in *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997), and *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999), provide no support for objectors' argument. As the Eighth Circuit has recognized, *Amchem* and *Ortiz* were very different product liability cases that involved stark conflicts of interest not present here. *Petrovic*, 200 F.3d at 1146. Both cases represented attempts to settle all asbestos cases, now and forever. *Id.* The "injuries involved in those cases were extraordinarily various, both in terms of the harm sustained and the duration endured." *Id.* Worse still, the diseases had a latency period of up to 40 years, meaning that many class members currently suffered from no illness. *In re Target Corp. Customer Data Sec. Breach Litig.*, 892 F.3d 968, 975 (8th Cir. 2018) (discussing *Amchem*). The Eighth Circuit stated that this latency period created an inherent conflict "between class members who already had asbestos-related injuries (and who would want to maximize immediate payout) and class members who might develop asbestos-related injuries in the future (and who would want to maximize testing, protection from inflation, and future fund size)." *Petrovic*, 200 F.3d at 1146. Adding to the problem, "the settlement offered no assurance that sufficient funds would remain to

[3] People who only bought homes during the class period are not Settlement Class members. They have released nothing and can continue to litigate indirect purchaser claims should they so desire.

protect the interests" of future claimants. *In re Target Corp.*, 892 F.3d at 975 (discussing *Amchem*). In other words, both *Amchem* and *Ortiz* involved a strong likelihood that some claimants would be paid, but others (numbering in the hundreds of thousands) would receive nothing. That concern is not present here, where every Class member sold a home and therefore will receive compensation.

81. The *Batton/Davis* objectors imply that *Amchem* and *Ortiz* require subclasses whenever Class members claim different amounts or types of damage. But *Petrovic* forecloses that argument. *Petrovic* was a class action arising from underground oil seepage originating from a petroleum refinery. In crafting settlement relief, the parties created three zones, labeled A, B, and C. Claimants in Zone A, situated above the underground oil, were "guaranteed to receive 54 percent of the value of their properties." *Petrovic*, 200 F.3d at 1145. Claimants in the surrounding Zone B were guaranteed $1,300 per property. *Id*. And claimants in Zone C, the area farthest removed from the oil, could apply for compensation only by proving damage. *Id*. Faced with objectors from different zones, the Eighth Circuit held that *Amchem* and *Ortiz* required no subclasses: "If the objectors mean to maintain that a conflict of interest requiring subdivision is created when some class members receive more than other class members in a settlement, we think that the argument is untenable." *Id*. at 1146. Indeed, "almost every settlement will involve different awards for various class members." *Id*.

82. The same is true here. Every Class member stands to gain from the settlements, both in terms of money and injunctive relief. Each Class member could try to prove individual damages at trial and these amounts would all vary. But courts approve class settlements all the time that forgo these individual determinations. Indeed, the most common method for allocating settlement funds in antitrust cases is on a *pro rata* basis. *In re Namenda Direct Purchaser Antitrust*

*Litig.*, 462 F. Supp. 3d 307, 316 (S.D.N.Y. 2020) ("courts uniformly approve as equitable" plans in antitrust cases that "allocate[] funds among class members on a *pro rata* basis."); *see also Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 531 (E.D. Mich. 2003) (approving *pro rata* distribution of settlement fund as fair and reasonable). And if a Class member does not like this result, they could opt-out.

83. *Amchem* and *Ortiz* also presented procedural settlement problems not presented here. As the Eighth Circuit recognized, each involved a settlement before litigation, presenting the district court with a complaint, proposed class, and proposed settlement all at the same time. *Petrovic*, 200 F.3d at 1145-46. This deprived the trial courts of "'the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold.'" *Id.* at 1146 (quoting *Amchem*, 521 U.S. at 620). This case, by contrast, arises from facts extensively developed during the *Burnett* litigation and trial, giving the Court an extensive record on which to base its findings. *Id.* In addition, *Amchem* and *Ortiz* presented the possibility of collusion between class counsel and the defendants. *Id.* No objector meaningfully alleges here any facts reflecting such collusion in connection with these settlements. The difficulties associated with *Amchem* and *Ortiz* therefore are not present.[4]

[4] The *Batton/Davis* objectors' other cases are similarly distinguishable. *See BankAmerica.*, 210 F.R.D. at 712 (finding settlement unreasonable where it allocated no damages to set of claims that plaintiffs had previously pursued and represented as among the strongest in the case); *Branson v. Pulaski Bank*, No. 4:12-CV-01444-DGK, 2015 WL 139759, at *6-7 (W.D. Mo. Jan. 12, 2015) (rejecting settlement where there was no evidence of the merits of plaintiffs' claims and settlement appeared to stem from unequal bargaining power); *Martin v. Cargill, Inc.*, 295 F.R.D. 380, 385-87 (D. Minn. 2013) (rejecting proposed settlement submitted the day after complaint was filed when the court had no information about the potential damages or relative strengths and weaknesses of claims). The rest are cases where there were intractable conflicts between subclasses of class members holding present, known claims and those holding claims for potentially future, unknown injuries.

84. The *Batton/Davis* objectors also fail to demonstrate that the class representatives or counsel provided inadequate representation. The mere fact that some Class members might allege indirect purchaser buyer claims presents no divergent interests that would preclude general representation of an undivided class. This is because "[t]he interests of the various plaintiffs do not have to be identical to the interests of every class member; it is enough that they 'share common objectives and legal or factual positions.'" *Petrovic*, 200 F.3d at 1148 (quoting 7A Wright, Miller, and Kane, *Federal Practice and Procedure: Civil* 2d § 1769 at 367 (2d ed. 1986)). All Class members here "share the common objective" of ending Defendants' alleged anticompetitive conspiracy and recovering the excessive commissions they paid as a result of that conspiracy. *Uponor, Inc.*, 716 F.3d at 1064.

85. The *Batton/Davis* objectors brush aside the valuable injunctive relief obtained by the settlements. But the financial payments to Class members are "not the only, or perhaps even the primary, benefit of the settlement agreement[s]." *Marshall*, 787 F.3d at 509. Rather, "the injunctive relief offered under the settlement[s] has value to all class members." *In re Target Corp.*, 892 F.3d at 974 n.6; *accord Sullivan*, 667 F.3d at 329 (en banc) (argument that some class members "receive no money" fails because it "fails to acknowledge the injunctive relief offered by the settlement," which "is intended to benefit all class members regardless of individual monetary recovery.").

86. The *Batton/Davis* objectors also ignore the fact that the only people included in the Settlements are people who sold homes during the class period. People who only bought homes are not Class members. Such "buyer only" individuals have released nothing and can litigate indirect purchaser buyer claims any way they desire, whether individually or in the *Batton* cases. Those cases will continue to be litigated. The sole limitation imposed is that people who accept

settlement benefits here cannot turn around and pursue a second recovery for the same conduct. This is not a case where anyone is releasing claims without compensation. Instead, all Class members "share the common objective of maximizing their recovery from [Defendants] for the same alleged misconduct." *Schutter v. Tarena Int'l, Inc.*, No. 21-CV-3502, 2024 WL 4118465, at *5 (E.D.N.Y. Sept. 9, 2024).

87. For these reasons, objectors' reliance on *In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242 (2d Cir. 2011), is not persuasive. *Literary Works* involved a settlement that placed claims in groups A, B, and C (each group arising under a different provision of the Copyright Act). *Literary Works*, 654 F.3d at 246. If claims exceeded a set cap, then Category C claims would be reduced first and might be eliminated entirely. *Id*. The Second Circuit therefore found a lack of adequate representation because Category A and B claims were "more lucrative" than Category C and "because the reduction of Category C claims could 'deplete the recovery of Category C-only plaintiffs in their entirety before the Category A or B recovery would be affected.'" *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1277 (11th Cir. 2021) (quoting *Literary Works*, 654 F.3d at 252, 254). The settlement agreements here, by contrast, present "no risk that any members of the class will have their ability to get settlement benefits reduced to zero because some other members got more relief from the settlement." *Id.* Instead, "all class members are entitled to the same class benefits." *Id*. Again, the fact that many Class members both bought and sold a home presents no "fundamental conflict" that requires the use of subclasses or additional lawyers.

88. The *Batton/Davis* objectors also complain that "the settling parties have not made any plan of allocation available." Doc. #1561 at 5. But this argument is premature and should be raised in the allocation phase. "[C]ourt approval of a settlement as fair, reasonable and adequate is

conceptually distinct from the approval of a proposed plan of allocation." 2 McLaughlin on Class Actions § 6:23 (20th ed. Oct. 2023 Update). "The prime function of the district court in holding a hearing on the fairness of the settlement is to determine that the amount paid is commensurate with the value of the case," which "can be done before a distribution scheme has been adopted so long as the distribution scheme does not affect the obligations of the defendants under the settlement agreement." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 170 (2d. Cir. 1987).[5] Once the allocation plan is proposed, the Court will be in a position to consider that plan and approve "a second notice to Class Members, followed by a right to object and/or file a claim." *In re Domestic Airline*, 378 F. Supp. 3d at 22. That distribution decision will be "governed by the same standards of review applicable to approval of the settlement as a whole, *i.e.,* the distribution plan must be fair, reasonable and adequate." *Namenda Direct Purchaser*, 462 F. Supp. 3d at 316. Any Class members who disagree with the proposed allocations—e.g., because they believe that plan insufficiently compensates home purchases—will be able to present such argument to the Court at that time. Nor do any Class members need allocation information in deciding whether to opt out of the settlements. The Eighth Circuit rejects the notion that class members must be provided "a

---

[5] *See also In re Washington Pub. Power Supply Sys. Sec. Litig.*, MDL No. 551, 1988 WL 158947, at *4 (W.D. Wash. July 28, 1988) ("[D]eferral of allocation decisions is routinely followed in" these circumstances because "the appropriate allocation among class members can best be determined when further settlements have been achieved or the litigation is completely resolved."); *In re Domestic Airline Travel Antitrust Litig.*, 378 F. Supp. 3d 10, 22 (D.D.C. 2019) ("In a case such as this, involving a large number of Class Members and two Non-Settling Defendants, it would be inefficient to distribute and process claims until the entire case has been resolved through litigation or otherwise and the Total Funds Available for Distribution are known."); *In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 717519, at *2 (E.D. Mich. Feb. 22, 2011) (developing plan of allocation is properly delayed until after final approval of settlement where "the potential for additional settlements with other Defendants . . . may affect the final plan of allocation"); *Manual for Complex Litigation, Fourth* § 21.312 (2005) ("Often . . . the details of allocation and distribution are not established until after the settlement is approved.").

formula for calculating individual awards" when receiving notice – a description of the "potential aggregate payout" is enough. *Petrovic*, 200 F.3d at 1153.

89. Finally, the Court disagrees with the *Batton/Davis* objectors' argument that buyer claims lie outside the same factual predicate as seller claims. In fact, releases in antitrust direct-purchaser settlements commonly cover all claims the settlement class members could raise against the settling defendant arising out of the same conspiracy, including when those direct purchasers may also have indirect-purchaser claims. *See, e.g.*, *In re Transpacific Passenger Air Transp. Antitrust Litig.* (N.D. Cal, 07-cv-5634), ECF No. 900-2 § 1.11 (releasing "any and all claims . . . on account of, arising from, or in any way related to, the pricing of passenger air transportation by JAL or Defendants . . . with respect to the facts, occurrences, transactions or other matters that were alleged or could have been alleged [in the action] . . . regardless of legal theory, and regardless of the type or amount of relief or damages claimed"); *In re Intuniv Antitrust Litig.* (D. Mass., 16-cv-12653), ECF No. 480-1 ¶ 10 (similar); *In re: Prograf Antitrust Litig.* (D. Mass. 1:11-md-2242), ECF No. 652-2 ¶ 10(a) (similar); *In re HIV Antitrust Litig.* (N.D. Cal, 19-cv-02573), ECF No. 711-2 at 11-12 (similar); *In re Broiler Chicken Antitrust Litig.* (N.D. Ill. 16-cv-8637), ECF No. 3324, ¶ 26 (similar). Courts have approved these settlements even over objections that the settlement improperly released or otherwise devalued a subset of claims. *See In re Transpacific Passenger Air Transp. Antitrust Litig.*, 701 F. App'x 554, 555-56 (9th Cir. 2017) ("The district court properly certified the settlement class and was not obligated to create subclasses for purchasers of U.S.-originating travel and direct purchasers of airfare. Federal Rule of Civil Procedure 23(a) does not require a district court to weigh the prospective value of each class member's claims or conduct a claim-by-claim review when certifying a settlement class."); *In re HIV Antitrust Litig.*, No. 19-

CV-02573-EMC, 2023 WL 7397567, at *1 (N.D. Cal. Nov. 8, 2023) (rejecting indirect purchasers' request to set aside portion of direct-purchaser settlement).

90. Comparing the complaint in *Davis* with Plaintiffs' complaint here shows that the buyer claims arise from the same factual predicate as the seller claims. *Davis*, No. 2:24-cv-02374, Doc. 84, at 14 n.4 (describing Plaintiffs' representations of *Moehrl* as involving "virtually the same factual allegations"); *id.* at 30 (characterizing *Moehrl* as "the same alleged conspiracy"). *Batton/Davis* Objectors' representation that Plaintiffs intentionally excluded *Batton* from their request for JPML consolidation because it was a different kind of case is wrong. Plaintiff stated: "movants do not object to the centralization of those additional actions" and also stated that multiple cases that were not initially included was because "they are more advanced or differ in other respects . . ." *See* Doc. 848-2 at 12. Tellingly, Plaintiffs expressly excluded *Moehrl* from their MDL request. That in no way leads to an admission that *Moehrl* somehow had a different factual predicate. All such claims arise from the same common nucleus of operative fact, and any class member with both seller and buyer claims would "ordinarily be expected to try them all in one judicial proceeding." *North Dakota v. Lange*, 900 F.3d 565, 568-69 (8th Cir. 2018). The Court therefore rejects the *Batton/Davis* objectors' attempt to force claim splitting between the seller and buyer claims. The seller and buyer claims share the same factual predicate.

**The Settlement Class, Settlement Processing, Attorneys' Fees, Injunction, and Related Issues**

91. The Court finds the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are met, and the Court reaffirms the appointment of the law firms of Ketchmark and McCreight P.C., Williams Dirks Dameron LLC, Boulware Law LLC, Hagens Berman Sobol

Shapiro LLP, Cohen, Milstein, Sellers & Toll, PLLC, and Susman Godfrey LLP as Co-Lead Counsel for the Settlement Class ("Class Counsel").

92. The 22 persons and entities identified by Class Counsel (*see* Exhibit I to Keough Decl.) have timely and validly requested exclusion from the Settlement Class and are therefore excluded from the Settlement Class and are not bound by this Order, and may not make any claim upon or receive any benefit from the Settlements. Nothing in this Order should be construed as a determination by this Court that the excluded persons and entities are members of the Settlement Class or that they meet other prerequisites, such as standing, for bringing claims alleged in the Actions. Each Settlement Class member who is not listed in Exhibit I to the Keough Declaration is bound by this Order and will remain forever bound, including by releasing all Released Claims of Releasing Parties against Released Parties. The Court specifically approves these releases as set forth in the Settlement Agreements.

93. Settlement Class Members are hereby enjoined from filing, commencing, prosecuting, intervening in, or pursuing as a plaintiff or class member any Released Claims against any of the Released Parties. *See* 28 U.S.C. § 1651; *Bank of Am., N.A. v. UMB Fin. Servs., Inc.*, 618 F.3d 906, 914 (8th Cir. 2010) (noting that "the district court has the inherent ability to protect its own jurisdiction over the dispute pending before it"); *Janson v. LegalZoom.com, Inc.*, No. 2:10-CV-04018-NKL, 2012 WL 13047852, at *2 (W.D. Mo. Apr. 30, 2012) ("In order to protect the continuing jurisdiction of the Court, prevent a multiplicity of lawsuits, and protect and effectuate the Court's Judgment in this Litigation, Plaintiffs and Class Members . . . are barred and enjoined from instituting, commencing, or continuing to prosecute . . . any action in this Court, any other state or federal court, or any other tribunal or forum of any kind, against any Released Party that asserts any claims that are Released Claims under the terms of the Settlement[.]") (granting final

approval); *accord Almanzar v. Home Depot U.S.A., Inc.*, No. 2:20-CV-0699-KJN, 2024 WL 36175, at *13 (E.D. Cal. Jan. 3, 2024); *Smith v. Floor & Decor Outlets of Am., Inc.*, No. 1:15-CV-04316-ELR, 2017 WL 11495273, at *6 (N.D. Ga. Jan. 10, 2017); *In re Ortho. Bone Screw Prods. Liab. Litig.*, 176 F.R.D. 158, 188 (E.D. Pa. 1997). Released Claims include any and all manner of federal and state claims regardless of cause of action that arise from or relate to conduct that was alleged or could have been alleged in the Actions based on any or all of the same factual predicates for the claims alleged in the Actions, including but not limited to commissions negotiated, offered, obtained, or paid to brokerages in connection with the sale of any residential home. For the avoidance of doubt, this injunction extends to claims arising from or relating to transactions where Settlement Class members either sold or purchased a home on any MLS nationwide, regardless of affiliation or association with NAR or not, and thus includes, *e.g.*, NWMLS, WPML, and REBNY/RLS. This injunction does not extend to any individual claims that a plaintiff or class member may have against his or her own broker or agent based on breach of contract or tort of any kind (other than a breach of contract or tort based on any factual predicate in these Actions), breach of fiduciary duty, malpractice, negligence or other tort claim, other than a claim that a class member paid an excessive commission or home price due to the claims at issue in the Actions.

94. This Order does not settle or compromise any claims by Class Representatives or the Settlement Class against entities or persons other than Released Parties, and all rights against any other person or entity are specifically reserved.

95. Settling Defendants shall issue payment in accordance with their respective Settlement Agreements.

96. Class Counsel have adequately represented the Class. Their application for an award of attorneys' fees and reimbursement of costs as set forth in the Motion for Attorneys' Fees

and Costs (Doc. #837) is hereby approved and shall be paid in accordance with the Settlement Agreements.

97. Courts in the Eighth Circuit typically use the "percentage-of-the-fund method" to award attorneys' fees from a common fund. *See, e.g.*, *Rawa v. Monsanto Co.*, 934 F.3d 862, 870 (8th Cir. 2019). "In the Eighth Circuit, use of a percentage method of awarding attorney fees in a common-fund case is not only approved, but also 'well established,'" *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 991 (D. Minn. 2005) (quoting *Petrovic*, 200 F.3d at 1157), or even "preferable,'" *Barfield v. Sho-Me Power Elec. Co-op.*, No. 11-CV-4321, 2015 WL 3460346, at *3 (W.D. Mo. June 1, 2015) (quoting *West v. PSS World Med., Inc.*, No. 13-CV-574, 2014 WL 1648741, at *1 (E.D. Mo. Apr. 24, 2014)). The percentage method aligns the interests of the attorneys and the class members by incentivizing counsel to maximize the class's recovery. *See Johnston*, 83 F.3d at 245 ("[T]he Task Force [established by the Third Circuit] recommended that the percentage of the benefit method be employed in common fund situations.") (citing *Court Awarded Attorneys Fees,* Report of the Third Circuit Task Force, 108 F.R.D. 237, 255 (3rd Cir. 1985)).

98. The Court will therefore use the percentage approach to award fees in this case. This Court and others within the Eighth Circuit confirm that one-third of the common fund is an appropriate amount for class counsel's fees in complex class actions, including antitrust litigation. Eighth Circuit and Missouri courts "have frequently awarded attorney fees between twenty-five and thirty-six percent of a common fund in other class actions." *Huyer*, 849 F.3d at 399 (quoting *In re Xcel,* 364 F. Supp. 2d at 998); *see also Rawa*, 934 F.3d at 870 ("courts have frequently awarded attorneys' fees ranging up to 36% in class actions") (quoting *Huyer*, 849 F.3d at 399); *Yarrington v. Solvay Pharm., Inc.*, 697 F. Supp. 2d 1057, 1064 (D. Minn. 2010) (holding

fee award of 33% reasonable); *In re U.S. Bancorp Litig.,* 291 F.3d 1035, 1038 (8th Cir.2002) (affirming fee award representing 36% of the settlement fund as reasonable); *In re Xcel,* 364 F.Supp.2d at 998 (collecting cases demonstrating that district courts routinely approve fee awards between 25% and 36%). This District recently approved one-third of the fund in a settlement valued at $325 million. *See Rogowski v. State Farm Life Ins. Co.*, No. 22-CV-203, 2023 WL 5125113, *4-5 (W.D. Mo. April 18, 2023). Thus, judges in the Western District of Missouri and the Eighth Circuit routinely apply the one-third-of-the-fund fee calculation, even to large settlements.

99. In doing so, courts typically consider some or all of the relevant factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *See In re Target Corp.*, 892 F.3d at 977. The *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 977 n.7. To be sure, "[m]any of the *Johnson* factors are related to one another and lend themselves to being analyzed in tandem." *Swinton.*, 454 F. Supp. 3d at 886. Therefore, courts in the Eighth Circuit often focus on the most relevant *Johnson* factors in evaluating fee requests. *See Huyer*, 849 F.3d at 398–400 (affirming trial court's award of one-third of the common fund after review of Johnson factors one to five only); *In re Xcel*, 364 F. Supp. 2d at 993; *Tussey v. ABB, Inc.*, No. 06-CV-4305, 2019 WL 3859763, at *2 (W.D. Mo. Aug. 16, 2019); *Yarrington*, 697 F. Supp. 2d at 1062; *Hardman v. Bd. of Educ. of Dollarway, Arkansas Sch. Dist.*, 714 F.2d 823, 825

(8th Cir. 1983). The Court has considered the *Johnson* factors here, and finds that each weighs in favor of Plaintiffs' fee request. *See also* Klonoff Fee Decl. at ¶¶ 26, 34, 36, 39.

100. Here, Class Counsel's time and labor invested was substantial and necessarily precluded other work. In addition to the over 124,000 hours they have dedicated to the litigation through October 31, 2025. Class Counsel also expended over $17.4 million of their own money toward the combined litigation. That work was undertaken without any guarantee of payment. Moreover, the litigation faced low odds of early settlements given the litigation challenged certain practices that were central to the real estate brokerage industry.[6] Indeed, the industry took the position that the cases were "baseless."[7] In sum, "the extraordinary level of work and result achieved here in the face of enormous risk warrants a substantial fee percentage." Doc. #702-10, Klonoff Fee Decl. at ¶ 89.

101. "Courts have recognized that the risk of receiving little or no recovery is a major factor in awarding attorney fees." *Yarrington*, 697 F. Supp. 2d at 1062 (quoting *In re Xcel*, 364 F. Supp. 2d at 994); Theodore Eisenberg & Geoffrey Miller, *Attorney Fees In Class Action Settlements: An Empirical Study*, 1 J. Emp. L. Studies 27, 27, 38 (2004) ("Fees are also correlated with risk: the presence of high risk is associated with a higher fee, while low-risk cases generate

---

[6] *See, e.g.*, *How the $1.8 Billion Real-Estate Commissions Lawsuit Came to Be*, Wall Street Journal (Nov. 26, 2023), https://www.wsj.com/real-estate/how-the-1-8-billion-real-estate-commissions-lawsuit-came-to-be-106433d1 ("Antitrust cases almost always settle before trial, giving attorneys some assurance they will get paid something. But in this case, the damages were so high and the threat to the industry so existential that plaintiff attorneys thought it unlikely NAR would settle.").

[7] *See, e.g.*, *Realtor Group Moves to Dismiss Class Action Lawsuit Alleging Collusion,* Forbes (May 21, 2019), https://www.forbes.com/sites/alyyale/2019/05/21/realtor-group-moves-to-dismiss-class-action-lawsuit-alleging-collusion/ ("According to John Smaby, president of NAR, all three claims have no merit. 'In today's complex real estate environment, REALTORS and Multiple Listing Services promote a pro-consumer, pro-competitive market for home buyers and sellers, contrary to the baseless claims of these class action attorneys,' he said. 'Our filing today shows the lawsuit is wrong on the facts, wrong on the economics and wrong on the law.'").

lower fees . . . . [This] is widely accepted in the literature."). "Unless that risk is compensated with a commensurate award, no firm, no matter how large or well-financed, will have the incentive to consider pursuing a case such as this." *Tussey*, 2019 WL 3859763, at *3. "Courts agree that a larger fee is appropriate in contingent matters where payment depends on the attorney's success." *Been v. O.K. Indus., Inc.*, No. 02-CV-285, 2011 WL 4478766, at *9 (E.D. Okla. Aug. 16, 2011). And critically, "[t]he risks plaintiffs' counsel faced must be assessed as they existed in the morning of the action, not in light of the settlement ultimately achieved at the end of the day." *In re Xcel*, 364 F. Supp. 2d at 994.

102. In addition, the complexity and difficulty of prosecuting the claims in this case supports the requested attorneys' fees. Courts regularly award one-third of the fund in antitrust suits involving especially complex, expensive, and difficult to prosecute claims. *See In re Peanut Farmers Antitrust Litig.,* No. 19-CV-00463, 2021 WL 9494033, at *6 (E.D. Va. Aug. 10, 2021) ("[A]n award of one-third is also common in antitrust class actions.") (citing cases); *In re Urethane*, 2016 WL 4060156, at *5 (awarding one-third of $835 million settlement, noting "a one-third fee is customary"); *In re Flonase Antitrust Litig*., 291 F.R.D. 93, 100, 106 (E.D. Pa. 2013) (awarding one-third of the settlement fund as attorneys' fees in which court relied upon the fact that class counsel had litigated a number of hotly contested *Daubert* challenges)*; see also* Klonoff Fee Decl. at ¶ 41.

103. Courts often judge class counsel's skill against the "quality and vigor of opposing counsel . . . ." *In re Charter Commc'ns, Inc.*, No. 4:02-CV-1186, 2005 WL 4045741, at *17 (E.D. Mo. June 30, 2005) (citing *In re IBP, Inc. Sec. Litig.*, 328 F. Supp. 2d 1056, 1064 (D.S.D. 2004)). In the litigation, Class Counsel faced off against no fewer than forty highly-respected law firms over the course of the litigation. Although Class Counsel's team included some of the

country's most accomplished class action and trial lawyers, Defendants also hired some of the country's most prominent and respected defense attorneys. This weighs heavily in favor of the requested award.

104. In the Eighth Circuit, courts have "frequently awarded attorneys' fees ranging up to 36% in class actions." *Huyer*, 849 F.3d at 399. Courts have recognized that prosecution of antitrust claims should result in a one-third-of-the-fund fee award. *See In re Peanut Farmers,* 2021 WL 9494033, at *6 ("[A]n award of one-third is also common in antitrust class actions.") (citing cases); *In re Urethane*, 2016 WL 4060156, at *5 (awarding one-third of $835 million antitrust settlement and noting "a one-third fee is customary").

105. Moreover, the requested one-third fee award is equal to or less than what the actual Named Plaintiffs—those with the most on the line and most involved in the case—agreed to at the outset of the case. Some class representatives agreed to a 35% fee. Dirks Fee Decl. (Doc. #837-1) at ¶28. Others agreed to a fee of up to 33.3%. Berman Fee Decl. (Doc. #702-4) at ¶ 10. These factors also support Plaintiffs' request. Klonoff Fee Decl. (Doc. #702-10) at ¶¶ 62.

106. The Fund is also cash only and non-reversionary; so, the Settlements, plus interest earned until its distribution, require no further valuation. In requesting a fee as a percentage of the Fund, Class Counsel necessarily seek a fee proportionate to the degree of monetary success obtained.

107. Here, the request is supported by both the size of the recovery and the results obtained as compared to the risk of a lesser recovery or none at all. Moreover, the Settlements represent only a part of the recovery to the Class because Class Counsel have prosecuted these joint and several liability claims against other Defendants. Thus, any past and future settlements or judgments will also benefit the Class. This factor supports a contingency percentage of one-

third, particularly given the benefits achieved. Importantly, success—including "exceptional success"—is not measured solely by the maximum damages alleged but must be evaluated against any "unusually difficult or risky circumstances and the size of plaintiffs' recovery." *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1204–05 (S.D. Fla. 2006).

108. The requested fee award is also supported by the significant practice change relief reflected in the Settlements which require the Settling Defendants, among other things, to eliminate and not enforce rules mandating compensation offers to cooperating broker on all MLS listings. Counsel is not seeking any additional fee for this valuable relief on these Settlements, but the value of this relief is substantial and is appropriately considered in evaluating the fee that is sought. *See* Klonoff Fee Decl. at ¶¶ 97-99.

109. A lodestar crosscheck is "not required" in the Eighth Circuit. *Keil v. Lopez*, 862 F.3d 685, 701 (8th Cir. 2017); *PHT Holdings II, LLC v. N. Am. Co. for Life & Health Ins.*, No. 4:18-CV-00368-SMR-HCA, 2023 WL 8522980, at *7 (S.D. Iowa Nov. 30, 2023).[8] However, performing such a crosscheck here confirms that the requested fee is reasonable and should be approved. As noted above, the Court finds that Class Counsel have reasonably expended over 124,000 hours through October 31, 2025 in prosecuting this case as well as the *Keel*, *Umpa*, *Burnett*, and *Moehrl* matters, and the Class Counsel's hourly rates are reasonable, including because they are consistent with the market rates of other lawyers practicing complex litigation of this type, including the firms defending this case. These hours result in an overall lodestar of over $100 million. When considered together with fees previously awarded in *Burnett* and this case, the

[8] "'[T]o overly emphasize the amount of hours spent on a contingency fee case would penalize counsel for obtaining an early settlement and would distort the value of the attorneys' services.'" *Rawa*, 934 F.3d at 870 (quoting *In re Charter Commc'ns*, 2005 WL 4045741, at *18). *Cf. In re T-Mobile Customer Data Security Breach Lit.*, 111 F.4th at 862 (observing that a lodestar crosscheck is not required but can be warranted "when a megafund case settles quickly").

current fee request results in an approximate 3.27 multiplier on lodestar, which is well within the range of reasonableness. *See* Klonoff Fee Decl. at ¶ 122; *Rawa*, 934 F.3d at 870 (observing a lodestar multiplier of 5.3 is within the bounds of reasonableness); *Huyer*, 849 F.3d at 399–400 (observing lodestar multipliers of up to 5.6 times class counsel's lodestar to be in the reasonable range for a lodestar crosscheck); *In re T-Mobile Customer Data Security Breach Litig.*, 111 F.4th at 861 (observing in a case that settled early in the litigation that a multiplier of 5.3 is on the "high" side of reasonableness) (citing *Rawa*, 934 F.3d at 870)); *In re Charter Commc'ns, Inc., Sec. Litig.*, No. 4:02-cv-1186-CAS, 2005 WL 4045741, at *18 (E.D. Mo. Jun. 30, 2005) (finding 5.61 lodestar multiplier reasonable); *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2019 WL 1274813, at *5 (D. Kan. Mar. 20, 2019) ("a multiplier of 3 is well within the range allowed in other cases involving large settlements"). Moreover, Class Counsel has continued to work on the litigation. Plaintiffs' request of fees of one-third of the fund is reasonable.

110. Additionally, upon review, the Court finds that Plaintiffs' request of fees of one-third of the fund is reasonable in light of the Eighth Circuit precedent in *In re T-Mobile Customer Data Security Breach Litigation*. Unlike the parties in *T-Mobile*, who following "a few days of mediation, and less than a month after class counsel had filed the complaint," agreed to the basic terms of a settlement, here Plaintiffs have spent more than five years, over 124,000 hours, and over $17.4 million in reasonable and necessary expenses. *T-Mobile*, 111 F.4th at 855; Dirks Fee Decl. at ¶ 47. Additionally, Plaintiffs' counsel dealt with over forty different firms representing multiple Settling Defendants. The current Settlements were only reached after significant arms-length and adversarial negotiations with each Settling Defendant. While "recovery in a particular case [may] stem[] more from class size than attorney effort and so might merit a lower fee award," given the immense time and effort expended by Plaintiffs' counsel with multiple Settling Defendants and

their respective counsel, Plaintiffs' request of fees of one-third of the fund is reasonable. *T-Mobile*, 111 F.4th at 860.

111. The Court also grants Plaintiffs' request for their costs. The expenses submitted were reasonable expenses in such a large and complex litigation.

112. The Settlement Administrator shall be paid in accordance with the relevant Settlement Agreements.

113. The Court authorizes payments to be made from the Escrow Accounts under the Settlement Agreements as qualified settlement funds ("QSF") as defined in Section 1.468B-1(a) of the U.S. Treasury Regulations and retains continuing jurisdiction as to any issue that may arise in connection with the formation or administration of the QSFs. Co-Lead Counsel are, in accordance with the Settlement Agreements, authorized to withdraw up to the amounts allowed by the Settlement Agreements out of the Escrow Accounts.

114. Co-Lead Counsel are directed to prepare and submit for Court approval a plan of allocation for the Settlement Fund, and to propose a schedule for comment and Court review. The proposed plan of allocation must be posted to https://www.realestatecommissionlitigation.com and emailed to all individuals who submit a claim in order to provide those individuals an opportunity to comment on the plan. After the plan of allocation is proposed and an opportunity to comment has been provided, the Court will evaluate the proposed plan and any objections thereto. The Court's review of the plan of allocation will be conducted separately from this final review of the Settlements. The Court believes that this additional layer of protection to the Class supports the Court's finding that the Settlements treat Class members equitably.

115. Pursuant to Federal Rule of Civil Procedure 54(b), this Court directs entry of final judgment of dismissal with prejudice and without costs (except as provided in the Settlements) as

to the defendants covered by the Settlements. This case contains claims against multiple parties, and there is no just reason to delay the entry of final judgment as to these Settling Defendants, especially considering the practice change relief and money to be paid to the class should not be delayed.

116. Settling Defendants have denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Actions, and as such, neither the Settlements, nor any of their respective terms or provisions, nor any of the negotiations or proceedings connected with the Settlements shall be construed as an admission or concession of the truth of any of the allegations, claims, point of fact or law on the part of any party, or of any liability, fault, or wrongdoing of any kind by Settling Defendants.

117. The Court retains continuing and exclusive jurisdiction over all matters relating to the administration and consummation of the Settlements and to interpret, implement, administer and enforce the Settlements (including with respect to the scope of the Settlement Class, Released Claims, and Released Parties), in accordance with their terms, and to implement and complete the claims administration process, in accordance with the Settlements, for the benefit of the Settlement Class. The Court does this for the purpose of satisfying the requirements of *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), concerning the obligation of a Court entering a settlement agreement to speak clearly when it wishes to retain jurisdiction.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: February 5, 2026

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| DON GIBSON, LAUREN CRISS, JOHN MEINERS, and DANIEL UMPA, on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br>v.<br>THE NATIONAL ASSOCIATION OF REALTORS, et al.,<br>Defendants. | Case No. 4:23-cv-00788-SRB<br>[Consolidated with 4:23-cv-00945-SRB]<br>Hon. Stephen R. Bough<br>JURY TRIAL DEMANDED |

**PARTIAL FINAL JUDGMENT**

1. This Partial Final Judgment incorporates by reference the definitions in the Hanna Holdings, Inc. ("Hanna Holdings"), William Raveis Real Estate, Inc. ("William Raveis"); EXIT Realty Corp. International and EXIT Realty Corp., USA ("EXIT"); Windermere Real Estate Services, Company Inc. ("Windermere"), and Lyon & Associates, Inc. ("Lyon") ("Windermere & Lyon")[1] Settlement Agreements (collectively referred to herein as the "Settlements" or the "Settlement Agreements").

2. In accordance with this Court's order granting final settlement approval (Doc. # 856), Judgment is entered on behalf of the following Settlement Classes to whom notice was directed, which are certified under Federal Rule of Civil Procedure 23(b), solely for purposes of the Settlements, except for those Persons who validly and timely excluded themselves from the respective Settlements as identified on Ex. I to Doc. # 856-2 (the "Opt-Outs"[2]).

a. As to Hanna Holdings and Wiliam Raveis:

[1] Collectively referred to herein as the "Settling Defendants."

[2] Such Opt-Outs are not included in or bound by this Final Judgment and are not entitled to any recovery from the settlement proceeds obtained through the Settlements.

All persons who sold a home that was listed on a multiple listing service[3] anywhere in the United States where a commission was paid to any brokerage in connection with the sale of the home in the following date ranges:

i. homes in Arkansas, Kentucky, and Missouri: October 31, 2018 to the date of Class Notice;
ii. homes in Alabama, Georgia, Indiana, Maine, Michigan, Minnesota, New Jersey, Pennsylvania, Tennessee, Vermont, Wisconsin, and Wyoming: October 31, 2017 to the date of Class Notice;
iii. for all other homes: October 31, 2019 to the date of Class Notice.

b. As to EXIT, Windermere, and Lyon:

All persons who sold a home that was listed on a multiple listing service anywhere in the United States where a commission was paid to any brokerage in connection with the sale of the home in the following date range: October 31, 2019 to date of Class Notice.

3. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Agreements and the orders of this Court.

4. The case is dismissed with prejudice as to the Settling Defendants.

5. The Releasing Parties are hereby enjoined forever from filing, commencing, prosecuting, intervening in, or pursuing as a plaintiff or class member in any forum any Released Claims against any of the Released Parties, which include Settling Defendants' franchisees and affiliated brokerages, and agents affiliated with those franchisees or affiliated brokerages.

6. Released Claims are defined in the Settlement Agreements and include any and all manner of federal and state claims regardless of cause of action that arise from or relate to conduct that was alleged or could have been alleged in the Actions based on any or all of the same factual predicates for the claims alleged in the Actions, including but not limited to commissions negotiated, offered, obtained, or paid to brokerages in connection with the sale of any residential home. For the avoidance of doubt, Released Claims and the injunction set forth above extend to claims arising from or relating to transactions where Settlement Class Members either sold or

[3] Multiple Listing Service includes non-NAR multiple listing services, such as REBNY/RLS.

purchased a home on any multiple listing service nationwide, regardless of affiliation or association with NAR or not, and thus include, e.g., NWMLS, WPMLS, and REBNY/RLS. The injunction does not extend to any individual claims that a plaintiff or class member may have against his or her own broker or agent based on breach of contract, breach of fiduciary duty, malpractice, negligence or other tort claim, other than a claim that a class member paid an excessive commission or home price due to the claims at issue in the Actions.

7. Without affecting the finality of this Final Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration and consummation of the Settlements and to interpret, implement, administer and enforce the Settlements (including with respect to the scope of the Settlement Class, Released Claims, and Released Parties), in accordance with their terms, and to implement and complete the claims administration process, in accordance with the Settlements, for the benefit of the Settlement Class.

8. Upon a finding that there is no just reason for delay the Court hereby enters **FINAL JUDGMENT** of dismissal with prejudice and without costs (except as provided in the respective Settlement Agreements) pursuant to Federal Rule of Civil Procedure 54(b) as to the Settling Defendants.

9. In the event any of the Settlements do not become Effective in accordance with the terms of the applicable Settlement Agreements, then this Partial Final Judgment shall be rendered null and void and shall be vacated as to the Settling Defendants whose Settlements did not become Effective.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: February 5, 2026.

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| DON GIBSON, LAUREN CRISS, JOHN MEINERS and DANIEL UMPA, and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>THE NATIONAL ASSOCIATION OF REALTORS, et al.,<br><br>Defendants | Case No. 4:23-cv-00788-SRV<br>[Consolidated with 4:23-cv-00945-SRB]<br>Hon. Stephen R. Bough<br><br>JURY TRIAL DEMANDED |

## NOTICE OF APPEAL

Notice is hereby given that Objectors Spring Way Center, LLC, Nancy Wehrheim, John Moratis, Nancy Moratis, Danielle Kay, Jessie Kay, Kaitlyn Slavic and Maria Iannome appeal to the United States Court of Appeals of the Eighth Circuit from the Court's Orders in this matter entered on February 5, 2026 and docketed with this Court at Docket Numbers 866 and 867.

Dated: March 5, 2026

By: */s/ Bruce C. Fox, Esquire* ______

Bert S. Braud, Esquire
MO ID No.: 34325
bbraud@pophamlaw.com
THE POPHAM LAW FIRM
712 Broadway, Suite 100
Kansas City, MO 64105
(816) 221-2288

Bruce C. Fox, Esquire
*Pro Hac Vice*
Andrew J. Horowitz, Esquire
*Pro Hac Vice*
D. McArdle Booker, Esquire
*Pro Hac Vice*
OBERMAYER REBMANN MAXWELL &

HIPPEL, LLP
525 William Penn Place, Ste. 1710
Pittsburgh, PA 15219
(412) 566-1500
bruce.fox@obermayer.com
andrew.horowitz@obermayer.com
mcardle.booker@obermayer.com
*Counsel for Objectors Spring Way Center, LLC, Nancy Wehrheim, John Moratis, Nancy Moratis, Danielle Kay, Jessie Kay, Kaitlyn Slavic and Maria Iannome*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 5, 2026, this document was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record registered with the CM/ECF system.

*/s/ Bruce C. Fox*
Bruce C. Fox

U. S. COURT OF APPEALS - EIGHTH CIRCUIT
NOTICE OF APPEAL SUPPLEMENT

# MISSOURI WESTERN DISTRICT - **KANSAS CITY**

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of the case).

| | |
|---|---|
| Case Caption: **Gibson et al v. National Association of Realtors et al** | Case No. **4:23-cv-00788-SRB** |
| Appellant: **Objectors - Spring Way Center, LLC, Nancy Wehrheim, John Moratis, Nancy Moratis, Danielle Kay, Jessie Kay, Kaitlyn Slavic and Maria Iannome** | Appellee: **National Association of Realtors et al** |

Appellant's Attorney(s):

**Bert S. Braud, Esquire**
Email: bbraud@pophamlaw.com

**Bruce C. Fox, Esquire**
Email: bruce.fox@obermayer.com

**Andrew J. Horowitz, Esquire**
Email: andrew.horowitz@obermayer.com

**D. McArdle Booker, Esquire**
Email: mcardle.booker@obermayer.com

Appellee's Attorney(s):

**Hannah Smith**
Email: hsmith@shb.com

**Robert T. Adams**
Email: rtadams@shb.com

**Claire Murphy Bergeron**
Email: claire.bergeron@wilmerhale.com

**David Gringer**
Email: david.gringer@wilmerhale.com

**Emily Barnet**
Email: emily.barnet@wilmerhale.com

**Karin Dryhurst**
Email: karin.dryhurst@wilmerhale.com

**Seth P. Waxman**
Email: seth.waxman@wilmerhale.com

**Christopher Kaufman**
Email: ckaufman@shb.com

**Benjamin Diessel**
Email: bdiessel@wiggin.com

**John Doroghazi**
Email: jdoroghazi@wiggin.com

**James M Brodzik**
Email: jbrodzik@hinshawlaw.com

**David M. Schultz**
Email: dschultz@hinshawlaw.com

**Edward C Duckers**
Email: ed.duckers@stoel.com

**Shazzie Naseem**
Email: snaseem@berkowitzoliver.com

| Court Reporter(s): | Please return files and documents to: |
|---|---|
| Darcie Cruz | **United States District Court**<br>**400 East 9th Street, Room 1510**<br>**Kansas City, MO 64106** |
| | Contact Person for Appeal:<br>Jason_Terry@mow.uscourts.gov |

| Length of Trial: | Fee: | IFP: | Pending IFP Motion: |
|---|---|---|---|
| N/A | Paid | No | No |
| Counsel: | Pending Motions? | Local Interest? | Simultaneous Release? |
| Retained | Yes (Doc 878) | No | No |

**Special Comments: Pending appeal 24-3473, 24-3478, 24-3481, 24-3564**